## IN THE UNITED STATES DISTRICT COURT FOR
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DELL INC.; | ) |
| GATEWAY, INC.; | ) |
| ACER INC.; | ) |
| ACER AMERICA CORPORATION; | ) |
| AOC INTERNATIONAL; | ) |
| AOC INTERNATIONAL (USA) LTD.; | ) C.A. No. 05-27 |
| AU OPTRONICS CORPORATION; | ) |
| AU OPTRONICS CORPORATION AMERICA | ) **JURY TRIAL DEMANDED** |
| a/k/a AU OPTRONICS AMERICA, INC.; | ) |
| BENQ CORPORATION; | ) |
| BENQ AMERICA CORPORATION; | ) |
| CHUNGHWA PICTURE TUBES, LTD. a/k/a | ) |
| CHUNGHWA PICTURETUBES COMPANY.; | ) |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| COMPAL ELECTRONICS, INC.; | ) |
| DELTA ELECTRONICS, INC.; | ) |
| DELTA PRODUCTS CORPORATION; | ) |
| JEAN CO., LTD.; | ) |
| LITE-ON TECHNOLOGY CORPORATION; | ) |
| LITE-ON, INC. a/k/a | ) |
| LITEON TRADING USA, INC.; | ) |
| PROVIEW INTERNATIONAL HOLDINGS, LTD.; | ) |
| PROVIEW TECHNOLOGY, INC.; and | ) |
| QUANTA DISPLAY, INC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT DELL INC.'S
## ORIGINAL ANSWER AND DEFENSES

Defendant Dell Inc. ("Dell") files this, its Original Answer to Guardian Industries

Corporation's ("Guardian" or "Plaintiff") Complaint for Patent Infringement (the

"Complaint"), along with its defenses, denying infringement of any valid and/or

enforceable claim of  U.S. Patent No. 5,570,214 ("the `214 patent"), U.S. Patent No.

5,694,187 ("the `187 patent"), U.S. Patent No. 6,226,065 ("the `065 patent") or U.S. Patent No. 6,229,588 ("the `588 patent"), and collectively referred to as "the patents-in-suit".

## I.    ANSWER

1.   Dell admits that Plaintiff alleges an action for patent infringement. Dell denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

2.   Dell admits that the patents-in-suit generally relate to specific Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display that is used in some computer monitors.   Dell denies all remaining allegations in paragraph 2 of the Complaint.

3.   Based on the "Assignee" specified on the face of U.S. Patent No. 5,570,214 (the " `214 patent") Dell denies that Guardian is the owner of the `214 patent. Dell admits the remaining allegation in paragraph 3 of the complaint.

4.   Based on the "Assignee" specified on the face of U.S. Patent No. 5,694,187 (the " `187 patent") Dell denies that Guardian is the owner of the `187 patent. Dell admits the remaining allegation in paragraph 4 of the complaint.

5.   Based on the "Assignee" specified on the face of U.S. Patent No. 6,226,065 (the " `065 patent") Dell denies that Guardian is the owner of the `065 patent. Dell admits the remaining allegation in paragraph 3 of the complaint.

6.   Based on the "Assignee" specified on the face of U.S. Patent No. 6,229,588 (the " '588 patent") Dell denies that Guardian is the owner of the '588 patent. Dell admits the remaining allegation in paragraph 3 of the complaint.

7.   Dell admits that Plaintiff alleges an action for patent infringement. Dell denies that it has infringed, willfully or otherwise, any valid claim of the patents-in-suit. Dell lacks information sufficient to form a  belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

8.   Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

9.   Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10.   Dell admits the allegations set forth in paragraph 10 of the Complaint.

11.   Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

12.   Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

13.   Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies them.

14.   Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

15.   Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

16. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

17. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

18. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

19. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

20. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

21. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

22. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

23. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

24. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

25. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

26. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies them.

27. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and therefore denies them.

28. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies them.

29. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies them.

30. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and therefore denies them.

31. Dell lacks information sufficient to form a  belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore denies them.

32. After a reasonable investigation, Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies them.

33. Dell admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

34. Dell admits that this Court has personal jurisdiction over Dell.  Dell denies that is has infringed, contributed to the infringement of or induced the infringement of any valid claim of the patents-in-suit.  Dell denies the remaining allegations, if any, contained in paragraph 34 of the Complaint to the extent such allegations are directed to Dell.  For any allegations contained in paragraph 34 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

35. Dell admits that venue is proper for Dell. Dell denies the remaining allegations contained in paragraph 35 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 35 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

36. No new allegations are contained within paragraph 36 and a response by Dell is not necessary. To the extent a response may be deemed necessary, Dell denies the allegations in paragraph 36.

37. Dell admits that the face of the '214 patent indicates that it was issued on October 29, 1996. Based on the assignee information on the face of the patent, Dell denies the allegations contained in the second sentence of paragraph 37 of the Complaint.

38. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Dell denies the remaining allegations, if any, contained in paragraph 38 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 38 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

39. It is not possible to determine whether the allegations in paragraph 39 of the Complaint are directed to Dell. To the extent such allegations are directed to Dell, they are denied. For any allegations contained in paragraph 39 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

40. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the `214 patent. Dell denies the remaining allegations, if any, contained in paragraph 40 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 40 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

41. The allegations contained in paragraph 41 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

42. The allegations contained in paragraph 42 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

43. The allegations contained in paragraph 43 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

44. The allegations contained in paragraph 44 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

45. No new allegations are contained within paragraph 45 and a response by Dell is not necessary. To the extent a response is deemed necessary, Dell denies any allegations contained in paragraph 45.

