**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **GUARDIAN INDUSTRIES CORP.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | C.A. No.: 05-27 SLR |
| ) | |
| **DELL, INC.;** ) | |
| **GATEWAY, INC.;** ) | |
| **ACER INC.;** ) | |
| **ACER AMERICA CORPORATION;** ) | |
| **AOC INTERNATIONAL;** ) | |
| **AOC INTERNATIONAL (USA) LTD.;** ) | |
| **AU OPTRONICS CORPORATION;** ) | |
| **AU OPTRONICS CORPORATION AMERICA a/k/a** ) | |
| **AU OPTRONICS AMERICA, INC.;** ) | |
| **BENQ CORPORATION;** ) | |
| **BENQ AMERICA CORPORATION;** ) | |
| **CHUNGHWA PICTURE TUBES, LTD. a/k/a** ) | |
| **CHUNGHWA PICTURE TUBES COMPANY;** ) | |
| **TATUNG COMPANY;** ) | |
| **TATUNG COMPANY OF AMERICA, INC.;** ) | |
| **COMPAL ELECTRONICS, INC.;** ) | |
| **DELTA ELECTRONICS, INC.;** ) | |
| **DELTA PRODUCTS CORPORATION;** ) | |
| **JEAN CO., LTD.;** ) | |
| **LITE-ON TECHNOLOGY CORPORATION:** ) | |
| **LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;** ) | |
| **PROVIEW INTERNATIONAL HOLDINGS, LTD.;** ) | |
| **PROVIEW TECHNOLOGY, INC.; and** ) | |
| **QUANTA DISPLAY, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**<u>GUARDIAN'S REPLY TO DELL INC.'S COUNTERCLAIMS</u>**

Guardian Industries Corp. ("Guardian") replies to the counterclaims of Dell Inc. ("Dell") as follows:

## REPLY TO COUNTERCLAIMS

77. Admitted.

78. Admitted.

79. Guardian admits that Dell's counterclaims purport to include claims for declaratory judgment of non-infringement and invalidity and that this Court has jurisdiction over the subject matter of these particular Dell counterclaims, but denies that the counterclaims have any merit and denies that Dell is entitled to any of the relief sought in its counterclaims or Prayer. Guardian denies any and all remaining averments in Paragraph 79 of Dell's counterclaim.

80. Guardian admits that venue is proper in this Court.

81. Guardian admits that there exists an actual controversy between Guardian and Dell concerning infringement of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 81 of Dell's counterclaims.

82. Paragraph 82 of Dell's counterclaims is a request for relief, and does not state any allegation that calls for a response. Dell is not entitled to a declaration from the Court that Dell has not infringed any of the '214, '187, '065 and '588 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents. Guardian denies any and all remaining averments in Paragraph 82 of Dell's counterclaims.

83. Guardian admits that there exists an actual controversy between Guardian and Dell concerning the alleged invalidity of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 83 of Dell's counterclaims.

84. Paragraph 84 of Dell's counterclaims is a request for relief, and does not state any allegation that calls for a response. Dell is not entitled to a declaration from the Court that any of the '214, '187, '065 and '588 patents are invalid for failure to comply with the provisions of the

patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.  Guardian denies any and all remaining averments in Paragraph 84 of Dell's counterclaims.

85.  Guardian denies that Dell is entitled to recover any attorneys' fees and/or costs from Guardian and denies that any of Guardian's activities provide any basis for finding in favor of Dell on the issue of whether this is an exceptional case.  Guardian does contend that certain defendants' activities, including potentially Dell, provide a basis for this Court to find, in favor of Guardian, that this is an exceptional case under 35 U.S.C. § 285, and to award Guardian its attorneys' fees and its costs incurred in connection with this litigation.  Guardian denies any and all remaining averments in Paragraph 85 of Dell's counterclaims.

86.  Guardian admits that Paragraph 86 of Dell's counterclaims requests a trial by jury as to all fact issues in this lawsuit.  Guardian further responds that Paragraph 86 of Dell's filing contains no allegation that necessitates any admission or denial from Guardian, nonetheless, to the extent any response is necessary, Guardian denies any and all remaining averments in Paragraph 86 of Dell's counterclaims.

WHEREFORE Guardian respectfully submits that Dell's counterclaims should be dismissed, with costs assessed against Dell, and seeks such further relief as the Court deems appropriate.


Dated: March 21, 2005                  */s/ Richard K. Herrmann*
                                        Richard K. Herrmann (I.D. No. 405)
                                        MORRIS JAMES HITCHENS & WILLIAMS LLP
                                        222 Delaware Avenue, 10th Floor
                                        Wilmington, Delaware 19801
                                        302.888.6800
                                        rherrmann@morrisjames.com

                                        Bryan S. Hales
                                        Craig D. Leavell
                                        Meredith Zinanni
                                        Eric D. Hayes
                                        KIRKLAND & ELLIS
                                        200 East Randolph Drive
                                        Chicago, Illinois 60601
                                        (312) 861-2000

                                        *Counsel for Plaintiff Guardian Industries Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2005, I electronically filed the foregoing document, **GUARDIAN'S REPLY TO DELL INC.'S COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Jeffrey S. Goddess, Esq.
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19801

Gerard M. O'Rourke, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street, P.O. Box 2207
Wilmington, Delaware 19899-2207

Kevin M. Baird, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 21st day of March, 2005, the foregoing document was served via email on the following non-registered participants:

Teresa M. Corbin, Esq.
Howrey Simon Arnold & White LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
corbint@howrey.com

Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
rickwilliams@velaw.com
aross@velaw.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
york.faulkner@finnegan.com

Peter J.Wied, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, Fourth Floor, N Tower
Santa Monica, CA  90404-4060
pwied@agsk.com

| | |
|---|---|
| Robert J. Gunther, Jr., Esq.<br>Kurt M. Rogers<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY  10022<br>robert.gunther@lw.com<br>kurt.rogers@lw.com | Robert C. Weems, Esq.<br>Baum & Weems<br>58 Katrina Lane<br>San Anselmo, CA  94960<br>rcweems@comcast.net |

      */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*

-2-