**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **GUARDIAN INDUSTRIES CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No.: 05-27-SLR** |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| **DELL, INC.;** | ) | |
| **GATEWAY, INC.;** | ) | |
| **HEWLETT-PACKARD COMPANY;** | ) | |
| **ACER INC.;** | ) | |
| **ACER AMERICA CORPORATION;** | ) | |
| **AOC INTERNATIONAL;** | ) | |
| **ENVISION PERIPHERALS, INC.;** | ) | |
| **TPV TECHNOLOGY, LTD.;** | ) | |
| **TPV INTERNATIONAL (USA), INC.;** | ) | |
| **AU OPTRONICS CORPORATION;** | ) | |
| **AU OPTRONICS CORPORATION AMERICA a/k/a** | ) | |
| **AU OPTRONICS AMERICA, INC.;** | ) | |
| **BENQ CORPORATION;** | ) | |
| **BENQ AMERICA CORPORATION;** | ) | |
| **CHUNGHWA PICTURE TUBES, LTD. a/k/a** | ) | |
| **CHUNGHWA PICTURE TUBES COMPANY;** | ) | |
| **TATUNG COMPANY;** | ) | |
| **TATUNG COMPANY OF AMERICA, INC.;** | ) | |
| **BOE HYDIS TECHNOLOGY COMPANY, LTD.;** | ) | |
| **BOE HYDIS AMERICA INC.;** | ) | |
| **CHI MEI OPTOELECTRONICS;** | ) | |
| **COMPAL ELECTRONICS, INC.;** | ) | |
| **DELTA ELECTRONICS, INC.;** | ) | |
| **DELTA PRODUCTS CORPORATION;** | ) | |
| **DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY, LTD.;** | ) | |
| **HANNSTAR DISPLAY CORPORATION;** | ) | |
| **JEAN CO., LTD.;** | ) | |
| **LITE-ON TECHNOLOGY CORPORATION;** | ) | |
| **LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;** | ) | |
| **MAG TECHNOLOGY COMPANY, LTD.;** | ) | |
| **MAG TECHNOLOGY USA, INC.;** | ) | |
| **PROVIEW INTERNATIONAL HOLDINGS, LTD.;** | ) | |
| **PROVIEW TECHNOLOGY, INC.;** | ) | |
| **PROVIEW ELECTRONICS COMPANY, LTD.; and** | ) | |
| **QUANTA DISPLAY, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| ——————————————————————————— | ) | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Guardian Industries Corp. ("Guardian") amends the Complaint for Patent Infringement with the written consent of Defendant Dell, Inc., and as a matter of course as to the remaining defendants, no responsive pleading having been served by them.

Plaintiff Guardian for its complaint against defendants Dell, Inc.; Gateway, Inc.; Hewlett-Packard Company; Acer, Inc.; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; BenQ America Corporation; BOE HYDIS Technology Company, Ltd.; BOE HYDIS America Inc.; Chi Mei Optoelectronics; Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Compal Electronics, Inc.; Delta Electronics, Inc.; Delta Products Corporation; Delta Electronics (Thailand) Public Company, Ltd.; HannStar Display Corporation; Jean Co., Ltd.; Lite-On Technology Corporation; Lite-On, Inc. a/k/a LiteOn Trading USA, Inc.; MAG Technology Company, Ltd.; MAG Technology USA, Inc.; Proview International Holdings, Ltd.; Proview Technology, Inc.; Proview Electronics Company, Ltd.; Quanta Display, Inc.; Tatung Company; and Tatung Company Of America, Inc.; (collectively, "Defendants") alleges as follows:

### NATURE OF THE ACTION

1.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Defendants of patents owned by Guardian.

2.      The technology at issue involves the design and manufacture of Liquid Crystal Displays ("LCDs") and related products (collectively "LCD Products").  An LCD is a type of flat panel display that is used in products such as computer monitors.

3.      Guardian is the owner of United States Patent No. 5,570,214 (the "'214 Patent") entitled "Normally White Twisted Nematic LCD with Retardation Films on Opposite Sides of Liquid Crystal Material for Improved Viewing Zone."

