IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP.<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC.;<br>GATEWAY, INC.;<br>HEWLETT-PACKARD COMPANY;<br>ACER INC.;<br>ACER AMERICA CORPORATION;<br>AOC INTERNATIONAL;<br>ENVISION PERIPHERALS, INC.;<br>TPV TECHNOLOGY, LTD.;<br>TPV INTERNATIONAL (USA), INC.;<br>AU OPTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION AMERICA a/k/a<br>AU OPTRONICS AMERICA, INC.;<br>BENQ CORPORATION;<br>BENQ AMERICA CORPORATION;<br>CHUNGHWA PICTURE TUBES, LTD. a/k/a<br>CHUNGHWA PICTURE TUBES COMPANY;<br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>BOE HYDIS TECHNOLOGY COMPANY, LTD.;<br>BOE HYDIS AMERICA INC.;<br>CHI MEI OPTOELECTRONICS;<br>COMPAL ELECTRONICS, INC.;<br>DELTA ELECTRONICS, INC.;<br>DELTA PRODUCTS CORPORATION;<br>DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY, LTD.;<br>HANNSTAR DISPLAY CORPORATION;<br>JEAN CO., LTD.;<br>LITE-ON TECHNOLOGY CORPORATION;<br>LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;<br>MAG TECHNOLOGY COMPANY, LTD.;<br>MAG TECHNOLOGY USA, INC.;<br>PROVIEW INTERNATIONAL HOLDINGS, LTD.;<br>PROVIEW TECHNOLOGY, INC.;<br>PROVIEW ELECTRONICS COMPANY, LTD.; and<br>QUANTA DISPLAY, INC.<br><br>Defendants. | C.A. No.: 05-27 SLR |

**GUARDIAN'S REPLY TO DELL INC.'S AMENDED COUNTERCLAIMS**

Guardian Industries Corp. ("Guardian") replies to the amended counterclaims of Dell Inc. ("Dell") as follows:

## REPLY TO COUNTERCLAIMS

112. Admitted.

113. Admitted.

114. Guardian admits that Dell's counterclaims purport to include claims for declaratory judgment of non-infringement and invalidity and that this Court has jurisdiction over the subject matter of these particular Dell counterclaims, but denies that the counterclaims have any merit and denies that Dell is entitled to any of the relief sought in its counterclaims or Prayer. Guardian denies any and all remaining averments in Paragraph 114 of Dell's counterclaim.

115. Guardian admits that venue is proper in this Court.

116. Guardian admits that there exists an actual controversy between Guardian and Dell concerning infringement of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 116 of Dell's counterclaims.

117. Paragraph 117 of Dell's counterclaims is a request for relief, and does not state any allegation that calls for a response. Dell is not entitled to a declaration from the Court that Dell has not infringed any of the '214, '187, '065 and '588 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents. Guardian denies any and all remaining averments in Paragraph 117 of Dell's counterclaims.

118. Guardian admits that there exists an actual controversy between Guardian and Dell concerning the alleged invalidity of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 118 of Dell's counterclaims.

119. Paragraph 119 of Dell's counterclaims is a request for relief, and does not state any allegation that calls for a response. Dell is not entitled to a declaration from the Court that any of the '214, '187, '065 and '588 patents are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Guardian denies any and all remaining averments in Paragraph 119 of Dell's counterclaims.

120. Guardian denies that Dell is entitled to recover any attorneys' fees and/or costs from Guardian and denies that any of Guardian's activities provide any basis for finding in favor of Dell on the issue of whether this is an exceptional case. Guardian does contend that certain defendants' activities, including potentially Dell, provide a basis for this Court to find, in favor of Guardian, that this is an exceptional case under 35 U.S.C. § 285, and to award Guardian its attorneys' fees and its costs incurred in connection with this litigation. Guardian denies any and all remaining averments in Paragraph 120 of Dell's counterclaims.

121. Guardian admits that Paragraph 121 of Dell's counterclaims requests a trial by jury as to all fact issues in this lawsuit. Guardian further responds that Paragraph 121 of Dell's filing contains no allegation that necessitates any admission or denial from Guardian, nonetheless, to the extent any response is necessary, Guardian denies any and all remaining averments in Paragraph 121 of Dell's counterclaims.

WHEREFORE Guardian respectfully submits that Dell's counterclaims should be dismissed, with costs assessed against Dell, and seeks such further relief as the Court deems appropriate.

\* \* \* \* \*

Dated: April 26, 2005

        */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. No. 405)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff Guardian Industries Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2005, I electronically filed the foregoing document, **GUARDIAN'S REPLY TO DELL INC.'S AMENDED COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.  
David E. Moore, Esq.  
Potter Anderson & Corroon  
Hercules Plaza, 6th Floor  
1313 N. Market Street  
Wilmington, DE  19801

Jeffrey S. Goddess, Esq.  
Rosenthal Monhait Gross & Goddess, P.A.  
919 Market Street, Suite 1401  
Wilmington, DE  19801

Gerard M. O'Rourke, Esq.  
Connolly Bove Lodge & Hutz LLP  
1007 North Orange Street, P.O. Box 2207  
Wilmington, Delaware 19899-2207

Josy W. Ingersoll, Esq.  
Young, Conaway, Stargatt & Taylor LLP  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, DE  19801

Additionally, I hereby certify that on the 26th day of April, 2005, the foregoing document was served via email on the following non-registered participants:

Teresa M. Corbin, Esq.  
Howrey Simon Arnold & White LLP  
525 Market Street, Suite 3600  
San Francisco, CA  94105  
corbint@howrey.com

Roderick B. Williams, Esq.  
Avelyn M. Ross, Esq.  
Vinson & Elkins  
2801 Via Fortuna, Suite 100  
Austin, TX  78746-7568  
rickwilliams@velaw.com  
aross@velaw.com

York M. Faulkner, Esq.  
Finnegan Henderson Farabow Garrett & Dunner  
Two Freedom Square  
11955 Freedom Drive  
Reston, VA  20190-5675  
york.faulkner@finnegan.com

Peter J. Wied, Esq.  
Alschuler Grossman Stein & Kahan LLP  
1620 26th Street, Fourth Floor, N Tower  
Santa Monica, CA  90404-4060  
pwied@agsk.com

| | |
|---|---|
| Robert J. Gunther, Jr., Esq.<br>Kurt M. Rogers<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY  10022<br>robert.gunther@lw.com<br>kurt.rogers@lw.com | Robert C. Weems, Esq.<br>Baum & Weems<br>58 Katrina Lane<br>San Anselmo, CA  94960<br>rcweems@comcast.net<br><br>Jeffrey A. Snyder, Esq.<br>Thoits, Love, Hershberger & McLean<br>245 Lytton Avenue, Suite 300<br>Palo Alto, CA  94301<br>jsnyder@thoits.com |

     */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*