**IN THE UNITED STATES DISTRICT COURT FOR**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GUARDIAN INDUSTRIES CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DELL INC.; GATEWAY, INC.; HEWLETT- | ) |
| PACKARD COMPANY; ACER INC.; ACER | ) |
| AMERICA CORPORATION; AOC | ) |
| INTERNATIONAL; ENVISION PERIPHERALS, | ) |
| INC.; TPV TECHNOLOGY, LTD.; | ) |
| TPV INTERNATIONAL (USA), INC.; | )   C. A. No. 05-27 (SLR) |
| AU OPTRONICS CORPORATION; AU | ) |
| OPTRONICS CORPORATION AMERICA a/k/a AU | )   **JURY TRIAL** |
| OPTRONICS AMERICA, INC.; BENQ | )   **DEMANDED** |
| CORPORATION; BENQ AMERICA | ) |
| CORPORATION; CHUNGHWA PICTURE TUBES, | ) |
| LTD. a/k/a CHUNGHWA PICTURE TUBES | ) |
| COMPANY.; TATUNG COMPANY; TATUNG | ) |
| COMPANY OF AMERICA, INC.; BOE HYDIS | ) |
| TECHNOLOGY COMPANY, LTD.; BOE HYDIS | ) |
| AMERICA INC.; CHI MEI OPTOELECTRONICS; | ) |
| COMPAL ELECTRONICS, INC.; DELTA | ) |
| ELECTRONICS, INC.; DELTA PRODUCTS | ) |
| CORPORATION;  DELTA ELECTRONICS | ) |
| (THAILAND) PUBLIC COMPANY, LTD.; | ) |
| HANNSTAR DISPLAY CORPORATION; | ) |
| JEAN CO., LTD.; LITE-ON TECHNOLOGY | ) |
| CORPORATION;  LITE-ON, INC. a/k/a LITEON | ) |
| TRADING USA, INC.; MAG TECHNOLOGY | ) |
| COMPANY, LTD.; MAG TECHNOLOGY USA, | ) |
| INC.; PROVIEW INTERNATIONAL HOLDINGS, | ) |
| LTD.; PROVIEW TECHNOLOGY, INC. | ) |
| PROVIEW ELECTRONICS COMPANY, LTD.; | ) |
| and QUANTA DISPLAY, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS LITE-ON TECHNOLOGY CORPORATION'S**
**AND LITE-ON, INC.'S ANSWER, DEFENSES, & COUNTERCLAIMS**

Defendants Lite-On Technology Corporation and Lite-On, Inc. (collectively "Lite-On") submit their Answer, Defenses, & Counterclaims to Plaintiff Guardian Industries Corporation's ("Guardian") First Amended Complaint for Patent Infringement as follows:

## I.   ANSWER

### NATURE OF THE ACTION

1.      Lite-On admits that Guardian alleges an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* Lite-On denies that it has infringed or continues to infringe, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit. Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies those allegations.

2.      Lite-On admits that the patents-in-suit purportedly relate to Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display used in products such as computer monitors. Lite-On denies the remaining allegations of in Paragraph 2.

3.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding ownership of U.S. Patent No. 5,570,214 ("the '214 patent") and therefore, denies the allegation. Lite-On admits the remaining allegations of Paragraph 3.

4.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding ownership of U.S. Patent No. 5,694,187 ("the '187 patent") and therefore, denies the allegation. Lite-On admits the remaining allegations of Paragraph 4.

5.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding ownership of U.S. Patent No. 6,226,065 ("the '065 patent") and therefore, denies the allegation. Lite-On admits the remaining allegations of Paragraph 5.

6.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding ownership of U.S. Patent No. 6,229,588 ("the '588 patent") and therefore, denies the allegation. Lite-On admits the remaining allegations of Paragraph 6.

7.      Lite-On admits that Guardian alleges an action for patent infringement. Lite-On denies that it has infringed or is infringing, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit. Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding ownership and/or right to sue and to recover for infringement of the '214 patent, the '187 patent, the '065 patent, and the '588 patent and therefore, denies those allegations.

8.      Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

## THE PARTIES

9.      Lite-On admits that Guardian is named as the plaintiff in the above-captioned civil action. Otherwise, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies those allegations.

10.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies those allegations.

21.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies those allegations.

