## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GUARDIAN INDUSTRIES CORPORATION,    )
                                                )

        Plaintiff,    )
                                                )    Case No . 05-27 SLR

      v    )
                                                )    **JURY TRIAL DEMANDED**

DELL INC.;    )
GATEWAY, INC ;    )
HEWLETT-PACKARD COMPANY;    )
ACER INC ;    )
ACER AMERICA CORPORATION;    )
AOC INTERNATIONAL;    )
ENVISION PERIPHERALS, INC ;    )
TPV TECHNOLOGY, LTD,    )
TPV INTERNATIONAL (USA), INC ;    )
AU OPTRONICS CORPORATION;    )
AU OPTRONICS CORPORATION AMERICA a/k/a    )
AU OPTRONICS AMERICA, INC ;    )
BENQ CORPORATION;    )
BENQ AMERICA CORPORATION;    )
CHUNGHWA PICTURE TUBES, LTD  a/k/a    )
CHUNGHWA PICTURE TUBES COMPANY;    )
TATUNG COMPANY;    )
TATUNG COMPANY OF AMERICA, INC ;    )
BOE HYDIS TECHNOLOGY COMPANY, LTD ;    )
BOE HYDIS AMERICA INC ;    )
CHI MEI OPTOELECTRONICS;    )
COMPAL ELECTRONICS, INC ;    )
DELTA ELECTRONICS, INC.;    )
DELTA PRODUCTS CORPORATION,    )
DELTA ELECTRONICS (THAILAND) PUBLIC    )
COMPANY LTD ;    )
HANNSTAR DISPLAY CORPORATION;    )
JEAN CO , LTD ;    )
LITE-ON TECHNOLOGY CORPORATION;    )
LITE-ON, INC  a/k/a LITEON TRADING USA, INC ;    )
MAG TECHNOLOGY COMPANY, LTD ;    )
MAG TECHNOLOGY USA, INC ;    )
PROVIEW INTERNATIONAL HOLDINGS, LTD.;    )
PROVIEW TECHNOLOGY, INC ;    )
PROVIEW ELECTRONICS COMPANY, LTD ; and    )
QUANTA DISPLAY, INC ,    )
                                                )

        Defendants    )

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS**
**TATUNG COMPANY AND TATUNG COMPANY OF AMERICA, INC.**

Defendants Tatung Company and Tatung Company of America, Inc. (collectively, "Tatung" or "Defendants") file this, their Answer to Guardian Industries Corporation's ("Guardian" or "Plaintiff") First Amended Complaint for Patent Infringement (the "Complaint"), along with their defenses, denying infringement of any valid and/or enforceable claim of U.S. Patent No. 5,570,214 ("the '214 patent"), U.S. Patent No. 5,694,187 ("the '187 patent"), U.S. Patent No. 6,226,065 ("the '065 patent"), or U.S. Patent No. 6,229,588 ("the '588 patent"), and collectively referred to as "the Patents-in-Suit."

## I.    ANSWER

1      Tatung admits that Plaintiff alleges an action for patent infringement. Tatung denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the Patents-in-Suit. Tatung lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

2      Tatung admits that the Patents-in-Suit generally relate to specific Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display that is used in some computer monitors. Tatung denies all remaining allegations in paragraph 2 of the Complaint.

3      Based on the "Assignee" specified on the face of U.S. Patent No. 5,570,214, Tatung denies that Guardian is the owner of the '214 patent. Tatung admits the remaining allegation in paragraph 3 of the Complaint regarding the title of the patent.

4      Based on the "Assignee" specified on the face of U.S. Patent No. 5,694,187, Tatung denies that Guardian is the owner of the '187 patent. Tatung admits the remaining allegation in paragraph 4 of the Complaint regarding the title of the patent.

5      Based on the "Assignee" specified on the face of U.S. Patent No. 6,226,065, Tatung denies that Guardian is the owner of the '065 patent. Tatung admits the remaining allegation in paragraph 5 of the Complaint regarding the title of the patent.

6      Based on the "Assignee" specified on the face of U.S. Patent No. 6,229,588, Tatung denies that Guardian is the owner of the '588 patent. Tatung admits the remaining allegation in paragraph 6 of the Complaint regarding the title of the patent.

7      Tatung admits that Plaintiff alleges an action for patent infringement. Tatung denies that it has infringed, willfully or otherwise, any valid claim of the Patents-in-Suit. Tatung lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

8      Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

9      Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10      Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

11      Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

12      Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

13      Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies them.

14.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

15.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

16.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

17.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

18.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

19.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

20.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

21.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

22.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

23.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

24.     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

25     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

26     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies them.

