## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GUARDIAN INDUSTRIES CORPORATION,                    )
                                                    )
           Plaintiff,                              )
                                                    )    Case No : 05-27 SLR
    v                                             )
                                                    )    **JURY TRIAL DEMANDED**
DELL INC ;                                          )
GATEWAY, INC ;                                      )
HEWLETT-PACKARD COMPANY;                            )
ACER INC ;                                          )
ACER AMERICA CORPORATION;                           )
AOC INTERNATIONAL;                                  )
ENVISION PERIPHERALS, INC ;                         )
TPV TECHNOLOGY, LTD;                                )
TPV INTERNATIONAL (USA), INC ;                      )
AU OPTRONICS CORPORATION;                           )
AU OPTRONICS CORPORATION AMERICA a/k/a              )
AU OPTRONICS AMERICA, INC ;                         )
BENQ CORPORATION;                                   )
BENQ AMERICA CORPORATION;                           )
CHUNGHWA PICTURE TUBES, LTD  a/k/a                  )
CHUNGHWA PICTURE TUBES COMPANY;                     )
TATUNG COMPANY;                                     )
TATUNG COMPANY OF AMERICA, INC ;                    )
BOE HYDIS TECHNOLOGY COMPANY, LTD ;                 )
BOE HYDIS AMERICA INC ;                             )
CHI MEI OPTOELECTRONICS;                            )
COMPAL ELECTRONICS, INC ;                           )
DELTA ELECTRONICS, INC ;                            )
DELTA PRODUCTS CORPORATION;                         )
DELTA ELECTRONICS (THAILAND) PUBLIC                 )
COMPANY LTD ;                                       )
HANNSTAR DISPLAY CORPORATION;                       )
JEAN CO , LTD ;                                     )
LITE-ON TECHNOLOGY CORPORATION;                     )
LITE-ON, INC  a/k/a LITEON TRADING USA, INC ;       )
MAG TECHNOLOGY COMPANY, LTD ;                       )
MAG TECHNOLOGY USA, INC ;                           )
PROVIEW INTERNATIONAL HOLDINGS, LTD ;               )
PROVIEW TECHNOLOGY, INC ;                           )
PROVIEW ELECTRONICS COMPANY, LTD ; and              )
QUANTA DISPLAY, INC ,                               )
                                                    )
           Defendants                              )

## ANSWER AND COUNTERCLAIMS OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. a/k/a CHUNGHWA PICTURE TUBES COMPANY

Defendant Chunghwa Picture Tubes, Ltd  a/k/a Chunghwa Picture Tubes Company ("CPT" or "Defendant") files this, its Answer to Guardian Industries Corporation's ("Guardian" or "Plaintiff") First Amended Complaint for Patent Infringement (the "Complaint"), along with its defenses, denying infringement of any valid and/or enforceable claim of U S  Patent No. 5,570,214 ("the '214 patent"), U.S. Patent No  5,694,187 ("the '187 patent"), U S  Patent No. 6,226,065 ("the '065 patent"), or U S  Patent No  6,229,588 ("the '588 patent"), and collectively referred to as "the Patents-in-Suit "

## I.    ANSWER

1.    CPT admits that Plaintiff alleges an action for patent infringement   CPT denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the Patents-in-Suit   CPT lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint, and therefore denies them

2.    CPT admits that the Patents-in-Suit generally relate to specific Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display that is used in some computer monitors   CPT denies all remaining allegations in paragraph 2 of the Complaint

3.    Based on the "Assignee" specified on the face of U S  Patent No  5,570,214, CPT denies that Guardian is the owner of the '214 patent   CPT admits the remaining allegation in paragraph 3 of the Complaint regarding the title of the patent

4.    Based on the "Assignee" specified on the face of U S  Patent No  5,694,187, CPT denies that Guardian is the owner of the '187 patent   CPT admits the remaining allegation in paragraph 4 of the Complaint regarding the title of the patent

5       Based on the "Assignee" specified on the face of U S Patent No. 6,226,065, CPT denies that Guardian is the owner of the '065 patent  CPT admits the remaining allegation in paragraph 5 of the Complaint regarding the title of the patent

6       Based on the "Assignee" specified on the face of U.S Patent No 6,229,588, CPT denies that Guardian is the owner of the '588 patent  CPT admits the remaining allegation in paragraph 6 of the Complaint regarding the title of the patent.

