# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GUARDIAN INDUSTRIES CORPORATION,

          Plaintiff,

      v

DELL INC ;
GATEWAY, INC ;
HEWLETT-PACKARD COMPANY;
ACER INC ;
ACER AMERICA CORPORATION;
AOC INTERNATIONAL;
ENVISION PERIPHERALS, INC ;
TPV TECHNOLOGY, LTD;
TPV INTERNATIONAL (USA), INC ;
AU OPTRONICS CORPORATION;
AU OPTRONICS CORPORATION AMERICA a/k/a
AU OPTRONICS AMERICA, INC ;
BENQ CORPORATION;
BENQ AMERICA CORPORATION;
CHUNGHWA PICTURE TUBES, LTD  a/k/a
CHUNGHWA PICTURE TUBES COMPANY;
TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC ;
BOE HYDIS TECHNOLOGY COMPANY, LTD ;
BOE HYDIS AMERICA INC ;
CHI MEI OPTOELECTRONICS;
COMPAL ELECTRONICS, INC ;
DELTA ELECTRONICS, INC ;
DELTA PRODUCTS CORPORATION;
DELTA ELECTRONICS (THAILAND) PUBLIC
COMPANY LTD ;
HANNSTAR DISPLAY CORPORATION;
JEAN CO , LTD ;
LITE-ON TECHNOLOGY CORPORATION;
LITE-ON, INC  a/k/a LITEON TRADING USA, INC ;
MAG TECHNOLOGY COMPANY, LTD ;
MAG TECHNOLOGY USA, INC ;
PROVIEW INTERNATIONAL HOLDINGS, LTD ;
PROVIEW TECHNOLOGY, INC ;
PROVIEW ELECTRONICS COMPANY, LTD ; and
QUANTA DISPLAY, INC ,

          Defendants.

Case No : 05-27 SLR

**JURY TRIAL DEMANDED**

## ANSWER AND COUNTERCLAIMS OF DEFENDANT JEAN CO., LTD.

Defendant Jean Co , Ltd  ("Jean" or "Defendant") files this, its Answer to Guardian Industries Corporation's ("Guardian" or "Plaintiff") First Amended Complaint for Patent Infringement (the "Complaint"), along with its defenses, denying infringement of any valid and/or enforceable claim of U S  Patent No  5,570,214 ("the '214 patent"), U S  Patent No 5,694,187 ("the '187 patent"), U.S  Patent No  6,226,065 ("the '065 patent"), or U S  Patent No 6,229,588 ("the '588 patent"), and collectively referred to as "the Patents-in-Suit "

## I.    ANSWER

1.    Jean admits that Plaintiff alleges an action for patent infringement  Jean denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the Patents-in-Suit  Jean lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint, and therefore denies them

2.    Jean admits that the Patents-in-Suit generally relate to specific Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display that is used in some computer monitors  Jean denies all remaining allegations in paragraph 2 of the Complaint.

3    Based on the "Assignee" specified on the face of U S. Patent No  5,570,214, Jean denies that Guardian is the owner of the '214 patent  Jean admits the remaining allegation in paragraph 3 of the Complaint regarding the title of the patent

4    Based on the "Assignee" specified on the face of U.S  Patent No  5,694,187, Jean denies that Guardian is the owner of the '187 patent  Jean admits the remaining allegation in paragraph 4 of the Complaint regarding the title of the patent.

5       Based on the "Assignee" specified on the face of U S Patent No 6,226,065, Jean denies that Guardian is the owner of the '065 patent  Jean admits the remaining allegation in paragraph 5 of the Complaint regarding the title of the patent

6       Based on the "Assignee" specified on the face of U S Patent No 6,229,588, Jean denies that Guardian is the owner of the '588 patent  Jean admits the remaining allegation in paragraph 6 of the Complaint regarding the title of the patent

7       Jean admits that Plaintiff alleges an action for patent infringement  Jean denies that it has infringed, willfully or otherwise, any valid claim of the Patents-in-Suit  Jean lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies them

8       Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them

9       Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them

10      Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them

11      Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them

12      Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them

13      Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies them

14.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

15.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

16.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

17.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

18.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

19.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

20.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

21.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

22.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

23.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

24.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

25.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

26.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies them.

