**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GUARDIAN INDUSTRIES CORP.,      )
                                     )
          Plaintiff,          )
                                     )
          v.                     )
                                     )
DELL, INC.; GATEWAY, INC.; HEWLETT-  )
PACKARD COMPANY; ACER INC.;     )
ACER AMERICA CORPORATION;      )   C.A. No.: 05-27-SLR
AOC INTERNATIONAL; ENVISION     )
PERIPHERALS, INC.; TPV TECHNOLOGY,  )
LTD.; TPV INTERNATIONAL (USA), INC.;  )
AU OPTRONICS CORPORATION;      )   **JURY TRIAL DEMANDED**
AU OPTRONICS CORPORATION AMERICA  )
a/k/a AU OPTRONICS AMERICA, INC.;   )
BENQ CORPORATION; BENQ AMERICA   )
CORPORATION; CHUNGHWA PICTURE   )
TUBES, LTD. a/k/a  CHUNGHWA PICTURE  )
TUBES COMPANY; TATUNG COMPANY;   )
TATUNG COMPANY OF AMERICA, INC.;   )
BOE HYDIS TECHNOLOGY COMPANY,    )
LTD.; BOE HYDIS AMERICA INC.;      )
CHI MEI OPTOELECTRONICS;        )
COMPAL ELECTRONICS, INC.;       )
DELTA ELECTRONICS, INC.;        )
DELTA PRODUCTS CORPORATION;    )
DELTA ELECTRONICS (THAILAND) PUBLIC )
COMPANY, LTD.; HANNSTAR DISPLAY  )
CORPORATION; JEAN CO., LTD.; LITE-ON )
TECHNOLOGY CORPORATION; LITE-ON,  )
INC. a/k/a LITEON TRADING USA, INC.;  )
MAG TECHNOLOGY COMPANY, LTD.;   )
MAG TECHNOLOGY USA, INC.;       )
PROVIEW INTERNATIONAL HOLDINGS,  )
LTD.; PROVIEW TECHNOLOGY, INC.;   )
PROVIEW ELECTRONICS COMPANY, LTD.; )
and QUANTA DISPLAY, INC.,       )
                                     )
          Defendants.        )

## DEFENDANT GATEWAY, INC.'S ANSWER AND
## COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Defendant Gateway, Inc. ("Gateway") files this Answer and Counterclaims to Guardian Industries Corporation's ("Guardian" or "Plaintiff") First Amended Complaint for Patent Infringement (the "First Amended Complaint"), along with its defenses, denying infringement of any valid and/or enforceable claim of U.S. Patent No. 5,570,214 ("the '214 patent"), U.S. Patent No. 5,694,187 ("the '187 patent"), U.S. Patent No. 6,226,065 ("the '065 patent") or U.S. Patent No. 6,229,588 ("the '588 patent," and referred to collectively herein as "the patents-in-suit").

## I.    ANSWER

1.    Gateway admits that Plaintiff alleges an action for patent infringement. Gateway denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit. Gateway lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the First Amended Complaint, and therefore denies them.

2.    Gateway admits that the patents-in-suit generally relate to specific Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display that is used in some computer monitors. Gateway denies all remaining allegations in paragraph 2 of the First Amended Complaint.

3.    Based on the "Assignee" specified on the face of U.S. Patent No. 5,570,214 (the " '214 patent"), Gateway denies that Guardian is the owner of the '214 patent. Gateway admits the remaining allegation in paragraph 3 of the First Amended Complaint.

4.      Based on the "Assignee" specified on the face of U.S. Patent No. 5,694,187 (the "'187 patent"), Gateway denies that Guardian is the owner of the '187 patent.  Gateway admits the remaining allegation in paragraph 4 of the First Amended Complaint.

5.      Based on the "Assignee" specified on the face of U.S. Patent No. 6,226,065 (the "'065 patent"), Gateway denies that Guardian is the owner of the '065 patent.  Gateway admits the remaining allegation in paragraph 5 of the First Amended Complaint.

