IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GUARDIAN INDUSTRIES CORP.,

        Plaintiff,

v.

DELL, INC., ET AL.

        Defendants.

C.A. 05-27-SLR

Jury Trial Demanded

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT HEWLETT-PACKARD COMPANY
TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Hewlett-Packard Company ("HP") hereby responds to Plaintiff Guardian Industries Corporation's ("Guardian"') First Amended Complaint for Patent Infringement ("First Amended Complaint") and sets forth HP's affirmative defenses as follows:

**NATURE OF THE ACTION**

1.     HP admits that this is an action alleging patent infringement by Defendants, but HP denies any liability for the alleged infringement. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the First Amended Complaint and on that basis denies them.

2.     HP admits that the technology at issue involves the design and manufacture of Liquid Crystal Displays ("LCDs") and related products (collectively, "LCD products"). HP further admits that an LCD is a type of flat panel display that may be used in products such as computer monitors.

1

3.      HP admits that United States Patent No. 5,570,214 ("the '214 patent") is entitled NORMALLY WHITE TWISTED NEMATIC LCD WITH RETARDATION FILMS ON OPPOSITE SIDES OF LIQUID CRYSTAL MATERIAL FOR IMPROVED VIEWING ZONE.  HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 3 of the First Amended Complaint and on that basis denies it.

4.      HP admits that United States Patent No. 5,694,187 ("the '187 patent") is entitled LCD INCLUDING A NEGATIVE BIAXIAL RETARDED ON EACH SIDE OF THE LIQUID CRYSTAL LAYER.  HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 4 of the First Amended Complaint and on that basis denies it.

5.      HP admits that United States Patent No. 6,226,065 ("the '065 patent") is entitled LIQUID CRYSTAL DISPLAY HAVING HIGH CONTRAST VIEWING ZONE CENTERED IN POSITIVE OR NEGATIVE VERTICAL REGION.  HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 5 of the First Amended Complaint and on that basis denies it.

6.      HP admits that United States Patent No. 6,229,588 ("the '588 patent") is entitled NORMALLY WHITE LCD INCLUDING FIRST AND SECOND BIAXIAL RETARDERS.  HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 6 of the First Amended Complaint and on that basis denies it.

7.      HP admits that the First Amended Complaint purports to state a cause of civil action for the alleged infringement of the '214 Patent, the '187 Patent, the '065

Patent, and the '588 Patent (collectively the "patents-in-suit"), but HP denies any liability for the alleged infringement. HP also admits that copies of the patents-in-suit were attached to the First Amended Complaint. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the First Amended Complaint and on that basis denies them.

8.      HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint and on that basis denies them.

## THE PARTIES

9.      HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the First Amended Complaint and on that basis denies them.

10.      HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint and on that basis denies them.

11.      HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the First Amended Complaint and on that basis denies them.

12.      HP admits that Hewlett-Packard Company is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at 3000 Hanover Street, Palo Alto, California 94304.

13.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the First Amended Complaint and on that basis denies them.

14.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the First Amended Complaint and on that basis denies them.

15.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the First Amended Complaint and on that basis denies them.

16.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint and on that basis denies them.

17.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint and on that basis denies them.

18.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint and on that basis denies them.

19.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint and on that basis denies them.

20.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Complaint and on that basis denies them.

21.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint and on that basis denies them.

22.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the First Amended Complaint and on that basis denies them.

23.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the First Amended Complaint and on that basis denies them.

24.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the First Amended Complaint and on that basis denies them.

25.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the First Amended Complaint and on that basis denies them.

26.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the First Amended Complaint and on that basis denies them.

27.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the First Amended Complaint and on that basis denies them.

28.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the First Amended Complaint and on that basis denies them.

29.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the First Amended Complaint and on that basis denies them.

30.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the First Amended Complaint and on that basis denies them.

31.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the First Amended Complaint and on that basis denies them.

32.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the First Amended Complaint and on that basis denies them.

33.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the First Amended Complaint and on that basis denies them.

34.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the First Amended Complaint and on that basis denies them.

35.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the First Amended Complaint and on that basis denies them.

36.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the First Amended Complaint and on that basis denies them.

37.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the First Amended Complaint and on that basis denies them.

38.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the First Amended Complaint and on that basis denies them.

39.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the First Amended Complaint and on that basis denies them.

40.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the First Amended Complaint and on that basis denies them.

41.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the First Amended Complaint and on that basis denies them.

42.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the First Amended Complaint and on that basis denies them.

