IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DELL, INC.; GATEWAY, INC.; ACER INC.; ) <br> ACER AMERICA CORPORATION; ) <br> AOC INTERNATIONAL; ) <br> AOC INTERNATIONAL (USA) LTD.; ) <br> AU OPTRONICS CORPORATION; ) <br> AU OPTRONICS CORPORATION AMERICA a/k/a ) <br> AU OPTRONICS AMERICA, INC.; ) <br> BENQ CORPORATION; ) <br> BENQ AMERICA CORPORATION; ) <br> CHUNGHWA PICTURE TUBES, LTD. a/k/a ) <br> CHUNGHWA PICTURE TUBES COMPANY; ) <br> TATUNG COMPANY; ) <br> TATUNG COMPANY OF AMERICA, INC.; ) <br> COMPAL ELECTRONICS, INC.; ) <br> DELTA ELECTRONICS, INC.; ) <br> DELTA PRODUCTS CORPORATION; ) <br> JEAN CO., LTD.; ) <br> LITE-ON TECHNOLOGY CORPORATION: ) <br> LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; ) <br> PROVIEW INTERNATIONAL HOLDINGS, LTD.; ) <br> PROVIEW TECHNOLOGY, INC.; and ) <br> QUANTA DISPLAY, INC. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 05-27 SLR <br><br> JURY TRIAL DEMANDED |

**BENQ CORPORATION'S AND BENQ AMERICA CORP.'S ANSWER AND
DEFENSES TO THE FIRST AMENDED COMPLAINT
OF PATENT INFRINGEMENT OF GUARDIAN INDUSTRIES CORPORATION**

Defendant BenQ Corporation and BenQ America Corp. (collectively "BenQ"), by

and through its undersigned counsel, hereby files its Answer, including Defenses, in response

to the First Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Guardian

Industries Corporation ("Guardian") in the above-captioned action in accordance with the

numbered paragraphs in the Complaint. Except to the extent expressly and specifically

393901_1

admitted herein, BenQ denies each and every allegation contained in the complaint.

## ANSWER

Answering each of the corresponding numbered paragraphs of the Complaint, BenQ answers and responds to the allegations therein, based on its current information and belief, as follows:

### NATURE OF THE ACTION

1. BenQ admits only that the Complaint purports to state a civil cause of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. BenQ denies the remaining averments of this paragraph.

2. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 2.

3. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 3.

4. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. BenQ admits only that the Complaint purports to state a civil cause of action for the infringement of United States Patent Nos. 5,570,214 ("the '214 patent"), 5,694,187 ("the '187 patent"), 6,226,065 ("the '065 patent), and 6,229,588 ("the '588 patent") (collectively, the "patents-in-suit"). BenQ admits that copies of the patents-in-suit were attached to the Complaint. BenQ denies the remaining averments of paragraph 7.

8. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

## THE PARTIES

9. Admitted.

10. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Denied, on the basis that AUO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.   Denied, on the basis that AUO lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.   Admitted.

22.   Admitted.

23.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.   Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

## JURISDICTION AND VENUE

44.     BenQ admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

45.     Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.     Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

## COUNT I -- INFRINGEMENT OF THE '214 PATENT

47.     BenQ incorporates by reference and restates its answers to paragraphs 1-46 as though fully set forth herein.

48.     BenQ admits only that the face of the '214 patent states that it was issued on October 29, 1996 and that a copy of the '214 patent was attached to the Complaint as Exhibit 1. BenQ denies that the '214 patent was duly and legally issued. BenQ denies the remaining allegations of paragraph 48 on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

49.     Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50.     Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51.     Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

## COUNT II -- INFRINGEMENT OF THE '187 PATENT

62. BenQ incorporates by reference and restates its answers to paragraphs 1-46 as though fully set forth herein.

63. BenQ admits only that the face of the '187 patent states that it was issued on

December 2, 1997 and that a copy of the '187 patent was attached to the Complaint as Exhibit 2. BenQ denies that the '187 patent was duly and legally issued. BenQ denies the remaining allegations of paragraph 63 on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

64. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67.

68. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71.

72. Denied, on the basis that BenQ lacks knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 72.

73. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

### COUNT III -- INFRINGEMENT OF THE '065 PATENT

77. BenQ incorporates by reference and restates its answers to paragraphs 1-46 as though fully set forth herein.

78. BenQ admits only that the face of the '065 patent states that it was issued on May 1, 2001 and that a copy of the '065 patent was attached to the Complaint as Exhibit 3. BenQ denies that the '065 patent was duly and legally issued. BenQ denies the remaining allegations of paragraph 78 on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

79. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81. Denied with respect to BenQ. Regarding all other defendants, denied on the

basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

83. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83.

84. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84.

85. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85.

86. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86.

87. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87.

88. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88.

89. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.

90. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90.

91. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91.

## COUNT IV -- INFRINGEMENT OF THE '588 PATENT

92. BenQ incorporates by reference and restates its answers to paragraphs 1-46 as

though fully set forth herein.

93. BenQ admits only that the face of the '588 patent states that it was issued on May 8, 2001 and that a copy of the '588 patent was attached to the Complaint as Exhibit 4. BenQ denies that the '588 patent was duly and legally issued. BenQ denies the remaining allegations of paragraph 93 on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

94. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94.

95. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96. Denied with respect to BenQ. Regarding all other defendants, denied on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96.

97. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97.

98. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98.

99. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99.

100. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

101. Denied, on the basis that BenQ lacks knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 101.

102. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102.

103. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104.

105. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105.

106. Denied, on the basis that BenQ lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106.

## AFFIRMATIVE DEFENSES

BenQ, on behalf of itself only, asserts the following as affirmative defenses to Plaintiff's complaint:

107. Upon information and belief, each asserted claim of the '214, '187, '065, and '588 patents is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101 *et seq.*, including at least §§ 102, 103, and 112, and the rules, regulations, and law pertaining thereto.

108. Upon information and belief, BenQ has not infringed any valid claim of the '214, '187, '065, and '588 patents, either directly, indirectly, literally, or under the doctrine of equivalents.

109. Upon information and belief, BenQ has not induced infringement of any valid claim of the '214, '187, '065, and '588 patents by any other party, either directly, indirectly, literally, or under the doctrine of equivalents.

110. Upon information and belief, BenQ has not contributed to the infringement of any valid claim of the '214, '187, '065, and '588 patents by any other party, either directly, indirectly, literally, or under the doctrine of equivalents.

111. BenQ is informed and believes, and based thereon alleges, that Plaintiff's claims are barred, in whole or in part, because of the doctrines of patent exhaustion, release and/or license.

112. BenQ is informed and believes, and based thereon alleges, that Plaintiff's claims are barred, in whole or in part, because of the doctrines of acquiescence, laches, estoppel, and/or waiver.

113. BenQ is informed and believes, and based thereon alleges, that Plaintiff and/or its licensees failed to follow the marking and/or notice requirements set forth in 35 U.S.C. § 287 and that Plaintiff is therefore precluded from recovering any damages for any period before the filing of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant BenQ prays for relief as follows:

A. An order dismissing all counts of the Complaint with prejudice and denying all relief sought by Plaintiff;

B. A judgment that each claim of the '214, '187, '065, and '588 patents is invalid;

C. A judgment that BenQ has not and does not infringe any claim of the '214, '187, '065, and '588 patents;

D. A judgment that BenQ has not induced any third party to infringe any claim of the '214, '187, '065, and '588 patents;

E. An award to BenQ of its costs and reasonable attorneys' fees; and

F.   An award to BenQ of such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BenQ hereby demands a trial by jury as to all issues triable by a jury.

Respectfully submitted,
CONNOLLY BOVE LODGE & HUTZ LLP

By:   /s/ Gerard O'Rourke
Gerard M. O'Rourke (I.D. No. 3265)
Daniel C. Mulveny (I.D. No. 3984)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 888-6208
Attorney for Defendant
BENQ CORPORATION

393901_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

### By Hand Delivery

**VIA EFILE and HAND DELIVERY**
Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
rherrmann@morrisjames.com
302-888-6800
*Attorney for*
*Plaintiff Guardian Industries Corp.*

**VIA EFILE and HAND DELIVERY**
Josy W. Ingersoll, Esq.
Young Conaway
  Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jingersoll@ycst.com
(302) 571-6600
*Attorney for Quanta Display, Inc.*

**VIA EFILE and HAND DELIVERY**
Robert W. Whetzel
Matthew W. King
Richards Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
302-651-7700
whetzel@rlf.com
king@rlf.com
*Attorney for Chunghwa Picture Tubes, Ltd.*
*a/k/a Chunghwa Picture Tubes Co.; Tatung*
*Co., Tatung Co. of America Inc.; and Jean*
*Co. Ltd.*

**VIA EFILE and HAND DELIVERY**
Richard L. Horwitz
David Ellis Moore
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951 Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
dmoore@potteranderson.com
302-984-6000
*Attorney for Acer Inc., and Acer America*
*Corp., Compal Electronics, Inc., Dell, Inc.,*
*Delta Electronics Inc., Delta Products Corp.,*
*Gateway, Inc., Hewlett-Packard Co., Lite-on*
*Technology Corp., Lite-on Inc a/k/a Liteon*
*Trading USA Inc., Proview International*
*Holdings Ltd., Proview Technology Inc., for*

I hereby certify that on May 16, 2005, I have mailed by United States Postal Service the following non-registered participants:

<u>**VIA U.S. MAIL**</u>

**VIA U.S. MAIL**
Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
*Attorney for*
*Plaintiff Guardian Industries Corp.*

**VIA U.S. MAIL**
Teresa M. Corbin
Howrey Simon Arnold & White
525 Market Street, Suite 3600
San Francisco, CA 94105
corbint@howrey.com
415-848-4900
*Attorney for Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Co.; Tatung Co., Tatung Co. of America Inc.; and Jean Co. Ltd.*

**VIA U.S. MAIL**
Daniel T. Shvodian
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434
650-463-8247
*Attorney for Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Co.; Tatung Co., Tatung Co. of America Inc.; and Jean Co. Ltd.*

**VIA U.S. MAIL**
Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
The Water Garden
1620 26th Street, 4th Floor, N Tower
Santa Monica, CA 90404-4060
(310) 907-1000
*Attorney for Quanta Display, Inc.*

**VIA U.S. MAIL**
Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
(512) 542-8400
*Attorneys for Dell, Inc.*

**VIA U.S. MAIL**
Robert J. Gunther, Jr.
Kurt M. Rogers
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200
*Attorneys for Gateway Inc.*

/s/ Daniel Mulveny
Daniel C. Mulveny (I.D. No. 3984)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 884-6593
Attorney for Defendant
BENQ CORPORATION

DATED: May 16, 2005