# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GUARDIAN INDUSTRIES CORPORATIONS, )
 )
   Plaintiff, )
 )
  v. ) Civil Action No. 05-27-SLR
 )
DELL, INC.; ) **JURY TRIAL DEMANDED**
GATEWAY, INC.; )
HEWLETT-PACKARD COMPANY; )
ACER INC.; )
ACER AMERICA CORPORATION; )
AOC INTERNATIONAL; )
ENVISION PERIPHERALS, INC.; )
TPV TECHNOLOGY, LTD.; )
TPV INTERNATIONAL (USA), INC.; )
AIJ OPTRONICS CORPORATION; )
AU OPTRONICS CORPORATION AMERICA a/k/a )
AU OPTRONICS AMERICA, INC.; )
BENQ CORPORATION; )
BENQ AMERICA CORPORATION; )
CHUNGHWA PICTURE TUBES, LTD a/k/a )
CHUNGHWA PICTURE TUBES COMPANY; )
TATUNG COMPANY; )
TATUNG COMPANY OF AMERICA, INC.; )
BOE HYDIS TECHNOLOGY COMPANY, LTD.; )
BOE HYDIS AMERICA INC.; )
CHI MEI OPTOELECTRONICS; )
COMPAL ELECTRONICS, INC.; )
DELTA ELECTRONICS, INC.; )
DELTA PRODUCTS CORPORATION; )
DELTA ELECTRONICS (THAILAND) PUBLIC )
COMPANY, LTD.; )
HANNSTAR DISPLAY CORPORATION; )
JEAN CO., LTD.; )
LITE-ON TECHNOLOGY CORPORATION; )
LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; )
MAG TECHNOLOGY COMPANY, LTD.; )
MAG TECHNOLOGY USA, INC.; )
PROVIEW INTERNATIONAL HOLDINGS, LTD.; )
PROVIEW TECHNOLOGY, INC.; )
PROVIEW ELECTRONICS COMPANY, LTD.; and )
QUANTA DISPLAY, INC., )
 )
   Defendants )

## DEFENDANT QUANTA DISPLAY, INC.'S ANSWER AND
## COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Quanta Display, Inc. ("QDI") files this Answer and Counterclaims to Guardian Industries Corporation's ("Guardian" or "Plaintiff") First Amended Complaint for Patent Infringement (the "First Amended Complaint"), along with its defenses, denying infringement of any valid and/or enforceable claim of U.S. Patent No. 5,570,214 ("the '214 patent"), US. Patent No. 5,694,187 ("the '187 patent"), U.S. Patent No. 6,226,065 ("the '065 patent") or U.S. Patent No. 6,229,588 ("the '588 patent"),  and referred to collectively herein as "the Patents-in-Suit."

## I.    ANSWER

1.    QDI admits that Plaintiff alleges an action for patent infringement.  QDI denies that  it has infringed, willfully or otherwise, any valid and/or enforceable claim of the Patents-in-Suit.  QDI lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the First Amended Complaint, and therefore denies them.

2.    QDI admits that the Patents-in-Suit generally relate to specific Liquid Crystal Displays ("LCDs") and that an LCD is a type of flat panel display that is used in some computer monitors.  QDI denies all remaining allegations in paragraph 2 of the First Amended Complaint.

3.    Based on the "Assignee" specified on the face of U.S. Patent No. 5,570,214 (the " '214 patent"), QDI denies that Guardian is the owner of the '214 patent. QDI admits the remaining allegation in paragraph 3 of the First Amended Complaint.

4.    Based on the "Assignee" specified on the face of U.S. Patent No. 5,694,187 (the " '187 patent"), QDI denies that Guardian is the owner of the '187 patent. QDI admits the remaining allegation in paragraph 4 of the First Amended Complaint.

5.    Based on the "Assignee" specified on the face of U.S. Patent No. 6,226,065 (the " '065 patent"), QDI denies that Guardian is the owner of the '065 patent. QDI admits the remaining allegation in paragraph 5 of the First Amended Complaint.

6.    Based on the "Assignee" specified on the face of U.S. Patent No. 6,229,588 (the " '588 patent"), QDI denies that Guardian is the owner of the '588 patent. QDI admits the remaining allegation in paragraph 6 of the First Amended Complaint.

