**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GUARDIAN INDUSTRIES CORP., )
              Plaintiff, )
)
     v. )
)
DELL, INC; GATEWAY, INC.; )
HEWLETT-PACKARD COMPANY; ACER INC.; )
ACER AMERICA CORPORATION; )
AOC INTERNATIONAL; )
ENVISION PERIPHERALS, INC,; )
TPV TECHNOLOGY, LTD.; )
TPV INTERNATIONAL (USA), INC.; )   C.A. No.:  05-27-SLR
AU OPTRONICS CORPORATION; )
AU OPTRONICS CORPORATION AMERICA )   **JURY TRIAL DEMANDED**
  a/k/a AU OPTRONICS AMERICA, INC.; )
BENQ CORPORATION; )
BENQ AMERICA CORPORATION; )
CHUNGHWA PICTURE TUBES, LTD. a/k/a )
  CHUNGHWA PICTURE TUBES COMPANY; )
TATUNG COMPANY; )
TATUNG COMPANY OF AMERICA, INC.; )
BOE HYDIS TECHNOLOGY COMPANY, LTD; )
BOE HYDIS AMERICA INC.; )
CHI MEI OPTOELECTRONICS; )
COMPAL ELECTRONICS, INC.; )
DELTA ELECTRONICS, INC.; )
DELTA PRODUCTS CORPORATION; )
DELTA ELECTRONICS (THAILAND) )
PUBLIC COMPANY, LTD.; )
HANNSTAR DISPLAY CORPORATION; )
JEAN CO., LTD.; LITE-ON TECHNOLOGY )
CORPORATION; LITE-ON, INC. )
  a/k/a LITEON TRADING USA, INC.; )
MAG TECHNOLOGY COMPANY, LTD.; )
MAG TECHNOLOGY, INC.; )
PROVIEW INTERNATIONAL HOLDINGS, LTD.; )
PROVIEW TECHNOLOGY, INC.; )
PROVIEW ELECTRONICS COMPANY, LTD; and )
QUANTA DISPLAY, INC. )
             Defendants. )

**ANSWER AND DEFENSES OF DEFENDANT
ACER AMERICA CORPORATION TO FIRST AMENDED
COMPLAINT OF PLAINTIFF GUARDIAN INDUSTRIES CORP.**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Acer America Corporation ("Acer America") answers the First Amended Complaint of Plaintiff Guardian Industries, Corp. ("Guardian") for itself, and no other entity, as follows:

## NATURE OF THE ACTION

1.    In response to paragraph 1, Acer America admits that Guardian purports to assert a claim for patent infringement pursuant to Title 35 of the United States Code. Acer America denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit. With respect to the remaining allegations of paragraph 1, Acer America lacks sufficient information on which to form a belief as to their truth, and on that basis denies them.

2.    Acer America admits that the patents-in-suit purport to relate generally to Liquid Crystal Displays ("LCDs") and that in general, an LCD is a type of flat panel display that can be used in products such as computer monitors. Except as expressly so admitted, Acer America otherwise denies each and every allegation contained in paragraph 2.

3.    Acer America admits that the title of U.S. Patent No. 5,570,214 ("the '214 patent") reads "Normally White Twisted Nematic LCD with Retardation Films on Opposite Sides of Liquid Crystal Material for Improved Viewing Zone." Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies them.

4.    Acer America admits that the title of U.S. Patent No. 5,694,187 ("the '187 patent") reads "LCD Including A Negative Biaxial Retarder On Each Side Of

The Liquid Crystal Layer." Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies them.

5.    Acer America admits that the title of U.S. Patent No. 6,226,065 ("the '065 patent") reads "Liquid Crystal Display Having High Contrast Viewing Zone Centered in Positive or Negative Vertical Region." Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies them.

6.    Acer America admits that the title of U.S. Patent No. 6,229,588 ("the '588 patent") reads "Normally White LCD Including First and Second Biaxial Retarders." Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies them.

7.    Acer America admits that Guardian alleges an action for patent infringement in its First Amended Complaint. Acer America denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit. With respect to the remaining allegations of paragraph 7, Acer America lacks sufficient information on which to form a belief as to their truth, and on that basis denies them.

8.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them.

## THE PARTIES

9.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies them.

10.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies them.

11.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies them.

12.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies them.

13.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies them.

14.    Acer America admits that it is a corporation organized under the laws of the state of California with its principal place of business located at 2641 Orchard Parkway, San Jose, California 95134.

15.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies them.

16.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

17.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies them.

18.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

19.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies them.

20.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies them.

21.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies them.

22.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies them.

23.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies them.

24.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies them.

25.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies them.

26.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies them.

27.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies them.

28.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies them.

29.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies them.

30.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies them.

31.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies them.

32.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis denies them.

33.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies them.

34.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies them.

35.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies them.

36.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and on that basis denies them

37.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies them.

38.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and on that basis denies them.

39.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and on that basis denies them.

