IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., | ) |
|                    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DELL, INC; GATEWAY, INC.; | ) |
| HEWLETT-PACKARD COMPANY; ACER INC.; | ) |
| ACER AMERICA CORPORATION; | ) |
| AOC INTERNATIONAL; | ) |
| ENVISION PERIPHERALS, INC,; | ) |
| TPV TECHNOLOGY, LTD.; | ) |
| TPV INTERNATIONAL (USA), INC.; | )   C.A. No.: 05-27-SLR |
| AU OPTRONICS CORPORATION; | ) |
| AU OPTRONICS CORPORATION AMERICA | )   **JURY TRIAL DEMANDED** |
|   a/k/a AU OPTRONICS AMERICA, INC.; | ) |
| BENQ CORPORATION; | ) |
| BENQ AMERICA CORPORATION; | ) |
| CHUNGHWA PICTURE TUBES, LTD. a/k/a | ) |
|   CHUNGHWA PICTURE TUBES COMPANY; | ) |
| TATUNG COMPANY; | ) |
| TATUNG COMPANY OF AMERICA, INC.; | ) |
| BOE HYDIS TECHNOLOGY COMPANY, LTD; | ) |
| BOE HYDIS AMERICA INC.; | ) |
| CHI MEI OPTOELECTRONICS; | ) |
| COMPAL ELECTRONICS, INC.; | ) |
| DELTA ELECTRONICS, INC.; | ) |
| DELTA PRODUCTS CORPORATION; | ) |
| DELTA ELECTRONICS (THAILAND) | ) |
| PUBLIC COMPANY, LTD.; | ) |
| HANNSTAR DISPLAY CORPORATION; | ) |
| JEAN CO., LTD.; LITE-ON TECHNOLOGY | ) |
| CORPORATION; LITE-ON, INC. | ) |
|   a/k/a LITEON TRADING USA, INC.; | ) |
| MAG TECHNOLOGY COMPANY, LTD.; | ) |
| MAG TECHNOLOGY, INC.; | ) |
| PROVIEW INTERNATIONAL HOLDINGS, LTD.; | ) |
| PROVIEW TECHNOLOGY, INC.; | ) |
| PROVIEW ELECTRONICS COMPANY, LTD; and | ) |
| QUANTA DISPLAY, INC. | ) |
|                    Defendants. | ) |

**PROVIEW DEFENDANTS' ANSWER AND DEFENSES**

Defendants Proview International Holdings, Ltd, Proview Technology, Inc., Proview Electronics Company, Ltd. Company, Ltd, and Proview Technology USA, Inc., (collectively "PROVIEW defendants"), by their undersigned attorneys, hereby submit their Answer in response to the First Amended Complaint for Patent Infringement ("Amended Complaint") filed by Guardian Industries Corp. ("Guardian").

## NATURE OF THE ACTION

1. The PROVIEW Defendants admit that this case alleges patent infringement but deny that they have committed the alleged acts of infringement. The PROVIEW Defendants lack sufficient information on which to admit or deny the remaining allegations in paragraph 1 of the Complaint.

2. Admitted.

3. The PROVIEW Defendants admit that United States Patent No. 5,570,214 (the "214 Patent") is entitled "Normally White Twisted Nematic LCD with Retardation Films on Opposite Sides of Liquid Crystal Material for Improved Viewing Zone." The PROVIEW Defendants lack sufficient information on which to admit or deny the remaining allegations in paragraph 3 of the Complaint.

4. The PROVIEW Defendants admit that United States Patent No. 5,694,187 (the "187 Patent") is entitled "LCD Including a Negative Biaxial Retarder On Each Side Of The Liquid Crystal Layer." The PROVIEW Defendants lack sufficient information on which to admit or deny the remaining allegations in paragraph 4 of the Complaint.

5. The PROVIEW Defendants admit that United States Patent No. 6,226,065 (the "065 Patent") is entitled "Liquid Crystal Display Having High Contrast Viewing Zone Centered In Positive Or Negative Vertical Region." The PROVIEW Defendants

lack sufficient information on which to admit or deny the remaining allegations in paragraph 5 of the Complaint.

6. The PROVIEW Defendants admit that United States Patent No. 6,229,588 (the "588 Patent") is entitled "Normally White LCD Including First and Second Biaxial Retarders." The PROVIEW Defendants lack sufficient information on which to admit or deny the remaining allegations in paragraph 6 of the Complaint.

7. The PROVIEW Defendants admit that this suit alleges patent infringement of the '214 Patent, the '187 Patent, the '588 Patent, and the '065 Patent (collectively "the Patents-in-Suit") but deny that they have committed the alleged acts of infringement. The PROVIEW Defendants lack sufficient information on which to admit or deny the remaining allegations in paragraph 7 of the Complaint.

8. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 8 of the Complaint.

## THE PARTIES

9. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 9 of the Complaint.

10. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 10 of the Complaint.

11. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 11 of the Complaint.

12. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 12 of the Complaint.

13. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 13 of the Complaint.

14. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 14 of the Complaint.

15. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 15 of the Complaint.

16. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 16 of the Complaint.

17. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 17 of the Complaint.

18. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 18 of the Complaint.

19. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 19 of the Complaint.

20. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 20 of the Complaint.

21. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 21 of the Complaint.

22. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 22 of the Complaint.

23. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 23 of the Complaint.

24. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 24 of the Complaint.

25. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 25 of the Complaint.

26. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 26 of the Complaint.

27. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 27 of the Complaint.

28. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 28 of the Complaint.

29. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 29 of the Complaint.

30. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 30 of the Complaint.

31. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 31 of the Complaint.

32. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 32 of the Complaint.

33. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 33 of the Complaint.

34. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 34 of the Complaint.

35. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 35 of the Complaint.

36. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 36 of the Complaint.

37. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 37 of the Complaint.

38. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 38 of the Complaint.

39. Admitted.

40. Admitted.

41. Admitted.

42. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 42 of the Complaint.

43. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 43 of the Complaint

## JURISDICTION AND VENUE

44. The PROVIEW Defendants admit that this Court has subject matter jurisdiction as to them only with respect to Plaintiff's claims, except that the PROVIEW Defendants deny that this Court has jurisdiction over plaintiff's claims to the extent that plaintiff seeks damages or an injunction arising out of any sales to the United States, jurisdiction over which is exclusively in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

45. The PROVIEW Defendants deny that any of them are subject to personal jurisdiction in the State of Delaware.

46. The PROVIEW Defendants deny that venue is proper in this judicial district as to them.

## COUNT I – INFRINGEMENT OF THE '214 PATENT

47. The PROVIEW Defendants incorporate by reference their responses herein to the allegations in paragraphs 1-46 of the Complaint.

48. The PROVIEW Defendants admit that a purported copy of the '214 Patent is attached to the Complaint as Exhibit 1. The PROVIEW Defendants deny that the '214 Patent was duly and legally issued. The PROVIEW Defendants lack sufficient information on which to admit or deny that the '214 Patent was duly and legally assigned to Guardian and that Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '214 Patent as alleged in paragraph 48 of the Complaint.

49. The PROVIEW Defendants deny the allegations in paragraph 49 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

50. The PROVIEW Defendants deny the allegations in paragraph 50 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

51. The PROVIEW Defendants deny the allegations in paragraph 51 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

52. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 52 of the Complaint.

6

53.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 53 of the Complaint.

54.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 54 of the Complaint.

55.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 55 of the Complaint.

56.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 56 of the Complaint.

57.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 57 of the Complaint.

58.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 58 of the Complaint.

59.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 59 of the Complaint.

60.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 60 of the Complaint.

61.	The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 61 of the Complaint.

**COUNT II – INFRINGEMENT OF THE '187 PATENT**

62.	The PROVIEW Defendants incorporate by reference their responses herein to the allegations in paragraphs 1-61 of the Complaint.

63.	The PROVIEW Defendants admit that a purported copy of the '187 Patent is attached to the Complaint as Exhibit 2. The PROVIEW Defendants deny that the '187

Patent was duly and legally issued. The PROVIEW Defendants lack sufficient information on which to admit or deny that the '187 Patent was duly and legally assigned to Guardian and that Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '187 Patent as alleged in paragraph 63 of the Complaint.

64. The PROVIEW Defendants deny the allegations in paragraph 64 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

65. The PROVIEW Defendants deny the allegations in paragraph 65 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

66. The PROVIEW Defendants deny the allegations in paragraph 66 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

67. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 67 of the Complaint.

68. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 68 of the Complaint.

69. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 69 of the Complaint.

70. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 70 of the Complaint.

71. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 71 of the Complaint.

72. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 72 of the Complaint.

73. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 73 of the Complaint.

74. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 74 of the Complaint.

75. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 75 of the Complaint.

76. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 76 of the Complaint.

## COUNT III – INFRINGEMENT OF THE '065 PATENT

77. The PROVIEW Defendants incorporate by reference their responses herein to the allegations in paragraphs 1-76 of the Complaint.

78. The PROVIEW Defendants admit that a purported copy of the '065 Patent is attached to the Complaint as Exhibit 3 and that the face of the patent indicates that the date of the patent is May 1, 2001. The PROVIEW Defendants deny that the '065 Patent was duly and legally issued. The PROVIEW Defendants lack sufficient information on which to admit or deny that the '065 Patent was duly and legally assigned to Guardian and that Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '065 patent as alleged in paragraph 78 of the Complaint.

79. The PROVIEW Defendants deny the allegations in paragraph 79 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

80. The PROVIEW Defendants deny the allegations in paragraph 80 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

9

81. The PROVIEW Defendants deny the allegations in paragraph 81 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

82. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 82 of the Complaint.

83. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 83 of the Complaint.

84. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 84 of the Complaint.

85. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 85 of the Complaint.

86. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 86 of the Complaint.

87. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 87 of the Complaint.

88. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 88 of the Complaint.

89. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 89 of the Complaint.

90. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 90 of the Complaint.

91. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 91 of the Complaint.

## COUNT IV – INFRINGEMENT OF THE '588 PATENT

92. The PROVIEW Defendants incorporate by reference their responses herein to the allegations in paragraphs 1-91 of the Complaint.

93. The PROVIEW Defendants admit that a purported copy of the '588 Patent is attached to the Complaint as Exhibit 4 and that the face of the patent indicates that the date of the patent is May 8, 2001. The PROVIEW Defendants deny that the '588 Patent was duly and legally issued. The PROVIEW Defendants lack sufficient information on which to admit or deny that the '588 Patent was duly and legally assigned to Guardian and that Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '588 patent as alleged in paragraph 93 of the Complaint.

94. The PROVIEW Defendants deny the allegations in paragraph 94 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

95. The PROVIEW Defendants deny the allegations in paragraph 95 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

96. The PROVIEW Defendants deny the allegations in paragraph 96 of the Complaint to the extent those allegations are directed against the PROVIEW Defendants.

97. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 97 of the Complaint.

98. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 98 of the Complaint.

99. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 99 of the Complaint.

100. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 100 of the Complaint.

101. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 101 of the Complaint.

102. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 102 of the Complaint.

103. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 103 of the Complaint.

104. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 104 of the Complaint.

105. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 105 of the Complaint.

106. The PROVIEW Defendants lack sufficient information on which to admit or deny the allegations in paragraph 106 of the Complaint.

### **PROVIEW DEFENDANTS' DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Without altering the burdens of proof, the PROVIEW Defendants assert the following defenses. The PROVIEW Defendants have not yet had sufficient time and opportunity to collect and review all of the information that may be relevant to the matters raised herein and, furthermore, discovery of the Plaintiff has not yet begun. The PROVIEW Defendants reserve the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

**FIRST DEFENSE**

On information and belief, each of the claims of the '214, '187, '588, and '065 patents are each invalid for failure to comply with one or more of the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

**SECOND DEFENSE**

The PROVIEW Defendants have not infringed, contributed to infringement or induced infringement of the '214, '187, '588 or '065 patents, either literally or under the doctrine of equivalents. The PROVIEW Defendants have not yet had sufficient time and opportunity to collect and review all of the information that may be relevant to the matters raised herein, and reserve the right to modify and/or expand this defense as further information becomes available and discovery proceeds in this case.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of prosecution laches.

**FIFTH DEFENSE**

Plaintiff's claim/prayer for damages is limited by 35 U.S.C. § 286.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

## SEVENTH DEFENSE

Plaintiff's claims are barred for failing to state a claim upon which relief can be granted

## EIGHTH DEFENSE

The PROVIEW Defendants are not subject to personal jurisdiction in the State of Delaware.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Proview International Holdings, Ltd., Proview Technology, Inc., and Proview Electronics Company, Ltd. respectfully request:

    A.    Judgment in their favor, and against Guardian, on Guardian's complaint.

    B.    Judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding the PROVIEW Defendants their attorneys fees, expenses and costs in this action; and

    C.    Such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the PROVIEW Defendants hereby respectfully request a trial by jury as to any issues in this action so triable.

| | |
|---|---|
| OF COUNSEL: | POTTER, ANDERSON & CORROON LLP |
| Yitai Hu<br>580 California Street, Suite 1500<br>San Francisco, CA 94104-1036<br>Tele: (415) 765-9580 | By: _____<br>Richard L. Horwitz<br>David E. Moore<br>Hercules Plaza, 6th Floor<br>1313 North Market Street |
| Jeffrey K. Sherwood<br>AKIN GUMP STRAUSS HAUER &<br>FELD, LLP<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036<br>Tele: (202) 887-4000 | Wilmington, DE 19801<br>(302) 984-6000<br><br>*Attorney for Defendants*<br>*Proview International Holdings, Ltd.,*<br>*Proview Technology, Inc., and*<br>*Proview Electronics Company, Ltd.* |
| Kevin R. Hamel<br>Aaron Ettelman<br>AKIN GUMP STRAUSS HAUER &<br>FELD, LLP<br>One Commerce Square<br>2005 Market Street, Suite 2200<br>Philadelphia, PA 19103<br>Tele: (215) 965-1200 | |

Dated: May 16, 2005

682336

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 16, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Robert W. Whetzel
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

I hereby certify that on May 16, 2005, I have Federal Expressed the documents to the following non-registered participants:

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26gh Street, 4th Floor, N Tower
Santa Monica, CA 90404-4060

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

Kai Tseng
Eric L. Wesenberg
Rowena Young
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Jeffrey K. Sherwood
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 9410534

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Kurt M. Rogers
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, NY 10022-4834

E. Robert Yoches
Laura P. Masurovsky
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001

By: _____
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

679634