**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **GUARDIAN INDUSTRIES CORP.,**<br><br>    **Plaintiff,**<br>    v.<br><br>**DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD CO.;<br>ACER INC.; ACER AMERICA CORP.; AOC INTERNATIONAL;<br>ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.;<br>TPV INTERNATIONAL (USA), INC.; AU OPTRONICS CORP.;<br>AU OPTRONICS CORPORATION AMERICA<br>a/k/a AU OPTRONICS AMERICA, INC.; BENQ CORP.;<br>BENQ AMERICA CORP.; CHUNGHWA PICTURE TUBES, LTD.<br>a/k/a CHUNGHWA PICTURE TUBES CO.;<br>TATUNG CO.; TATUNG CO. OF AMERICA, INC.;<br>BOE HYDIS TECHNOLOGY CO., LTD.;<br>BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS;<br>COMPAL ELECTRONICS, INC.; HANNSTAR DISPLAY CORP.;<br>JEAN CO., LTD.; LITE-ON TECHNOLOGY CORP.;<br>LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;<br>MAG TECHNOLOGY CO., LTD.;<br>MAG TECHNOLOGY USA, INC.;<br>PROVIEW INTERNATIONAL HOLDINGS, LTD.;<br>PROVIEW TECHNOLOGY, INC.;<br>PROVIEW ELECTRONICS CO., LTD.; and<br>QUANTA DISPLAY, INC.<br><br>    Defendants.** | **Case No.: 05-27-SLR**<br><br>**Jury Trial Demanded** |

**GUARDIAN'S REPLY TO TATUNG COMPANY AND
TATUNG COMPANY OF AMERICA, INC'S COUNTERCLAIMS**

Guardian Industries Corp. ("Guardian") replies to Tatung Company and Tatung Company of America, Inc.'s (collectively, "Tatung") counterclaims as follows:

**REPLY TO COUNTERCLAIMS**

112.   Admitted.

113.   Admitted.

114.   Admitted.

115. Guardian admits that Tatung's counterclaims purport to include claims for declaratory judgment of non-infringement and invalidity and that this Court has jurisdiction over the subject matter of these particular counterclaims, but denies that the counterclaims have any merit and denies that Tatung is entitled to any of the relief sought in its counterclaims or Prayer. Guardian denies any and all remaining averments in Paragraph 115 of Tatung's counterclaims.

116. Guardian admits that venue is proper in this Court.

117. Guardian admits that there exists an actual controversy between Guardian and Tatung concerning infringement of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 117 of Tatung's counterclaims.

118. Paragraph 118 of Tatung's counterclaims is a request for relief, and does not state any allegation that calls for a response. Tatung is not entitled to a declaration from the Court that Tatung has not infringed any of the '214, '187, '065 and '588 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents. Guardian denies any and all remaining averments in Paragraph 118 of Tatung's counterclaims.

119. Guardian admits that there exists an actual controversy between Guardian and Tatung concerning the alleged invalidity of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 119 of Tatung's counterclaims.

120. Paragraph 120 of Tatung's counterclaims is a request for relief, and does not state any allegation that calls for a response. Tatung is not entitled to a declaration from the Court that any of the '214, '187, '065 and '588 patents are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Guardian denies any and all remaining averments in Paragraph 120 of Tatung's counterclaims.

121.    Guardian denies that Tatung is entitled to recover any attorneys' fees and/or costs from Guardian and denies that any of Guardian's activities provide any basis for finding in favor of Tatung on the issue of whether this is an exceptional case.  Guardian does contend that certain defendants' activities, including potentially Tatung, provide a basis for this Court to find, in favor of Guardian, that this is an exceptional case under 35 U.S.C. § 285, and to award Guardian its attorneys' fees and its costs incurred in connection with this litigation.  Guardian denies any and all remaining averments in Paragraph 121 of Tatung's counterclaims.

122.    Guardian admits that Paragraph 122 of Tatung's counterclaims requests a trial by jury as to all fact issues in this lawsuit.  Guardian further responds that Paragraph 122 of Tatung's filing contains no allegation that necessitates any admission or denial from Guardian, nonetheless, to the extent any response is necessary, Guardian denies any and all remaining averments in Paragraph 122 of Tatung's counterclaims.

WHEREFORE Guardian respectfully submits that Tatung's counterclaims should be dismissed, with costs assessed against Tatung, and seeks such further relief as the Court deems appropriate.

* * * * *

Dated: May 23, 2005

    */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. No. 405)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff Guardian Industries Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2005, I electronically filed the foregoing document, **GUARDIAN'S REPLY TO TATUNG COMPANY AND TATUNG COMPANY OF AMERICA'S COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Richard L. Horwitz, Esq.<br>David E. Moore, Esq.<br>Potter Anderson & Corroon<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801 | Gerard M. O'Rourke, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street, P.O. Box 2207<br>Wilmington, Delaware 19899-2207 |
| Robert W. Whetzel, Esq.<br>Matthew W. King, Esq.<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>Wilmington, DE  19801 | Josy W. Ingersoll, Esq.<br>Young, Conaway, Stargatt & Taylor LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 |

Additionally, I hereby certify that on the 23rd day of May, 2005, the foregoing document was served via email on the following non-registered participants:

| | |
|---|---|
| Daniel T. Shvodian, Esq.<br>Teresa M. Corbin, Esq.<br>Howrey LLP<br>301 Ravenswood Avenue<br>Menlo Park, CA  94025-3434<br>shvodiand@howrey.com<br>corbint@howrey.com | York M. Faulkner, Esq.<br>Finnegan Henderson Farabow Garrett & Dunner<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA  20190-5675<br>york.faulkner@finnegan.com |
| Roderick B. Williams, Esq.<br>Avelyn M. Ross, Esq.<br>Vinson & Elkins<br>2801 Via Fortuna, Suite 100<br>Austin, TX  78746-7568<br>rickwilliams@velaw.com<br>aross@velaw.com | Peter J.Wied, Esq.<br>Alschuler Grossman Stein & Kahan LLP<br>1620 26th Street, Fourth Floor, N Tower<br>Santa Monica, CA  90404-4060<br>pwied@agsk.com |

| | |
|---|---|
| Robert J. Gunther, Jr., Esq.<br>Kurt M. Rogers<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY  10022<br>robert.gunther@lw.com<br>kurt.rogers@lw.com<br><br>Jeffrey A. Snyder, Esq.<br>Thoits, Love, Hershberger & McLean<br>245 Lytton Avenue, Suite 300<br>Palo Alto, CA  94301<br>jsnyder@thoits.com | Robert C. Weems, Esq.<br>Baum & Weems<br>58 Katrina Lane<br>San Anselmo, CA  94960<br>rcweems@comcast.net<br><br>E. Robert Yoches, Esq.<br>Finnegan Henderson Farabow Garrett & Dunner<br>901 New York Avenue, NW<br>Washington, DC  20001<br>bob.yoches@finnegan.com |

      */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*

-6-