IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD CO.; ) <br> ACER INC.; ACER AMERICA CORP.; AOC INTERNATIONAL; ) <br> ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; ) <br> TPV INTERNATIONAL (USA), INC.; AU OPTRONICS CORP.; ) <br> AU OPTRONICS CORPORATION AMERICA ) <br> a/k/a AU OPTRONICS AMERICA, INC.; BENQ CORP.; ) <br> BENQ AMERICA CORP.; CHUNGHWA PICTURE TUBES, LTD. ) <br> a/k/a CHUNGHWA PICTURE TUBES CO.; ) <br> TATUNG CO.; TATUNG CO. OF AMERICA, INC.; ) <br> BOE HYDIS TECHNOLOGY CO., LTD.; ) <br> BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS; ) <br> COMPAL ELECTRONICS, INC.; HANNSTAR DISPLAY CORP.; ) <br> JEAN CO., LTD.; LITE-ON TECHNOLOGY CORP.; ) <br> LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; ) <br> MAG TECHNOLOGY CO., LTD.; ) <br> MAG TECHNOLOGY USA, INC.; ) <br> PROVIEW INTERNATIONAL HOLDINGS, LTD.; ) <br> PROVIEW TECHNOLOGY, INC.; ) <br> PROVIEW ELECTRONICS CO., LTD.; and ) <br> QUANTA DISPLAY, INC. ) <br> ) <br> Defendants. ) <br> ) | C.A. No.: 05-27-SLR <br><br> **Jury Trial Demanded** |

**GUARDIAN'S REPLY TO QUANTA DISPLAY INC.'S COUNTERCLAIMS**

Guardian Industries Corp. ("Guardian") replies to Quanta Display Inc.'s ("QDI") counterclaims as follows:

**REPLY TO COUNTERCLAIMS**

121.   Admitted.

122.   Admitted.

123. Guardian admits that QDI's counterclaims purport to include claims for declaratory judgment of non-infringement and invalidity and that this Court has jurisdiction over the subject matter of these particular counterclaims, but denies that the counterclaims have any merit and denies that QDI is entitled to any of the relief sought in its counterclaims or Prayer. Guardian denies any and all remaining averments in Paragraph 123 of QDI's counterclaim.

124. Admitted.

125. Guardian admits that there exists an actual controversy between Guardian and QDI concerning infringement of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 125 of QDI's counterclaims.

126. Paragraph 126 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that QDI has not infringed any claim of the '214 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents. Guardian denies any and all remaining averments in Paragraph 126 of QDI's counterclaims.

127. Paragraph 127 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that QDI has not infringed any claim of the '187 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents. Guardian denies any and all remaining averments in Paragraph 127 of QDI's counterclaims.

128. Paragraph 128 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that QDI has not infringed any claim of the '065 patent, either directly, contributorily, or by

inducement, or either literally or under the doctrine of equivalents. Guardian denies any and all remaining averments in Paragraph 128 of QDI's counterclaims.

129. Paragraph 129 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that QDI has not infringed any claim of the '588 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents. Guardian denies any and all remaining averments in Paragraph 129 of QDI's counterclaims.

130. Guardian admits that there exists an actual controversy between Guardian and QDI concerning the validity of the '214, '187, '065 and '588 patents. Guardian denies any and all remaining averments in Paragraph 130 of QDI's counterclaims.

131. Paragraph 131 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that the '214 patent is invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Guardian denies any and all remaining averments in Paragraph 131 of QDI's counterclaims.

132. Paragraph 132 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that the '187 patent is invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Guardian denies any and all remaining averments in Paragraph 132 of QDI's counterclaims.

133.     Paragraph 133 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that the '065 patent is invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Guardian denies any and all remaining averments in Paragraph 133 of QDI's counterclaims.

134.     Paragraph 134 of QDI's counterclaims is a request for relief, and does not state any allegation that calls for a response. QDI is not entitled to a declaration from the Court that the '588 patent is invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. Guardian denies any and all remaining averments in Paragraph 134 of QDI's counterclaims.

135.     Guardian denies that QDI is entitled to recover any attorneys' fees and/or costs from Guardian and denies that any of Guardian's activities provide any basis for finding in favor of QDI on the issue of whether this is an exceptional case. Guardian does contend that certain defendants' activities, including potentially QDI, provide a basis for this Court to find, in favor of Guardian, that this is an exceptional case under 35 U.S.C. § 285, and to award Guardian its attorneys' fees and its costs incurred in connection with this litigation. Guardian denies any and all remaining averments in Paragraph 135 of QDI's counterclaims.

136.     Admitted.

-5-

WHEREFORE Guardian respectfully submits that QDI's counterclaims should be dismissed, with costs assessed against QDI, and seeks such further relief as the Court deems appropriate.

* * * * *

Dated: June 1, 2005                     */s/ Richard K. Herrmann*
                                        Richard K. Herrmann (I.D. No. 405)
                                        MORRIS JAMES HITCHENS & WILLIAMS
                                        222 Delaware Avenue, 10th Floor
                                        Wilmington, Delaware 19801
                                        302.888.6800
                                        rherrmann@morrisjames.com

                                        Robert G. Krupka, P.C.
                                        Bryan S. Hales
                                        Craig D. Leavell
                                        Meredith Zinanni
                                        Eric D. Hayes
                                        KIRKLAND & ELLIS LLP
                                        200 East Randolph Drive
                                        Chicago, Illinois 60601
                                        (312) 861-2000

                                        *Counsel for Plaintiff Guardian Industries Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2005, I electronically filed the foregoing document, **GUARDIAN'S REPLY TO QUANTA DISPLAY INC.'S COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

Gerard M. O'Rourke, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street, P.O. Box 2207
Wilmington, Delaware 19899-2207

Josy W. Ingersoll, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 1st day of June, 2005, the foregoing document was served via email on the following non-registered participants:

Daniel T. Shvodian, Esq.
Teresa M. Corbin, Esq.
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA  94025-3434
shvodiand@howrey.com
corbint@howrey.com

Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
rickwilliams@velaw.com
aross@velaw.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
york.faulkner@finnegan.com

Peter J. Wied, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, Fourth Floor, N Tower
Santa Monica, CA  90404-4060
pwied@agsk.com

-2-

| | |
|---|---|
| Robert J. Gunther, Jr., Esq.<br>Kurt M. Rogers<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY  10022<br>robert.gunther@lw.com<br>kurt.rogers@lw.com | Robert C. Weems, Esq.<br>Baum & Weems<br>58 Katrina Lane<br>San Anselmo, CA  94960<br>rcweems@comcast.net |
| Jeffrey A. Snyder, Esq.<br>Thoits, Love, Hershberger & McLean<br>245 Lytton Avenue, Suite 300<br>Palo Alto, CA  94301<br>jsnyder@thoits.com | E. Robert Yoches, Esq.<br>Finnegan Henderson Farabow Garrett & Dunner<br>901 New York Avenue, NW<br>Washington, DC  20001<br>bob.yoches@finnegan.com |

　　　　 */s/ Richard K. Herrmann*　　　　
Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*