**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

GUARDIAN INDUSTRIES CORP.,
Plaintiff,

v.

DELL, INC; GATEWAY, INC.; HEWLETT-PACKARD COMPANY; ACER INC.; ACER AMERICA CORPORATION; AOC INTERNATIONAL; ENVISION PERIPHERALS, INC,; TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA), INC.; AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA a/k/a AU OPTRONICS AMERICA, INC.; BENQ CORPORATION; BENQ AMERICA CORPORATION; CHUNGHWA PICTURE TUBES, LTD. a/k/a CHUNGHWA PICTURE TUBES COMPANY; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; BOE HYDIS TECHNOLOGY COMPANY, LTD; BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS; COMPAL ELECTRONICS, INC.; DELTA ELECTRONICS, INC.; DELTA PRODUCTS CORPORATION; DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY, LTD.; HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; LITE-ON TECHNOLOGY CORPORATION; LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; MAG TECHNOLOGY COMPANY, LTD.; MAG TECHNOLOGY USA , INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; PROVIEW TECHNOLOGY, INC.; PROVIEW ELECTRONICS COMPANY, LTD; and QUANTA DISPLAY, INC.
Defendants.

C.A. No. 05-27-SLR

**JURY TRIAL DEMANDED**

**DELL INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING RESOLUTION OF THE CASES AGAINST LCD PRODUCT MANUFACTURERS**

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ........ 2

II. STATEMENT OF THE FACTS ........ 3

III. SUMMARY OF THE ARGUMENT ........ 4

IV. ARGUMENT ........ 5

A. Staying the Case as to Dell Will Simplify the Proceedings ........ 5

B. Guardian Will Not Be Prejudiced as a Result of the Stay ........ 7

C. Dell Will Be Prejudiced if a Stay Is not Entered ........ 8

V. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases**

*Cheyney State College Faculty v. Hufstedler*,
703 F.2d 732 (3d Cir. 1983) ..... 5

*Codex Corp. v. Milgo Electronics Corp.*,
553 F.2d 735 (1st Cir. 1977) ..... 7

*Commissariat Á L'Energie Atomique v. Dell Computer Corp., et al.*,
C.A. No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004). ..... 1, 5, 6

*Corning Glass Works v. U.S.*,
220 Ct. Cl. 605 (1979) ..... 7

*Honeywell International Inc., et al., v. Apple Computer, Inc., et al.*,
C.A. No. 04-1338-KAJ (D. Del. May 18, 2005) ..... 1, 4, 5, 6, 7

*Katz v. Lear Siegler, Inc.*
909 F.2d.1459 (Fed. Cir. 1990) ..... 6

*United Merchants & Mfrs. Inc. v. Henderson*,
495 F.Supp. 444 (N.D. Ill. 1980) ..... 5

*United Sweetener USA, Inc. v. NutraSweet Company*,
766 F.Supp. 212 (D. Del. 1991) ..... 5

By this motion to stay, Dell Inc. ("Dell") seeks to simplify this case in the interest of judicial and litigant economy. Like two other cases currently pending in this District, *Commissariat Á L'Energie Atomique v. Dell Computer Corp., et al.* ("*CEA*"), C.A. No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) (Ex. A hereto) and *Honeywell International, Inc. v. Apple Computer, Inc., et al.* ("*Honeywell*"), C.A. No. 04-1338-KAJ, slip op. (D. Del. May 18, 2005) (Ex. B hereto) this Action involves infringement allegations against both manufacturers and customers of LCDs and LCD modules. And, as stated by the Court in *CEA* and *Honeywell*, resolving the issues against the manufacturers of the LCDs prior to proceeding against the customers "would surely simplify this case." *Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *3

Each of the patents currently being asserted by Guardian Industries Corporation ("Guardian") contain claims directed exclusively to various technical attributes of liquid crystal displays ("LCD"). In general, Guardian has sued two classes of defendants in this action; those who manufacture LCDs (and who thus best understand the technical features of LCDs) and those who are merely direct or indirect customers of the LCD manufacturers (and who thus know very little about the LCDs). Dell is a pure customer of the LCDs that are accused of infringement. On the other hand, on information and belief, Dell's LCD suppliers and co-defendants, AU Optronics ("AUO"), BenQ Corporation ("Ben-Q"), Chunghwa Picture Tubes, LTD ("CPT"), Chi Mei Optoelectronics ("CMO"), Hannstar Display Corporation ("Hannstar") and Quanta Display, Inc. ("Quanta") are manufacturers of the accused LCDs. In addition, Lite-On Technology Corporation ("Lite-On"), another co-defendant and a Dell supplier, is a customer of the LCD manufacturers, and, similar to Dell, does not have the technical

information regarding the features of the LCDs. In light of the subject matter of the patents being asserted by Guardian, this case could be simplified and made more manageable by proceeding first with the cases against the LCD manufacturers only.

