IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP.,<br><br>                Plaintiff,<br>   v.<br><br>DELL, INC.; GATEWAY, INC.;<br>HEWLETT-PACKARD COMPANY; ACER INC.;<br>ACER AMERICA CORPORATION; AOC INTERNATIONAL;<br>ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.;<br>TPV INTERNATIONAL (USA), INC.;<br>AU OPTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION AMERICA a/k/a<br>AU OPTRONICS AMERICA, INC.;<br>BENQ CORPORATION; BENQ AMERICA CORPORATION;<br>CHUNGHWA PICTURE TUBES, LTD. a/k/a<br>CHUNGHWA PICTURE TUBES COMPANY;<br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>BOE HYDIS TECHNOLOGY COMPANY, LTD.;<br>BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS;<br>COMPAL ELECTRONICS, INC.;<br>HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.;<br>LITE-ON TECHNOLOGY CORPORATION:<br>LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;<br>MAG TECHNOLOGY COMPANY, LTD.;<br>MAG TECHNOLOGY USA, INC.;<br>PROVIEW INTERNATIONAL HOLDINGS, LTD.;<br>PROVIEW TECHNOLOGY, INC.;<br>PROVIEW ELECTRONICS COMPANY, LTD.; and<br>QUANTA DISPLAY, INC.<br><br>                Defendants. | Case No.: 05-27-SLR<br><br>Jury Trial Demanded |

**OPENING BRIEF BY TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC., AND JEAN COMPANY TO JOIN IN THE MOTION TO STAY THE CASE PENDING RESOLUTION AGAINST THE LCD MODULE MANUFACTURERS**

RLF1-2888025-1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

CONCLUSION ........................................................................................................................... 3

## TABLE OF AUTHORITIES

### CASES

*Commissariat L'Energie Atomique v. Dell Computer Corp.*,
2004 WL 1554382 (D. Del. May 13, 2004).................................................................2

*Honeywell Int'l, Inc. v. Apple Computer, Inc.*,
C.A. No. 04-1338-KAJ (D. Del. May 18, 2005) ..........................................................2

Defendants Tatung Company ("Tatung"), Tatung Company of America, Inc. ("Tatung America"), and Jean Company, Ltd. hereby incorporate and join in Dell's motion to stay the litigation against the customer defendants, and specifically against Tatung, Tatung America, and Jean, pending resolution of the case against the LCD module manufacturers.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Guardian Industries Corporation filed its initial complaint on January 19, 2005 and asserted that 22 defendants infringed four patents containing 65 claims. On March 31, 2005, Guardian filed an amended complaint that dismissed three defendants, but added 11 new defendants. While some of the defendants have answered the complaint, many have not, and at least one defendant has not yet been served.

The Rule 26(f) case management conference is currently scheduled for the week of June 27, and discovery has not yet commenced.

## STATEMENT OF FACTS

Tatung, Tatung America, and Jean, like Dell, do not design or manufacture any LCD modules. (*See* Declaration of Shih-Hua Tseng, ¶ 2 ("Tatung Declaration"); Declaration of Mike P. Lee, ¶ 2 ("Tatung America Declaration"); Declaration of Jeffrey Chen, ¶ 2 ("Jean Declaration")). Instead, they each purchase LCD modules or completed products such as TV's or computers that contain LCD modules. Each of the LCD modules or products containing LCD modules that are purchased by Tatung, Tatung America, and Jean are manufactured by one of the defendants named in this litigation. (*See* Tatung Declaration, ¶ 3; Tatung America Declaration, ¶ 3; Jean Declaration, ¶ 3).

Because they do not design or manufacture the LCD modules, Tatung, Tatung America, and Jean possess virtually no knowledge regarding the design of the LCD panels, the

RLF1-2888025-1

specifications of the components contained therein, or the arrangement of those components. (*See* Tatung Declaration, ¶¶ 4-5; Tatung Ameria Declaration, ¶¶ 4-5; Jean Declaration, ¶¶ 4-5).

## ARGUMENT

The legal basis for entering a stay and the compelling justification for doing so are set forth in Dell's motion, incorporated herein, and therefore need not be repeated. All of the reasons set forth in Dell's motion and as found by the court in *Commissariat Á L'Energie Atomique v. Dell Computer Corp.*, C.A. No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) and *Honeywell Int'l, Inc. v. Apple Computer, Inc.*, C.A. No. 04-1338-KAJ, Slip op. (D. Del. May 18, 2005),[1] are equally applicable to defendants Tatung, Tatung America, and Jean. Like the other defendants that do not manufacture LCD modules, these three defendants have little or no knowledge regarding the technical aspects of the LCD panels that will be in dispute in this litigation. Further, because the manufacturers of all the LCD panels contained in any products sold by these three defendants are included as named defendants in this litigation, there is no reason for the case to proceed concurrently against Tatung, Tatung America, and Jean. (*See* Tatung Declaration, ¶ 3; Tatung America Declaration, ¶ 3; Jean Declaration, ¶ 3).

One issue that Dell only briefly addressed in its brief is that the claims of the four patents-in-suit are directed to specific components and properties of the LCD panels. For example, the claims recite components of the panels (such as retarders and polarizers), performance characteristics for those components (such as retardations levels), and specific arrangements of those components (such as various alignments of optical axis). (*See, e.g.*, '214 patent at col. 33:61-38:48 (patent claims specifying retardation values and arrangements of

---

[1] *Honeywell Int'l, Inc. v. Apple Computer, Inc.* is attached at Exhibit A hereto.

transmission and optical axes)). Because Tatung, Tatung America, and Jean do not design or manufacture the LCD modules, they have little, if any, knowledge or documents regarding the design of those modules, the arrangements of the components therein, or the characteristics of those components. Instead, such information will likely lie within the possession of the LCD panel manufacturers, or within the possession of the manufacturers of the components used in the LCD panels. Therefore, the entry of a stay will not prejudice Guardian regarding any discovery necessary to prove whether the accused products fall within the claims of the patents.

## CONCLUSION

For the reasons set forth herein and in Dell's motion to stay, Tatung, Tatung America, and Jean respectfully request that the case against them be stayed until the resolution of the case against the LCD manufacturers.

OF COUNSEL:

Daniel T. Shvodian
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434
650.463.8247

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Dated: June 15, 2005

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd. a/k/a
Chunghwa Picture Tubes Company; Tatung
Company; Tatung Company of America,
Inc.; and Jean Co., Ltd.