**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **GUARDIAN INDUSTRIES CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | C.A. No.: |
| v. ) | 05-27-SLR |
| ) | |
| **DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD CO.;** ) | **Jury Trial** |
| **ACER INC.; ACER AMERICA CORP.;** ) | **Demanded** |
| **AOC INTERNATIONAL; ENVISION PERIPHERALS, INC.;** ) | |
| **TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA),** ) | |
| **INC.; AU OPTRONICS CORP.; AU OPTRONICS** ) | |
| **CORPORATION AMERICA A/K/A AU OPTRONICS** ) | |
| **AMERICA, INC.; BENQ CORP.; BENQ AMERICA CORP.;** ) | |
| **CHUNGHWA PICTURE TUBES, LTD. A/K/A CHUNGHWA** ) | |
| **PICTURE TUBES CO.; TATUNG CO.;** ) | |
| **TATUNG CO. OF AMERICA, INC.; BOE HYDIS** ) | |
| **TECHNOLOGY CO., LTD.; BOE HYDIS AMERICA INC.;** ) | |
| **CHI MEI OPTOELECTRONICS; COMPAL ELECTRONICS,** ) | |
| **INC.; HANNSTAR DISPLAY CORP.; JEAN CO., LTD.;** ) | |
| **LITE-ON TECHNOLOGY CORP.; LITE-ON, INC. A/K/A** ) | |
| **LITEON TRADING USA, INC.; MAG TECHNOLOGY CO.,** ) | |
| **LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW** ) | |
| **INTERNATIONAL HOLDINGS, LTD.; PROVIEW** ) | |
| **TECHNOLOGY, INC.; PROVIEW ELECTRONICS CO., LTD.;** ) | |
| **and QUANTA DISPLAY, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**GUARDIAN'S MOTION FOR CONSOLIDATED BRIEFING SCHEDULE
REGARDING DEFENDANTS' MOTIONS TO STAY**

Plaintiff Guardian respectfully requests that the Court set a consolidated briefing schedule for addressing the motions to stay filed by various defendants, in order to reduce the number of briefs provided to the Court and streamline the briefing process.

## Background

On June 7, 2005, Dell moved to stay Guardian's claims against it. (D.I. 109.) Since that time, Guardian has received motions to stay this case from four other defendants (D.I. 111, 113, and 114). Further, upon inquiry, Guardian learned on June 16 that four additional defendants plan to file motions to stay, thus presenting the following current and anticipated briefing schedule:

| Defendant | Motion Filed | Response Due | Reply Due |
| --- | --- | --- | --- |
| Dell | June 7, 2005 | June 21, 2005 | June 28, 2005 |
| Gateway | June 8, 2005 | June 22, 2005 | June 29, 2005 |
| Lite-On | June 10, 2005 | June 24, 2005 | July 1, 2005 |
| Tatung/Jean | June 14, 2005 | June 28, 2005 | July 6, 2005 |
| Hewlett-Packard | Anticipated June 17, 2005 | Anticipated July 1, 2005 | Anticipated July 8, 2005 |
| MAG | Anticipated week of June 20, 2005 | Anticipated week of July 4, 2005 | Anticipated week of July 11, 2005 |
| Proview | Anticipated week of June 20, 2005 | Anticipated week of July 4, 2005 | Anticipated week of July 11, 2005 |
| Envision/TPV | Anticipated week of June 20, 2005 | Anticipated week of July 4, 2005 | Anticipated week of July 11, 2005 |

The schedule will be extended further if any of the anticipated briefs are filed later than the week of June 20.

The motions to stay already filed present nearly identical legal issues. Similarly, although the defendants that have already filed have submitted declarations in support of their motions relating to their particular factual situation, the factual issues are nearly the same as well. Guardian expects the four motions not yet filed to present legal and factual issues similar to those already presented.

**Argument**

Because of the significant overlap in legal and factual issues, and to reduce the amount of paper that will be submitted to the Court, Guardian would like to consolidate its response to the pending and anticipated motions to stay into one brief. In short, it makes sense to allow Guardian to file one consolidated opposition brief rather than as many as nine opposition briefs. But since the defendants have thus far, and may further, present specific facts as to each of their motions, Guardian cannot provide one consolidated response until it has received each of the defendants' motions.

