IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD CO.; ACER INC.; ACER AMERICA CORP.; AOC INTERNATIONAL; ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA), INC.; AU OPTRONICS CORP.; AU OPTRONICS CORPORATION AMERICA A/K/A AU OPTRONICS AMERICA, INC.; BENQ CORP.; BENQ AMERICA CORP.; CHUNGHWA PICTURE TUBES, LTD. A/K/A CHUNGHWA PICTURE TUBES CO.; TATUNG CO.; TATUNG CO. OF AMERICA, INC.; BOE HYDIS TECHNOLOGY CO., LTD.; BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS; COMPAL ELECTRONICS, INC.; HANNSTAR DISPLAY CORP.; JEAN CO., LTD.; LITE-ON TECHNOLOGY CORP.; LITE-ON, INC. A/K/A LITEON TRADING USA, INC.; MAG TECHNOLOGY CO., LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; PROVIEW TECHNOLOGY, INC.; PROVIEW ELECTRONICS CO., LTD.; and QUANTA DISPLAY, INC. <br><br> Defendants. | Case No.: <br> 05-27-SLR <br><br> Jury Trial <br> Demanded |

## DECLARATION OF MEREDITH ZINANNI

I, Meredith Zinanni, make the following Declaration in support of Guardian's Motion for Consolidated Briefing Schedule Regarding Defendants' Motions to Stay. I declare and state as follows:

1. I am a member in good standing of the bar of the State of Illinois. I am an associate with the law firm of Kirkland & Ellis LLP, counsel for Plaintiff Guardian Industries Corporation ("Guardian") in the above-referenced matter.

1

2. I have personal knowledge of all facts set forth in this Declaration, and could testify to these facts if called to do so.

3. On April 7, 2005, I spoke with Jeff Snyder, counsel for Envision Peripherals, Inc., TPV Technology, Ltd., and TPV International (USA), Inc. (collectively, "the TPV entities") regarding service of the Complaint and extending the time for Envision Peripherals to respond to the Complaint. At that time, Mr. Snyder asked whether Guardian intended to stay the case against those parties that do not manufacture the LCD modules, as was done in the *CEA* case (*Commissariat a l'Energie Atomique v. Dell Computer Corporation*, 2004 WL 1554382 (D. Del. May 13, 2004)).

4. On May 11, 2005, I was contacted by Rich Horwitz, counsel for eight defendant groups, requesting that the scheduling conference be postponed until after all parties had answered. Mr. Horwitz sent an e-mail following up on our conversation on May 12, 2005, indicating that approximately twelve defendants wanted to postpone the scheduling conference.

5. On May 19, 2005, at the defendants' request, the parties held a teleconference to discuss postponing the scheduling conference until after all defendants had answered. During that teleconference, the defendants brought to Guardian's attention Judge Jordan's May 18, 2005 decision in *Honeywell v. Apple Computer, Inc.*, C.A. No. 04-1338-KAJ to stay the case against the non-manufacturing defendants. The defendants stated that they believed a similar approach, staying the case against the OEMs and resellers until after the LCD manufacturers had completed litigation, would be appropriate in this case.

6. Guardian accommodated the defendants' request, and on May 25, 2005, the parties agreed to postpone the scheduling conference until the week of June 27, 2005. In e-mail correspondence with the Court, the scheduling conference was set for June 29, 2005 at 9:00 a.m.

7. The parties held a meet and confer regarding the proposed scheduling order on June 7, 2005 pursuant to Fed. R. Civ. P. 26(f). All parties were represented on that call. At that time, defendants notified Guardian to expect several motions to stay "over the next few days," but the precise filing dates and the identity of the parties who would be filing such motions was not disclosed.

8. On June 15, 2005, I spoke with counsel for Dell, Gateway, and Lite-On. I requested an extension of time for respond to these parties' Motions to Stay until June 28, 2005, the date on which Guardian's response to the Motion to Stay by Tatung and Jean is due, so that Guardian could file a single consolidated response with the Court. Counsel indicated that Dell, Gateway, and Lite-On were not opposed to a consolidated brief, but that they would not extend the time for Guardian to file such a brief unless the scheduling conference was postponed further, such that all briefing on the Motions to Stay would be completed before the scheduling conference was held.

9. On June 16, 2005, I sent an e-mail to counsel for all defendants, asking whether any additional defendants intended to file a Motion to Stay. In return e-mails, counsel for Hewlett-Packard indicated it would be filing a Motion to Stay on June 16 or 17, 2005; counsel for MAG and Proview indicated they would be filing a Motion to Stay "early next week at the latest," and counsel for the TPV entities indicated they also would be filing a Motion to Stay early next week.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States, and that this Declaration was executed on June 17, 2005, in Chicago, Illinois.

_____
Meredith Zinanni