IN THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>DELL INC.; GATEWAY, INC.;<br>HEWLETT-PACKARD COMPANY; ACER INC.;<br>ACER AMERICA CORPORATION;<br>AOC INTERNATIONAL;<br>ENVISION PERIPHERALS, INC.;<br>TPV TECHNOLOGY, LTD.;<br>TPV INTERNATIONAL (USA) INC.;<br>AU OPTRONICS CORPORATION;<br>AU OPTRONICS CORPORATION AMERICA a/k/a<br>AU OPTRONICS AMERICA, INC.;<br>BENQ CORPORATION;<br>BENQ AMERICA CORPORATION;<br>CHUNGHWA PICTURE TUBES, LTD. a/k/a<br>CHUNGHWA PICTURE TUBES COMPANY.;<br>TATUNG COMPANY;<br>TATUNG COMPANY OF AMERICA, INC.;<br>BOE HYDIS TECHNOLOGY COMPANY, LTD.;<br>BOE HYDIS AMERICA, INC.;<br>CHI MEI OPTOELECTRONICS;<br>COMPAL ELECTRONICS, INC.;<br>DELTA ELECTRONICS, INC.;<br>DELTA PRODUCTS CORPORATION;<br>DELTA ELECTRONICS (THAILAND)<br>   PUBLIC COMPANY, LTD.;<br>HANNSTAR DISPLAY CORPORATION;<br>JEAN CO., LTD.;<br>LITE-ON TECHNOLOGY CORPORATION;<br>LITE-ON, INC. a/k/a<br>LITEON TRADING USA, INC.;<br>MAG TECHNOLOGY COMPANY, LTD.;<br>MAG TECHNOLOGY USA, INC.;<br>PROVIEW INTERNATIONAL HOLDINGS, LTD.;<br>PROVIEW TECHNOLOGY, INC.;<br>PROVIEW ELECTRONICS COMPANY, LTD; and<br>QUANTA DISPLAY, INC.<br><br>*Defendants*. | C.A. No. 05-27-SLR<br><br>JURY TRIAL DEMANDED |

**TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 2

II. STATEMENT OF THE FACTS ................................................................................... 2

III. SUMMARY OF THE ARGUMENT ........................................................................... 3

IV. ARGUMENT ................................................................................................................ 4

    A. Staying the Case as to HP Will Simplify the Proceedings ....................................... 6

    B. Guardian Will Not Be Prejudiced as a Result of the Stay ........................................ 8

    C. HP Will Be Prejudiced if a Stay is not Entered ........................................................ 8

V. CONCLUSION .............................................................................................................. 9

# TABLE OF AUTHORITIES

Page

**CASES**

*Cheyney State College Faculty v. Hufstedler,*
  703 F.2d 732 ................................................................................................4

*Commissariat L'Energie Atomique v. Dell Computer Corp.,*
  C. A. No. 03-484-KAJ, 2004 WL 1554382
  (D. Del. May 13, 2004) ........................................................................2, 4, 5, 6, 7

*Honeywell International Inc. v. Audiovox Communications Corp.,*
  C. A. No. 04-1337-KAJ (D. Del. May 18, 2005) ...........................2, 4, 5, 6, 7, 8

*Katz v. Lear Siegler, Inc.,*
  909 F.2d 1459 (Fed. Cir. 1990) ......................................................................5, 7

*United Merchants & Manufacturers, Inc. v. Henderson,*
  495 F. Supp. 444 (N.D. Ill. 1980) ......................................................................4

*United Sweetener USA, Inc. v. NutraSweet Company,*
  766 F. Supp. 212 ............................................................................................5, 6

**HEWLETT-PACKARD COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PENDING RESOLUTION OF THE CASE AGAINST LCD MODULE MANUFACTURERS**

Defendant Hewlett-Packard Company ("HP") respectfully requests that this lawsuit be stayed with respect to HP, a customer of LCD module manufacturers, pending resolution of this case against the LCD product manufacturer co-defendants. For the reasons noted below, a stay as to HP will simplify this case and serve the interests of judicial and litigant economy.

Plaintiff Guardian Industries Corporation ("Guardian") asserts four patents directed to components of liquid crystal display ("LCD") modules. Guardian has sued both manufacturers of LCD modules and their customers. The LCD module manufacturers -- not their customers -- are the parties with detailed knowledge of the design, structure, and manufacture of the allegedly infringing LCDs, as well as the information, documentation, and knowledge to defend against Guardian's claims. Like Dell, Gateway, Lite-On, and Tatung, who also have moved for a stay in this case (D.I. 109, D.I. 111, D.I. 113 and D.I. 114), HP, as a customer, does not have such knowledge or information.

