IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUARDIAN INDUSTRIES CORP., | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELL, INC; GATEWAY, INC.; | ) | |
| HEWLETT-PACKARD COMPANY; ACER INC.; | ) | |
| ACER AMERICA CORPORATION; | ) | |
| AOC INTERNATIONAL; | ) | |
| ENVISION PERIPHERALS, INC,; | ) | |
| TPV TECHNOLOGY, LTD.; | ) | |
| TPV INTERNATIONAL (USA), INC.; | ) | C.A. No. 05-27-SLR |
| AU OPTRONICS CORPORATION; | ) | |
| AU OPTRONICS CORPORATION AMERICA | ) | **JURY TRIAL DEMANDED** |
|   a/k/a AU OPTRONICS AMERICA, INC.; | ) | |
| BENQ CORPORATION; | ) | |
| BENQ AMERICA CORPORATION; | ) | |
| CHUNGHWA PICTURE TUBES, LTD. a/k/a | ) | |
|   CHUNGHWA PICTURE TUBES COMPANY; | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| BOE HYDIS TECHNOLOGY COMPANY, LTD; | ) | |
| BOE HYDIS AMERICA INC.; | ) | |
| CHI MEI OPTOELECTRONICS; | ) | |
| COMPAL ELECTRONICS, INC.; | ) | |
| DELTA ELECTRONICS, INC.; | ) | |
| DELTA PRODUCTS CORPORATION; | ) | |
| DELTA ELECTRONICS (THAILAND) | ) | |
| PUBLIC COMPANY, LTD.; | ) | |
| HANNSTAR DISPLAY CORPORATION; | ) | |
| JEAN CO., LTD.; LITE-ON TECHNOLOGY | ) | |
| CORPORATION; LITE-ON, INC. | ) | |
|   a/k/a LITEON TRADING USA, INC.; | ) | |
| MAG TECHNOLOGY COMPANY, LTD.; | ) | |
| MAG TECHNOLOGY USA , INC.; | ) | |
| PROVIEW INTERNATIONAL HOLDINGS, LTD.; | ) | |
| PROVIEW TECHNOLOGY, INC.; | ) | |
| PROVIEW ELECTRONICS COMPANY, LTD; and | ) | |
| QUANTA DISPLAY, INC. | ) | |
|                 Defendants. | ) | |

**DELL'S AND GATEWAY'S OPPOSITION TO GUARDIAN'S MOTION FOR CONSOLIDATED BRIEFING SCHEDULE REGARDING DEFENDANTS' MOTIONS TO STAY, AND OTHER DEFENDANTS' JOINDER IN THAT OPPOSITION**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................. ii

Nature and State of the Proceedings ....................................................................................... 2

Argument ................................................................................................................................ 3

Conclusion .............................................................................................................................. 5

# TABLE OF AUTHORITIES

## CASES

*Honeywell International Inc. v. Audiovox Communications Corp.*,
   Civil Action No. 04-1337-KAJ (D. Del. May 18, 2005).................................................2

*Commissariat A L'Energie Atomique v. Dell Computer Corp.*,
   No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004).........................................2

Defendants Dell and Gateway oppose Guardian's request for a consolidated briefing schedule on the motions to stay to the extent that such a schedule would delay completion of the briefing to a date subsequent to the Scheduling Teleconference with the Court, currently scheduled for June 29, 2005.[1] Defendants submit that the efficient way to proceed is to hear and resolve the stay motions before setting a schedule, as Judge Jordan has recently done in the *Honeywell* litigation, because it is much more efficient to know who the parties will be in the case going forward before setting dates and discovery limits, which are issues in the Scheduling Order that are now disputed among the parties. Because the Scheduling Teleconference is currently scheduled for June 29, if Guardian's motion for a consolidated briefing schedule is granted, its opposition to Defendants' motions to stay would not be due until three weeks after that teleconference, which would delay resolution of the motions to stay, cause prejudice to the customer defendants by forcing them to engage in potentially unnecessary discovery, and require the Court to resolve unnecessary case management issues. Therefore, the Court should either require Guardian to respond to the motions to stay pursuant to the Local Rules -- which would have the two motions that present the substantive arguments for a stay briefed and before the Court prior to the teleconference -- or reschedule the teleconference after consolidated briefing is complete.

---

[1]   The Lite-On, Tatung and Jean defendants joined in Dell's and Gateway's motions to stay, submitting short motions that incorporate by reference the substantive arguments presented by Dell and Gateway. These defendants (the "Joining Defendants") also join in this Opposition to Guardian's motion for a consolidated briefing schedule. Defendants respectfully submit that the Court's ruling on Guardian's motion should apply to all similarly-situated Defendants.

## NATURE AND STAGE OF THE PROCEEDINGS

Guardian filed its initial complaint on January 19, 2005 and asserted that 22 defendants infringed four patents containing 65 claims. On March 31, 2005, Guardian filed an amended complaint that dismissed three defendants, but added 11 new defendants. While some of the defendants have answered the complaint, others have not. Several defendants are not scheduled to file an answer until mid July, after the currently scheduled teleconference on June 29. At least one defendant has not even been served.

