IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD CO.; )<br>ACER INC.; ACER AMERICA CORP.; )<br>AOC INTERNATIONAL; ENVISION PERIPHERALS, INC.; )<br>TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA), )<br>INC.; AU OPTRONICS CORP.; AU OPTRONICS )<br>CORPORATION AMERICA A/K/A AU OPTRONICS )<br>AMERICA, INC.; BENQ CORP.; BENQ AMERICA CORP.; )<br>CHUNGHWA PICTURE TUBES, LTD. A/K/A CHUNGHWA )<br>PICTURE TUBES CO.; TATUNG CO.; )<br>TATUNG CO. OF AMERICA, INC.; BOE HYDIS )<br>TECHNOLOGY CO., LTD.; BOE HYDIS AMERICA INC.; )<br>CHI MEI OPTOELECTRONICS; COMPAL ELECTRONICS, )<br>INC.;  HANNSTAR DISPLAY CORP.; JEAN CO., LTD.; )<br>LITE-ON TECHNOLOGY CORP.; LITE-ON, INC. A/K/A )<br>LITEON TRADING USA, INC.; MAG TECHNOLOGY CO., )<br>LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW )<br>INTERNATIONAL HOLDINGS, LTD.; PROVIEW )<br>TECHNOLOGY, INC.; PROVIEW ELECTRONICS CO., LTD.; )<br>and QUANTA DISPLAY, INC. )<br>)<br>Defendants. )<br>) | C.A. No.:<br>05-27-SLR<br><br>Jury Trial<br>Demanded |

**GUARDIAN'S REPLY IN SUPPORT OF ITS MOTION FOR CONSOLIDATED
BRIEFING SCHEDULE REGARDING DEFENDANTS' MOTIONS TO STAY**

In response to Guardian's attempt to reduce the number of briefs filed, the defendants offer the Court two options—have Guardian file multiple responses to the motions to stay on the schedule provided for by the Local Rules, or delay the scheduling conference until after the consolidated briefing is completed. (D.I. 129 at 1.) The first option results in the inefficient filing of multiple briefs. The second option grants *all* defendants a stay of the case, simply because *some* defendants filed a motion. The

1

defendants should not be able to force such inefficiencies and delay on the Court and Guardian.

### Argument

The defendants respond to Guardian's request for consolidated briefing by stating that Guardian is fully capable of responding to the stay motions without addressing each supporting declaration because, as Guardian allegedly admits, the legal and factual issues raised in each motion to stay are nearly identical. (D.I. 129 at 3.) However, Guardian stated that it "cannot provide one consolidated response until it has received each of the defendants' motions" because each defendant has presented specific facts to be addressed. (D.I. 120 at 3.) The defendants are asking that the case be stayed as to *all* "non-manufacturing" defendants, yet are asking Guardian to respond to the motions to stay with information from only *some* of those defendants. Just yesterday, Envision Peripherals, Inc., TPV Technology Limited, and TPV International (USA) filed a motion to stay, attaching three declarations. (D.I. 125-128.) Guardian cannot be expected to respond to the factual issues raised by that filing, and the motions to stay of MAG and Proview expected to be filed today, in its response to the Dell motion to stay, due today.

The defendants also state that there are several disputes over the scheduling order that may be resolved once the motions to stay are resolved. (D.I. 129 at 4.) Guardian disagrees. In Guardian's view, the motions to stay and the scheduling order present different issues, and the proposed scheduling order includes provisions addressing the possibility that the number of defendants may change. Furthermore, the defendants are not entitled to a stay of discovery by the simple act of filing a motion to stay. *See Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989). The defendants—by their own choosing and without

2

explanation—delayed filing their motions and filed them piecemeal, such that the briefing schedule would run past the date of the scheduling conference. The defendants' actions should not be rewarded with a further delay. With nearly five months of this case already behind us, it's time for it to move forward.

Finally, defendants imply that it is improper for the scheduling conference to go forward before numerous defendants have filed their answers and at least one defendant has been served. However, only three defendants have not answered the Complaint, and those three defendants agreed with the other defendants and Guardian on the date of the scheduling conference—a date known at that time to be before those defendants answered. One defendant, AOC International, has not been served.[1] However, Guardian expects to dismiss AOC International without prejudice from this case, and thus AOC International does not need to be served.

## Conclusion

For the foregoing reasons, Guardian respectfully requests that the Court grant Guardian's motion to set a consolidated briefing schedule for responding to the motions to stay, without postponing the date of the scheduling conference.

---

[1] Guardian has been informed that AOC International ceased to be in the monitor business in December 1997, and never sold LCD monitors.

Dated: June 21, 2005

/s/ Mary Matterer
Richard K. Herrmann (I.D. No. 405)
Mary Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff Guardian Industries Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June, 2005, I electronically filed the foregoing document, **GUARDIAN'S REPLY IN SUPPORT OF ITS MOTION FOR CONSOLIDATED BRIEFING SCHEDULE REGARDING DEFENDANTS' MOTIONS TO STAY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

Gerard M. O'Rourke, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street, P.O. Box 2207
Wilmington, Delaware 19899-2207

Josy W. Ingersoll, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 21st day of June, 2005, the foregoing document was served via email on the following non-registered participants:

Daniel T. Shvodian, Esq.
Teresa M. Corbin, Esq.
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA  94025-3434
shvodiand@howrey.com
corbint@howrey.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
york.faulkner@finnegan.com

| | |
|---|---|
| Roderick B. Williams, Esq.<br>Avelyn M. Ross, Esq.<br>Vinson & Elkins<br>2801 Via Fortuna, Suite 100<br>Austin, TX  78746-7568<br>rickwilliams@velaw.com<br>aross@velaw.com | Peter J. Wied, Esq.<br>Alschuler Grossman Stein & Kahan LLP<br>1620 26th Street, Fourth Floor, N Tower<br>Santa Monica, CA  90404-4060<br>pwied@agsk.com |
| Robert J. Gunther, Jr., Esq.<br>Kurt M. Rogers<br>Latham & Watkins<br>885 Third Avenue<br>New York, NY  10022<br>robert.gunther@lw.com<br>kurt.rogers@lw.com | Robert C. Weems, Esq.<br>Baum & Weems<br>58 Katrina Lane<br>San Anselmo, CA  94960<br>rcweems@comcast.net |
| Jeffrey A. Snyder, Esq.<br>Thoits, Love, Hershberger & McLean<br>245 Lytton Avenue, Suite 300<br>Palo Alto, CA  94301<br>jsnyder@thoits.com | E. Robert Yoches, Esq.<br>Finnegan Henderson Farabow Garrett & Dunner<br>901 New York Avenue, NW<br>Washington, DC  20001<br>bob.yoches@finnegan.com |

/s/ *signature*
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*