# EXHIBIT 1

# Vinson&Elkins

Avelyn M. Ross  aross@velaw.com
Tel 512 542 8411  Fax 512 236 3218

June 1, 2005

*Via Facsimile No. 312.861.2200*

Meredith Zinanni
Kirkland & Ellis LLP
200 E. Randolph St.
Chicago, IL 60601

Re:    *Guardian Industries Corp. v. Dell Inc., et al.*, Civil Action No. 05-27-SLR, in the
       United States District Court of the District of Delaware

Dear Ms. Zinanni,

        As you may know, Dell is working to formulate a counter proposal to Guardian's
proposed scheduling order and protective order. In preparation for this and any following
"meet and confer," it would be helpful for you to provide Dell with a clearer understanding
of the alleged infringing products. Guardian's complaint broadly alleges that Dell has
engaged in infringing activities related to "LCDs and related products," yet this description
leaves Dell with little understanding regarding which of its products containing LCDs are
accused. Any insight you can provide regarding the particular products alleged to infringe
the Guardian patents would be greatly appreciated.

        Please do not hesitate to contact me should you have any questions regarding this or
other related matters.

                                        With best regards,

                                        Avelyn Marie Ross

1817:5588

573935_1.DOC

# EXHIBIT 2

# LATHAM&WATKINS<sub>LLP</sub>

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200 Fax: (212) 751-4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Boston | New York |
| Brussels | Northern Virginia |
| Chicago | Orange County |
| Frankfurt | Paris |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| New Jersey | Washington, D C |

May 31, 2005

## VIA FACSIMILE AND U.S. MAIL

Bryan S. Hales, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Re:    <u>Guardian Industries Corp. v. Dell, Inc. et al., C.A. No.: 05-27-SLR</u>

Dear Bryan:

        We are counsel for Gateway, Inc. in this case. As you know, Gateway does not manufacture any of the LCD products accused of infringement in this case. Rather, Gateway purchases LCD products, including from companies that already have licensed the patents-in-suit or are co-defendants in this case, which Gateway then resells. Accordingly, we reiterate our prior request, consistent with the practice of the Court, that Guardian Industries stay it claims against Gateway while it pursues its case against the LCD manufacturers -- who are the parties responsible for any liability. *See, e.g., Commissariat A L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 1554382 (D. Del. May 13, 2004); *Honeywell Int'l Inc. v. Audiovox Comm. Corp.,* Civil Action Nos 04-1337-KAJ, -1338-KAJ, slip. op. (D. Del. May 18, 2005).

        If Guardian Industries is unwilling to stay its claims against Gateway, we request that Guardian Industries identify the specific Gateway products accused of infringement in this case. Guardian Industries' vague allegation of infringement in the Complaint and First Amended Complaint -- "[o]n information and belief, Defendants each sell LCD product(s) that include a version of Fuji Wide View (WV) film" -- fails to identify the Gateway products accused of infringement. This is especially the case given that Gateway does not manufacture any of the allegedly infringing products.

                                        Very truly yours,

                                        Kurt M. Rogers

Cc:    Richard L. Horwitz

# EXHIBIT 3

1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                    IN AND FOR THE DISTRICT OF DELAWARE
 2
                                - - -
 3
    HONEYWELL INTERNATIONAL, INC.      :   CIVIL ACTIONS
 4  et al.                            :
                                      :
 5            Plaintiffs,             :
                                      :
 6       v.                           :
                                      :
 7  AUDIOVOX COMMUNICATIONS CORP.,     :
    et al.                            :
 8                                    :
              Defendants             :   NO. 04-1337 (KAJ)
 9  ----------------------------------
    HONEYWELL INTERNATIONAL, INC.      :
10  et al.                            :
                                      :
11            Plaintiffs,             :
                                      :
12       v.                           :
                                      :
13  APPLE COMPUTER, INC., et al.,      :
                                      :
14            Defendants             :   NO. 04-1338 (KAJ)
    ----------------------------------
15  OPTREX AMERICA, INC.,              :
                                      :
16            Plaintiff,              :
                                      :
17       v.                           :
                                      :
18  HONEYWELL INTERNATIONAL, INC.,     :
    et al.                            :
19                                    :
              Defendants             :   NO. 04-1536 (KAJ)
20                                - - -