46. Dell admits that the face of the '187 patent indicates that it was issued on December 2, 1997. Based on the assignee information on the face of the patent, Dell denies the allegations contained in the second sentence of paragraph 46 of the Complaint.

47. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Dell denies the remaining allegations, if any, contained in paragraph 47 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 47 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

48. It is not possible to determine whether the allegations in paragraph 48 of the Complaint are directed to Dell. To the extent such allegations are directed to Dell, they are denied. For any allegations contained in paragraph 48 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

49. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Dell denies the remaining allegations, if any, contained in paragraph 49 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 49 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

50. The allegations contained in paragraph 50 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

51. The allegations contained in paragraph 51 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

52. The allegations contained in paragraph 52 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

53. The allegations contained in paragraph 53 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

54. No new allegations are contained within paragraph 54 and a response by Dell is not necessary.  To the extent a response is deemed necessary, Dell denies any allegations contained in paragraph 54.

55. Dell admits that the face of the '065 patent indicates that it was issued on May 1, 2001.  Based on the assignee information on the face of the patent, Dell denies the allegations contained in the second sentence of paragraph 55 of the Complaint.

56. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '065 patent.  Dell denies the remaining allegations, if any, contained in paragraph 56 of the Complaint to the extent such allegations are directed to Dell.  For any allegations contained in paragraph 56 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

57. It is not possible to determine whether the allegations in paragraph 57 of the Complaint are directed to Dell.  To the extent such allegations are directed to Dell, they

are denied.  For any allegations contained in paragraph 57 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

58. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '065 patent.  Dell denies the remaining allegations, if any, contained in paragraph 58 of the Complaint to the extent such allegations are directed to Dell.  For any allegations contained in paragraph 58 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

59. The allegations contained in paragraph 59 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

60. The allegations contained in paragraph 60 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

61. The allegations contained in paragraph 61 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

62. The allegations contained in paragraph 62 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

63. No new allegations are contained within paragraph 63 and a response by Dell is not necessary. To the extent a response is deemed necessary, Dell denies any allegations contained in paragraph 63.

64. Dell admits that the face of the '588 patent indicates that it was issued on May 8, 2001. Based on the assignee information on the face of the patent, Dell denies the allegations contained in the second sentence of paragraph 64 of the Complaint.

65. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '588 patent. Dell denies the remaining allegations, if any, contained in paragraph 65 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 65 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

66. It is not possible to determine whether the allegations in paragraph 66 of the Complaint are directed to Dell. To the extent such allegations are directed to Dell, they are denied. For any allegations contained in paragraph 66 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

67. Dell denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '588 patent. Dell denies the remaining allegations, if any, contained in paragraph 67 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 67 of the Complaint which are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

68. The allegations contained in paragraph 68 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

69. The allegations contained in paragraph 69 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

70. The allegations contained in paragraph 70 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

71. The allegations contained in paragraph 71 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to truth of the allegations and therefore denies them.

## II.   DEFENSES

72. The claims of the patents-in-suit are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

73. Dell has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the patents-in-suit.

74. Individuals or entities that are not named as a party to this action are liable for all of Plaintiff's claims against Dell.

75. Plaintiff's claim for damages, if any, against Dell is statutorily limited by 35 U.S.C. § 286 and/or §287.

76. Dell denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief against Dell.

## III.  COUNTERCLAIMS

### Parties

77.     Counterclaimant Dell Inc. ("Dell") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

78.     On information and belief, counterclaim defendant Guardian Industries Corporation ("Guardian") is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan, 48326-1714.

### Jurisdiction and Venue

79.     The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

80.     Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

### Count One – Declaratory Relief Regarding Non-Infringement

81.     Based on the filing by Guardian of this suit and Dell's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Dell has directly and/or indirectly infringed any valid claim of the patent-in-suit.

13

82.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that Dell has not infringed any valid claim of the patents-in-suit, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## Count Two – Declaratory Relief Regarding Invalidity

83.     Based on the filing by Guardian of this suit and Dell's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the patent-in-suit.

84.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that each of the claims of the patents-in-suit are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.


## IV.    EXCEPTIONAL CASE

85.     This is an exceptional case under 35 U.S.C. § 285 and, as such, Dell is entitled to recover from the Plaintiff Dell's attorneys' fees and costs incurred in connection with this action.


## V.    DEMAND FOR JURY

86.     Pursuant to FED. R. CIV. P. 28, Dell hereby demands a trial by jury as to all fact issues in this lawsuit.

## PRAYER

Dell prays that:

(a)     Plaintiff's Complaint against Dell be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of Dell;

(b)     Judgment be entered in favor of Dell declaring that each of the claims of the `214 patent, the `187 patent, the `065 patent, and the `588 patent are invalid and that Dell has not infringed any claim of such patents either literally or under the doctrine of equivalents.

(c)     Judgment be entered in favor of Dell and against the Plaintiff that this is an exceptional case and awarding Dell its attorneys' fees and costs under 35 U.S.C. § 285; and

(d)     Dell be awarded any such other and further relief as is just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Roderick B. Williams
Avelyn M. Ross
VINSON & ELKINS
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
Tel.: (512) 542-8400

Dated:  February 28, 2005

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, DE  19899
    Tel.: (302) 984-6000

*Attorneys for Defendant Dell, Inc.*

671996

15

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 28, 2005, a true and

correct copy of the within document was caused to be served on the following counsel of

record, in the manner indicated below:

### VIA HAND DELIVERY

Richard K. Herrmann
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070

Gerard M. O'Rourke
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Teresa M. Corbin
Howrey Simon Arnold & White LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

_____
David E. Moore

669771