4.      Guardian is the owner of United States Patent No. 5,694,187 (the "'187 Patent") entitled "LCD Including A Negative Biaxial Retarder On Each Side Of The Liquid Crystal Layer."

5.      Guardian is the owner of United States Patent No. 6,226,065 (the "'065 Patent") entitled "Liquid Crystal Display Having High Contrast Viewing Zone Centered in Positive or Negative Vertical Region."

6.      Guardian is the owner of United States Patent No. 6,229,588 (the "'588 Patent") entitled "Normally White LCD Including First and Second Biaxial Retarders."

7.      This is a civil action for the infringement of the '214 Patent, the '187 Patent, the '065 Patent, and the '588 Patent (or, collectively, the "Patents-in-Suit") by Defendants. Guardian owns the Patents-in-Suit and possesses the right to sue and to recover for infringement of the Patents-in-Suit.  Copies of the Patents-In-Suit are attached hereto.

8.      Guardian and/or predecessor owners of the Patents-In-Suit marked their products under 35 U.S.C. § 287(a).

## THE PARTIES

9.      Plaintiff Guardian is a corporation organized under the laws of the state of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan, 48326-1714.

10.      On information and belief, Dell, Inc. is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at One Dell Way, Round Rock, Texas  78682.

11.     On information and belief, Gateway, Inc. is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at 14303 Gateway Place, Poway, California  92064.

12.     On information and belief, Hewlett-Packard Company is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at 3000 Hanover Street, Palo Alto, California 94304.

13.     On information and belief, Acer, Inc. is a Taiwanese corporation with an office and principal place of business located at 8F, 88, Hsin Tai 5th Rd., Sec. 1, Hsichih Chen, Taipei Hsien 22147, Taiwan, R.O.C.

14.     On information and belief, Acer America Corporation is a corporation organized under the laws of the state of California with an office and principal place of business located at 2641 Orchard parkway, San Jose, California  95134.

15.     On information and belief, AOC International is a Taiwanese corporation with an office and principal place of business located at 12F-3, 716, Chung Cheng, Rd., Chungho City, Taipei, Taiwan, R.O.C.

16.     On information and belief, Envision Peripherals, Inc. is a corporation organized under the laws of the state of California with an office and principal place of business located at 47490 Seabridge Drive, Fremont, California 94538.

17.     On information and belief, TPV Technology, Ltd., is a Taiwanese company located at 18F, No. 738, Chung-Cheng Road, Chung Ho, Taipei, Taiwan, R.O.C.

18.     On information and belief, TPV International (USA), Inc. is a corporation organized under the laws of the state of California with an office and principal place of business at 11921 N. Mo Pac, Suite 320, Austin, Texas 78759.

19.    On information and belief, AU Optronics Corporation is a Taiwanese corporation with an office and principal place of business located at 1, Li-Hsin Rd., II, Science-Based Industrial Park, Hsinchu City 30077 Taiwan, R.O.C.

20.    On information and belief, AU Optronics Corporation America a/k/a/ AU Optronics America, Inc. is a corporation organized under the laws of the state of California with an office and principal place of business at 1800 Wyatt Drive, Suite 7, Santa Clara, California 95054.   On information and belief, AU Optronics Corporation America a/k/a/ AU Optronics America, Inc. is a subsidiary of AU Optronics Corporation.

21.    On information and belief, BenQ Corporation is a Taiwanese corporation with an office and principal place of business located at 157 Shanying Road, Gueishan, Taoyuan 333, Taiwan, R.O.C.

22.    On information and belief, BenQ America Corporation is a corporation organized under the laws of the state of California with an office and principal place of business at 20480 E. Business Parkway, City of Industry, California  91789.   On information and belief, BenQ America Corporation is a subsidiary of BenQ Corporation.

23.    On information and belief, BOE HYDIS Technology Company, Ltd. is a South Korean company with an office and principal place of business located at San 136-1, Ami-ri, Bubal-eub, Icheon-si, Gyeonggi-do 467-866, South Korea.