25.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies those allegations.

34.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies those allegations.

35.     Lite-On admits that Lite-On Technology Corporation is a corporation organized under the laws of Taiwan with an office and principal place of business located at 22F, No. 392, Ruey Kuang Road, Neihu, Taipei 114, Taiwan, R.O.C. Otherwise, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and, therefore, denies those allegations.

36.     Lite-On admits that Lite-On, Inc. is a corporation organized under the laws of the State of California with an office and principal place of business located at 720 South Hillview Drive, Milpitas, California 95035. Otherwise, Lite-On denies the remaining allegations in Paragraph 36.

37.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies those allegations.

38.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies those allegations.

40.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies those allegations.

41.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43.     After a reasonable investigation, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies those allegations.

## JURISDICTION AND VENUE

44.     Lite-On admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

45.     Lite-On consents to the Court's personal jurisdiction in this matter only and, solely on that basis, admits that the Court has personal jurisdiction over it for this matter only.  Otherwise, Lite-On denies the remaining allegations in Paragraph 45.

46.     Lite-On consents to the venue of this Judicial District for this matter only and, solely on that basis, admits that venue is proper as to Lite-On for this matter only. Otherwise, Lite-On denies the remaining allegations in Paragraph 46.

## COUNT I - ALLEGED INFRINGEMENT OF THE '214 PATENT

47.     Lite-On repeats and incorporates by reference its responses to Paragraphs 1-46.

48.     Lite-On admits that the '214 patent issued on October 29, 1996 and that Exhibit 1 purports to be a copy of the '214 patent.  Lite-On lacks sufficient knowledge or information to form a belief as to Guardian's present ownership of, or rights under, the '214 patent and, therefore, denies the remaining allegations in Paragraph 48.

49.     Lite-On denies that it has infringed, contributed to or actively induced infringement or is infringing, contributing to or actively inducing infringement of any valid

and/or enforceable claim of the '214 patent. Lite-On further denies any remaining allegations in Paragraph 49 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 49 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

50.    Lite-On denies that it has intentionally, deliberately, or willfully infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Lite-On further denies any remaining allegations in Paragraph 50 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 50 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

51.    Lite-On repeats and incorporates its responses to Paragraphs 49 and 50. Lite-On denies that it will infringe, contribute to or actively induce infringement of any valid and/or enforceable claim of the '214 patent. Lite-On further denies any remaining allegations in Paragraph 51 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 51 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

52.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies them.

53.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies them.

54.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies them.

55.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies them.

56.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies them.

57.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies them.

58.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies them.

59.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies them.

61.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies them.

### COUNT II - ALLEGED INFRINGEMENT OF THE '187 PATENT

62.    Lite-On repeats and incorporates by reference its responses to Paragraphs 1-46.

63.    Lite-On admits that the '187 patent issued on December 2, 1997 and that Exhibit 2 purports to be a copy of the '187 patent.  Lite-On lacks sufficient knowledge or information to form a belief as to Guardian's present ownership of, or rights under, the '187 patent and, therefore, denies the remaining allegations in Paragraph 63.

9

64.    Lite-On denies that it has infringed, contributed to or actively induced infringement or is infringing, contributing to or actively inducing infringement of any valid and/or enforceable claim of the '187 patent. Lite-On further denies any remaining allegations in Paragraph 64 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 64 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

65.    Lite-On denies that it has intentionally, deliberately, or willfully infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Lite-On further denies any remaining allegations in Paragraph 65 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 65 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

66.    Lite-On repeats and incorporates its responses to Paragraph 64 and 65. Lite-On denies that it will infringe, contribute to or actively induce infringement of any valid and/or enforceable claim of the '187 patent. Lite-On further denies any remaining allegations in Paragraph 66 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 66 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

67.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies them.

68.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies them.

69.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies them.

70.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies them.

71.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies them.

72.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies them.

73.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies them.

74.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies them.

75.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies them.

76.     Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies them.

### COUNT III - ALLEGED INFRINGEMENT OF THE '065 PATENT

77.     Lite-On repeats and incorporates by reference its responses to Paragraphs 1-46.

78.     Lite-On admits that the '065 patent issued on May 1, 2001 and that Exhibit 3 purports to be a copy of the '065 patent.  Lite-On lacks sufficient knowledge or

information to form a belief as to Guardian's present ownership of, or rights under, the '065 patent and, therefore, denies the remaining allegations in Paragraph 78.