27     Tatung admits the allegations in paragraph 27.

28     Tatung admits the allegations in paragraph 28.

29     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies them.

30     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and therefore denies them.

31.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore denies them.

32.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies them.

33.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and therefore denies them.

34     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and therefore denies them.

35     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and therefore denies them.

36     Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and therefore denies them.

37.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies them

38.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies them.

39.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and therefore denies them.

40.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and therefore denies them

41.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies them.

42.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and therefore denies them

43.    Tatung lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore denies them.

44.    Tatung admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

45.    Tatung admits that this Court has personal jurisdiction over Tatung for the purposes of this action.  Tatung denies the remaining allegations, if any, contained in paragraph 45 of the Complaint to the extent such allegations are directed to Tatung.  For any allegations contained in paragraph 34 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

46     Tatung admits that venue is proper for Tatung for the purposes of this action. For any allegations contained in paragraph 46 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

47     No new allegations are contained within paragraph 47 and a response by Tatung is not necessary  To the extent a response may be deemed necessary, Tatung denies the allegations in paragraph 47 of the Complaint.

48     Tatung admits that the face of the '214 patent indicates that it was issued on October 29, 1996  Tatung denies the remaining allegations in the first sentence of paragraph 48 of the complaint  Based on the assignee information on the face of the patent, Tatung denies the allegations contained in the second sentence of paragraph 48 of the Complaint

49     Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent  Tatung denies the remaining allegations, if any, contained in paragraph 49 of the Complaint to the extent such allegations are directed to Tatung  For any allegations contained in paragraph 49 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50     It is not possible to determine whether the allegations of paragraph 50 of the Complaint are directed to Tatung  To the extent such allegations are directed to Tatung, they are denied  For any allegations in paragraph 50 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51.    Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Tatung denies the remaining allegations, if any, contained in paragraph 51 of the Complaint to the extent such allegations are directed to Tatung. For any allegations contained in paragraph 51 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52.    Tatung denies that it has been aware of the '214 patent since at least as early as May 2001 and denies the other allegations in paragraph 52 and directed towards Tatung, if any. For any allegations contained in paragraph 52 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

53.    Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Tatung denies the remaining allegations contained in paragraph 53 of the Complaint that are directed toward Tatung. For any allegations contained in paragraph 53 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

54.    The allegations in paragraph 54 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary. To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55.    The allegations in paragraph 55 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary. To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth

of the allegations and therefore denies them

56    The allegations in paragraph 56 of the Complaint are directed toward defendants

other than Tatung, and therefore no response by Tatung is necessary. To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth

of the allegations and therefore denies them.

57    The allegations in paragraph 57 of the Complaint are directed toward defendants

other than Tatung, and therefore no response by Tatung is necessary. To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth

of the allegations and therefore denies them

58    The allegations in paragraph 58 of the Complaint are directed toward defendants

other than Tatung, and therefore no response by Tatung is necessary. To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth

of the allegations and therefore denies them

59    The allegations in paragraph 59 of the Complaint are directed toward defendants

other than Tatung, and therefore no response by Tatung is necessary  To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth

of the allegations and therefore denies them

60    The allegations in paragraph 60 of the Complaint are directed toward defendants

other than Tatung, and therefore no response by Tatung is necessary. To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth

of the allegations and therefore denies them

61    The allegations in paragraph 61 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary  To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

62    No new allegations are contained within paragraph 62 and a response by Tatung is not necessary  To the extent a response is deemed necessary, Tatung denies any allegations contained in paragraph 62 of the Complaint

63    Tatung admits that the face of the '187 patent indicates that it was issued on December 2, 1997  Tatung denies the remaining allegations in the first sentence of paragraph 63 of the complaint  Based on the assignee information on the face of the patent, Tatung denies the allegations contained in the second sentence of paragraph 63 of the Complaint

64    Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent  Tatung denies the remaining allegations, if any, contained in paragraph 64 of the Complaint to the extent such allegations are directed to Tatung  For any allegations contained in paragraph 64 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore deny them

65    It is not possible to determine whether the allegations of paragraph 65 of the Complaint are directed to Tatung  To the extent such allegations are directed to Tatung, they are denied  For any allegations in paragraph 65 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore deny them

66      Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Tatung denies the remaining allegations, if any, contained in paragraph 66 of the Complaint to the extent such allegations are directed to Tatung  For any allegations contained in paragraph 66 of the Complaint which are directed toward defendants other than Tatung, Tatung lack information sufficient to form a belief as to the truth of the allegations and therefore denies them