7       CPT admits that Plaintiff alleges an action for patent infringement  CPT denies that it has infringed, willfully or otherwise, any valid claim of the Patents-in-Suit  CPT lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies them

8       CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them

9       CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10      CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them

11      CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

12      CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them

13      CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies them.

14.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

15.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

16.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

17.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

18.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

19.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

20.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

21.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

22.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

23.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

24.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

25.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

26.    CPT admits that it is a Taiwanese corporation with an office and principle place of business at 1127, Hoping Road, Padeh, Taoyuan, Taiwan, R.O.C.

27.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and therefore denies them.

28.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies them

29.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies them

30.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and therefore denies them

31.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore denies them

32.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies them

33.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and therefore denies them

34.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and therefore denies them

35.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and therefore denies them

36.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and therefore denies them.

37.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies them.

38.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies them

39.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and therefore denies them

40.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and therefore denies them

41.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies them

42.    CPT lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and therefore denies them

43.    CPT admits that it sells some LCD products that include a version of Fuji Wide View (WV) film

44.    CPT admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

45.    CPT admits that this Court has personal jurisdiction over CPT for the purposes of this action. CPT denies the remaining allegations, if any, contained in paragraph 45 of the Complaint to the extent such allegations are directed to CPT. For any allegations contained in

paragraph 34 of the Complaint which are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

46    CPT admits that venue is proper for CPT for the purposes of this action   For any allegations contained in paragraph 46 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

47    No new allegations are contained within paragraph 47 and a response by CPT is not necessary   To the extent a response may be deemed necessary, CPT denies the allegations in paragraph 47 of the Complaint

48    CPT admits that the face of the '214 patent indicates that it was issued on October 29, 1996  CPT denies the remaining allegations in the first sentence of paragraph 48 of the complaint  Based on the assignee information on the face of the patent, CPT denies the allegations contained in the second sentence of paragraph 48 of the Complaint

49    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent   CPT denies the remaining allegations, if any, contained in paragraph 49 of the Complaint to the extent such allegations are directed to CPT.  For any allegations contained in paragraph 49 of the Complaint which are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

50    It is not possible to determine whether the allegations of paragraph 50 of the Complaint are directed to CPT   To the extent such allegations are directed to CPT, they are denied  For any allegations in paragraph 50 of the Complaint which are directed toward

defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

51    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent  CPT denies the remaining allegations, if any, contained in paragraph 51 of the Complaint to the extent such allegations are directed to CPT  For any allegations contained in paragraph 51 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

52    CPT admits that in May 2001 it received a letter that identified the '214 and other patents  CPT denies all other allegations, if any, contained in paragraph 52 and directed towards CPT  For any allegations contained in paragraph 52 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

53    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent  CPT denies the remaining allegations contained in paragraph 53 of the Complaint that are directed toward CPT  For any allegations contained in paragraph 53 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

54    The allegations in paragraph 54 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary  To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

55      The allegations in paragraph 55 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

56      The allegations in paragraph 56 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

57      The allegations in paragraph 57 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

58      The allegations in paragraph 58 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

59.      The allegations in paragraph 59 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

60      The allegations in paragraph 60 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is

deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

61      The allegations in paragraph 61 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62      No new allegations are contained within paragraph 62 and a response by CPT is not necessary   To the extent a response is deemed necessary, CPT denies any allegations contained in paragraph 62 of the Complaint.

63      CPT admits that the face of the '187 patent indicates that it was issued on December 2, 1997.  CPT denies the remaining allegations in the first sentence of paragraph 63 of the complaint   Based on the assignee information on the face of the patent, CPT denies the allegations contained in the second sentence of paragraph 63 of the Complaint

64      CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent   CPT denies the remaining allegations, if any, contained in paragraph 64 of the Complaint to the extent such allegations are directed to CPT   For any allegations contained in paragraph 64 of the Complaint which are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore deny them

65      It is not possible to determine whether the allegations of paragraph 65 of the Complaint are directed to CPT.  To the extent such allegations are directed to CPT, they are denied.  For any allegations in paragraph 65 of the Complaint which are directed toward

defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore deny them

66    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent. CPT denies the remaining allegations, if any, contained in paragraph 66 of the Complaint to the extent such allegations are directed to CPT. For any allegations contained in paragraph 66 of the Complaint which are directed toward defendants other than CPT, CPT lack information sufficient to form a belief as to the truth of the allegations and therefore denies them

67.    CPT admits that in May 2001 it received a letter that identified the '187 and other patents. CPT denies all other allegations, if any, contained in paragraph 67 and directed towards CPT. For any allegations contained in paragraph 67 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