27.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and therefore denies them.

28.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies them.

29.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies them.

30.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and therefore denies them.

31.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore denies them.

32.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies them.

33.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and therefore denies them.

34.    Jean admits that it is a Taiwanese corporation with an office and principle place of business located at 6F, No. 2, Rei Kuang Rd., Nei Hu, Taipei, Taiwan, R.O.C.

35.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and therefore denies them.

36     Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and therefore denies them.

37     Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies them.

38.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies them.

39     Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and therefore denies them.

40     Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and therefore denies them.

41.    Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies them

42     Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and therefore denies them.

43     Jean lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore denies them

44     Jean admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

45     Jean admits that this Court has personal jurisdiction over Jean for the purposes of this action   Jean denies the remaining allegations, if any, contained in paragraph 45 of the Complaint to the extent such allegations are directed to Jean   For any allegations contained in

paragraph 34 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

46. Jean admits that venue is proper for Jean for the purposes of this action. For any allegations contained in paragraph 46 of the Complaint that are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

47. No new allegations are contained within paragraph 47 and a response by Jean is not necessary. To the extent a response may be deemed necessary, Jean denies the allegations in paragraph 47 of the Complaint.

48. Jean admits that the face of the '214 patent indicates that it was issued on October 29, 1996. Jean denies the remaining allegations in the first sentence of paragraph 48 of the complaint. Based on the assignee information on the face of the patent, Jean denies the allegations contained in the second sentence of paragraph 48 of the Complaint.

49. Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Jean denies the remaining allegations, if any, contained in paragraph 49 of the Complaint to the extent such allegations are directed to Jean. For any allegations contained in paragraph 49 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50. It is not possible to determine whether the allegations of paragraph 50 of the Complaint are directed to Jean. To the extent such allegations are directed to Jean, they are denied. For any allegations in paragraph 50 of the Complaint which are directed toward

defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51.     Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Jean denies the remaining allegations, if any, contained in paragraph 51 of the Complaint to the extent such allegations are directed to Jean. For any allegations contained in paragraph 51 of the Complaint that are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52.     The allegations in paragraph 52 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

53.     The allegations in paragraph 53 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

54.     The allegations in paragraph 54 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55.     The allegations in paragraph 55 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is

deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56.     The allegations in paragraph 56 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

57.     The allegations in paragraph 57 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

58.     The allegations in paragraph 58 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59.     The allegations in paragraph 59 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60.     The allegations in paragraph 60 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

61.    The allegations in paragraph 61 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62.    No new allegations are contained within paragraph 62 and a response by Jean is not necessary. To the extent a response is deemed necessary, Jean denies any allegations contained in paragraph 62 of the Complaint.

63.    Jean admits that the face of the '187 patent indicates that it was issued on December 2, 1997. Jean denies the remaining allegations in the first sentence of paragraph 63 of the complaint. Based on the assignee information on the face of the patent, Jean denies the allegations contained in the second sentence of paragraph 63 of the Complaint.

64.    Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Jean denies the remaining allegations, if any, contained in paragraph 64 of the Complaint to the extent such allegations are directed to Jean. For any allegations contained in paragraph 64 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore deny them.

65.    It is not possible to determine whether the allegations of paragraph 65 of the Complaint are directed to Jean. To the extent such allegations are directed to Jean, they are denied. For any allegations in paragraph 65 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore deny them.

66      Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Jean denies the remaining allegations, if any, contained in paragraph 66 of the Complaint to the extent such allegations are directed to Jean. For any allegations contained in paragraph 66 of the Complaint which are directed toward defendants other than Jean, Jean lack information sufficient to form a belief as to the truth of the allegations and therefore denies them.