6.      Based on the "Assignee" specified on the face of U.S. Patent No. 6,229,588 (the "'588 patent"), Gateway denies that Guardian is the owner of the '588 patent.  Gateway admits the remaining allegation in paragraph 6 of the First Amended Complaint.

7.      Gateway admits that Plaintiff alleges an action for patent infringement. Gateway denies that it has infringed, willfully or otherwise, any valid claim of the patents-in-suit.  Gateway lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the First Amended Complaint, and therefore denies them.

8.      Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint, and therefore denies them.

9.      Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint, and therefore denies them.

10.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the First Amended Complaint, and therefore denies them.

11.     Gateway admits that Gateway, Inc. is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at 7565 Irvine Center Drive, Irvine, CA 92618. Otherwise, Gateway denies the allegations set forth in paragraph 11 of the First Amended Complaint.

12.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the First Amended Complaint, and therefore denies them.

13.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint, and therefore denies them.

14.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the First Amended Complaint, and therefore denies them.

15.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the First Amended Complaint, and therefore denies them.

16.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the First Amended Complaint, and therefore denies them.

17.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the First Amended Complaint, and therefore denies them.

18.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the First Amended Complaint, and therefore denies them.

19.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint, and therefore denies them.

20.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the First Amended Complaint, and therefore denies them.

21.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the First Amended Complaint, and therefore denies them.

22.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint, and therefore denies them.

23.     Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint, and therefore denies them.

24.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the First Amended Complaint, and therefore denies them.

25.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint, and therefore denies them.

26.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint, and therefore denies them.

27.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint, and therefore denies them.

28.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint, and therefore denies them.

29.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint, and therefore denies them.

30.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint, and therefore denies them.

31.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint, and therefore denies them.

32.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint, and therefore denies them.

33.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint, and therefore denies them.

34.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the First Amended Complaint, and therefore denies them.

35.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the First Amended Complaint, and therefore denies them.

36.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the First Amended Complaint, and therefore denies them.

37.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the First Amended Complaint, and therefore denies them.

38.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint, and therefore denies them.

39.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the First Amended Complaint, and therefore denies them.

40.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint, and therefore denies them.

41.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the First Amended Complaint, and therefore denies them.

42.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the First Amended Complaint, and therefore denies them.

43.    Gateway lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the First Amended Complaint, and therefore denies them.

44.    Gateway admits that Plaintiff alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

45.    Gateway admits that this Court has personal jurisdiction over Gateway. Gateway denies that is has infringed, contributed to the infringement of or induced the

infringement of any valid claim of the patents-in-suit. Gateway denies the remaining allegations, if any, contained in paragraph 45 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations contained in paragraph 45 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

46.    Gateway admits that venue is proper for Gateway. Gateway denies the remaining allegations contained in paragraph 46 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations contained in paragraph 46 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

47.    No new allegations are contained within paragraph 47 and a response by Gateway is not necessary. To the extent a response may be deemed necessary, Gateway denies the allegations in paragraph 47.

48.    Gateway admits that the face of the '214 patent indicates that it was issued on October 29, 1996. Based on the assignee information on the face of the patent, Gateway denies the remaining allegations contained in the first and second sentences of paragraph 48 of the First Amended Complaint.

49.    Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Gateway denies the remaining allegations, if any, contained in paragraph 49 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations

contained in paragraph 49 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50.    It is not possible to determine whether the allegations in paragraph 50 of the First Amended Complaint are directed to Gateway. To the extent such allegations are directed to Gateway, they are denied. For any allegations contained in paragraph 50 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51.    Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '214 patent. Gateway denies the remaining allegations, if any, contained in paragraph 51 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations contained in paragraph 51 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52.    The allegations contained in paragraph 52 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

53.    The allegations contained in paragraph 53 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

54.    The allegations contained in paragraph 54 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55.    The allegations contained in paragraph 55 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56.    The allegations contained in paragraph 56 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

57.    The allegations contained in paragraph 57 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

58.    The allegations contained in paragraph 58 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59.    The allegations contained in paragraph 59 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60.    The allegations contained in paragraph 60 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

61.    The allegations contained in paragraph 61 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62.    No new allegations are contained within paragraph 62 and a response by Gateway is not necessary. To the extent a response is deemed necessary, Gateway denies any allegations contained in paragraph 62.