43.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the First Amended Complaint and on that basis denies them.

## JURISDICTION AND VENUE

44.     HP admits that this Court has subject matter jurisdiction over cases filed under 28 U.S.C. §§ 1331 and 1338(a).

45.     HP admits that this Court has personal jurisdiction over HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Complaint and on that basis denies them.

46.     HP admits that venue is proper in this Judicial District with respect to HP. With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the First Amended Complaint and on that basis denies them.

## COUNT I – INFRINGEMENT OF THE '214 PATENT

47.     Responsive to paragraph 47 of the First Amended Complaint, HP realleges the answers previously set forth regarding paragraphs 1 through 46 as though fully set forth herein.

48.     HP admits that the '214 Patent was issued on October 29, 1996, and that a copy of the '214 Patent was attached to the First Amended Complaint as Exhibit 1.  HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the First Amended Complaint and on that basis denies them.

49.     HP denies the allegations in paragraph 49 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint and on that basis denies them.

50.     HP denies the allegations in paragraph 50 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint and on that basis denies them.

51.     HP denies the allegations in paragraph 51 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint and on that basis denies them.

52.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the First Amended Complaint and on that basis denies them.

53.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the First Amended Complaint and on that basis denies them.

54.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the First Amended Complaint and on that basis denies them.

55.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the First Amended Complaint and on that basis denies them.

56.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the First Amended Complaint and on that basis denies them.

57.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the First Amended Complaint and on that basis denies them.

58.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the First Amended Complaint and on that basis denies them.

59.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the First Amended Complaint and on that basis denies them.

60.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the First Amended Complaint and on that basis denies them.

61.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the First Amended Complaint and on that basis denies them.

## COUNT II – INFRINGEMENT OF THE '187 PATENT

62.     Responsive to paragraph 62 of the First Amended Complaint, HP realleges the answers previously set forth regarding paragraphs 1 through 61 as though fully set forth herein.

63.     HP admits that the '187 Patent was issued on December 2, 1997, and that a copy of the '187 Patent was attached to the First Amended Complaint as Exhibit 2.  HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of the First Amended Complaint and on that basis denies them.

64.     HP denies the allegations in paragraph 64 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the First Amended Complaint and on that basis denies them.

65.     HP denies the allegations in paragraph 65 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the First Amended Complaint and on that basis denies them.

66.     HP denies the allegations in paragraph 66 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the First Amended Complaint and on that basis denies them.

67.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the First Amended Complaint and on that basis denies them.

68.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the First Amended Complaint and on that basis denies them.

69.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the First Amended Complaint and on that basis denies them.

70.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the First Amended Complaint and on that basis denies them.

71.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the First Amended Complaint and on that basis denies them.

72.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the First Amended Complaint and on that basis denies them.

73.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the First Amended Complaint and on that basis denies them.

74.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the First Amended Complaint and on that basis denies them.

75.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the First Amended Complaint and on that basis denies them.

76.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the First Amended Complaint and on that basis denies them.

## COUNT III – INFRINGEMENT OF THE '065 PATENT

77.     Responsive to paragraph 77 of the First Amended Complaint, HP realleges the answers previously set forth regarding paragraphs 1 through 76 as though fully set forth herein.

78.     HP admits that the '065 Patent was issued on May 1, 2001, and that a copy of the '065 Patent was attached to the First Amended Complaint as Exhibit 3.  HP is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 78 of the First Amended Complaint and on that basis denies them.

79.    HP denies the allegations in paragraph 79 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the First Amended Complaint and on that basis denies them.

80.    HP denies the allegations in paragraph 80 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the First Amended Complaint and on that basis denies them.

81.    HP denies the allegations in paragraph 81 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the First Amended Complaint and on that basis denies them.

82.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the First Amended Complaint and on that basis denies them.

83.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the First Amended Complaint and on that basis denies them.

84.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the First Amended Complaint and on that basis denies them.

85.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the First Amended Complaint and on that basis denies them.

86.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the First Amended Complaint and on that basis denies them.

87.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the First Amended Complaint and on that basis denies them.

88.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the First Amended Complaint and on that basis denies them.

89.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the First Amended Complaint and on that basis denies them.

90.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the First Amended Complaint and on that basis denies them.

91.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the First Amended Complaint and on that basis denies them.

## COUNT IV – INFRINGEMENT OF THE '588 PATENT

92.     Responsive to paragraph 92 of the First Amended Complaint, HP realleges the answers previously set forth regarding paragraphs 1 through 91 as though fully set forth herein.