2

7.    QDI admits that Plaintiff alleges an action for patent infringement. QDI denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the Patents-in-Suit.  QDI lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the First Amended Complaint, and therefore denies them.

8.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint, and therefore denies them.

9.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint, and therefore denies them.

10.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the First Amended Complaint, and therefore denies them.

11.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the First Amended Complaint, and therefore denies them.

12.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the First Amended Complaint, and therefore denies them.

13.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint, and therefore denies them.

14.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the First Amended Complaint, and therefore denies them.

15.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the First Amended Complaint, and therefore denies them.

16.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the First Amended Complaint, and therefore denies them.

17.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the First Amended Complaint, and therefore denies them.

18.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the First Amended Complaint, and therefore denies them.

19.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint, and therefore denies them.

20.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the First Amended Complaint, and therefore denies them.

21.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the First Amended Complaint, and therefore denies them.

22.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint, and therefore denies them.

23.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint, and therefore denies them.

24.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the First Amended Complaint, and therefore denies them.

25.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint, and therefore denies them.

26.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint, and therefore denies them.

27.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint, and therefore denies them.

28.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint, and therefore denies them.

29.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint, and therefore denies them.

30.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint, and therefore denies them.

31.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint, and therefore denies them.

32.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint, and therefore denies them.

33.     QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint, and therefore denies them.

WP3:1112610.1

64066.1001

34.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the First Amended Complaint, and therefore denies them.

35.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the First Amended Complaint, and therefore denies them.

36.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the First Amended Complaint, and therefore denies them.

37.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the First Amended Complaint, and therefore denies them.

38.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint, and therefore denies them.

39.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the First Amended Complaint, and therefore denies them.

40.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint, and therefore denies them.

41.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the First Amended Complaint, and therefore denies them.

42.    QDI admits that Quanta Display, Inc. is a corporation organized under the laws of the Republic of China (Taiwan) with an office and principal place of business located in Taiwan.   Otherwise, QDI denies the allegations set forth in paragraph 42 of the First Amended Complaint.

43.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the First Amended Complaint, and therefore denies them.

44.    QDI admits that the First Amended Complaint purports to set forth a cause of action arising under the patent laws of the United States, and that subject matter jurisdiction is proper in this Court for purpose of this action under 28 U.S.C. §§ 1331 and 1338(a).

45.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the First Amended Complaint to the extent that such allegations are directed to QDI, and therefore denies them.  For any allegations contained in paragraph 45 of the First Amended Complaint that are directed towards defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of these allegations and therefore denies them.

46.    QDI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the First Amended Complaint to the extent that such allegations are directed to QDI, and therefore denies them.  For any allegations contained in paragraph 46 of the First Amended Complaint that are directed towards defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## COUNT I

47.    No new allegations are contained within paragraph 47 and a response by QDI is not necessary.  To the extent a response may be deemed necessary, QDI incorporates herein by reference its responses to paragraphs 1-46 and denies the allegations in paragraph 47.

48.    QDI admits that the face of the '214 patent indicates that it was issued on October 29, 1996.  QDI denies the remaining allegations in paragraph 48 of the First Amended Complaint.

49.    QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '214 patent.  QDI denies the

remaining allegations, if any, contained in paragraph 49 of the First Amended Complaint to the extent such allegations are directed to QDI. For any allegations contained in paragraph 49 of the First Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

50.    It is not possible to determine whether the allegations in paragraph 50 of the First Amended Complaint are directed to QDI. To the extent such allegations are directed to QDI, they are denied. For any allegations contained in paragraph 50 of the First Amended Complaint that are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

51.    QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '214 patent. QDI denies the remaining allegations, if any, contained in paragraph 51 of the First Amended Complaint to the extent such allegations are directed to QDI. For any allegations contained in paragraph 51 of the First Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52.    The allegations contained in paragraph 52 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

53.    The allegations contained in paragraph 53 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

54.    The allegations contained in paragraph 54 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by

8

QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55.    The allegations contained in paragraph 55 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

56.    The allegations contained in paragraph 56 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

57.    The allegations contained in paragraph 57 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

58.    The allegations contained in paragraph 58 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59.    The allegations contained in paragraph 59 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

WP3:1112610.1                                                                    64066.1001

60.     The allegations contained in paragraph 60 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

61.     The allegations contained in paragraph 61 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT II

62.     No new allegations are contained within paragraph 62 and a response by QDI is not necessary.  QDI incorporates herein by reference its responses to paragraphs 1-46 and denies the allegations in paragraph 62.