40.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and on that basis denies them.

41.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and on that basis denies them.

42.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and on that basis denies them.

43.    After a reasonable investigation, Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and on that basis denies them.

### JURISDICTION AND VENUE

44.    In response to paragraph 44, Acer America admits that Guardian purports to assert a claim for patent infringement pursuant to Title 35 of the United States Code. Acer America admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly so admitted, Acer America otherwise denies each and every allegation contained in paragraph 44.

45.    In response to paragraph 45, Acer America admits that this Court has personal jurisdiction over Acer America. Acer America denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the patents-in-suit. Acer America specifically denies any remaining allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 45, insofar as they are directed to any Defendant other than Acer America, Acer America lacks sufficient information on which to form a belief as to their truth, and on that basis denies them.

46.    In response to paragraph 46, Acer America admits venue is proper in the District of Delaware under 28 U.S.C. §§ 1391(b), and 1400(b). Except as expressly so admitted, Acer America otherwise denies each and every allegation contained in paragraph 46.

## COUNT I: INFRINGEMENT OF THE '214 PATENT

47.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-46 of its Answer above.

48.    In response to paragraph 48, Acer America admits that the United States Patent and Trademark Office issued the '214 patent and admits that on its face, the '214 patent has an issue date of October 29, 1996. Acer America specifically denies that the '214 patent is valid and that the United States Patent Office duly and legally issued the '214 patent. Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 48 and on that basis denies them.

49.    In response to paragraph 49, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 49, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

50.    In response to paragraph 50, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 50, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

51.    In response to paragraph 51, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 51, Acer America lacks sufficient

information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

52.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and on that basis denies them.

53.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and on that basis denies them.

54.    In response to paragraph 54, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. Acer America specifically denies that is has been aware of the '214 patent since at least as early as January 1998. With respect to the remaining allegations of paragraph 54, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

55.    In response to paragraph 55, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 55, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

56.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and on that basis denies them.

57.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and on that basis denies them.

58.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and on that basis denies them.

59.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and on that basis denies them.

60.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and on that basis denies them.

61.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and on that basis denies them.

## COUNT II: INFRINGEMENT OF THE '187 PATENT

62.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-46 of its Answer above.

63.    In response to paragraph 63, Acer America admits that the United States Patent and Trademark Office issued the '187 patent and admits that on its face, the '187 patent has an issue date of December 2, 1997. Acer America specifically denies that the '187 patent is valid and that the United States Patent Office duly and legally issued the '187 patent. Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 63 and on that basis denies them.

64.    In response to paragraph 64, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 64, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

65.    In response to paragraph 65, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With

respect to the remaining allegations of paragraph 65, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

66.    In response to paragraph 66, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 66, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

67.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and on that basis denies them.

68.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and on that basis denies them.

69.    In response to paragraph 69, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. Acer America specifically denies that is has been aware of the '187 patent since at least as early as February 1998. With respect to the remaining allegations of paragraph 69, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

70.    In response to paragraph 70, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 70, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

71.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and on that basis denies them.

72.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and on that basis denies them.

73.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and on that basis denies them.

74.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and on that basis denies them.

75.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and on that basis denies them.

76.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and on that basis denies them.

## COUNT III: INFRINGEMENT OF THE '065 PATENT

77.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-46 of its Answer above.

78.    In response to paragraph 78, Acer America admits that the United States Patent and Trademark Office issued the '065 patent and admits that on its face, the '065 patent has an issue date of May 1, 2001. Acer America specifically denies that the '065 patent is valid and that the United States Patent Office duly and legally issued the '065 patent. Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 78 and on that basis denies them.

79.    In response to paragraph 79, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 79, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

80.    In response to paragraph 80, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 80, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

81.    In response to paragraph 81, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 81, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

82.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and on that basis denies them.

83.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and on that basis denies them.

84.    In response to paragraph 84, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. Acer America specifically denies that is has been aware of the '065 patent since at least as early as May 2001. With respect to the remaining allegations of paragraph 84, Acer

America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

85. In response to paragraph 85, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 85, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

86. Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and on that basis denies them.

87. Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and on that basis denies them.

88. Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and on that basis denies them.

89. Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and on that basis denies them.

90. Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and on that basis denies them.

91. Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and on that basis denies them.

## COUNT IV: INFRINGEMENT OF THE '588 PATENT

92. Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-46 of its Answer above.

13

93.    In response to paragraph 93, Acer America admits that the United States Patent and Trademark Office issued the '588 patent and admits that on its face, the '588 patent has an issue date of May 8, 2001. Acer America specifically denies that the '588 patent is valid and that the United States Patent Office duly and legally issued the '588 patent. Except as so admitted, Acer America lacks sufficient information on which to form a belief as to the truth of the allegations of paragraph 93 and on that basis denies them.

94.    In response to paragraph 94, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 94, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

95.    In response to paragraph 95, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 95, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

96.    In response to paragraph 96, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 96, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

97.     Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and on that basis denies them.

98.     Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and on that basis denies them.