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Guardian filed this Action in January, 2005 alleging infringement of United States Patent No. 5,570,214, entitled "Normally White Twisted Nematic LCD with Retardation Films on Opposite Sides of Liquid Crystal Material for Improved Viewing Zone," United States Patent No. 5,694,187, entitled "LCD Including a Negative Biaxial Retarder on Each Side of the Liquid Crystal Layer," United States Patent No. 6,226,065, entitled "Liquid Crystal Display Having High Contrast Viewing Zone Centered in Positive or Negative Vertical Region," and United States Patent No. 6,229,588, entitled "Normally White LCD Including First and Second Biaxial Retarders" (collectively "the patents-in-suit" or "the Guardian patents"), naming some twenty-two (22) defendants (D.I. 1). On March 31, 2005, Guardian amended its complaint to add an additional eleven (11) defendants for a total of thirty-three defendants (D.I. 50). This Action ("Guardian II"), is the second action by Guardian alleging infringement of the Guardian patents.[1] As of the filing of this Motion, a number of defendants have yet to answer Guardian's Amended Complaint and at least one defendant, TPV Technology, Ltd., has not been served.

Dell, along with other defendants, has been working to negotiate a proposed scheduling order with Guardian and has conferred individually and collectively with Guardian on several occasions. Given the volume of named defendants representing

[1] The initial action, C. A. No. 1:03-cv-00934-SLR ("Guardian I"), also before this Court, included seventeen (17) defendants and was recently dismissed.

almost every stage within the LCD supply chain, Defendants' ability to negotiate an acceptable scheduling order has proven to be a difficult task. A status conference is scheduled for June 29, 2005. No discovery has been taken or requested. No trial dates have been set.

## II. STATEMENT OF THE FACTS

Dell, like other customer defendants, *e.g.*, Hewlett Packard, Gateway and Acer, does not design or manufacture any LCDs or LCD modules. *See* Declaration of Mitchell Markow ("Markow Decl."), ¶¶3-4, dated June 6, 2005 and attached as Ex. C hereto. Dell simply purchases LCDs as components for Dell products or purchases products containing LCDs as components. Each of the LCDs and LCD modules incorporated within or sold as a Dell product are directly supplied to Dell by a party named in this Action, Guardian I[2], or is an entity possessing and/or negotiating a license to the patents-in-suit. Specifically, Dell's suppliers of LCDs and LCD modules for its products includes AUO[3], BenQ[3], CPT, CMO[4], Hannstar, Lite-On, Quanta, Samsung Electronics*, Sharp Corporation*, LG Phillips* and Hitachi Corporation*.

Given the number of defendants, the scope of the infringement allegations in Guardian's complaint, and Guardian's failure to identify the specific "LCDs and related products" accused of infringement, careful consideration should be given to how best to

---

[2] The following list of Dell suppliers (designated above by an "*") obtained a license to the patents-in-suit in the Guardian I action: Samsung Electronics, Sharp Corporation, LG Phillips and Hitachi Corporation.

[3] Furthermore, Dell has recently learned that AUO and BenQ, two of Dell's suppliers in the present Action, have obtained a license to the patents-in-suit.

[4] In a letter dated June 3, 2005, counsel for Guardian identified CMO as a licensed entity.

structure this Action to allow for a meaningful and manageable proceeding. To put the complexity of this case into perspective, consider the following:

- Guardian named 33 defendants and Guardian broadly identified the allegedly infringing products as including "LCDs and related products"

- The potential number of LCD-containing products at issue which have been manufactured and/or sold by defendants could well be in the hundreds.

- In addition to the named defendants, there may be numerous LCD manufacturers impleaded through third-party practice.

- Many of the named defendants, Dell included, know virtually nothing concerning the pertinent aspects of the LCDs used in their products making a defense against this action unworkable.

The foregoing facts cause this Action to be unmanageable. There are simply too many defendants and too many products at issue.