On June 15, 2005, Guardian asked counsel for Dell, Gateway, and Lite-On to agree to extend the time for Guardian to respond to their pending motions so that Guardian could file a single consolidated response to all of the motions to stay already filed on a schedule based on the last motion filed thus far by Jean and Tatung on June 14, 2005. Guardian should not have its time to consider the specific facts provided by a particular defendant shortened by virtue of the defendants' decision to stagger their motions. Although those defendants do not disagree that a consolidated response is appropriate, they refused to extend the time for Guardian to respond to their briefs unless Guardian agreed to further delay the scheduling conference, currently scheduled for June 29, 2005. Moreover, given that motions from four defendants are not expected until Monday, June 20, 2005 at the earliest, Guardian will be unable to file a single consolidated response to all motions to stay on Tuesday, June 21, 2005, the date its first response (to Dell) is due, and thus will need to file multiple responses with this Court to fully address these motions.

Guardian's request to set a consolidated briefing schedule makes sense for the Court and the parties, and defendants' attempt to condition consolidated briefing in

response on a further delay to the scheduling conference should be rejected. Whether or not to stay discovery is within the discretion of the Court. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Argos v. Orthotec LLC*, 304 F. Supp.2d 591, 598 (D. Del. 2004). The simple act of filing a motion to stay should not serve to eliminate the defendants' obligations. *See Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Simple logic teaches us that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."); *see also Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992). Just as they would not be able to avoid discovery by simply filing motions to stay, defendants should not be able to force a further delay in the scheduling conference by offering Guardian the "choice" of agreeing to delay the conference, or filing as many as nine opposition briefs.

This is particularly true here. First, it has already been nearly five months since Guardian filed this case on January 19, 2005. (D.I. 1.) Guardian has given the defendants liberal extensions of time to answer, and Guardian already agreed once to postpone the scheduling conference, originally scheduled for June 3, 2005, at the request of defendants. Simply put, it is time to set the schedule for this case and allow it to proceed.

Second, the defendants raised the issue of staying the case against the "non-manufacturing" defendants during a May 19, 2005 meet-and-confer, held at the defendants' request to discuss postponing the original scheduling conference, and at least one defendant had raised the issue of a stay by April 7, 2005. Yet the first motion to stay

4

was not filed until June 7, 2005, with the additional pending motions to stay filed piecemeal following that date, and at least four defendants have not yet filed their anticipated motions to stay.

All defendants have participated in discussions regarding the case schedule, and there is no reason for it to be further delayed. The defendants had sufficient time to consider, prepare, and file their motions to stay well in advance of the scheduling conference. Their choice to time their motions as they have should not be rewarded with a further delay of the commencement of activity in this case. The scheduling conference should proceed on the already postponed date of June 29, 2005, and defendants' motions to stay should be considered on their own timeframe, and with a sensible, consolidated briefing schedule to reduce the burden of submissions to the Court.

## Conclusion

For the foregoing reasons, Guardian respectfully requests that the Court grant Guardian's motion to set a consolidated briefing schedule for responding to the motions to stay based on the last such motion to be filed, as provided in the attached order. Also, Guardian respectfully requests that the scheduling conference not be further delayed so that the case schedule is set and the case can proceed while the Court resolves the motions to stay.

Dated:  June 17, 2005

    /s/ Richard K. Herrmann_____
Richard K. Herrmann (I.D. No. 405)
Mary Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff Guardian Industries Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of June, 2005, I electronically filed the foregoing document, **GUARDIAN'S MOTION FOR CONSOLIDATED BRIEFING SCHEDULE REGARDING DEFENDANTS' MOTIONS TO STAY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

Gerard M. O'Rourke, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street, P.O. Box 2207
Wilmington, Delaware 19899-2207

Josy W. Ingersoll, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 17th day of June, 2005, the foregoing document was served via email on the following non-registered participants:

Daniel T. Shvodian, Esq.
Teresa M. Corbin, Esq.
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA  94025-3434
shvodiand@howrey.com
corbint@howrey.com

Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
rickwilliams@velaw.com
aross@velaw.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
york.faulkner@finnegan.com

Peter J.Wied, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, Fourth Floor, N Tower
Santa Monica, CA  90404-4060
pwied@agsk.com

| | |
|---|---|
| Robert J. Gunther, Jr., Esq.<br>Kurt M. Rogers<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY  10022<br>robert.gunther@lw.com<br>kurt.rogers@lw.com<br><br>Jeffrey A. Snyder, Esq.<br>Thoits, Love, Hershberger & McLean<br>245 Lytton Avenue, Suite 300<br>Palo Alto, CA  94301<br>jsnyder@thoits.com | Robert C. Weems, Esq.<br>Baum & Weems<br>58 Katrina Lane<br>San Anselmo, CA  94960<br>rcweems@comcast.net<br><br>E. Robert Yoches, Esq.<br>Finnegan Henderson Farabow Garrett & Dunner<br>901 New York Avenue, NW<br>Washington, DC  20001<br>bob.yoches@finnegan.com |

       */s/ Richard K. Herrmann*
RICHARD K. HERRMANN (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*