Based on its preliminary investigation, HP has identified the following suppliers of LCDs to HP:

1) HP suppliers in Guardian's first LCD action that are now licensed: Samsung Electronics;

2) HP suppliers originally named as defendants in this (second) Guardian LCD action that are now licensed: Chi Mei Optoelectronics; and

3) HP suppliers in this action that are not yet licensed by Guardian: Acer/BenQ, AOC/TPV, AU Optronics, BOE Hydis, Chunghwa Picture Tubes, Compal, Lite-On, Quanta, and Tatung; and

4) Other HP suppliers that are already licensed by Guardian: Hitachi, LG Philips, and Toshiba. *See* Declaration of William J. Marsden, Jr. ("Marsden Decl.") (Ex. A hereto) and Declaration of Antoine Simonnet. ("Simonnet Decl.") (Ex. B hereto).

As this list demonstrates, many of HP's unlicensed LCD suppliers already are defendants in this case. In an attempt to simplify this case, HP joins the other moving LCD customer-defendants in requesting a stay of this case as to HP so that Guardian may proceed first against the LCD module manufacturers. The requested stay will further the interests of justice and will significantly streamline and simplify the issues, discovery and trial in this complex, multi-party case. *See Honeywell International Inc. v. Audiovox Communications Corp.*, C. A. No. 04-1337-KAJ, slip op. at 6-7 (D. Del. May 18, 2005) (Ex. C hereto); *Commissariat Á L'Energie Atomique v. Dell Computer Corp.*, C. A. No. 03-484-KAJ, 2004 WL 1554382, at *3 (D. Del. May 13, 2004) (Ex. D hereto).

## I. NATURE AND STAGE OF THE PROCEEDINGS

To avoid repetition, HP incorporates by reference the nature and stage of the proceedings set forth in the opening brief in support of a stay filed by Dell (D.I. 110, at p. 2).

## II. STATEMENT OF THE FACTS

Like the other customer defendants (e.g., Dell and Gateway), HP purchases LCDs either as component parts to be included in HP products, or in integrated products that

2

contain LCD components. HP has limited information regarding the design and structure of the LCDs that it purchases and resells. (Ex. B, Simonnet Decl., ¶ 3).

Guardian has declined to identify the HP products it accuses with specificity. (Ex. A, Marsden Decl., ¶ 2). Instead, Guardian has defined the accused products as LCD devices that include a certain type of film. (Ex. A, Marsden Decl., ¶ 3). As a purchaser of LCD devices, HP does not know which of the products it buys contain the type of film Guardian has targeted. (Ex. B, Simonnet Decl., ¶ 2). The LCD manufacturers are in the best position to determine which of their products contain the targeted film – not HP. Many of these LCD manufacturers already are before this Court as defendants in this case.

## III. SUMMARY OF THE ARGUMENT

Defendant HP hereby moves this Court to stay the claims asserted by Guardian to the extent they pertain to products supplied to HP as a customer. The resolution of Guardian's allegations of infringement against HP and the other customer defendants hinges upon whether the LCD manufacturers' devices infringe any valid and enforceable claim of the patents-in-suit. As has been recognized in similar cases, the determination of patent infringement claims against device manufacturers will, as a practical matter, likely resolve the case against their customers. It is the device manufacturers who have an overriding interest in defending their products and who possess the technical information necessary to defend against claims of patent infringement. HP, like the other customer defendants, has little if any knowledge concerning the design, manufacture and operation of the LCD modules. Further, the LCD manufacturers have the witnesses and documents required to prove defenses of non-infringement and invalidity, among others.

3

Accordingly, this Court should stay further proceedings in this action against HP pending resolution of Plaintiff's case against HP's suppliers.

HP purchases LCDs or LCD-containing products from LCD manufacturers and OEMs, which HP then resells to customers. The bulk of the HP products containing LCDs sold by HP in the United States appear to be supplied by LCD manufacturers or OEMs that (a) already are licensed under the patents-in-suit, or (b) are co-defendants in this case. Because of their greater technical familiarity with the accused LCD devices, the LCD manufacturers are the real parties- in-interest in this action and, as such, are in the best position to litigate issues of patent infringement, invalidity and unenforceability. The Court should stay plaintiff's case against HP as Judge Jordan has done with respect to other non-manufacturer defendants in similar cases. *See Honeywell v. Audiovox*, C. A. No. 04-1337-KAJ, slip op. at 6-7 (Ex. C hereto); *Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *3 (Ex. D hereto). Granting such a stay will simplify and streamline a complicated case involving four patents, many defendants at different tiers of the supply chain, and potentially hundreds of accused products. A stay will avoid the unnecessary expenditure of resources litigating against customers when the resolution of Guardian's claims against manufacturer defendants will resolve most, if not all, of the issues with respect to customers like HP.