On June 7 and 8, customer defendants Dell and Gateway moved to stay the case against them in accordance with the Court's practice in *Honeywell International Inc. v. Audiovox Communications Corp.*, Civil Action No. 04-1337-KAJ (D. Del. May 18, 2005) (Ex. A hereto) and *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) (Ex. B hereto). As explained in the motions, the four patents asserted by Guardian are directed to specific components of liquid crystal displays ("LCDs"). The defendants sued by Guardian in this case generally fall into two classes of defendants: those who manufacture LCDs and those who are merely direct or indirect customers of the LCD manufacturers (*e.g.*, Dell and Gateway). The LCD manufacturers are the parties with detailed knowledge regarding the features of the allegedly infringing LCDs and the information necessary to defend against Guardian's claims. Given that fact, and their indemnification obligations, the LCD manufacturers, not the LCD customers, are therefore the real parties in interest in this

2

case. The customer defendants submit that the case should be stayed against them pending resolution of Guardian's claims against the LCD manufacturers.[2]

## ARGUMENT

As Guardian admits in its opening brief, the legal and factual issues raised in each motion to stay are nearly identical. (Opening Brief at p. 2, ¶ 2). The supporting declarations establish essentially the same facts in regard to each customer defendant, i.e., that the customer defendants do not possess specific technical information regarding the LCD panel components recited in the claims of the patents-in-suit. Because the arguments presented by the customer defendants are identical, Guardian is fully capable of responding to the stay motions and need not address each supporting declaration to set forth its position. Thus, Guardian has failed to show good cause to delay the filing of its opposition brief.

While Defendants normally would not oppose such a request to file a consolidated opposition brief, there is a strong justification for doing so here, unless the Scheduling Teleconference is also delayed. The teleconference is currently scheduled for June 29. Defendants have met and conferred with Guardian about a case management proposal,

---

[2] Guardian's apparent settlement strategy, as evidenced by the settlement and license agreements that Guardian reached with all defendants in a prior lawsuit involving these patents and at least four groups of related defendants in this case since it was filed, also strongly supports entry of a stay. As these settlements illustrate, it is certain that the discovery obligations imposed on the customer defendants will be greatly narrowed if not entirely eliminated by waiting to see what if anything is left of the case against them once the dust settles on litigation with the LCD manufacturers. It is equally certain that the customer defendants will be forced to waste significant resources on discovery if they are required to litigate this case concurrently with the litigation against the LCD manufacturers.

3

but there are several disputes between the two sides that depend in part on whether the motions to stay are granted. For example, the number of hours needed to depose fact witnesses, expert witnesses, and the inventors will differ dependent upon whether there are five or twenty-five defendants in the litigation.

Additionally, Defendants have proposed a schedule in which the customer defendants are not required to serve initial disclosures or respond to discovery until after resolution of the stay motion, thereby avoiding unnecessary expense should the motion to stay be granted. Guardian, on the other hand, insists that all Defendants serve their initial disclosures on July 8 and be subject to discovery until this Court rules on the stay motion. Given Guardian's refusal to exclude the customer defendants from discovery for the short period of time until the resolution of the stay motion, Guardian should not be permitted to delay the resolution of that motion against any of the customer defendants.

In an attempt to resolve this issue without judicial intervention, Defendants offered to allow Guardian to file a consolidated opposition brief if Guardian agreed to reschedule the teleconference for a date after the completion of briefing on the stay motion. Guardian refused that proposal and insists that the Scheduling Teleconference proceed on June 29. Guardian insists that the teleconference go forward on that date even though numerous Defendants will not have filed their answers by then, and even though at least one defendant, AOC International, has yet to be served. Indeed, if Guardian's case management proposal is accepted, AOC International's initial disclosures will likely be due before it has even been served with the complaint.

Accordingly, rescheduling the Scheduling Teleconference until after full briefing on the stay motion would not only permit Guardian to file a consolidated opposition

4

brief, but also would allow more of the parties to file their answers, and would possibly give Guardian sufficient time to serve AOC International.

## CONCLUSION

For the reasons set forth herein, Defendants request that Guardian's motion to file a consolidated opposition brief be denied. Alternatively, Defendants request that Guardian be permitted to file a consolidated opposition brief and that the Scheduling Teleconference be rescheduled to a date after full briefing on the motion to stay.

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Dell, Inc. and Gateway, Inc.*

*Filing on behalf of the Dell, Inc., Gateway, Inc., and the Joining Defendants.*

OF COUNSEL:
(Dell, Inc.)

Roderick B. Williams
Avelyn M. Ross
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel.: (512) 542-8400

OF COUNSEL:
(Gateway Inc.)

Robert J. Gunther, Jr.
Kurt M. Rogers
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel.: (212) 906-1200

Dated: June 20, 2005
687303

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on June 20, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

<u>VIA HAND DELIVERY</u>

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Robert W. Whetzel
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

I hereby certify that on June 20, 2005, I have Federal Expressed the documents to the following non-registered participants:

**VIA FEDERAL EXPRESS**

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Peter J. Wied
Alschuler Grossman Stein & Kahan LLP
1620 26gh Street, 4th Floor, N Tower
Santa Monica, CA 90404-4060

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

Eric L. Wesenberg
Kai Tseng
Rowena Young
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Jeffrey K. Sherwood
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 9410534

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Kurt M. Rogers
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, NY 10022-4834

E. Robert Yoches
Laura P. Masurovsky
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001

_____
David E. Moore

670190