21                    Wilmington, Delaware
                 Monday, May 16, 2005 at 9:30 a.m.
22                    STATUS CONFERENCE

23                              - - -

24  BEFORE:      HONORABLE KENT A. JORDAN, U.S.D.C.J.

25                              - - -
```

2

```
 1   APPEARANCES:

 2

 3        ASHBY & GEDDES
          BY:  STEVEN J. BALICK, ESQ.
 4
                 and
 5
          MORRIS NICHOLS ARSHT & TUNNELL
 6        BY:  THOMAS C. GRIMM, ESQ.,

 7               and

 8        ROBINS KAPLAN MILLER & CIRESI, L.L.P.
          BY:  MARTIN R. LUECK, ESQ.,
 9             MATTHEW L. WOODS, ESQ., and
               STACIE E. OBERTS, ESQ.
10             (Minneapolis, Minnesota)

11               and

12        HONEYWELL INTERNATIONAL
          BY:  J. DAVID BRAFMAN, ESQ.
13
                   Counsel on behalf of Honeywell
14                 International, Inc., and Honeywell
                   Intellectual Properties, Inc.
15

16        COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.
          BY:  ROBERT K. BESTE, JR., ESQ.
17
                 and
18
          HOGAN & HARTSON, LLP
19        BY:  ROBERT J. BENSON, ESQ.
               (Los Angeles, California)
20
                   Counsel for Seiko Epson Corp.,
21                 Kyocera Wireless Corp.

22

23

24

25
```

```
 1    APPEARANCES: (Continued)

 2

 3            YOUNG CONAWAY STARGATT & TAYLOR
              BY:  JOHN W. SHAW, ESQ.
 4
                      Counsel for Olympus Corporation,
 5                    Olympus America, Inc., Sony Corporation,
                      and Sony Corporation of America
 6
                  And
 7
              KENYON & KENYON
 8            BY:  ROBERT L. HAILS, ESQ.
                   (Washington, District of Columbia)
 9
                      Counsel for Sony Corporation, and Sony
10                    Corporation of America

11                And

12            KENYON & KENYON
              BY:  GEORGE E. BADENOCH, ESQ., and
13                 RICHARD M. ROSATI, ESQ.
                   (New York, New York)
14
                      Counsel for Olympus Corporation, and
15                    Olympus America, Inc.

16
              RICHARDS LAYTON & FINGER
17            BY:  WILLIAM J. WADE, ESQ.

18                and

19            WEIL GOTSHAL & MANGES
              BY:  STEPHEN J. RIZZI, ESQ.
20                 (New York, New York)

21                    Counsel for Matsushita Electrical
                      Industrial Co. and Matsushita
22                    Electrical Corporation of America

23
              CONNOLLY BOVE LODGE & HUTZ
24            BY:  ARTHUR C. CONNOLLY, III, ESQ.

25                    Counsel for Navman NZ Limited and Navman
                      U.S.A, Inc.
```

4

```
 1   APPEARANCES: (Continued)

 2

 3        FISH & RICHARDSON, P.C.
          BY:  WILLIAM J. MARSDEN, JR., ESQ.
 4
                  Counsel for Nokia, Inc., Casio, Inc., Casio
 5                Computer and Apple Computer Inc.

 6            and

 7
          FISH & RICHARDSON, P.C.
 8        BY:  JOHN T. JOHNSON, ESQ.
               (New York, New York)
 9
                  Counsel for Casio, Inc., Casio Computer
10
              and
11
          FISH & RICHARDSON, P.C.
12        BY:  KELLY C. HUNSAKER, ESQ.
               (Redwood City, California)
13
                  Counsel for Apple Computer Inc.
14
              and
15
          FISH & RICHARDSON, P.C.
16        BY:  LAUREN A. DEGNAN, ESQ., and
               ANDREW R. KOPSIDAS, ESQ.
17             (Washington, District of Columbia)