24.    On information and belief, BOE HYDIS America, Inc. is a corporation organized under the laws of the state of California with an office and principal place of business located at 2290 North First Street, Suite 209-B, San Jose, California 95131.

25.     On information and belief, Chi Mei Optoelectronics is a Taiwanese company with an office and principal place of business located at 11F, No. 39, Chung Hua Road Sec. 1, Taipei, Taiwan, R.O.C.

26.     On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a/ Chunghwa Picture Tubes Company is a Taiwanese corporation with an office and principal place of business at No. 1127, Ho-ping Road, Tanan, Pahte, Taoyuan, Taiwan, R.O.C.

27.     On information and belief, Tatung Company is a Taiwanese corporation with an office and principle place of business located at 22, Chungshan N. Road, 3rd Section, Taipei, Taiwan, 104, R.O.C.

28.     On information and belief, Tatung Company of America, Inc. is a corporation organized under the laws of the state of California with an office and principal place of business located at 2850 El Presidio St., Long Beach, California 90810.

29.     On information and belief, Compal Electronics, Inc. is a Taiwanese corporation with an office and principal place of business located at No. 581, Jui-Kuang Rd., Neihu, Taipei, Taiwan, R.O.C.

30.     On information and belief, Delta Electronics, Inc. is a Taiwanese corporation with an office and principal place of business located at 186 Ruey Kuang Rd., Neihu, Taipei 114, Taiwan, R.O.C.

31.     On information and belief, Delta Products Corporation is a corporation organized under the laws of the state of California with an office and principal place of business located at 4405 Cushing Parkway, Fremont, California 94538.

32.    On information and belief, Delta Electronics (Thailand) Public Company, Ltd. is a Thai company with an office and principal place of business located at 714 Moo 4, Tambon Prakasa, Ampur Muangsamutprakarn, Samutprakarn Province 10280, Thailand.

33.    On information and belief, HannStar Display Corporation is a Taiwanese corporation with an office and principal place of business located at 12 FL, No. 480, Rueiguang Road, Neihu Chiu, Taipei, Taiwan, R.O.C.

34.    On information and belief, Jean Co., Ltd. is a Taiwanese corporation with an office and principal place of business located at 7F, 2, Rui-Guang Rd., Nei-Hu, Taipei, Taiwan, R.O.C.

35.    On information and belief, Lite-On Technology Corporation is a Taiwanese corporation with an office and principal place of business located at 22F, No. 392, Ruey Kuang Road, Neihu, Taipei 114, Taiwan, R.O.C.

36.    On information and belief, Lite-On, Inc. a/k/a/ LiteOn Trading USA, Inc. is a corporation organized under the laws of the state of California with an office and principal place of business located at 720 South Hillview Drive, Milpitas, California  95035.

37.    On information and belief, MAG Technology Company, Ltd. is a Taiwanese company with an office and principal place of business located at 21 F, No. 1, Pao Sheng Road, Yungho City, Taipei 234, Taiwan, R.O.C.

38.    On information and belief, MAG Technology USA, Inc. is a corporation organized under the laws of the state of California with an office and principal place of business located at 17583 Railroad Street, City of Industry, California 91748.

39.    On information and belief, Proview International Holdings, Ltd. is a Bermuda corporation with a principal place of business located at Unit 1901, 19th Floor, Tower 1, Enterprise Square, 9 Sheung Yuet Rd., Kowloon Bay, Kowloon, Hong Kong.

40.    On information and belief, Proview Technology, Inc. is a corporation organized under the laws of California with an office and principal place of business located at 7372-A Doig Dr., Garden Grove, California 92841.

41.    On information and belief, Proview Electronics Company, Ltd. is a Taiwanese company with an office and principal place of business located at 17F, No. 1, Pao Sheng Road, Yungho City, Taipei Hsien 23444, Taiwan, R.O.C.

42.    On information and belief, Quanta Display, Inc. is a Taiwanese corporation with an office and principal place of business located at No. 188, Hwa 2nd Road, Kuei Shan Hsiang, Tao Yuan Shien, Taiwan, R.O.C.