79.    Lite-On denies that it has infringed, contributed to or actively induced infringement or is infringing, contributing to or actively inducing infringement of any valid and/or enforceable claim of the '065 patent. Lite-On further denies any remaining allegations in Paragraph 79 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 79 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

80.    Lite-On denies that it has intentionally, deliberately, or willfully infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '065 patent. Lite-On further denies any remaining allegations in Paragraph 80 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 80 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

81.    Lite-On repeats and incorporates its responses to Paragraphs 79 and 80. Lite-On denies that it will infringe, contribute to or actively induce infringement of any valid and/or enforceable claim of the '065 patent. Lite-On further denies any remaining allegations in Paragraph 81 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 81 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

82.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies them.

83.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies them.

84.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies them.

85.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies them.

86.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies them.

87.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, denies them.

88.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, denies them.

89.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, denies them.

90.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, therefore, denies them.

91.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, therefore, denies them.

### COUNT IV - ALLEGED INFRINGEMENT OF THE '588 PATENT

92.    Lite-On repeats and incorporates by reference its responses to Paragraphs 1-46.

93.    Lite-On admits that the '588 patent issued on May 8, 2001 and that Exhibit 4 purports to be a copy of the '588 patent. Lite-On lacks sufficient knowledge or information to form a belief as to Guardian's present ownership of, or rights under, the '588 patent and, therefore, denies the remaining allegations in Paragraph 93.

94.    Lite-On denies that it has infringed, contributed to or actively induced infringement or is infringing, contributing to or actively inducing infringement of any valid and/or enforceable claim of the '588 patent. Lite-On further denies any remaining allegations in Paragraph 94 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 94 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

95.    Lite-On denies that it has intentionally, deliberately, or willfully infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '588 patent. Lite-On further denies any remaining allegations in Paragraph 95 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 95 that are directed to defendants other than Lite-On, Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

96.    Lite-On repeats and incorporates its responses to Paragraphs 94 and 95. Lite-On denies that it will infringe, contribute to or actively induce infringement of any valid and/or enforceable claim of the '588 patent. Lite-On further denies any remaining allegations in Paragraph 96 to the extent such allegations are directed to Lite-On. As for allegations in Paragraph 96 that are directed to defendants other than Lite-On, Lite-On

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

97.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, therefore, denies them.

98.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, therefore, denies them.

99.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, denies them.

100.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies them.

101.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, therefore, denies them.

102.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, therefore, denies them.

103.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, therefore, denies them.

104.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, therefore, denies them.

105.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, therefore, denies them.

106.    Lite-On lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, therefore, denies them.

## PRAYER FOR RELIEF

Lite-On denies that Guardian is entitled to any of the relief prayed for in its Complaint for Patent Infringement with respect to Lite-On.

## II.    AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Lite-On alleges as follows:

107.    Upon information and belief, claims of the '214 patent, the '187 patent, the '065 patent, and the '588 patent that may be asserted by Guardian in this case may be invalid for failure to meet and comply with the requirements of the United States patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112, and Title 37, Code of Federal Regulations.

108.    Upon information and belief, Lite-On has not infringed and is not infringing any of the patents-in-suit, either directly, contributorily, or by inducement.

109.    Upon information and belief, Guardian has failed to join one or more parties needed for just adjudication of its action for patent infringement.

110.    Upon information and belief, prosecution history estoppel bars Guardian from relying on the doctrine of equivalents to prove infringement.

111.    Upon information and belief, any alleged damages are partially or fully barred by 35 U.S.C. §§ 286 and 287.

112.    Upon information and belief, Guardian's purported claims against Lite-On are barred because they fail to state a claim upon which relief can be granted.

113.    Upon information and belief, Guardian's purported claims against Lite-On are barred under the doctrine of laches and/or equitable estoppel.

114.    Upon information and belief, Guardian's purported claims against Lite-On are barred under the doctrine of unclean hands.

115.    Upon information and belief, Guardian can recover no costs pursuant to 35 U.S.C. §§ 288 because a disclaimer of invalid claims was not filed with the U.S. Patent and Trademark Office before the commencement of this suit.