67.     Tatung denies that it has been aware of the '187 patent since at least as early as May 2001 and denies the other allegations in paragraph 67 and directed towards Tatung, if any For any allegations contained in paragraph 67 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

68.     Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Tatung denies the remaining allegations contained in paragraph 68 of the Complaint that are directed toward Tatung. For any allegations contained in paragraph 68 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

69      The allegations in paragraph 69 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary. To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

70      The allegations in paragraph 70 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary  To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

71.    The allegations in paragraph 71 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

72    The allegations in paragraph 72 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

73    The allegations in paragraph 73 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

74.    The allegations in paragraph 74 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

75    The allegations in paragraph 75 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

76     The allegations in paragraph 76 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

77     No new allegations are contained within paragraph 77 and a response by Tatung is not necessary   To the extent a response is deemed necessary, Tatung denies any allegations contained in paragraph 77 of the Complaint

78     Tatung admits that the face of the '065 patent indicates that it was issued on May 1, 2001   Tatung denies the remaining allegations in the first sentence of paragraph 78 of the complaint   Based on the assignee information on the face of the patent, Tatung denies the allegations contained in the second sentence of paragraph 78 of the Complaint

79     Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent   Tatung denies the remaining allegations, if any, contained in paragraph 79 of the Complaint to the extent such allegations are directed to Tatung   For any allegations contained in paragraph 79 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

80     It is not possible to determine whether the allegations of paragraph 80 of the Complaint are directed to Tatung   To the extent such allegations are directed to Tatung, they are denied   For any allegations in paragraph 80 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

81.    Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent  Tatung denies the remaining allegations, if any, contained in paragraph 81 of the Complaint to the extent such allegations are directed to Tatung  For any allegations contained in paragraph 81 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

82    Tatung denies that it has been aware of the '065 patent since at least as early as May 2001 and denies the other allegations in paragraph 82 and directed towards Tatung, if any  For any allegations contained in paragraph 82 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

83.    Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent  Tatung denies the remaining allegations contained in paragraph 68 of the Complaint that are directed toward Tatung  For any allegations contained in paragraph 68 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

84    The allegations in paragraph 84 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary.  To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

85    The allegations in paragraph 85 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary  To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

86.    The allegations in paragraph 86 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

87    The allegations in paragraph 87 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary.  To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

88.    The allegations in paragraph 88 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

89    The allegations in paragraph 89 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

90    The allegations in paragraph 90 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

91      The allegations in paragraph 91 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary  To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

92      No new allegations are contained within paragraph 92 and a response by Tatung is not necessary  To the extent a response is deemed necessary, Tatung denies any allegations contained in paragraph 92 of the Complaint

93      Tatung admits that the face of the '588 patent indicates that it was issued on May 8, 2001  Tatung denies the remaining allegations in the first sentence of paragraph 93 of the complaint  Based on the assignee information on the fact of the patent, Tatung denies the allegations contained in the second sentence of paragraph 93 of the Complaint

94      Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent  Tatung denies the remaining allegations, if any, contained in paragraph 94 of the Complaint to the extent such allegations are directed to Tatung  For any allegations contained in paragraph 94 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

95      It is not possible to determine whether the allegations of paragraph 95 of the Complaint are directed to Tatung  To the extent such allegations are directed to Tatung, they are denied  For any allegations in paragraph 95 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

96      Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent. Tatung denies the remaining allegations, if any, contained in paragraph 96 of the Complaint to the extent such allegations are directed to Tatung. For any allegations contained in paragraph 96 of the Complaint which are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

97.     Tatung denies that it has been aware of the '588 patent since at least as early as May 2001 and denies the other allegations in paragraph 97 and directed towards Tatung, if any. For any allegations contained in paragraph 97 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

98      Tatung denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent. Tatung denies the remaining allegations contained in paragraph 98 of the Complaint that are directed toward Tatung. For any allegations contained in paragraph 98 of the Complaint that are directed toward defendants other than Tatung, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

99.     The allegations in paragraph 99 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary. To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

100.    The allegations in paragraph 100 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary. To the extent that a

response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

101    The allegations in paragraph 101 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

102    The allegations in paragraph 102 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

103    The allegations in paragraph 103 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

104    The allegations in paragraph 104 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

105    The allegations in paragraph 105 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary   To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

106.    The allegations in paragraph 106 of the Complaint are directed toward defendants other than Tatung, and therefore no response by Tatung is necessary. To the extent that a response is deemed necessary, Tatung lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## II.    DEFENSES

107    Tatung has not infringed, contributed to the infringement of, or induced the infringement of any valid and/or enforceable claim of the Patents-in-Suit.