68.    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent. CPT denies the remaining allegations contained in paragraph 68 of the Complaint that are directed toward CPT. For any allegations contained in paragraph 68 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

69    The allegations in paragraph 69 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

70.    The allegations in paragraph 70 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

71.    The allegations in paragraph 71 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

72.    The allegations in paragraph 72 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

73    The allegations in paragraph 73 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

74.    The allegations in paragraph 74 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary.  To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75    The allegations in paragraph 75 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is

deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76. The allegations in paragraph 76 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

77. No new allegations are contained within paragraph 77 and a response by CPT is not necessary. To the extent a response is deemed necessary, CPT denies any allegations contained in paragraph 77 of the Complaint.

78. CPT admits that the face of the '065 patent indicates that it was issued on May 1, 2001. CPT denies the remaining allegations in the first sentence of paragraph 78 of the complaint. Based on the assignee information on the face of the patent, CPT denies the allegations contained in the second sentence of paragraph 78 of the Complaint.

79. CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent. CPT denies the remaining allegations, if any, contained in paragraph 79 of the Complaint to the extent such allegations are directed to CPT. For any allegations contained in paragraph 79 of the Complaint which are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80. It is not possible to determine whether the allegations of paragraph 80 of the Complaint are directed to CPT. To the extent such allegations are directed to CPT, they are denied. For any allegations in paragraph 80 of the Complaint which are directed toward

defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

81.    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent  CPT denies the remaining allegations, if any, contained in paragraph 81 of the Complaint to the extent such allegations are directed to CPT. For any allegations contained in paragraph 81 of the Complaint which are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

82    CPT admits that in May 2001 it received a letter that identified the '065 and other patents  CPT denies all other allegations, if any, contained in paragraph 82 and directed towards CPT  For any allegations contained in paragraph 82 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

83    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent  CPT denies the remaining allegations contained in paragraph 68 of the Complaint that are directed toward CPT  For any allegations contained in paragraph 68 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

84    The allegations in paragraph 84 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary  To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

85    The allegations in paragraph 85 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

86    The allegations in paragraph 86 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

87    The allegations in paragraph 87 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

88    The allegations in paragraph 88 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

89    The allegations in paragraph 89 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

90    The allegations in paragraph 90 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is

deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

91.    The allegations in paragraph 91 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

92    No new allegations are contained within paragraph 92 and a response by CPT is not necessary   To the extent a response is deemed necessary, CPT denies any allegations contained in paragraph 92 of the Complaint.

93    CPT admits that the face of the '588 patent indicates that it was issued on May 8, 2001   CPT denies the remaining allegations in the first sentence of paragraph 93 of the complaint   Based on the assignee information on the fact of the patent, CPT denies the allegations contained in the second sentence of paragraph 93 of the Complaint

94    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent   CPT denies the remaining allegations, if any, contained in paragraph 94 of the Complaint to the extent such allegations are directed to CPT   For any allegations contained in paragraph 94 of the Complaint which are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

95    It is not possible to determine whether the allegations of paragraph 95 of the Complaint are directed to CPT   To the extent such allegations are directed to CPT, they are denied   For any allegations in paragraph 95 of the Complaint which are directed toward

defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

96.    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent. CPT denies the remaining allegations, if any, contained in paragraph 96 of the Complaint to the extent such allegations are directed to CPT. For any allegations contained in paragraph 96 of the Complaint which are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

97.    CPT admits that in May 2001 it received a letter that identified the '588 and other patents. CPT denies all other allegations, if any, contained in paragraph 97 and directed towards CPT. For any allegations contained in paragraph 97 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

98.    CPT denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent. CPT denies the remaining allegations contained in paragraph 98 of the Complaint that are directed toward CPT. For any allegations contained in paragraph 98 of the Complaint that are directed toward defendants other than CPT, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

99.    The allegations in paragraph 99 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary. To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

100    The allegations in paragraph 100 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

101.    The allegations in paragraph 101 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary.  To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

102    The allegations in paragraph 102 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

103    The allegations in paragraph 103 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

104.    The allegations in paragraph 104 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary.  To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

105.    The allegations in paragraph 105 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary   To the extent that a response is

deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

106    The allegations in paragraph 106 of the Complaint are directed toward defendants other than CPT, and therefore no response by CPT is necessary.  To the extent that a response is deemed necessary, CPT lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

## II.    DEFENSES

107    CPT has not infringed, contributed to the infringement of, or induced the infringement of any valid and/or enforceable claim of the Patents-in-Suit

108    The claims of the Patents-in-Suit are invalid for failure to meet the requirements of the United States patent laws, 35 U S C  § 100 *et seq*, including but not limited to 35 U S C §§ 102, 103, and 112.