67.     The allegations in paragraph 67 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

68.     The allegations in paragraph 68 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

69.     The allegations in paragraph 69 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

70.     The allegations in paragraph 70 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71.    The allegations in paragraph 71 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72.    The allegations in paragraph 72 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

73.    The allegations in paragraph 73 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

74.    The allegations in paragraph 74 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

75.    The allegations in paragraph 75 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

76.    The allegations in paragraph 76 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is

deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

77. No new allegations are contained within paragraph 77 and a response by Jean is not necessary. To the extent a response is deemed necessary, Jean denies any allegations contained in paragraph 77 of the Complaint.

78. Jean admits that the face of the '065 patent indicates that it was issued on May 1, 2001. Jean denies the remaining allegations in the first sentence of paragraph 78 of the complaint. Based on the assignee information on the face of the patent, Jean denies the allegations contained in the second sentence of paragraph 78 of the Complaint.

79. Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent. Jean denies the remaining allegations, if any, contained in paragraph 79 of the Complaint to the extent such allegations are directed to Jean. For any allegations contained in paragraph 79 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80. It is not possible to determine whether the allegations of paragraph 80 of the Complaint are directed to Jean. To the extent such allegations are directed to Jean, they are denied. For any allegations in paragraph 80 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

81. Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '065 patent. Jean denies the remaining allegations, if any, contained in paragraph 81 of the Complaint to the extent such allegations are directed to

Jean   For any allegations contained in paragraph 81 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

82    The allegations in paragraph 82 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary   To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

83.    The allegations in paragraph 83 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary   To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

84    The allegations in paragraph 84 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary   To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

85    The allegations in paragraph 85 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary.  To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

86    The allegations in paragraph 86 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary   To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

87    The allegations in paragraph 87 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

88    The allegations in paragraph 88 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

89.    The allegations in paragraph 89 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

90    The allegations in paragraph 90 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

91.    The allegations in paragraph 91 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

92    No new allegations are contained within paragraph 92 and a response by Jean is not necessary. To the extent a response is deemed necessary, Jean denies any allegations contained in paragraph 92 of the Complaint

93      Jean admits that the face of the '588 patent indicates that it was issued on May 8, 2001  Jean denies the remaining allegations in the first sentence of paragraph 93 of the complaint  Based on the assignee information on the fact of the patent, Jean denies the allegations contained in the second sentence of paragraph 93 of the Complaint

94      Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent  Jean denies the remaining allegations, if any, contained in paragraph 94 of the Complaint to the extent such allegations are directed to Jean  For any allegations contained in paragraph 94 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

95      It is not possible to determine whether the allegations of paragraph 95 of the Complaint are directed to Jean  To the extent such allegations are directed to Jean, they are denied.  For any allegations in paragraph 95 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

96      Jean denies that it has infringed, contributed to, or actively induced infringement of any valid and/or enforceable claim of the '588 patent  Jean denies the remaining allegations, if any, contained in paragraph 96 of the Complaint to the extent such allegations are directed to Jean  For any allegations contained in paragraph 96 of the Complaint which are directed toward defendants other than Jean, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them

97      The allegations in paragraph 97 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary  To the extent that a response is

deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

98.    The allegations in paragraph 98 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

99.    The allegations in paragraph 99 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

100.    The allegations in paragraph 100 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

101.    The allegations in paragraph 101 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

102.    The allegations in paragraph 102 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

103.    The allegations in paragraph 103 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

104.    The allegations in paragraph 104 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

105.    The allegations in paragraph 105 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

106.    The allegations in paragraph 106 of the Complaint are directed toward defendants other than Jean, and therefore no response by Jean is necessary. To the extent that a response is deemed necessary, Jean lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## II.    DEFENSES

107.    Jean has not infringed, contributed to the infringement of, or induced the infringement of any valid and/or enforceable claim of the Patents-in-Suit.