63.    Gateway admits that the face of the '187 patent indicates that it was issued on December 2, 1997. Based on the assignee information on the face of the patent, Gateway denies the remaining allegations contained in the first and second sentences of paragraph 63 of the First Amended Complaint.

64.    Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Gateway denies the remaining allegations, if any, contained in paragraph 64 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations

12

contained in paragraph 64 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

65.    It is not possible to determine whether the allegations in paragraph 65 of the First Amended Complaint are directed to Gateway. To the extent such allegations are directed to Gateway, they are denied. For any allegations contained in paragraph 65 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66.    Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '187 patent. Gateway denies the remaining allegations, if any, contained in paragraph 66 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations contained in paragraph 66 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

67.    The allegations contained in paragraph 67 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

68.    The allegations contained in paragraph 68 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

69.    The allegations contained in paragraph 69 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70.    The allegations contained in paragraph 70 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71.    The allegations contained in paragraph 71 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72.    The allegations contained in paragraph 72 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

73.    The allegations contained in paragraph 73 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

74.    The allegations contained in paragraph 74 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.    The allegations contained in paragraph 75 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76.    The allegations contained in paragraph 76 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

77.    No new allegations are contained within paragraph 77 and a response by Gateway is not necessary.  To the extent a response is deemed necessary, Gateway denies any allegations contained in paragraph 77.

78.    Gateway admits that the face of the '065 patent indicates that it was issued on May 1, 2001.  Based on the assignee information on the face of the patent, Gateway denies the remaining allegations contained in the first and second sentences of paragraph 78 of the First Amended Complaint.

79.    Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '065 patent.  Gateway denies the remaining allegations, if any, contained in paragraph 79 of the First Amended Complaint to the extent such allegations are directed to Gateway.  For any allegations

contained in paragraph 79 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80.    It is not possible to determine whether the allegations in paragraph 80 of the First Amended Complaint are directed to Gateway. To the extent such allegations are directed to Gateway, they are denied. For any allegations contained in paragraph 80 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

81.    Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '065 patent. Gateway denies the remaining allegations, if any, contained in paragraph 81 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations contained in paragraph 81 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

82.    The allegations contained in paragraph 82 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

83.    The allegations contained in paragraph 83 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks

16

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

84.    The allegations contained in paragraph 84 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

85.    The allegations contained in paragraph 85 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

86.    The allegations contained in paragraph 86 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

87.    The allegations contained in paragraph 87 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

88.    The allegations contained in paragraph 88 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

89.    The allegations contained in paragraph 89 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

90.    The allegations contained in paragraph 90 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

91.    The allegations contained in paragraph 91 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

92.    No new allegations are contained within paragraph 92 and a response by Gateway is not necessary.  To the extent a response is deemed necessary, Gateway denies any allegations contained in paragraph 92.

93.    Gateway admits that the face of the '588 patent indicates that it was issued on May 8, 2001.  Based on the assignee information on the face of the patent, Gateway denies the remaining allegations contained in the first and second sentences of paragraph 93 of the First Amended Complaint.