93.     HP admits that the '588 Patent was issued on May 8, 2001, and that a copy of the '588 Patent was attached to the First Amended Complaint as Exhibit 4.  HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of the First Amended Complaint and on that basis denies them.

94.     HP denies the allegations in paragraph 94 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the First Amended Complaint and on that basis denies them.

95.     HP denies the allegations in paragraph 95 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the First Amended Complaint and on that basis denies them.

96.     HP denies the allegations in paragraph 96 of the First Amended Complaint with respect to HP.  With respect to the other Defendants, HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the First Amended Complaint and on that basis denies them.

97.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the First Amended Complaint and on that basis denies them.

98.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the First Amended Complaint and on that basis denies them.

99.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the First Amended Complaint and on that basis denies them.

100.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the First Amended Complaint and on that basis denies them.

101.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the First Amended Complaint and on that basis denies them.

102.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the First Amended Complaint and on that basis denies them.

103.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the First Amended Complaint and on that basis denies them.

104.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the First Amended Complaint and on that basis denies them.

105.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the First Amended Complaint and on that basis denies them.

106.    HP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the First Amended Complaint and on that basis denies them.

## HP'S RESPONSE TO GUARDIAN'S PRAYER FOR RELIEF

As it pertains to HP, HP denies that Guardian is entitled to the relief sought in Guardian's prayer or any relief whatsoever.  With respect to the other Defendants, HP is without sufficient information or belief to admit or deny that Guardian is entitled to the relief sought in the prayer or any relief whatsoever and on that basis denies the same.

## AFFIRMATIVE DEFENSES

HP asserts the following affirmative defenses to Guardian's First Amended Complaint:

## AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

107.    Guardian has failed to state a claim upon which relief can be granted.

## AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

108.    HP has not infringed (literally or by equivalents), contributed to the infringement of, or induced infringement of any of United States Patents Nos. 5,570,214

18

("the '214 Patent"), 5,694,187 ("the '187 Patent"), 6,226,065 ("the '065 Patent"), or 6,229,588 ("the '588 Patent").

## AFFIRMATIVE DEFENSE – INVALIDITY

109.    The claims in the '214 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

110.    The claims in '187 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

111.    The claims in the '065 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and/or 112.

112.    The claims in the '588 Patent are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and/or 112.

## AFFIRMATIVE DEFENSE – LACHES, WAIVER, ACQUIESCENCE, ESTOPPEL

113.    Upon information and belief, Guardian's claims may be barred, in whole or in part, by the doctrines of laches, waiver, acquiescence and/or estoppel.

## AFFIRMATIVE DEFENSE – UNCLEAN HANDS

114.    Upon information and belief, Guardian's claims may be barred, in whole or in part, because of unclean hands.

## AFFIRMATIVE DEFENSE – PATENT MISUSE

115.    Upon information and belief, Guardian's claims may be barred, in whole or in part, because of patent misuse.

## AFFIRMATIVE DEFENSE – PATENT EXHAUSTION

116.    Upon information and belief, Guardian's claims may be barred, in whole or in part, because of patent exhaustion and/or release.

## AFFIRMATIVE DEFENSE – LICENSE

117.    Upon information and belief, Guardian's claims may be barred, in whole or in part, because HP is licensed under an express and/or implied license to the patents-in-suit.

## AFFIRMATIVE DEFENSE – LACK OF MARKING

118.    Upon information and belief, Guardian and/or its licensees failed to follow the marking and/or notice requirements set forth in 35 U.S.C. § 287 and therefore Guardian is precluded from recovering any damages for any period prior to  the filing of Guardian's complaint.

## AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES

119.    Guardian's recovery of any damages is limited by 35 U.S.C. § 286. Similarly, Guardian's recovery of any costs is limited by 35 U.S.C. § 288.

## ADDITIONAL AFFIRMATIVE DEFENSES

120.    There may be additional affirmative defenses to the causes of action alleged by Guardian that are currently unknown to HP.  Therefore, HP reserves the right to amend this answer to allege additional affirmative defenses in the event discovery of other information indicates they are appropriate.