63.     QDI admits that the face of the '187 patent indicates that it was issued on December 2, 1997.  QDI denies the remaining allegations in paragraph 63 of the First Amended Complaint.

64.     QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '187 patent.  QDI denies the remaining allegations, if any, contained in paragraph 64 of the First Amended Complaint to the extent such allegations are directed to QDI.  For any allegations contained in paragraph 64 of the First Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

65.     It is not possible to determine whether the allegations in paragraph 65 of the First Amended Complaint are directed to QDI.  To the extent such allegations are directed to QDI, they are denied.  For any allegations contained in paragraph 65 of the First Amended Complaint that are directed toward defendants other than QDI, QDI lacks

10

information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66.     QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '187 patent. QDI denies the remaining allegations, if any, contained in paragraph 66 of the First Amended Complaint to the extent such allegations are directed to QDI. For any allegations contained in paragraph 66 of the First Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

67.     The allegations contained in paragraph 67 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

68.     The allegations contained in paragraph 68 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

69.     The allegations contained in paragraph 69 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70.     The allegations contained in paragraph 70 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71.     The allegations contained in paragraph 71 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72.     The allegations contained in paragraph 72 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

73.     The allegations contained in paragraph 73 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

74.     The allegations contained in paragraph 74 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.     The allegations contained in paragraph 75 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76.     The allegations contained in paragraph 76 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

12

## COUNT III

77.     No new allegations are contained within paragraph 77 and a response by QDI is not necessary.  To the extent a response is deemed necessary, QDI incorporates herein by reference its responses to paragraphs 1-46 and denies the allegations in paragraph 77.

78.     QDI admits that the face of the '065 patent indicates that it was issued on May 1, 2001.  QDI denies the remaining allegations in paragraph 78 of the First Amended Complaint.

79.     QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '065 patent. QDI denies the remaining allegations, if any, contained in paragraph 79 of the First Amended Complaint to the extent such allegations are directed to QDI.  For any allegations contained in paragraph 79 of the First Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80.     It is not possible to determine whether the allegations in paragraph 80 of the First Amended Complaint are directed to QDI.  To the extent such allegations are directed to QDI, they are denied.  For any allegations contained in paragraph 80 of the First  Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

81.     QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '065 patent.  QDI denies the remaining allegations, if any, contained in paragraph 81 of the First Amended Complaint to the extent such allegations are directed to QDI.  For any allegations contained in paragraph 81 of the First Amended Complaint that are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

13

82.     The allegations contained in paragraph 82 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

83.     The allegations contained in paragraph 83 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

84.     The allegations contained in paragraph 84 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

85.     The allegations contained in paragraph 85 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

86.     The allegations contained in paragraph 86 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

87.     The allegations contained in paragraph 87 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

14

88.     The allegations contained in paragraph 88 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them..

89.     The allegations contained in paragraph 89 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them..

90.     The allegations contained in paragraph 90 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them..

91.     The allegations contained in paragraph 91 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT IV

92.     No new allegations are contained within paragraph 92 and a response by QDI is not necessary.  To the extent a response is deemed necessary, QDI incorporates herein by reference its responses to paragraphs 1-46 and denies the allegations in paragraph 92.

93.     QDI admits that the face of the '588 patent indicates that it was issued on May 8, 2001.  QDI denies the remaining allegations in paragraph 93 of the First Amended Complaint.