99.     In response to paragraph 99, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. Acer America specifically denies that is has been aware of the '588 patent since at least as early as May 2001. With respect to the remaining allegations of paragraph 99, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

100.     In response to paragraph 100, Acer America specifically denies each and every allegation contained therein insofar as they pertain to Acer America. With respect to the remaining allegations of paragraph 100, Acer America lacks sufficient information regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

101.     Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 and on that basis denies them.

102.     Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and on that basis denies them.

103.     Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and on that basis denies them.

104.     Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and on that basis denies them.

105.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 and on that basis denies them.

106.    Acer America lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 and on that basis denies them.

## RESPONSE TO GUARDIAN'S PRAYER FOR RELIEF

107.    Acer America denies that Guardian is entitled to be awarded any of the relief sought in its prayer for relief against Acer America, its officers, directors, servants, managers, employees, agents, attorneys, successors and assignees, and those acting in privity or concert with Acer America. Acer America has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed, willfully, or otherwise, any of the patents-in-suit. Guardian is not entitled to recover statutory damages, compensatory damages, accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Acer America. Guardian's prayer should, therefore, be denied in its entirety and with prejudice, and Guardian should take nothing therefore.

## DEFENSES

For its further and separate defenses to the First Amended Complaint, Acer America alleges as follows:

## FIRST DEFENSE

### (Failure to State a Claim)

108.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

109.    Guardian's claims for relief and each and every one of its allegations, fail to state a claim upon which any relief may be granted against Acer America.

## SECOND DEFENSE

### (Laches)

110.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

111.    Guardian's claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

## THIRD DEFENSE

### (Estoppel)

112.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

113.    Guardian's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH DEFENSE

### (Unclean Hands)

114.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

115.    Guardian's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH DEFENSE

### (Non-infringement of the Patents-in-Suit)

116.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

117.    Acer America has not in the past, and does not presently directly, indirectly, contributorily and/or by inducement infringe, any claim of the '214, '187, '065, or '588 patents, either literally or under the doctrine of equivalents.

## SIXTH DEFENSE

### (Invalidity of the Patents-in-Suit)

118.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

119.    Each of the patents-in-suit (the '214, '187, '065, and '588 patents) are invalid as not satisfying the conditions of patentability set forth in Part II of Title 35 of the United States Code, *inter alia*, Section Nos. 101, 102, 103, and/or 112, and Guardian's claim for relief is thus barred in whole or in part.

## SEVENTH DEFENSE

### (Patent Exhaustion)

120.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

121.    Guardian's claims for relief are barred, in whole or in part, by the doctrines of patent exhaustion, implied license, and/or have-made rights.

## EIGHTH DEFENSE

### (Patent Misuse)

122.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

123.    Guardian's claims for relief are barred, in whole or in part, by patent misuse.

## NINTH DEFENSE

### (Prosecution History Estoppel of the Patents-in-Suit)

124.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

125.    By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of each of the applications which resulted in the issuance of the patents-in-suit (the '214, '187, '065, and '588 patents), and by reason of admissions made by or on behalf of the applicants for such patents, Guardian is estopped from construing any claim of any of the four patents at issue to cover and/or include any Acer America product, process, or method which Guardian alleges infringes.

## TENTH DEFENSE

### (Limitation of Damages)

126.    Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

127.    Guardian's claim for relief and prayer for damages are limited by 35 U.S.C. § 286.

## ELEVENTH DEFENSE

### (Failure to Mark)

128.   Acer America hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-107 of its Answer above.

129.   Guardian's claims for relief are barred in whole or in part, by the failure to mark by Guardian or Guardian's predecessors in interest or those acting at the direction or permission of Guardian or Guardian's predecessors in interest, as required by 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, defendant Acer America prays for judgment as follows:

A.   That Guardian take nothing by its First Amended Complaint and that the First Amended Complaint be dismissed with prejudice;

B.   For this case to be considered exceptional under 35 U.S.C. § 285 and for an award of Acer America's attorneys' fees and all other costs of the action from Guardian; and

C.   That Acer America be granted such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Acer America hereby

demands trial by jury of all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Eric Wesenberg
Kai Tseng
Rowena Young
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400 (Phone)
(650) 614-7401 (Facsimile)
ewesenberg@orrick.com
ktseng@orrick.com
ryoung@orrick.com

Dated: May 16, 2005

By: _____
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Attorneys for Defendant
ACER AMERICA CORPORATION

682355

21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## **CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 16, 2005, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following

and the document is available for viewing and downloading from CM/ECF:

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Robert W. Whetzel
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

I hereby certify that on May 16, 2005, I have Federal Expressed the documents to the following non-registered participants:

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26gh Street, 4th Floor, N Tower
Santa Monica, CA  90404-4060

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568

Kai Tseng
Eric L. Wesenberg
Rowena Young
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Jeffrey K. Sherwood
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  9410534

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960

Kurt M. Rogers
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, NY 10022-4834

E. Robert Yoches
Laura P. Masurovsky
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001

By: _____

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

679634