## III. SUMMARY OF THE ARGUMENT

Defendant Dell hereby moves this Court to stay the claims asserted against it by Plaintiff Guardian — such claims pertain to products supplied to Dell as a pure customer. As detailed below, the resolution of Guardian's allegations of infringement against Dell, and the other customer defendants, hinges on whether the LCD devices manufactured by the LCD manufacturers infringe any valid and enforceable claim of the patents-in-suit. As has been recognized in similar contexts, including *CEA* and *Honeywell*, the determination of patent infringement claims against device manufacturers will, as a practical matter, resolve the case against the customers. And, as was also recognized in the *CEA* and *Honeywell* cases, it is the device manufacturers, who possess the technical information, witnesses and documentation necessary to a defense, that are in the best position to defend their products against claims of patent infringement. In stark contrast,

Dell and the other customer defendants have little if any knowledge concerning the design, manufacture and operation of the accused LCD modules. Accordingly, Dell respectfully requests that this Court stay further proceedings in this action against Dell pending resolution of Plaintiff's case against Dell's suppliers.

## IV. ARGUMENT

District courts possess broad, inherent authority to coordinate litigation matters as part of their trial management function. Included within these broad powers is the discretion to stay proceedings. *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983). In deciding whether to grant a stay district courts must consider several factors including:

> the possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case.

*See United Sweetener USA, Inc. v. NutraSweet Company*, 766 F.Supp. 212, 217 (D. Del. 1991)(quoting *United Merchants & Mfrs., Inc. v. Henderson,* 495 F.Supp. 444, 447 (N.D. Ill. 1980); *see also See e.g.*, *Commissariat Á L'Energie Atomique v. Dell Computer Corp., et al.*, C.A. No. 03-484-KAJ, 2004 WL 1554382, at *2 (D. Del. May 13, 2004) (identifying the following factors for consideration: (1) whether prejudice to the non-moving party exists; (2) whether the stay would result in simplifying the issues of the case; (3) whether discovery has been completed; and (4) whether a trial date has been set) (Ex. A hereto); *Honeywell International Inc., et al., v. Apple Computer, Inc., et al.*, C.A. No. 04-1338-KAJ, slip op. at 6 (D. Del. May 18, 2005) (Ex. B hereto).

### A. Staying the Case as to Dell Will Simplify the Proceedings

It cannot be disputed that fewer parties, fewer products and fewer attorneys will simplify this Action. A stay with respect to the customer defendants, like Dell, will serve

to streamline the litigation by permitting the parties having a "real interest" to focus on the principal issues. This will likely lead to a shorter trial and, as a result, will lessen the likelihood of jury confusion.

In addition, the determination of patent infringement claims against product manufacturers will, as a practical matter, resolve the case against the users of the manufactured products. *See e.g.*, *Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *2 (staying the case against customer defendants to "streamline the case and avoid piecemeal litigation"). In *CEA* this Court, believing a stay would simplify the issues for trial of the case, ordered a customer stay and stated:

> [i]t is common practice to stay all pending [patent] litigation except the first suit between the patent owner and a manufacturer or a higher level supplier. DAVID F. HERR, ANNOTATED MANUAL FOR COMPLEX LITIGATION, §33.63 (3d ed. 2003); *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"). Because the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of [Plaintiff's] asserted patents. ***Resolving these issues prior to proceeding against the OEM/distributors and retailers would surely simplify this case.*** If, for example, [Plaintiff's] patents were found invalid or the manufacturers would found to be not infringing, then there would be no need to proceed against the OEM/distributors or retailers, thus conserving judicial resources and expense to the parties.

*Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *3 (emphasis added).

Courts favor manufacturer suits over customer suits for some very practical reasons. For example, most recently in the *Honeywell* case, the Court found that:

> It is ***impracticable*** to try an infringement case against some 40 defendants or third-party defendants with many different accused devices, and it is unwise to attempt any such thing when liability depends exclusively upon infringement being found as to an LCD component that ***the defendants do not manufacture*** and ***when at least some of the manufacturers of the LCDs are before the court*** and are willing to stand behind their products in this litigation.

*Honeywell v. Apple*, C.A. No. 04-1338-KAJ, slip op. at 7 (emphasis added). The First Circuit has stated that "in reality, the manufacturer is the true defendant in the customer suit .... [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)(citations omitted). It is these manufacturers who have an overriding interest in defending their products and who have the technical acumen to defend against claims of patent infringement. *Corning Glass Works v. U.S.*, 220 Ct. Cl. 605 (1979). On the other hand purchasers and users, like Dell, of the allegedly infringing products possess little, if any, technical information concerning the design or manufacture of the accused product. Nor does Dell have the ability to fully and thoroughly address the substance of the claims raised by Guardian.