## IV. ARGUMENT

As argued by customer co-defendant Dell in its brief in support of its motion to stay (D.I. 110), district courts have broad, inherent authority to coordinate litigation matters as part of their trial management function. Included within these powers is the discretion to stay proceedings. *Cheyney State College Faculty v. Hufstedler*, 703 F.2d

732, 737-38 (3d Cir. 1983). In deciding whether to grant a stay, district courts must consider several factors, including possible damage, hardship and inequities to the parties to the lawsuit, and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case. *See United Sweetener USA, Inc. v. NutraSweet Company*, 766 F. Supp. 212, 217 (D. Del. 1991) (quoting *United Merchants & Mfrs., Inc. v. Henderson*, 495 F. Supp. 444, 447 (N.D. Ill. 1980); *See e.g., Commissariat Á L'Energie Atomique*, 2004 WL 1554382 at 2 (identifying the following factors for consideration: (1) whether prejudice to the non-moving party exists; (2) whether the stay would result in simplifying the issues of the case; (3) whether discovery has been completed; and (4) whether a trial date has been set) (Memorandum Order attached as Ex. D); *Honeywell v. Audiovox*, C. A. No. 04-1337-KAJ, slip op. at 6-7 (Ex. C hereto).

The Court of Appeals for the Federal Circuit has established that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also, Honeywell v. Audiovox*, C. A. No. 04-1337-KAJ, slip op. at 6 (granting defendant LCD customers' motions to stay in two patent actions brought by plaintiff against 35 defendants, including LCD manufacturers and customers) (Ex. C); *Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *3 (granting all non-LCD manufacturing defendants' motions to stay in a patent action brought by plaintiff against over 60 defendants, including LCD manufacturers, "OEM/distributors", retailers and retail stores) (Ex. D).

Manufacturers are best suited to litigate against claims of patent infringement and it is more efficient to resolve a complicated case with numerous manufacturer and customer defendants by staying the patent-holder's claims against customer defendants. *See Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *3 (stating "the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of CEA's asserted patents. Resolving these issues prior to proceeding against the OEM/distributors and retailers would surely simplify this case. If, for example, CEA's patents were found invalid or the manufacturers would be found to be not infringing, then there would be no need to proceed against the OEM/distributors or retailers, thus conserving judicial resources and expense to the parties.")

In granting stays in *CEA* and *Honeywell*, the Court considered the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; (4) whether a trial date has been set. *Honeywell v. Audiovox*, C. A. No. 04-1337-KAJ, slip op. at 6 and *Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *1, citing *United Sweetener*, 766 F. Supp. 212. All four factors weigh in favor of a stay for customer defendants in this case too.

A.  **Staying the Case as to HP Will Simplify the Proceedings**

As recognized in other cases in this jurisdiction with similar numbers and tiers of defendants, the determination of patent infringement claims first against the product manufacturers will simplify and streamline the case. *See e.g.*, *Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *2 (staying the case against customer defendants to

6

"streamline the case and avoid piecemeal litigation"). A stay would facilitate the resolution of the fundamental issues associated with alleged infringement, avoid duplicative discovery, and allow for the benefits of continued settlements between Guardian and the manufacturer defendants.

Many of the suppliers of LCDs and LCD-containing products sold by HP in the United States are co-defendants in this lawsuit, or already have been licensed under the patents-in-suit. (Ex. A, ¶ 4). If Guardian's patents are found invalid, unenforceable, or not infringed by the LCDs sold to HP by the LCD manufacturers, HP would have no liability for such products. Therefore, resolution of Guardian's patent infringement claims against the defendant LCD manufacturers will resolve most, if not all, of the issues with respect to customer defendants like HP. *See Katz*, 909 F.2d at 1464; *Honeywell v. Audiovox*, C. A. No. 04-1337-KAJ, slip op. at 6; and, *Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *3. It would therefore be "impracticable" and "unwise" to continue this action against LCD customers such as HP. *See Honeywell v. Audiovox*, C. A. No. 04-1337-KAJ, slip op. at 7 (D. Del. May 18, 2005). (stating "It is impracticable to try an infringement case against 40 some defendants or third-party defendants with many different accused devices, and it is unwise to attempt any such thing when liability depends exclusively upon infringement being found as to an LCD component that the defendants do not manufacture and when at least some of the manufacturers of the LCDs are before the court and are willing to stand behind their products in this litigation.")