18                Counsel for Nokia, Inc.

19
          RICHARDS LAYTON & FINGER
20        BY:  FREDERICK L. COTTRELL, III, ESQ., and
               CHAD M. SHANDLER, ESQ.
21
              and
22
          HARRIS BEACH, LLP
23        BY:  NEAL L. SLIFKIN, ESQ., and
               PAUL J. YESAWICH, III, ESQ.
24             (Pittsford, New York)

25                Counsel for Eastman Kodak
```

```
 1    APPEARANCES: (Continued)

 2

 3          CROSS & SIMON
            BY:  AMY ELIZABETH EVANS, ESQ.
 4
                    and
 5
            SACHNOFF & WEAVER
 6          BY:  BRIAN D. ROCHE, ESQ.
                 (Chicago, Illinois)
 7
                    Counsel for Argus a/k/a Hartford
 8                  Computer Group, Inc.

 9
            POTTER ANDERSON & CORROON, LLP
10          BY:  RICHARD L. HORWITZ, ESQ., and
                 DAVID E. MOORE, ESQ.
11
                    Counsel for Concord Cameras, Dell, Inc.,
12                  Fujitsu Limited, Fujitsu America, Inc.,
                    Fujitsu Computer Products of America, Inc.,
13                  Toshiba Corporation, Toshiba America, Inc.,
                    Wintek Electro-Optics Corporation, Sanyo
14                  Electric Co. Ltd. and Sanyo North America,
                    Philips Electronics North America Corp.,
15       `          and Samsung SDI

16              and

17          FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
            BY:  BARRY W. GRAHAM, ESQ.
18               (Washington, District of Columbia)

19                  Counsel for Nikon Corporation, Nikon Inc.

20              and

21          KATTEN MUCHIN ZAVIS ROSENMAN
            BY:  TIMOTHY J. VEZEAU, ESQ.
22               (Chicago, Illinois)

23                  Counsel for Sanyo Electric Co. Ltd.
                    and Sanyo North America
24
                and
25
```

```
 1    APPEARANCES: (Continued)

 2
           OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.
 3         BY:  ARTHUR I. NEUSTADT, ESQ., and
                CARL E. SCHLIER, ESQ.
 4              (Alexandria, Virginia)

 5                   Counsel for Toshiba America

 6              and

 7         VINSON & ELKINS
           BY:  RODERICK B. WILLIAMS, ESQ.
 8              (Austin, Texas)

 9                   Counsel for Dell, Inc.

10              and

11         MILBANK TWEEK HADLEY & McCLOY, LLP
           BY:  CHRISTOPHER E. CHALSEN, ESQ., and
12              CHRISTOPHER J. GASPAR, ESQ.
                (New York, New York)
13
                     Counsel for Fujitsu Limited, Fujitsu
14                   America, Inc., Fujitsu Computer Products
                     of America, Inc.
15
                and
16
           FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
17         BY:  ELIZABETH NIEMEYER, ESQ.
                (Washington, District of Columbia)
18
                     Counsel for Wintek Electro-Optics
19                   Corporation

20              and

21         HOWREY SIMON ARNOLD & WHITE, LLP
           BY:  NELSON M. KEE, ESQ.
22              (Washington, District of Columbia)

23              Counsel for Philips Electronics
                North America Corp.
24
                and
25
```

```
 1    APPEARANCES: (Continued)

 2

 3            PAUL HASTINGS JANOFSKY & WALKER, LLP
              BY:   ELIZABETH L. BRANN, ESQ.
 4                  (San Diego, California)

 5                      Counsel for Samsung SDI

 6
              POTTER ANDERSON & CORROON, LLP
 7            BY:   PHILIP A. ROVNER, ESQ.

 8                  and

 9            STROOCK & STROOCK & LAVAN LLP
              BY:   MATTHEW W. SIEGAL, ESQ.
10                  (New York, New York)

11                      Counsel for Fuji Photo Film Co., Ltd.
                        and Fuji Photo Film U.S.A,  Inc.
12