43.    On information and belief, Defendants each sell LCD product(s) that include a version of Fuji Wide View (WV) film.

## JURISDICTION AND VENUE

44.    Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

45.    This Court has personal jurisdiction over the Defendants because Defendants have purposely availed themselves of the privilege of conducting activities within this State and District, and/or have conducted activities elsewhere in the United States.

46.    Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b-c) and 1400(b).

## COUNT I - INFRINGEMENT OF THE '214 PATENT

47.     Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-46 of this Complaint.

48.     The '214 patent was duly and legally issued on October 29, 1996.  The '214 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '214 patent.  Pursuant to Local Rule 3.2, a true and correct copy of the '214 Patent is attached to this Complaint as Exhibit 1.

49.     Defendants have infringed, contributorily infringed and/or actively induced infringement, and on information and belief are infringing, contributorily infringing and/or actively inducing infringement of the '214 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used, offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '214 Patent.

50.     On information and belief, certain Defendants' infringement, contributory infringement, and/or active inducement of others' infringement of the '214 patent have taken place with full knowledge of the '214 patent and have been intentional, deliberate, and willful.

51.     On information and belief, Defendants will continue to infringe, contributorily infringe and/or actively induce others to infringe the '214 Patent unless and until they are enjoined by this Court.

52.     On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc. have been aware of the '214 Patent since at least as early as May 2001.

53.     On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc.'s

infringement, with knowledge of the '214 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

54.     On information and belief, Acer Incorporated; Acer America Corporation; AU Optronics Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation have been aware of the '214 Patent since at least as early as January 1998.

55.     On information and belief, Acer Incorporated; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation; AU Optronics Corporation America a/k/a AU Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation's infringement, with knowledge of the '214 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

56.     On information and belief, BOE HYDIS Technology Company, Ltd. and BOE HYDIS America Inc. have been aware of the '214 Patent since at least as early as December 1997.

57.     On information and belief, BOE HYDIS Technology Company, Ltd.'s and BOE HYDIS America Inc.'s infringement, with knowledge of the '214 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

58.    On information and belief, Chi Mei Optoelectronics has been aware of the '214 Patent since at least as early as September 1998.

59.    On information and belief, Chi Mei Optoelectronics' infringement, with knowledge of the '214 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

60.    On information and belief, HannStar Display Corporation has been aware of the '214 Patent since at least as early as February 2005.

61.    On information and belief, HannStar Display Corporation's infringement, with knowledge of the '214 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II - INFRINGEMENT OF THE '187 PATENT

62.    Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-46 of this Complaint.

63.    The '187 patent was duly and legally issued on December 2, 1997.  The '187 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '187 patent.  Pursuant to Local Rule 3.2, a true and correct copy of the '187 Patent is attached to this Complaint as Exhibit 2.

64.    Defendants have infringed, contributorily infringed and/or actively induced infringement, and on information and belief are infringing, contributorily infringing and/or actively inducing infringement of the '187 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used,

offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '187 Patent.

65.    On information and belief, certain Defendants' infringement, contributory infringement, and/or active inducement of others' infringement of the '187 patent have taken place with full knowledge of the '187 patent and have been intentional, deliberate, and willful.

66.    On information and belief, Defendants will continue to infringe, contributorily infringe and/or actively induce others to infringe the '187 Patent unless and until they are enjoined by this Court.

67.    On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc. have been aware of the '187 Patent since at least as early as May 2001.

68.    On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc.'s infringement, with knowledge of the '187 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

69.    On information and belief, Acer Incorporated; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation have been aware of the '187 Patent since at least as early as February 1998.

70.    On information and belief, Acer Incorporated; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.;

AU Optronics Corporation; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation's infringement, with knowledge of the '187 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

71.    On information and belief, BOE HYDIS Technology Company, Ltd. and BOE HYDIS America Inc. have been aware of the '187 Patent since at least as early as May 2001.