### III.    COUNTERCLAIMS

Lite-On asserts the following counterclaims:

### THE PARTIES

116.    Counterclaimant Lite-On Technology Corporation is a corporation organized under the laws of Taiwan with an office and principal place of business located at 22F, No. 392, Ruey Kuang Road, Neihu, Taipei 114, Taiwan, R.O.C.

117.    Counterclaimant Lite-On, Inc. is a corporation organized under the laws of the State of California with an office and principal place of business located at 720 South Hillview Drive, Milpitas, California 95035.

118.    Upon information and belief, counterclaim defendant Guardian Industries Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan 48326-1714.

### JURISDICTION AND VENUE

119.    This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

120.    The Court has personal jurisdiction over Guardian because Guardian is a Delaware corporation, organized and existing under the laws of Delaware.

121.    Venue is proper in this judicial district because Guardian has consented to this venue by filing its claims for patent infringement in this Court.

## FIRST COUNTERCLAIM - NONINFRINGEMENT

122.    Lite-On repeats and realleges paragraphs 116-121 above as if fully set forth herein.

123.    Based on Guardian's filing of its First Amended Complaint for Patent Infringement and Lite-On's defenses, an actual controversy has arisen and now exists between Guardian and Lite-On as to whether or not Lite-On has directly and/or indirectly infringed any valid or enforceable claim of the patents-in-suit.

124.    Based on information and belief, Lite-On has not and does not infringe, directly, indirectly, or otherwise, any valid or enforceable claim of the patents-in-suit, and Guardian's allegations of direct and indirect infringement against Lite-On are unfounded.

125.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Lite-On is entitled a judgment, declaring that Lite-On has not and does not infringe, directly, indirectly, or otherwise, any valid or enforceable claim of the patents-in-suit.

## SECOND COUNTERCLAIM - PATENT INVALIDITY

126.    Lite-On repeats and realleges paragraphs 116-121 above as if fully set forth herein.

127.    Based on information and belief, the patents-in-suit and one or more of the asserted claims thereof may be invalid for failure to meet and comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§102, 103, and/or 112.

128.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Lite-On is entitled to a judgment, declaring that the patents-in-suit and each claim thereof are invalid.

## IV.    EXCEPTIONAL CASE

129.    Under 35 U.S.C. § 285 and/or other applicable laws or rules of court, Guardian is liable for any and all attorneys' fees incurred by Lite-On in connection with this matter.

## V.    JURY DEMAND

130.    Lite-On hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lite-On is entitled to the following relief:

A.    A Judgment declaring that U.S. Patent Nos. 5,570,214; 5,694,187; 6,226,065; and 6,229,588, and each claim thereof, are not infringed;

B.    A Judgment declaring that U.S. Patent Nos. 5,570,214; 5,694,187; 6,226,065; and 6,229,588, and each claim thereof, are invalid;

C.    A Judgment declaring that Guardian is not entitled to any recovery on its allegations against Lite-On for infringement of U.S. Patent Nos. 5,570,214; 5,694,187; 6,226,065; and 6,229,588, including damages and injunctive relief;

D.    A Judgment that this is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws or rules of court, and that Guardian is liable for any and all attorneys' fees incurred by Lite-On in connection with this matter;

E.    Any such other relief as this Court deems just and proper.

OF COUNSEL:

Robert E. Yoches
Laura P. Masurovsky
FINNEGAN, HENDERSON,
FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
Tel.:  (202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON,
FARABOW
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA  20190
Tel.:  (571) 203-2700

John R. Alison
Ya-Chiao Chang
FINNEGAN, HENDERSON,
FARABOW
  GARRETT & DUNNER, L.L.P.
12D, 167 DunHua North Road
Taipei 105, Taiwan, ROC
Tel.:  (886)-2-2712-7001

DATED:  May 2, 2005

680380

POTTER ANDERSON & CORROON LLP

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel..:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Lite-On Technology Corporation and*
*Lite-On, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 2, 2005, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following

and the document is available for viewing and downloading from CM/ECF:

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Robert W. Whetzel
Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on May 2, 2005, I have Federal Expressed the documents to

the following non-registered participants:

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 9410534

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26gh Street, 4th Floor, N Tower
Santa Monica, CA  90404-4060

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960

By: _____

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

679634

2