108    The claims of the Patents-in-Suit are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

109    Plaintiff's claim for damages, if any, against Tatung is statutorily limited by 35 U.S.C. § 286 and/or § 287.

110.    Tatung denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief against Tatung.

111    Plaintiff's claims for damages, if any, are limited by license and exhaustion. Upon information and belief, one or more of the parties who manufacture, purchase, use or sell products accused to infringe the Patents-in-Suit are licensed and/or claims have been released pursuant to agreements with Plaintiff.

## III.    COUNTERCLAIMS

### Parties

112    Counterclaimant Tatung Company is a Taiwanese corporation organized with an office and principle place of business located at 22, Chungshan N. Road, 3rd Section, Taipei, Taiwan, 104, R.O.C.

113    Counterclaimant Tatung Company of America, Inc is a corporation organized under the laws of the State of California with an office and principle place of business located at 2850 El Presidio St , Long Beach, California 90810

114.    On information and belief, counterclaim defendant Guardian Industries Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan 48326-1714.

### Jurisdiction and Venue

115    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U S C §§ 2201 and 2202, and the patent laws of the United States, 35 U S C § 100 *et seq.*, concerning actions related to patents, and 28 U S C §§ 1331 and 1338

116.    Venue is proper in this Court under 28 U S C § 1391(c) and § 1400(b)

### Count One – Declaratory Relief Regarding Non-Infringement

117.    Based on the filing by Guardian of this suit and Tatung's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Tatung has directly and/or indirectly infringed any valid claims of the Patents-in-Suit.

118.    Pursuant to the Federal Declaratory Judgment Act, 28 U S C §§ 2201 *et seq.*, Tatung requests a declaration from the Court that Tatung has not infringed any valid claims of the Patents-in-Suit, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

**Count Two – Declaratory Relief Regarding Invalidity**

119    Based on the filing of this suit by Guardian and Tatung's defenses, an actual
controversy has arisen and now exists between the parties as to the validity of each of the claims
of the Patents-in-Suit

120    Pursuant to the Federal Declaratory Judgment Act, 28 U S C §§ 2201 *et seq.*,
Tatung requests a declaration from the Court that each of the claims of the Patents-in-Suit are
invalid for failure to comply with the provisions of the patent laws, 35 U S C § 100 *et seq.*,
including but not limited to one or more of 35 U S C §§ 101, 102, 103, and/or 112

## IV.    EXCEPTIONAL CASE

121    This is an exceptional case under 35 U S C § 285 and, as such, Tatung is entitled
to recover from Plaintiff their attorneys' fees and costs incurred in connection with this action

## V.    DEMAND FOR JURY TRIAL

122    Pursuant to Federal Rule of Civil Procedure 28, Tatung hereby demands a trial by
jury as to all fact issues in this lawsuit

## PRAYER FOR RELIEF

Tatung prays that.

(a)    Plaintiff's Complaint against Tatung be dismissed, with prejudice, and that a take-
nothing judgment be entered in favor of Tatung,

(b)    Judgment be entered in favor of Tatung declaring that each of the claims of the
'214 patent, the '187 patent, the '065 patent, and the '588 patent are invalid and that Tatung has
not infringed any claim of such patents either literally or under the doctrine of equivalents,

(c)    Judgment be entered in favor of Tatung and against Plaintiff that this is an
exceptional case and awarding Tatung its attorneys' fees and costs under 35 U S C § 285, and

(d)    Tatung be awarded any such other and further relief as is just and proper

OF COUNSEL.

Daniel T. Shvodian
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA  94025-3434
650 463 8247

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
415 848 4900

Dated. May2, 2005

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd. a/k/a
Chunghwa Picture Tubes Company; Tatung
Company; Tatung Company of America,
Inc.; and Jean Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted.

### BY HAND

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Attorneys for Plaintiff Guardian Industries
Corporation

Jeffrey S. Goddess, Esquire
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Kevin M. Baird, Esquire
Young, Conway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Attorneys for Defendant/Counterclaimant Dell,
Inc.

Gerard M. O'Rourke, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

I hereby certify that on May 2, 2005 the foregoing document was sent to the following non-registered participants in the manner indicated.

### VIA FEDERAL EXPRESS

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Attorneys for Plaintiff Guardian Industries
Corporation

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Attorneys for Defendant/Counterclaimant Dell,
Inc.

York M. Faulkner
Finnegan Henderson Farabow Garrett &
Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
Robert J. Gunther
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY 10022

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, N Tower
Santa Monica, CA 90404-4060

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Matthew W. King (#4566)
king@rlf.com

RLF1-2868500-1