109    Plaintiff's claim for damages, if any, against CPT is statutorily limited by 35 U S C. § 286 and/or § 287

110    CPT denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief against CPT

111    Plaintiff's claims for damages, if any, are limited by license and exhaustion Upon information and belief, one or more of the parties who manufacture, purchase, use or sell products accused to infringe the Patents-in-Suit are licensed and/or claims have been released pursuant to agreements with Plaintiff

### III.    COUNTERCLAIMS

#### Parties

112.    Counterclaimant Chunghwa Picture Tubes, Ltd  a/k/a Chunghwa Picture Tubes Company is a Taiwanese corporation with an office and principle place of business at 1127, Hoping Road, Padeh, Taoyuan, Taiwan, R.O.C.

113.    On information and belief, counterclaim defendant Guardian Industries Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan 48326-1714.

#### Jurisdiction and Venue

114.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

115.    Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

#### Count One – Declaratory Relief Regarding Non-Infringement

116    Based on the filing by Guardian of this suit and CPT's defenses, an actual controversy has arisen and now exists between the parties as to whether or not CPT has directly and/or indirectly infringed any valid claims of the Patents-in-Suit.

117.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, CPT requests a declaration from the Court that CPT has not infringed any valid claims of the Patents-in-Suit, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

**Count Two – Declaratory Relief Regarding Invalidity**

118    Based on the filing of this suit by Guardian and CPT's defenses, an actual

controversy has arisen and now exists between the parties as to the validity of each of the claims

of the Patents-in-Suit

119    Pursuant to the Federal Declaratory Judgment Act, 28 U S C §§ 2201 *et seq.*,

CPT requests a declaration from the Court that each of the claims of the Patents-in-Suit are

invalid for failure to comply with the provisions of the patent laws, 35 U S C § 100 *et seq.*,

including but not limited to one or more of 35 U S C §§ 101, 102, 103, and/or 112

## IV.    EXCEPTIONAL CASE

120    This is an exceptional case under 35 U S C § 285 and, as such, CPT is entitled to

recover from Plaintiff their attorneys' fees and costs incurred in connection with this action

## V.    DEMAND FOR JURY TRIAL

121    Pursuant to Federal Rule of Civil Procedure 28, CPT hereby demands a trial by

jury as to all fact issues in this lawsuit

## PRAYER FOR RELIEF

CPT prays that

(a)    Plaintiff's Complaint against CPT be dismissed, with prejudice, and that a take-

nothing judgment be entered in favor of CPT,

(b)    Judgment be entered in favor of CPT declaring that each of the claims of the '214

patent, the '187 patent, the '065 patent, and the '588 patent are invalid and that CPT has not

infringed any claim of such patents either literally or under the doctrine of equivalents,

(c)    Judgment be entered in favor of CPT and against Plaintiff that this is an

exceptional case and awarding CPT its attorneys' fees and costs under 35 U S C § 285, and

(d)    CPT be awarded any such other and further relief as is just and proper.


OF COUNSEL:

Daniel T Shvodian
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434
650 463 8247

Teresa M Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415 848 4900

Dated. May2, 2005

Robert W. Whetzel (#2288)
whetzel@rlf com
Matthew W King (#4566)
king@rlf com
Richards, Layton & Finger
One Rodney Square, P O Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd a/k/a
Chunghwa Picture Tubes Company; Tatung
Company, Tatung Company of America,
Inc , and Jean Co , Ltd

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted.

### BY HAND

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Attorneys for Plaintiff Guardian Industries
Corporation

Jeffrey S. Goddess, Esquire
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Kevin M. Baird, Esquire
Young, Conway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Attorneys for Defendant/Counterclaimant Dell, Inc.

Gerard M. O'Rourke, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

I hereby certify that on May 2, 2005 the foregoing document was sent to the following non-registered participants in the manner indicated.

### VIA FEDERAL EXPRESS

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Attorneys for Plaintiff Guardian Industries
Corporation

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Attorneys for Defendant/Counterclaimant Dell, Inc.

York M. Faulkner
Finnegan  Henderson  Farabow  Garrett  &
Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
Robert J. Gunther
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY  10022

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, N Tower
Santa Monica, CA  90404-4060

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960



Matthew W. King (#4566)
king@rlf.com