108.    The claims of the Patents-in-Suit are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

109     Plaintiff's claim for damages, if any, against Jean is statutorily limited by 35 U S C. § 286 and/or § 287

110.    Jean denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief against Jean

111     Plaintiff's claims for damages, if any, are limited by license and exhaustion Upon information and belief, one or more of the parties who manufacture, purchase, use or sell products accused to infringe the Patents-in-Suit are licensed and/or claims have been released pursuant to agreements with Plaintiff

## III.    COUNTERCLAIMS

### Parties

112     Counterclaimant Jean Co , Ltd  is a Taiwanese corporation with an office and principle place of business located at 6F, No  2, Rei Kuang Rd , Nei Hu, Taipei, Taiwan, R O C

113     On information and belief, counterclaim defendant Guardian Industries Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan 48326-1714

### Jurisdiction and Venue

114     The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U S C  §§ 2201 and 2202, and the patent laws of the United States, 35 U.S C § 100 *et seq.*, concerning actions related to patents, and 28 U S C  §§ 1331 and 1338

115     Venue is proper in this Court under 28 U S C. § 1391(c) and § 1400(b).

### Count One – Declaratory Relief Regarding Non-Infringement

116     Based on the filing by Guardian of this suit and Jean's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Jean has directly and/or indirectly infringed any valid claims of the Patents-in-Suit

117     Pursuant to the Federal Declaratory Judgment Act, 28 U S C §§ 2201 *et seq*, Jean requests a declaration from the Court that Jean has not infringed any valid claims of the Patents-in-Suit, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents

### Count Two – Declaratory Relief Regarding Invalidity

118     Based on the filing of this suit by Guardian and Jean's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the Patents-in-Suit

119     Pursuant to the Federal Declaratory Judgment Act, 28 U S C §§ 2201 *et seq*, Jean requests a declaration from the Court that each of the claims of the Patents-in-Suit are invalid for failure to comply with the provisions of the patent laws, 35 U S C § 100 *et seq*, including but not limited to one or more of 35 U S C §§ 101, 102, 103, and/or 112

### IV.     EXCEPTIONAL CASE

120     This is an exceptional case under 35 U S C § 285 and, as such, Jean is entitled to recover from Plaintiff their attorneys' fees and costs incurred in connection with this action

### V.     DEMAND FOR JURY TRIAL

121     Pursuant to Federal Rule of Civil Procedure 28, Jean hereby demands a trial by jury as to all fact issues in this lawsuit.

## PRAYER FOR RELIEF

Jean prays that.

(a)    Plaintiff's Complaint against Jean be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of Jean,

(b)    Judgment be entered in favor of Jean declaring that each of the claims of the '214 patent, the '187 patent, the '065 patent, and the '588 patent are invalid and that Jean has not infringed any claim of such patents either literally or under the doctrine of equivalents;

(c)    Judgment be entered in favor of Jean and against Plaintiff that this is an exceptional case and awarding Jean its attorneys' fees and costs under 35 U S C § 285, and

(d)    Jean be awarded any such other and further relief as is just and proper.


OF COUNSEL.

Daniel T Shvodian
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434
650 463 8247

Teresa M Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415 848 4900

Dated. May2, 2005

Robert W Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf com
Richards, Layton & Finger
One Rodney Square, P O Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd. a/k/a
Chunghwa Picture Tubes Company; Tatung
Company, Tatung Company of America,
Inc , and Jean Co , Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Attorneys for Plaintiff Guardian Industries
Corporation

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Attorneys for Defendant/Counterclaimant Dell,
Inc.

Jeffrey S. Goddess, Esquire
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Gerard M. O'Rourke, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Kevin M. Baird, Esquire
Young, Conway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on May 2, 2005 the foregoing document was sent to the following non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Attorneys for Plaintiff Guardian Industries
Corporation

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Attorneys for Defendant/Counterclaimant Dell,
Inc.

York M. Faulkner
Finnegan   Henderson   Farabow   Garrett   &
Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
Robert J. Gunther
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY 10022

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, N Tower
Santa Monica, CA 90404-4060

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Matthew W. King (#4566)
king@rlf.com