94.    Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '588 patent.  Gateway denies the remaining allegations, if any, contained in paragraph 94 of the First Amended Complaint to the extent such allegations are directed to Gateway.  For any allegations

18

contained in paragraph 94 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

95.     It is not possible to determine whether the allegations in paragraph 95 of the First Amended Complaint are directed to Gateway. To the extent such allegations are directed to Gateway, they are denied. For any allegations contained in paragraph 95 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

96.     Gateway denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '588 patent. Gateway denies the remaining allegations, if any, contained in paragraph 96 of the First Amended Complaint to the extent such allegations are directed to Gateway. For any allegations contained in paragraph 96 of the First Amended Complaint which are directed toward defendants other than Gateway, Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

97.     The allegations contained in paragraph 97 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

98.     The allegations contained in paragraph 98 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

99.    The allegations contained in paragraph 99 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

100.    The allegations contained in paragraph 100 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

101.    The allegations contained in paragraph 101 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

102.    The allegations contained in paragraph 102 of the First Amended Complaint are directed toward defendants other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

103.    The allegations contained in paragraph 103 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

104.    The allegations contained in paragraph 104 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

105.    The allegations contained in paragraph 105 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

106.    The allegations contained in paragraph 106 of the First Amended Complaint are directed toward a defendant other than Gateway and Gateway lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## II.    DEFENSES

107.    The claims of the patents-in-suit are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

108.    Gateway has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the patents-in-suit.

109.    Individuals or entities that are not named as a party to this action are liable for all of Plaintiff's claims against Gateway.

110.    Plaintiff's claim for damages, if any, against Gateway is statutorily limited by 35 U.S.C. § 286 and/or §287.

111.    Gateway denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief against Gateway.

### III.    COUNTERCLAIMS

#### Parties

112.    Counterclaimant Gateway Inc. ("Gateway") is a corporation organized under the laws of the State of Delaware, with an office and principal place of business located at 7565 Irvine Center Drive, Irvine, CA 92618.

113.    On information and belief, counterclaim defendant Guardian Industries Corporation ("Guardian") is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan, 48326-1714.

#### Jurisdiction and Venue

114.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

115.    Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

#### Count One – Declaratory Relief Regarding Non-Infringement

116.    Based on the filing by Guardian of this suit and Gateway's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Gateway has directly and/or indirectly infringed any valid claim of the patent-in-suit.

117.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Gateway requests a declaration from the Court that Gateway has not infringed any valid claim of the patents-in-suit, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## Count Two – Declaratory Relief Regarding Invalidity

118.    Based on the filing by Guardian of this suit and Gateway's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the patent-in-suit.

119.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Gateway requests a declaration from the Court that each of the claims of the patents-in-suit are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## IV.    EXCEPTIONAL CASE

120.    This is an exceptional case under 35 U.S.C. § 285 and, as such, Gateway is entitled to recover from the Plaintiff Gateway's attorneys' fees and costs incurred in connection with this action.

## V.    DEMAND FOR JURY

121.    Pursuant to FED. R. CIV. P. 28, Gateway hereby demands a trial by jury as to all fact issues in this lawsuit.

## **PRAYER FOR RELIEF**

Gateway prays that:

(a)    Plaintiff's First Amended Complaint against Gateway be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of Gateway;

(b)    Judgment be entered in favor of Gateway declaring that each of the claims of the '214 patent, the '187 patent, the '065 patent, and the '588 patent are invalid and that Gateway has not infringed any claim of such patents either literally or under the doctrine of equivalents.

(c)    Judgment be entered in favor of Gateway and against the Plaintiff that this is an exceptional case and awarding Gateway its attorneys' fees and costs under 35 U.S.C. § 285; and

(d)    Gateway be awarded any such other and further relief as is just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Robert J. Gunther, Jr.
Kurt M. Rogers
LATHAM & WATKINS LLP
885 Third Avenue
New York, N.Y. 10022
Tel.: (212) 906-1200

Dated: May 2, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Gateway, Inc.*

680512

24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 2, 2005, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following

and the document is available for viewing and downloading from CM/ECF:

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Robert W. Whetzel
Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

I hereby certify that on May 2, 2005, I have Federal Expressed the documents to

the following non-registered participants:

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 9410534

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26gh Street, 4th Floor, N Tower
Santa Monica, CA  90404-4060

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960

By:  _____

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

679634

2