## REQUEST FOR RELIEF

WHEREFORE, HP prays for judgment as follows:

(a)    That all of the relief requested by Guardian in its First Amended Complaint with respect to HP be denied with prejudice;

(b)    That the First Amended Complaint be dismissed with prejudice with respect to HP;

(c)     That this Court declare that HP has not infringed (directly or indirectly) U.S. Patent No. 5,570,214;

(d)     That this Court declare that HP has not infringed (directly or indirectly) U.S. Patent No. 5,694,187;

(e)     That this Court declare that HP has not infringed (directly or indirectly) U.S. Patent No. 6,226,065;

(f)     That this Court declare that HP has not infringed (directly or indirectly) U.S. Patent No. 6,229,588;

(g)     That this Court declare the claims of U.S. Patent No. 5,570,214 invalid;

(h)     That this Court declare the claims of U.S. Patent No. 5,694,187 invalid;

(i)     That this Court declare the claims of U.S. Patent No. 6,226,065 invalid;

(j)     That this Court declare the claims of U.S. Patent No. 6,229,588 invalid;

(k)     That this Court declare U.S. Patent No. No. 5,570,214 unenforceable;

(l)     That this Court declare U.S. Patent No. No. 5,694,187 unenforceable;

(m)     That this Court declare U.S. Patent No. No. 6,226,065 unenforceable;

(n)     That this Court declare U.S. Patent No. No. 6,229,588 unenforceable;

(o)     That this Court declare that this is an exceptional case under 35 U.S.C. § 285 and that HP be awarded its attorney fees and costs in this action; and

(p)     That HP be awarded such further necessary and proper relief as this Court may deem just and reasonable.

## **Jury Demand**

HP demands a trial by jury of any and all issues triable by a jury.

Dated:  May 16, 2005                FISH & RICHARDSON P.C.


By:   */s/ William J. Marsden, Jr.*
      ───────────────────────────────
      William J. Marsden, Jr. (#2247)
      Sean P. Hayes (#4413)
      919 N. Market Street, Suite 1100
      P.O. Box 1114
      Wilmington, DE  19899-1114
      (302) 652-5070

      Michael J. McKeon
      Tina M. Chappell
      1425 K Street, N.W., 11th Floor
      Washington, DC  20005-2500
      (202) 783-5070

      Attorneys for Defendant
      Hewlett-Packard Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2005, I electronically filed the Answer and

Affirmative Defenses of Defendant Hewlett-Packard Company to First Amended

Complaint for Patent Infringement with the Clerk of Court using CM/ECF which will

send notification of such filing(s) to the following:

| | |
|---|---|
| Richard L. Horwitz, Esq.<br>David E. Moore, Esq.<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801 | Gerard M. O'Rourke<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>Wilmington, DE 19801 |
| Robert W. Whetzel, Esq.<br>Rosenthal Monhait Gross & Goddess, P.A.<br>919 N. Market Street, Suite 1401<br>Wilmington, DE 19801 | Josy Ingersoll, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th<br>Wilmington, DE 19801 |
| Richard K.Herrmann, Esq.<br>Morris James Hitchens & Williams<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 | Steven Balick, Esq.<br>John G. Day<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19899 |

I hereby certify that on May 16, 2005, the foregoing document was mailed to the

following non-registered participants:

| | |
|---|---|
| Teresa M. Corbin, Esq.<br>Howrey LLP<br>525 Market Street, Suite 2600<br>San Francisco, CA 94105<br>corbint@howrey.com | York M. Faulkner, Esq.<br>Finnegan Henderson Farabow Garrett &<br>Dunner<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA 20190-5675<br>York.faulkner@finnegan.com |
| Roderick B. Williams, Esq.<br>Avelyn M. Ross, Esq.<br>Vinson & Elkins<br>2801 Via Fortuna, Suite 100<br>Austin, TX 78746-6568<br>rickwilliams@velaw.com<br>aross@velaw.com | Peter J. Weild, Esq.<br>Alschuler Grossman Stein & Kahan LLP<br>1620 26th Street, 4th Floor, N Tower<br>Santa Monica, CA 90404-4060<br>pwied@agsk.com |

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY  10022
Robert.gunther@lw.com
Kurt.rogers@lw.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960
reweems@comcast.net

E. Robert Yoches, Esq.
Finnegan Henderson Farabow Garrett
    & Dunner
901 New York Avenue, N.W.
Washington, D.C. 20001
Bob.yoches@finnegan.com

Jeffrey A. Snyder, Esq.
Thoits, Love, Hershberger & McLean
245 Lytton Avenue, Suite 300
Palo Alto, CA  94301
jsnyder@thoits.com

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
bhales@kirkland.com

 /s/ William J. Marsden, Jr.
William J. Marsden, Jr.
marsden@fr.com