15

94.    QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '588 patent. QDI denies the remaining allegations, if any, contained in paragraph 94 of the First Amended Complaint to the extent such allegations are directed to QDI. For any allegations contained in paragraph 94 of the Fist Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

95.    It is not possible to determine whether the allegations in paragraph 95 of the First Amended Complaint are directed to QDI. To the extent such allegations are directed to QDI, they are denied. For any allegations contained in paragraph 95 of the First Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

96.    QDI denies that it has infringed, contributed to or actively induced infringement of any valid and/or enforceable claim of the '588 patent. QDI denies the remaining allegations, if any, contained in paragraph 96 of the First Amended Complaint to the extent such allegations are directed to QDI. For any allegations contained in paragraph 96 of the First Amended Complaint which are directed toward defendants other than QDI, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

97.    The allegations contained in paragraph 97 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

98.    The allegations contained in paragraph 98 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary. To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

WP3:1112610.1                                64066.1001

99.     The allegations contained in paragraph 99 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

100.    The allegations contained in paragraph 100 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

101.    The allegations contained in paragraph 101 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

102.    The allegations contained in paragraph 102 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

103.    The allegations contained in paragraph 103 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

104.    The allegations contained in paragraph 104 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

WP3:1112610.1                                           64066.1001

105.    The allegations contained in paragraph 105 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

106.    The allegations contained in paragraph 106 of the First Amended Complaint are directed toward defendants other than QDI and therefore no response by QDI is necessary.  To the extent that a response is deemed necessary, QDI lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## II.    **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

(Non-infringement)

107.    QDI has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '214 patent, and QDI is not liable for any such alleged infringement thereof.

108.    QDI has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '187 patent, and QDI is not liable for any such alleged infringement thereof.

109.    QDI has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '065 patent, and QDI is not liable for any such alleged infringement thereof.

110.    QDI has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '588 patent, and QDI is not liable for any such alleged infringement thereof.

WP3:1112610.1                                                                                                64066.1001

## Second Affirmative Defense

### (Invalidity)

111.    The '214 patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. section 100 *et. seq.*, including but not limited to 35 U.S.C. section 102, 103, and 112.

112.    The '187 patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. section 100 *et. seq.*, including but not limited to 35 U.S.C. section 102, 103, and 112.

113.    The '065 patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. section 100 *et. seq.*, including but not limited to 35 U.S.C. section 102, 103, and 112.

114.    The '588 patent, and each claim thereof, is invalid because it fails to comply with the provisions of the patent laws, 35 U.S.C. section 100 *et. seq.*, including but not limited to 35 U.S.C. section 102, 103, and 112.

## Third Affirmative Defense

### (Prosecution History Estoppel)

115.    To the extent that Guardian alleges infringement under the doctrine of equivalents, Guardian's alleged cause of action is barred under the doctrine of prosecution history estoppel, and Guardian is estopped from claiming that the '214 patent covers or includes any accused QDI product or service.

116.    To the extent that Guardian alleges infringement under the doctrine of equivalents, Guardian's alleged cause of action is barred under the doctrine of prosecution history estoppel, and Guardian is estopped from claiming that the '187 patent covers or includes any accused QDI product or service.

117.    To the extent that Guardian alleges infringement under the doctrine of equivalents, Guardian's alleged cause of action is barred under the doctrine of prosecution history estoppel, and Guardian is estopped from claiming that the '065 patent covers or includes any accused QDI product or service.

WP3:1112610.1                                                                    64066.1001

118.    To the extent that Guardian alleges infringement under the doctrine of equivalents, Guardian's alleged cause of action is barred under the doctrine of prosecution history estoppel, and Guardian is estopped from claiming that the '588 patent covers or includes any accused QDI product or service.

### Fourth Affirmative Defense

(Laches)

119.    Guardian is barred from obtaining relief sought in the First Amended Complaint because of the doctrine of laches.

### Fifth Affirmative Defense

(Equitable Estoppel)

120.    Guardian is barred from obtaining relief sought in the First Amended Complaint because of the doctrine of equitable estoppel.

### III.    COUNTERCLAIMS

By this Counterclaim, Quanta Display, Inc. ("QDI") seeks a declaration that it has not infringed the Patents-in-Suit (U.S. Patent Nos. 5,570,214, 5,694,187, 6,226,065, and 6,229,588), and that the Patents-in-Suit are invalid for failure to comply with the requirements of the patent laws.

### The Parties

121.    Counterclaimant Quanta Display, Inc. ("QDI") is a corporation organized and existing under the laws of the Republic of China (Taiwan), with its principal place of business located in Taiwan.