**B. Guardian Will Not Be Prejudiced as a Result of the Stay**

Guardian will not suffer prejudice were this Court to grant Dell's Motion to Stay because the resolution of the allegations of infringement against Dell hinges on whether the LCD devices manufactured and/or sold by Dell's suppliers infringe any valid enforceable claim of the patents-in-suit. Each of these issues may be decided without Dell's participation and are more properly directed toward Dell's direct suppliers. If Dell's suppliers are absolved of infringement in this Action, claims against Dell pertaining to those products must also be dismissed because Dell, as a recipient of non-infringing products would not be subject to liability. In essence, any judgment declaring non-infringement and/or invalidity of the patents-in-suit in favor of Dell's suppliers would similarly extend to Dell.

Furthermore, Guardian will not suffer any evidentiary prejudice given that discovery has not yet begun. *See, Honeywell v. Apple Computer*, C.A. No. 04-1338-KAJ, slip op. at 9 (further explaining that a stay would not unduly prejudice the Plaintiff because it would "vastly simplify the issues and trial" and "comes at [a] time when discovery has not even begun and no trial date has been set"). Guardian will have the full opportunity to prove its allegations of infringement. Discovery directed toward the LCD manufacturers and suppliers will provide Guardian with the relevant information regarding the allegedly infringing LCD products. All information relating to LCD and LCD modules used in Dell products may be readily obtained through discovery from the other existing parties, namely Dell's suppliers presently in this Action. Therefore, any discovery from Dell would be entirely duplicative and unnecessary in light of the information available through Dell's suppliers.

Finally, because Dell seeks only to stay this Action, Guardian will not be prevented from obtaining full satisfaction. In the event unresolved issues remain after the proceedings against Dell's suppliers, these issues can be addressed and/or litigated by Dell and the customer defendants.

**C. Dell Will Be Prejudiced if a Stay Is not Entered**

In stark contrast to Guardian, the failure to grant a stay will surely prejudice Dell as well as the other customer defendants. Failing to grant the stay will impose additional costs and require unnecessary time be spent by Dell and the other customer defendants through participation in this Action. For example, any discovery provided by Dell would certainly be duplicative of information available from Dell's manufacturing suppliers presently within this Action.

In addition, Dell is not well equipped to defend the case as Dell has little knowledge of the underlying technology in the LCDs it purchases. (Ex. C, Markow Decl., ¶¶ 3-4). As a pure customer, Dell has not been involved in the design or manufacture of the accused "LCDs and related products" and therefore does not possess any detailed information regarding the structure or operation of the LCDs and LCD modules. (Ex. C, Markow Decl., ¶¶ 3-4). Furthermore, Dell is not privy to the manufacturer's proprietary and confidential information that would be necessary to defend against Guardian's claims. As a result, Dell has been forced to defend an action without the necessary knowledge to mount any defense. Dell is simply a purchaser and user of the LCDs and LCD modules and not the real party in interest.

Dell's manufacturing suppliers, as the real parties in interest, are much better equipped to defend against Guardian's claims. These manufacturers have complete knowledge of the design, operation, and uses of the allegedly infringing "LCDs and related products" and thus, are much better suited to contest the validity, non-infringement and enforceability issues that will arise in this Action.

## V. CONCLUSION

Dell's continued presence in this Action will do little, if anything at all, to advance the resolution of the dispute between Guardian and the LCD manufacturers. A stay will serve to simplify litigation by removing unnecessary parties, focusing attention on the real parties in interest and streamlining the issues to be addressed by this Court. In light of the above and the fact that Guardian will not be prejudiced by a stay, Dell respectfully requests that this Court stay proceedings against it pending resolution of Guardian's claims against Dell's manufacturing suppliers. At this time, no Scheduling Order has been entered, no trial date has been set and no discovery has been served. Entering a stay now, before discovery begins will ensure the present action proceeds in a logical, efficient fashion and will avoid certain prejudice to Dell caused by unnecessary litigation.

POTTER ANDERSON & CORROON LLP

By: ______________________________
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Dell, Inc.*

OF COUNSEL:

Roderick B. Williams
Avelyn M. Ross
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel.: (512) 542-8400

Dated: June 7, 2005

685426

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on June 7, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Robert W. Whetzel
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

I hereby certify that on June 7, 2005, I have Federal Expressed the documents to the following non-registered participants:

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 9410534

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26gh Street, 4th Floor, N Tower
Santa Monica, CA 90404-4060

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

Kurt M. Rogers
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, NY 10022-4834

Kai Tseng
Eric L. Wesenberg
Rowena Young
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

E. Robert Yoches
Laura P. Masurovsky
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001

Jeffrey K. Sherwood
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

By: ______________________________
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

679634