**B.    Guardian Will Not Be Prejudiced as a Result of the Stay**

Guardian will not suffer prejudice if the Court grants HP's Motion to Stay. The outcome of any infringement case against HP will depend largely, if not entirely, upon the outcome of cases against HP's suppliers. HP's involvement is not required for resolution of these issues. If HP's suppliers are absolved of infringement in this action, claims against HP pertaining to products using LCD modules from those suppliers must also be dismissed. HP would not be subject to liability as a buyer of non-infringing components.

Guardian will have the full opportunity to prove its allegations of infringement by proceeding against the LCD manufacturers. Since discovery has not yet begun, Guardian will not suffer any evidentiary prejudice. *Honeywell v. Audiovox*, C. A. No. 04-1337-KAJ, slip op. at 9 (Ex. C hereto) (stating that a stay would not unduly prejudice the Plaintiff because it would "vastly simplify the issues and trial" and "comes at [a] time when discovery has not even begun and no trial date has been set"). Discovery directed toward the LCD manufacturers and suppliers will provide Guardian with the relevant information regarding the allegedly infringing LCD products. Contemporaneous litigation against HP would be duplicative and unnecessary.

Because HP seeks only to stay this action, Guardian will not be prevented from obtaining full satisfaction. If issues remain after the proceedings against HP's suppliers, these issues can be addressed and/or litigated by HP and the other customer defendants.

**C.    HP Will Be Prejudiced if a Stay is not Entered**

HP, and other customer defendants, would be seriously prejudiced if a stay is not granted. If required to litigate concurrently with the manufacturers, HP will be forced to

8

waste significant resources and defend an action without the necessary knowledge to mount a full defense. The LCD manufacturer defendants, not HP, have the relevant technical information, knowledge and expertise to litigate the infringement, validity and enforceability issues. Therefore, failure to grant the stay will impose unnecessary, additional costs on the parties and the judiciary.

## V. <u>CONCLUSION</u>

HP's continued presence in this action will not serve to advance the resolution of the fundamental dispute between Guardian and the LCD suppliers and manufacturers. A stay will simplify the litigation, remove unnecessary parties, and focusing attention on the real parties-in-interest. Guardian will not be prejudiced by a stay, but HP will be prejudiced if a stay is not granted. HP, therefore, respectfully requests that this Court stay proceedings against it pending resolution of plaintiff Guardian's claims against HP's suppliers.

Dated: June 17, 2005         FISH & RICHARDSON P.C.

By: /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070

Michael J. McKeon
1425 K Street, N.W., 11th Floor
Washington, DC 20005-2500
(202) 783-5070

*Attorneys for Defendant*
*Hewlett-Packard Company*

9

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2005, I electronically filed with the Clerk of Court using CM/ECF Hewlett-Packard Company's Memorandum In Support Of Its Motion To Stay Pending Resolution Of The Case Against LCD Module Manufacturers which will send notification of such filing(s) to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

Gerard M. O'Rourke
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

Robert W. Whetzel, Esq.
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801

Josy Ingersoll, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th
Wilmington, DE 19801

Richard K. Herrmann, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Steven Balick, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
Wilmington, DE 19801

I hereby certify that on June 17, 2005, the foregoing document was e-mailed to the following non-registered participants:

Teresa M. Corbin, Esq.
Daniel T. Shvodian
David L. Bilsker
Wallace Wu
Howrey LLP
525 Market Street, Suite 2600
San Francisco, CA 94105
corbint@howrey.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
York.faulkner@finnegan.com

Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-6568
rickwilliams@velaw.com
aross@velaw.com

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY 10022
Robert.gunther@lw.com
Kurt.rogers@lw.com

E. Robert Yoches, Esq.
Finnegan Henderson Farabow Garrett
 & Dunner
901 New York Avenue, N.W.
Washington, D.C. 20001
Bob.yoches@finnegan.com

Bryan S. Hales
Meredith Zinanni
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
bhales@kirkland.com
mzinanni@kirkland.com

Kevin M. O'Brien
John G. Flaim
Jennifer A. Semko
Baker & McKenzie LLP
815 Connecticut Avenuem, N.W.
Washington D.C. 20006
kevin.m.o'brien@bakernet.com
jennifer.a.semko@bakernet.com

Peter J. Weild, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, N Tower
Santa Monica, CA 90404-4060
pwied@agsk.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960
reweems@comcast.net

Jeffrey A. Snyder, Esq.
Thoits, Love, Hershberger & McLean
245 Lytton Avenue, Suite 300
Palo Alto, CA 94301
jsnyder@thoits.com

Eric L. Wesenberg
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
ewesenberg@orrick.com
ktseng@orrick.com
ryoung@orrick.com

William J. Marsden, Jr.
marsden@fr.com