13            DUANE MORRIS
              BY:   JOHN L. REED, ESQ., and
14                  MATT NEIDERMAN, ESQ.

15                  and

16            DUANE MORRIS
              BY:   L. LAWTON ROGERS, III, ESQ., and
17                  D. JOSEPH ENGLISH, ESQ.
                    (Washington, District of Columbia)
18
                        Counsel for Audiovox Communications Corp.
19

20
              YOUNG CONAWAY STARGATT & TAYLOR
21            BY:   ADAM WYATT POFF, ESQ.

22                  and

23            GREENBLUM and BERNSTEIN, PLC
              BY:   MICHAEL J. FINK, ESQ.
24                  (Reston, Virginia)

25                      Counsel for Pentax Corporation,
                        Pentax U.S.A.,inc.
```

8

```
 1   APPEARANCES: (Continued)

 2

 3           BOUCHARD MARGULES & FRIEDLANDER
             BY:  DOMINICK T. GATTUSO, ESQ.
 4
                  and
 5
             OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.
 6           BY:  RICHARD D. KELLY, ESQ.
                  (Alexandria, Virginia)
 7
                     Counsel for Optrex America, Inc.
 8

 9
             McCARTER & ENGLISH
10           BY:  PAUL A. BRADLEY, ESQ.

11                   Counsel on behalf of Optrex America

12

13           CONNOLLY BOVE LODGE & HUTZ
             BY:  N. RICHARD POWERS, ESQ.
14
                     Counsel on behalf of Sony Ericsson AB
15                   and Sony Ericsson, Inc.

16
             BAKER & McKENZIE
17           BY:  KEVIN M. O'BRIEN, ESQ.
                  (Washington, District of Columbia)
18
                     Counsel on behalf of Curitel Ltd.
19

20

21

22

23

24
                             Brian P. Gaffigan
25                           Registered Merit Reporter
```

1    I wasn't all together sure what was meant by that but

2    putting the best spin on it, I would take it to mean that,

3    well, you know, we saw the Court struggle there with "who

4    ought to be first," suppliers or manufacturers and so we

5    thought we would deal with it by not naming any of the

6    manufacturers here.  Maybe I got you wrong on that but that

7    is sort of how I understood it.

8          But while I appreciate the effort, it doesn't

9    solve the problem for me because what I think was

10   predictable has happened, and that is the people who have a

11   real stake in terms of keeping their customers happy are the

12   manufacturers and suppliers, and they have been subject no

13   doubt to a whole lot of communication from their customers,

14   including demands for indemnification and third-party

15   complaints and probably less formal demands and requests.

16         So I feel like I do have a circumstance that

17   is very akin to the CEA case, whether they brought the

18   suppliers in in the first instance or not.  And that is why

19   I'm going to structure this case in roughly the same way.

20   Now, I say "roughly" because, you know, no two cases are

21   exactly alike, particularly when you have two cases which

22   are orchestrated on an operatic scale like these two are

23   with dozens and dozens of defendants, literally.

24         So I'm sure there are things, Mr. Lueck, in your

25   case that are not going to be like CEA's case, and so I

1    don't want you to be concerned that everything that happens

2    there, you are going to be in the same mold, because there

3    may be sound reasons to do things somewhat differently.

4           But I don't think there is a sound reason to

5    depart from the traditional rule which is in many cases and

6    has reached a point of being memorialized in the manual on

7    complex litigation that says you ought to give the people

8    who are making the accused device face the music, and let

9    them face it in the first instance, particularly in a case

10    like this where there is not something else going on where

11    these people are infringing.  They're taking something that

12    you say infringes and they're putting it into the stuff they

13    sell.  And so settling whether those components infringe,

14    if we got all the manufacturers in, would settle the thing

15    entirely.  If we don't get them all in, we will have

16    substantially reduced the universe of litigation that has to

17    go forward against the -- and I will use the term "end

18    product manufacturers" for ease of reference, with all due

19    respect to the folks from Nikon.  It's just likely to make

20    things more manageable in a way that is consistent with the

21    fair administration of justice.

22           So I'm going to grant some type of stay to the

23    end product manufacturers but the contours of that are

24    something that I'm open to discuss within bounds of reason.

25    In short, I think you made a persuasive case for needing to