72.    On information and belief, BOE HYDIS Technology Company, Ltd.'s and BOE HYDIS America Inc.'s infringement, with knowledge of the '187 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

73.    On information and belief, Chi Mei Optoelectronics has been aware of the '187 Patent since at least as early as September 1998.

74.    On information and belief, Chi Mei Optoelectronics' infringement, with knowledge of the '187 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

75.    On information and belief, HannStar Display Corporation has been aware of the '187 Patent since at least as early as February 2005.

76.    On information and belief, HannStar Display Corporation's infringement, with knowledge of the '187 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III- INFRINGEMENT OF THE '065 PATENT

77.    Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-46 of this Complaint.

78.    The '065 patent was duly and legally issued on May 1, 2001.  The '065 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '065 patent.  Pursuant to Local Rule 3.2, a true and correct copy of the '065 Patent is attached to this Complaint as Exhibit 3.

79.    Defendants have infringed, contributorily infringed and/or actively induced infringement, and on information and belief are infringing, contributorily infringing and/or actively inducing infringement of the '065 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used, offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '065 Patent.

80.    On information and belief, certain Defendants' infringement, contributory infringement, and/or active inducement of others' infringement of the '065 patent have taken place with full knowledge of the '065 patent and have been intentional, deliberate, and willful.

81.    On information and belief, Defendants will continue to infringe, contributorily infringe and/or actively induce others to infringe the '065 Patent unless and until they are enjoined by this Court.

82.    On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc. have been aware of the '065  Patent since at least as early as May 2001.

83.    On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc.'s

infringement, with knowledge of the '065 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

84.     On information and belief, Acer Incorporated; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation have been aware of the '065 Patent since at least as early as May 2001.

85.     On information and belief, Acer Incorporated; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation's infringement, with knowledge of the '065 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

86.     On information and belief, BOE HYDIS Technology Company, Ltd. and BOE HYDIS America Inc. have been aware of the '065 Patent since at least as early as May 2001.

87.     On information and belief, BOE HYDIS Technology Company, Ltd.'s and BOE HYDIS America Inc.'s infringement, with knowledge of the '065 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

88.     On information and belief, Chi Mei Optoelectronics has been aware of the '065 Patent since at least as early as May 2001.

89.    On information and belief, Chi Mei Optoelectronics' infringement, with knowledge of the '065 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

90.    On information and belief, HannStar Display Corporation has been aware of the '065 Patent since at least as early as February 2005.

91.    On information and belief, HannStar Display Corporation's infringement, with knowledge of the '065 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV - INFRINGEMENT OF THE '588 PATENT

92.    Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-46 of this Complaint.

93.    The '588 patent was duly and legally issued on May 8, 2001.  The '588 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '588 patent.  Pursuant to Local Rule 3.2, a true and correct copy of the '588 Patent is attached to this Complaint as Exhibit 4.

94.    Defendants have infringed, contributorily infringed and/or actively induced infringement, and on information and belief are infringing, contributorily infringing and/or actively inducing infringement of the '588 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used, offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '588 Patent.

95.    On information and belief, certain Defendants' infringement, contributory infringement, and/or active inducement of others' infringement of the '588 patent have taken place with full knowledge of the '588 patent and have been intentional, deliberate, and willful.

96.    On information and belief, Defendants will continue to infringe, contributorily infringe and/or actively induce others to infringe the '588 Patent unless and until they are enjoined by this Court.

97.    On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc. have been aware of the '588 Patent since at least as early as May 2001.

98.    On information and belief, Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; and Tatung Company of America, Inc.'s infringement, with knowledge of the '588 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

99.    On information and belief, Acer Incorporated; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation have been aware of the '588 Patent since at least as early as May 2001.

100.    On information and belief, Acer Incorporated; Acer America Corporation; AOC International; Envision Peripherals, Inc.; TPV Technology, Ltd.; TPV International (USA), Inc.; AU Optronics Corporation; AU Optronics Corporation America a/k/a Au Optronics America, Inc.; BenQ Corporation; and BenQ America Corporation's infringement, with knowledge of the

'588 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

101.    On information and belief, BOE HYDIS Technology Company, Ltd. and BOE HYDIS America Inc. have been aware of the '588 Patent since at least as early as May 2001.