122.    On information and belief, counterclaim defendant Guardian Industries Corporation ("Guardian") is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan, 48326-1714.

### Jurisdiction and Venue

123.    The counterclaims include claims for declaratory judgment of patent noninfringement and patent invalidity, and jurisdiction is proper under the Federal

20

Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.,* concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

124.    Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

## Count One - Declaratory Relief Regarding Non-Infringement

125.    Based on the filing by Guardian of this suit and QDI's defenses, an actual controversy has arisen and now exists between the parties as to whether or not QDI has directly and/or indirectly infringed any valid and/or enforceable claim of the Patents-in-Suit.

126.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* QDI requests a declaration from the Court that QDI has not infringed any valid and/or enforceable claim of U.S. Patent No. 5,570,214, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

127.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* QDI requests a declaration from the Court that QDI has not infringed any valid and/or enforceable claim of U.S. Patent No. 5,694,187, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

128.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq ,* QDI requests a declaration from the Court that QDI has not infringed any valid and/or enforceable claim of U.S. Patent No. 6,226,065, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

129.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq ,* QDI requests a declaration from the Court that QDI has not infringed any valid and/or enforceable claim of U.S. Patent No. 6,229,588, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

WP3:1112610.1                                                                    64066.1001

**Count Two - Declaratory Relief Regarding Invalidity**

130.    Based on the filing by Guardian of this suit and QDI's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the Patents-in-Suit.

131.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* QDI requests a declaration from the Court that each of the claims of U.S. Patent No. 5,570,214 are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

132.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* QDI requests a declaration from the Court that each of the claims of U.S. Patent No. 5,694,187 are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

133.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* QDI requests a declaration from the Court that each of the claims of U.S. Patent No. 6,226,065 are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

134.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* QDI requests a declaration from the Court that each of the claims of U.S. Patent No. 6,229,588 are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## IV.    EXCEPTIONAL CASE

135.    This is an exceptional case under 35 U.S.C. § 285 and, as such, QDI is entitled to recover from Plaintiff QDI's attorneys' fees and costs incurred in connection with this action.

## V.    DEMAND FOR JURY TRIAL

136.    Pursuant to Federal Rule of Civil Procedure 28, Guardian hereby demands a trial by jury as to all fact issues in this lawsuit.

## PRAYER FOR RELIEF

QDI prays that:

(a) Plaintiffs First Amended Complaint against QDI be dismissed, with prejudice, and that judgment be entered in favor of QDI.

(b) Judgment be entered in favor of QDI declaring that each of the claims of the '214 patent, the '187 patent, the '065 patent, and the '588 patent are invalid, unenforceable and that QDI has not infringed any claim of such patents either literally or under the doctrine of equivalents.

(c) Judgment be entered in favor of QDI and against the Plaintiff that this is an exceptional case and awarding QDI its attorneys' fees and costs under 35 U.S.C. § 285; and

(d) QDI be awarded any such other and further relief as is just and proper.


Date: May 16, 2005

Josy W. Ingersoll (#1088)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-571-6600
jingersoll@ycst.com
Counsel for Defendant Quanta Display, Inc.

OF COUNSEL:

ALSCHULER GROSSMAN STEIN & KAHAN LLP
Vincent K. Yip (No. 170665)
Terry D. Garnett (No. 151212)
Peter J. Wied (No. 198475)
Maxwell A. Fox (No. 200016)
Jay C. Chiu (No. 205385)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000

24

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire hereby certify that on May 16, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard K. Herrmann, Esquire
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue
> Wilmington, DE 19801
>
> Robert W. Whetzel, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801
>
> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801
>
> Gerard M. O'Rourke, Esquire
> Connolly, Bove, Lodge & Hutz LLP
> 1007 N. Orange Street
> Wilmington, DE 19801
>
> Steven Balick, Esquire
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington DE 19801
>
> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.
> 919 N. Market Street, Suite 1100
> Wilmington, DE 19801

I further certify that on May 16, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

Bryan S. Hales, Esquire
Craig D. Leavell, Esquire
Meredith Zinanni, Esquire
Eric Hayes, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Daniel T. Shvodian, Esquire
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025

Teresa M. Corbin, Esquire
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com
Attorneys for Quanta Display, Inc.