102.    On information and belief, BOE HYDIS Technology Company, Ltd.'s and BOE HYDIS America Inc.'s infringement, with knowledge of the '588 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

103.    On information and belief, Chi Mei Optoelectronics has been aware of the '588 Patent since at least as early as May 2001.

104.    On information and belief, Chi Mei Optoelectronics' infringement, with knowledge of the '588 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

105.    On information and belief, HannStar Display Corporation has been aware of the '588 Patent since at least as early as February 2005.

106.    On information and belief, HannStar Display Corporation's infringement, with knowledge of the '588 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Guardian prays that this Court:

A.     Enter a judgment that Defendants have infringed, contributorily infringed and/or actively induced others to infringe the Patents-in-Suit;

B.     Award Guardian damages in an amount sufficient to compensate Guardian for Defendants' infringement, contributory infringement and/or active inducement of others' infringement of the Patents-in-Suit, but not less than a reasonable royalty;

C.     Award prejudgment interest to Guardian pursuant to 35 U.S.C. § 284;

D.     Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Guardian, by reason of Defendants' willful infringement of the Patents-in-Suit;

E.     Enter a permanent injunction enjoining Defendants, their officers, directors, servants, managers, employees, agents, attorneys, successors and assignees, and all persons in active concert or participation with any of them, from further acts of infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 283;

F.     Declare this case exceptional under 35 U.S.C. § 285 and award Guardian its reasonable attorneys' fees, expenses, and costs incurred in this action; and

G.     Grant Guardian such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Guardian hereby demands a jury trial on all issues appropriately triable by a jury.

*     *     *

Dated: March 31, 2005

_____/s/ Richard K. Herrmann_____
Richard K. Herrmann #405
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware  19801
(302) 888-6800
rherrmann@morrisjames.com

Of counsel:

Robert G. Krupka, P.C.
Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff,*
*Guardian Industries Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2005, I electronically filed the

foregoing document, **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**,

with the Clerk of the Court using CM/ECF which will send notification of such filing to the

following:

Richard L. Horwitz, Esq.              Gerard M. O'Rourke, Esq.
David E. Moore, Esq.                 Connolly Bove Lodge & Hutz LLP
Potter Anderson & Corroon        1007 North Orange Street, P.O. Box 2207
Hercules Plaza, 6th Floor           Wilmington, Delaware 19899-2207
1313 N. Market Street
Wilmington, DE  19801             Kevin M. Baird, Esq.
                                   Young, Conaway, Stargatt & Taylor LLP
Jeffrey S. Goddess, Esq.           The Brandywine Building
Rosenthal Monhait Gross & Goddess, P.A.  1000 West Street, 17th Floor
919 Market Street, Suite 1401      Wilmington, DE  19801
Wilmington, DE  19801

Additionally, I hereby certify that on the 31st day of March, 2005, the foregoing

document was served via email on the following non-registered participants:

Teresa M. Corbin, Esq.           York M. Faulkner, Esq.
Howrey Simon Arnold & White LLP  Finnegan Henderson Farabow Garrett & Dunner
525 Market Street, Suite 3600      Two Freedom Square
San Francisco, CA  94105         11955 Freedom Drive
corbint@howrey.com              Reston, VA  20190-5675
                                   york.faulkner@finnegan.com
Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.              Peter J.Wied, Esq.
Vinson & Elkins                 Alschuler Grossman Stein & Kahan LLP
2801 Via Fortuna, Suite 100       1620 26th Street, Fourth Floor, N Tower
Austin, TX  78746-7568          Santa Monica, CA  90404-4060
rickwilliams@velaw.com          pwied@agsk.com
aross@velaw.com

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY  10022
robert.gunther@lw.com
kurt.rogers@lw.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960
rcweems@comcast.net


_/s/ Richard K. Herrmann_
Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

_Counsel for Plaintiff Guardian Industries Corp._