# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GUARDIAN INDUSTRIES CORPORATION | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELL INC.; | ) | |
| GATEWAY, INC.; | ) | |
| HEWLETT-PACKARD COMPANY; | ) | |
| ACER INC.; | ) | |
| ACER AMERICA CORPORATION; | ) | |
| AOC INTERNATIONAL; | ) | |
| ENVISION PERIPHERALS, INC.; | ) | |
| TPV INTERNATIONAL (USA) INC.; | ) | |
| AU OPTRONICS CORPORATION; | ) | |
| AU OPTRONICS CORPORATION AMERICA a/k/a | ) | |
| AU OPTRONICS AMERICA, INC.; | ) | |
| BENQ CORPORATION; | ) | |
| BENQ AMERICA CORPORATION; | ) | |
| CHUNGHWA PICTURE TUBES, LTD. a/k/a | ) | C.A. No.  05-27-SLR |
| CHUNGHWA PICTURETUBES COMPANY.; | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| BOE HYDIS TECHNOLOGY COMPANY, LTD.; | ) | |
| BOE HYDIS AMERICA, INC.; | ) | |
| COMPAL ELECTRONICS, INC.; | ) | |
| DELTA ELECTRONICS, INC.; | ) | |
| DELTA PRODUCTS CORPORATION; | ) | |
| DELTA ELECTRONICS (THAILAND) | ) | |
|     PUBLIC COMPANY, LTD.; | ) | |
| HANNSTAR DISPLAY CORPORATION; | ) | |
| JEAN CO., LTD.; | ) | |
| LITE-ON TECHNOLOGY CORPORATION; | ) | |
| LITE-ON, INC. a/k/a | ) | |
| LITEON TRADING USA, INC.; | ) | |
| MAG TECHNOLOGY COMPANY, LTD.; | ) | |
| MAG TECHNOLOGY USA, INC.; | ) | |
| PROVIEW INTERNATIONAL HOLDINGS, LTD.; | ) | |
| PROVIEW TECHNOLOGY, INC.; and | ) | |
| QUANTA DISPLAY, INC. | ) | |
| | ) | |
| *Defendants.* | ) | |

**DECLARATION OF ALBERT LAI IN SUPPORT OF ACER, INC. AND ACER
AMERICA CORPORATION'S MOTION TO STAY PENDING RESOLUTION
OF THE CASES AGAINST LCD MODULE MANUFACTURERS**

# DECLARATION

I, <u>Albert Lai</u>, declare as follows:

1. I have been continuously employed by Acer ("Acer") since <u>April, 1989</u>. I am currently the <u>Senior Director</u> of the <u>Display Product Line</u> at Acer. As part of my work responsibilities, I have knowledge of and have access to documents concerning the business activities of Acer. I have personal knowledge of all facts set forth in this Declaration and I would and could testify competently thereto if called upon to do so.

2. Acer does not design or manufacture liquid crystals display ("LCD") modules. Acer either purchases LCD modules, from manufacturers and gives them to its original equipment manufactures (OEMs) for assembly into monitors, or allows its OEMs conducting the aforesaid transactions for assembly. Acer does not alter or has its OEMs altered the structure of the LCD modules after those panels, modules, drive circuits, or related components were bought for assembly into monitors.

3. The LCD manufacturers that supply Acer's OEMs with LCD modules that are named defendants in this lawsuit are BOE Hydis Technology Company, Ltd., Chunghwa Pictures Tubes, Ltd., and Hannstar Display Corporation, and Quanta Display, Inc. Acer's OEMs who sell complete LCD products to Acer that are named defendants in this lawsuit are Compal Electronics Inc., Lite-on Technology Corporation, TPV Technology Ltd., Jean CO., Ltd., and Proview Technology Inc.

4. Acer's other LCD suppliers, LG Philips LCD Taiwan Co., Samsung Electronics Taiwan Co., Chi Mei Optoelectronics, and AU Optronics Corporation, have settled with the plaintiff.

5.  Because Acer purchases or has its OEMs purchase complete LCD panels, modules, and monitors and does not need to know the performance characteristics of the underlying components, Acer has virtually no information regarding the components that comprise LCD panels and LCD modules purchased by it or its OEMs, the arrangement of those components in the panels, nor the specific performance characteristics of those components.

6.  Acer does not know, and does not have a need to know, what wide view films are contained in LCD panels and LCD modules it buys for OEM assembly.  Acer does not have control over the selection of films and other components used in LCD panels and LCD modules.

7.  I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States, and that this declaration was executed on June 27, 2005, in Hsichih Hsien, Taipei, Taiwan.

_____
Albert Lai

-2-

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC., and )
HONEYWELL INTELLECTUAL PROPERTIES )
INC., )
           )
                 Plaintiffs, )      Civil Action No. 04-1337-KAJ
           )
        v. )
           )
AUDIOVOX COMMUNICATIONS CORP., )
AUDIOVOX ELECTRONICS CORPORATION, )
NIKON CORPORATION, NIKON, INC., NOKIA )
CORPORATION; NOKIA INC., SANYO )
ELECTRIC CO., LTD., and SANYO NORTH )
AMERICA CORPORATION, )
           )
                Defendants. )
_____ )
HONEYWELL INTERNATIONAL INC., and )
HONEYWELL INTELLECTUAL PROPERTIES )
INC., )
           )
                 Plaintiffs, )
           )
        v. )      Civil Action No. 04-1338-KAJ
           )
APPLE COMPUTER, INC.; ARGUS A/K/A )
HARTFORD COMPUTER GROUP, INC.; )
CASIO COMPUTER CO., LTD.; CASIO, INC.; )
CONCORD CAMERAS; DELL INC.; EASTMAN )
KODAK COMPANY; FUJI PHOTO FILM CO., )
LTD.; FUJI PHOTO FILM U.S.A., INC.; )
FUJITSU LIMITED; FUJITSU AMERICA, INC.; )
FUJITSU COMPUTER PRODUCTS OF )
AMERICA, INC.; KYOCERA WIRELESS )
CORP.; MATSUSHITA ELECTRICAL )
INDUSTRIAL CO.; MATSUSHITA )
ELECTRICAL CORPORATION OF AMERICA; )
NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; )
OLYMPUS CORPORATION; OLYMPUS )



AMERICA, INC.; PENTAX CORPORATION;  )
PENTAX U.S.A., INC.; SONY CORPORATION; )
SONY CORPORATION OF AMERICA; SONY )
ERICSSON MOBILE COMMUNICATIONS AB; )
SONY ERICSSON MOBILE )
COMMUNICATIONS (USA) INC.; TOSHIBA )
CORPORATION; and TOSHIBA AMERICA, )
INC., )
)
               Defendants. )
)

OPTREX AMERICA, INC., )
)
               Plaintiff, )
)
       v. )     Civil Action No. 04-1536-KAJ
)
HONEYWELL INTERNATIONAL INC., and )
HONEYWELL INTELLECTUAL PROPERTIES )
INC., )
)
               Defendants. )

## MEMORANDUM ORDER

### Introduction & Background

In these three actions, Honeywell International Inc., a Delaware corporation, and

Honeywell Intellectual Properties Inc., an Arizona corporation, (collectively "Honeywell")

have asserted that their rights under U.S. Patent No. 5,280,371, issued January 18,

1994, (the "'371 patent) have been infringed. The '371 patent claims a liquid crystal

display ("LCD") apparatus said to provide enhanced brightness and clarity when

compared with prior art LCDs. (See '371 patent, attached to C.A. No. 04-1338-KAJ

Docket Item ["D.I."] 1 at Ex. 1, col. 1 lines 48-61; col. 6, lines 1-42.) In Civil Action No.

04-1337-KAJ, Honeywell asserts the '371 patent against 8 defendants. (C.A. No. 04-

2

1337-KAJ D.I. 39.) In Civil Action No. 04-1338-KAJ, it asserts the same patent against another 27 defendants.[1] In Civil Action No. 04-1536-KAJ, Optrex America, Inc., a New York corporation, ("Optrex") has sued for a declaratory judgment that it does not infringe Honeywell's rights under the '371 patent and that the patent is invalid. (C.A. No. 04-1536-KAJ D.I. 1.)

Pending before me are several motions bearing on the management of these cases.[2] Honeywell seeks consolidation of the actions. (C.A. No. 04-1338-KAJ D.I. 134; C.A. No. 04-1536-KAJ D.I. 14) A third party, Seiko Epson Corporation, a Japanese company, ("Seiko Epson") seeks to intervene because it is the original manufacturer of LCDs said to be the infringing component in some of the defendants' consumer electronics. (*See* C.A. No. 04-1337-KAJ D.I. 50; C.A. No. 04-1338-KAJ D.I. 136 at 7-9); Optrex, another seller of allegedly infringing LCDs to defendants in the suits filed by Honeywell, seeks to have its case tried first.[3] (C.A. No. 04-1536-KAJ D.I. 23.) And several of the defendants in the actions brought by Honeywell have filed motions to

---

[1]Honeywell chose to file two separate suits simultaneously because a conflict of interest of one of its law firms prevented that firm from representing Honeywell against certain of the defendants, but it now seeks consolidation of the actions (*See* C.A. No. 04-1338-KAJ D.I. 135 at n. 1.)

[2]A chart listing the motions filed by the parties is appended.

[3]Federal Rule of Civil Procedure 7(b)(1) provides in pertinent part that, "[a]n application to the court for an order shall be by motion ... ." It is the custom and expectation of this court that, unless otherwise ordered by the court, an application like Optrex's should be made by way of formal motion. That expectation was not met in this instance. Failure to abide by Rule 7 necessarily brought with it a failure to abide by Local Rule 7.1.1, respecting the certification of counsel required with all non-dispositive motions. Solely because Optrex's request, which came by way of a letter, can be readily disposed of in light of my rulings on the motions properly made, I have considered it and address it herein.

stay the litigation against them while Honeywell first tries its infringement claims against the manufacturers of the LCDs. (See, e.g., C.A. No. 04-1337-KAJ D.I. 60, 63, 101, and 112; C.A. No. 04-1338-KAJ D.I. 95, 158, 161, 181, and 189.)

On May 16, 2005, I held a consolidated pretrial conference in these cases pursuant to Federal Rule of Civil Procedure 16. At that time, I heard argument on the various motions and issued preliminary rulings. This Order confirms those rulings and provides a further explication for them. For the reasons stated herein, as well as those stated in open court at the Rule 16 conference, Seiko Epson's motion to intervene is granted, Honeywell's motion to consolidate is granted in part, Optrex's request is granted to the extent stated herein, and the motions to stay submitted by defendants in the Honeywell-filed cases are granted. In short, Honeywell will be required to litigate its infringement claims in the first instance against the manufacturers of the accused LCDs, not against the many customers of those manufacturers who incorporate the LCDs into their consumer electronics.

**Standard of Review**

Motions to intervene are entrusted to the discretion of the court. See Kleissler v. U.S. Forest Service, 157 F.3d 964, 969 (3d Cir.1998) ("We will reverse a district court's determination on a motion to intervene as of right if the court has abused its discretion by applying an improper legal standard or reaching a conclusion we are confident is incorrect.") Intervention as of right is governed by Federal Rule of Civil Procedure 24(a), which states in relevant part, "[u]pon timely application anyone shall be permitted to intervene in an action . . (2) when the applicant claims an interest relating to the

4

property or transaction which is the subject of the action and the applicant is so situated

that the disposition of the action may as a practical matter impair or impede the

applicant's ability to protect that interest, unless the applicant's interest is adequately

represented by existing parties." That rule has been interpreted

> to require proof of four elements from the applicant seeking intervention
> as of right: first, a timely application for leave to intervene; second, a
> sufficient interest in the litigation; third, a threat that the interest will be
> impaired or affected, as a practical matter, by the disposition of the action;
> and fourth, inadequate representation of the prospective intervenor's
> interest by existing parties to the litigation

*Kleissler*, 157 F.3d at 969.

A district court also generally has broad discretion when deciding whether to

consolidate or stay proceedings. *See Bechtel Corp. v. Laborers' International Union*,

544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States district court has broad power to

stay proceedings."); *Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969) ("the

trial judge, under Rule 42(a), is given the broad authority to 'make such orders

concerning proceedings therein as may tend to avoid unnecessary costs or delay'").

With respect to consolidation, Federal Rule of Civil Procedure 42(a) provides

that, "[w]hen actions involving a common question of law or fact are pending before the

court, it may order a joint hearing or trial of any or all the matters in issue in the actions;

it may order all the actions consolidated; and it may make such orders concerning

proceedings therein as may tend to avoid unnecessary costs or delay."

The power to stay proceedings "is incidental to the power inherent in every court

to control the disposition of the cases on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Cheyney State College Faculty v. Hufstedler*, 703

5

F.2d 732, 738 (3d cir. 1983) (quotation omitted). When considering a motion to stay, the court considers the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991).

**Discussion**

These cases are the second set of LCD technology cases to come before this court on a grand scale. The first set, in which the lead case is *Commissariat À L'Energie Atomique v. Samsung, et al.*, C.A No. 03-484-KAJ (consolidated), involved the plaintiff ("CEA") suing a host of manufacturers, distributors, and retailers of LCDs or products containing them. After sorting through the various motions to stay and to consolidate, I concluded that consolidation of cases against the manufacturer defendants was appropriate because those cases involved common questions of law and fact pertaining to infringement. *See id.*, May 13, 2004 Mem. Order at 5-6. However, I declined to consolidate the cases involving non-manufacturer defendants because no sound reason was given for immediately addressing what could only be the derivative liability of those defendants. *See id.* For that same reason, I stayed the cases against the non-manufacturer defendants, observing, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Id.* at 7 (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

6

I was persuaded then and remain persuaded that large-scale litigation like this requires the business and strategic legal interests of the plaintiff to cede some ground to case management imperatives. It is impracticable to try an infringement case against 40 some defendants or third-party defendants with many different accused devices, and it is unwise to attempt any such thing when liability depends exclusively upon infringement being found as to an LCD component that the defendants do not manufacture and when at least some of the manufacturers of the LCDs are before the court and are willing to stand behind their products in this litigation.[4]  *Cf. Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (noting that the "customer suit exception" to the preference for allowing a first-filed action to proceed first is based on "the manufacturer's presumed greater interest in defending its actions against charges of patent infringement").

Honeywell has been frank to say that it deliberately avoided suing the manufacturers to avoid "the complications faced by this Court in the French government's LCD action, C.A. No. 03-484 [i.e., the *CEA* suit]." (C.A. No. 04-1338-KAJ D.I. 147 at 3, ¶ 2.) Honeywell also accurately assesses the several motions to stay and the motion to intervene as an effort by the movants to "recast [Honeywell's lawsuits] as a case against LCD suppliers ... ." (C.A. No. 04-1338-KAJ D.I. 167 at 5.) What Honeywell fails to appreciate is that, from the perspective of the host of defendants

---

[4]Optrex and Seiko Epson are before the court already. Other LCD manufacturers identified as "Curitel, Philips, Wintek, and Samsung SDI" have been named in a third party complaint (*see* C.A. No. 04-1338-KAJ D.I. 167 at 5), and LCD manufacturers identified as "Arima Display, AU Optronics, CPT, Hannstar, Hitachi, Primeview, Quanta Display, Inc., ST-LCD, TM Display, and Tottori Sanyo" have not been named or appeared in any of the cases to date. (*See id*)

Honeywell has chosen to sue, and in the interest of judicial economy, dealing with the manufacturers first is the fairest and most efficient way to proceed. It is not a complication to be resisted.

Thus, Honeywell's motions to consolidate will be granted because the cases certainly do involve common questions of law and fact which make sense to handle for certain purposes on a consolidated basis. *See* Fed.R.Civ.P. 42(a). Whether a single trial against all the non-manufacturer defendants makes sense is a question for another day. For now it is sufficient to order that trial and pretrial activities with respect to the dispute between Honeywell and those manufacturer defendants presently before the court will be handled on a consolidated basis. Any pretrial activities with respect to Honeywell's claims against the non-manufacturer defendants will also be handled, for the time being, on a consolidated basis. It is likely that the claims against and by the manufacturer defendants will later be separated out for pretrial proceedings as well as a separate trial. As further noted herein, however, there will be some discovery permitted of the non-manufacturer defendants, so all will remain in the case for the time being.

The motion to intervene filed by Seiko Epson will also be granted, because it puts a willing manufacturer defendant in the forefront of litigation aimed squarely at its product. Seiko Epson correctly claims that it has met the test for intervention as of right under Rule 24(a). Its motion is timely; discovery has not even begun in the case and case management issues are only now being addressed. It has a sufficient interest in the litigation; indeed, as a manufacturer of the product component which is at the heart of these cases, it has a compelling interest. It can rightly claim that its interests will be impaired or affected, as a practical matter, by the disposition of the action, unless it is

8

involved in the case directly and able to make its positions known. Finally, because it is uniquely situated to understand and defend its own product, its interests are not adequately represented by existing parties to the litigation.

For evidently similar reasons, Optrex has taken affirmative steps to insert itself in this litigation and to have the opportunity to have the dispute over its LCDs heard before the suits against the non-manufacturer defendants are permitted to go forward. As stated at the May 16 conference, I agree that the dispute between Honeywell and the manufacturers should go forward first. To that extent, Optrex's request to proceed with its claims on a priority basis will be granted.

As to the several motions to stay, they too are granted to the extent stated in open court. The non-manufacturer defendants will not be given a complete and immediate stay of all proceedings involving them, because I will permit Honeywell certain limited discovery to learn who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products.[5] I will otherwise stay the litigation against the non-manufacturer defendants, however, since a stay would not unduly prejudice Honeywell, it will vastly simplify the issues and trial of the case against the manufacturer defendants, and it comes at time when discovery has not even begun and no trial date has been set  See *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (setting forth test for propriety of a stay). At the

_____

[5]At the case management conference, I granted a defense request that Honeywell be required to identify the products it is accusing of infringement. To date, it has only stated that "[a]t least some of the LCD screen-containing products manufactured, imported, offered for sale, and/or sold by [the named defendants] infringe the '371 patent literally and/or under the doctrine of equivalents ... ."  (C A. No. 04-1338-KAJ D.I. 1 at ¶ 53.)

9

appropriate time, a separation of the suits against the manufacturer and non-manufacturer defendants may well be warranted, for ease of case administration.

At the close of the case management conference, I instructed the parties to confer and provide me with proposed language respecting permissible discovery activities directed at the non-manufacturer defendants during the stay. A further and separate order will be entered following the parties' filing or filings in that regard.

**Conclusion**

For the reasons stated in open court on May 16, 2005 and herein, it is hereby ORDERED that

(1)    Honeywell's motions to consolidate (C.A. No. 04-1338-KAJ D.I. 134; C.A. No. 04-1536-KAJ D.I. 14) are GRANTED to the extent that Civil Action Nos. 04-1337-KAJ, 04-1338-KAJ and 04-1536-KAJ are consolidated for the present for all purposes, with a consolidated case caption to be suggested by the parties by June 17, 2005;

(2)    Seiko Epson's motions to intervene (C.A. No. 04-1337-KAJ D.I. 50 and C.A. No. 04-1338-KAJ D.I. 136) are GRANTED;

(3)    Optrex's request to proceed with its dispute in advance of Honeywell being permitted to proceed with its litigation against the non-manufacturer defendants (C.A. No. 04-1536-KAJ D.I. 23) is GRANTED to the extent described herein; and

(4)    the several motions to stay (C.A. No. 04-1337-KAJ D.I. 60, 63, 101 and 112; C.A. No. 04-1338 D.I. 95, 158, 161, 181 and 189) are GRANTED to the extent

10

described herein, with a further order regarding the stay to be proposed by the parties

no later than June 17, 2005.

UNITED STATES DISTRICT JUDGE

May 18, 2005
Wilmington, Delaware

11

# EXHIBIT C

Westlaw.

Not Reported in F Supp 2d
2004 WL 1554382 (D Del )
(Cite as: 2004 WL 1554382 (D.Del.))

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
COMMISSARIAT A L'ENERGIE ATOMIQUE,
Plaintiff,
v
DELL COMPUTER CORPORATION, et al.,
Defendants
COMMISSARIAT A L'ENERGIE ATOMIQUE,
Plaintiff,
v
TOTTORI SANYO ELECTRONIC CO., LTD.,
Defendant
COMMISSARIAT A L'ENERGIE ATOMIQUE,
Plaintiff,
v.
BEST BUY CO. OF MINNESOTA, INC., et al.,
Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE,
Plaintiff,
v.
FUJITSU LIMITED, et al., Defendants.
COMMISSARIAT A L'ENERGIE ATOMIQUE,
Plaintiff,
v
TATUNG COMPANY, et al., Defendants.
**No. Civ.A. 03-484-KAJ, Civ.A. 03-857-KAJ,
Civ.A. 03-931-KAJ, Civ.A. 03-1036-
KAJ, Civ.A. 04-99-KAJ.**

May 13, 2004

Richard D. Kirk, Morris, James, Hitchens &
Williams, Wilmington, DE, for Plaintiffs and
Counter-Defendant.

Richard L. Horwitz, Potter Anderson & Corroon,
LLP, Wilmington, DE, for Defendants and Counter-
Claimant.

William J. Marsden, Jr., Fish & Richardson, P.C.,
Robert H. Richards, III, William J. Wade, Richards,
Layton & Finger, M. Duncan Grant, Pepper Hamilton
LLP, Josy W. Ingersoll, Young, Conaway, Stargatt &
Taylor, Jeffrey S. Goddess, Rosenthal, Monhait,
Gross & Goddess, Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*

JORDAN, J

I. INTRODUCTION

*1 Presently before me are several Motions to
Consolidate filed by plaintiff, Commissariat à
l'Énergie Atomique ("CEA"), in the following patent
infringement cases currently pending in this court:
*CEA v Dell Computer Corp., et al.*, Civ No 03-484-
KAJ (D Del May 19, 2003) (Docket Item ["D I "] 89,
D I. 142); *CEA v Tottori Sanyo Electronic Co., Ltd.*,
Civ No 03-857-KAJ (D.Del. Sept. 4, 2003) (D I 10,
D I 27); *CEA v Best Buy Co., et al.*, Civ No. 03-931-
KAJ (D. Del. Oct. 6, 2003) (D I.48, D.I 81); and *CEA
v. Fujitsu Ltd.*, Civ. No 03-1036-KAJ (D Del Nov
13, 2003) (D I 14) Also before me are Motions to
Stay the Case filed by the defendants in Civ. No 03-
484-KAJ (D I 93); Civ. No 03-931-KAJ (D.I.47);
and *CEA v Tatung Co., et al.*, Civ. No 04-099-KAJ
(D.Del Feb. 13, 2004) (D I.16). For the reasons that
follow, CEA's Motions to Consolidate will be granted
in part and denied in part and the defendants' Motions
to Stay the Case will be granted.

II. BACKGROUND

CEA alleges, in all of the cases listed above, that the
defendants are infringing its U.S. Patent No.
4,701,028 ("the '028 patent") and U.S. Patent No.
4,839,412 ("the '412 patent"), which claim certain
liquid crystal display ("LCD") technology (D I. 90 at
3 ) [FN1] CEA categorizes the defendants by entity,
as follows: module manufacturers, original
equipment manufacturers/distributors
("OEM/distributors"), and retailers (D I 186 at
11:18-12:17) In all, CEA has sued over 60
defendants on the same patents. (*Id* at 15:6-11 ) CEA
would like the cases against all these defendants
consolidated for discovery, pretrial, and trial
purposes (*Id* at 17:18-18:2 )

> FN1. For ease of reference, and because
> plaintiffs and defendants essentially make
> the same arguments in all of their motions, I
> will cite the docket items associated with
> *CEA v Dell Computer Corp., et al.*, Civ.
> No 03-484-KAJ, and the transcript from the
> hearing on the parties' motions (D I.186),

© 2005 Thomson/West. No Claim to Orig. U S Govt. Works

Not Reported in F Supp 2d
2004 WL 1554382 (D Del )
(Cite as: 2004 WL 1554382 (D.Del.))

unless otherwise noted CEA did not file Motions to Consolidate in *CEA v Tatung Co , et al* and *CEA v Sharp Corp , et al ,* Civ No 04-231-KAJ (D Del Apr 13, 2004), which also allege infringement of the '028 and '412 patents CEA also has a patent infringement case against Chi Mei Optoelectronics Corporation pending in the Northern District of California (D I 186 at 9:20-23 )

At the hearing on the parties' motions, the defendants in all of the cases advanced a unified position in response to CEA's Motions to Consolidate [FN2] (*Id* at 20:3-12 ) The defendants would like the case to go forward against the LCD module manufacturers only, those parties being Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo, and for the case to be stayed against all remaining defendants. (*Id* at 20:15- 21:1; 43:12-18 )

> FN2. From this point forward, any reference herein to "the defendants" means those defendants who were represented at the April 20, 2004 hearing This does not include the defendants in *CEA v Tatung Co , et al* or the defendants in *CEA v Sharp Corp , et al* (*See* D I. 186 at 21:9- 19 )

### III STANDARD OF REVIEW

In general, a district court has broad discretion when deciding whether to consolidate or stay proceedings. *See* Fed.R.Civ.P. 42(a); *Bechtel Corp. v. Laborers' International Union,* 544 F.2d 1207, 1215 (3d Cir.1976) Federal Rule of Civil Procedure 42 provides that, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay " Fed.R.Civ.P. 42(a) (2004).

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cheyney State College Faculty v. Hufstedler,* 703 F.2d 732, 738 (quotation omitted). When considering a motion to stay, the court considers the following factors: (1) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set *United Sweetener USA, Inc. v. Nutrasweet Co., 766 F.Supp. 212, 217 (D.Del.1991).*

### IV. DISCUSSION

#### A CEA's Motion to Consolidate

*\*2 CEA argues that, because the pending actions involve the same patent, they necessarily have common questions of law and fact, and that this court "routinely grants motions to consolidate when two actions are pending that involve the same or similar patents." (D I. 90 at 4-5 ) CEA also argues that consolidation is appropriate when a single plaintiff has filed multiple actions in the same court (*id* ), particularly where, as here, the cases involve the same patents, the same infringing products, and the same distribution chain (*id* at 6)

At the April 20, 2004 hearing, the defendants proposed that the case go forward against the LCD module manufacturers, specifically, Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo (D I. 186 at 20:15-21:1 ) CEA argued that the retailer action, *CEA v Best Buy Co , et al.,* Civ No 03-931-KAJ, should be consolidated with the manufacturer actions, the main reason being that haling the retailers into this court will force the manufacturers to consent to jurisdiction in order to defend their products (*Id.* at 49:25-50:19 )

Because the defendants did not object to consolidating the cases against Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo at the hearing (*see id* at 22:2-6), and because the cases involve common questions of law and fact pertaining to infringement of the '028 and '412 patents, those cases will be consolidated for all pretrial and trial purposes, without prejudice to any of the manufacturers filing a motion to sever from the others at trial, once the pretrial matters are concluded. However, I will not consolidate the retailer action with the manufacturer cases. CEA has not come forward with any compelling reason why the case against the retailers should proceed in lockstep with the cases against the manufacturers. Therefore, CEA's Motions to Consolidate will be granted in part and denied in part; they are granted to the extent that they seek to consolidate the Samsung Electronics, Fujitsu Display Technologies Corporation, and Tottori Sanyo module manufacturers, and denied to the extent that they seek to consolidate the remaining

© 2005 Thomson/West No Claim to Orig U S Govt Works.

Not Reported in F Supp 2d
2004 WL 1554382 (D Del.)
(Cite as: 2004 WL 1554382 (D.Del.))

Page 3

defendants

B Defendants' Motions to Stay the Case

Defendants argue that CEA's case against the OEM/distributors and retailers should be stayed pending resolution of the case against the manufacturers (D.I. 94 at 5; D I 186 at 41:23-42:11 ) CEA responds that it would be unduly prejudiced and placed at a tactical disadvantage if a stay were granted, and that granting a stay as to the retailers would not simplify the issues in this case (D I. 106 at 4-6 ) Applying the factors enumerated in *United Sweetener, supra,* I find that it is appropriate to stay the case against the OEM/distributors and the retailers pending the outcome of the case against the manufacturers

First, CEA has not articulated, in its papers or at the hearing (*see* D I 186 at 25:24-29:4) any real prejudice or tactical disadvantage that it would suffer if the proceedings against the OEM/distributors and retailers are stayed. *See United Sweetner, 766 F.Supp. at 217* CEA asserts that a stay would "substantially delay" its right to adjudicate its claims against the remaining defendants and that it would be most efficient for the court and the parties "to take discovery and present arguments in this case only one time and not through delayed piecemeal litigation " (D I 106 at 5 ) Should CEA prevail in this case, it will be compensated for any delay it experiences in recovering damages against the remaining defendants by interest on the award  CEA also argues that, should a preliminary injunction be entered against the manufacturers, [FN3] the injunction would not be broad enough to encompass the retailers if the case against them is stayed. (D I 186 at 35:7-36:4 ) Such a speculative argument, on its own, does not demonstrate enough prejudice to outweigh the remaining factors in favor of granting a stay. Furthermore, and as explained more fully below, staying the case against the remaining defendants may streamline the case and avoid piecemeal litigation altogether.

FN3. CEA has filed Motions for a Preliminary Injunction in *CEA v Dell* (D I.58) and *CEA v Tottori Sanyo* (D.I 18).

**\*3** Although CEA argues that granting a stay would not simplify the issues pending against the retailers, "[i]t is common practice to stay all pending [patent] litigation except the first suit between the patent owner and a manufacturer or a higher level supplier." David F. Herr, *Annotated Manual for Complex*

*Litigation,* § 33 63 (3d ed.2003); *see also Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed.Cir.1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer")  Because the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of CEA's asserted patents  Resolving these issues prior to proceeding against the OEM/distributors and retailers would surely simplify this case  If, for example, CEA's patents were found invalid or the manufacturers would found to be not infringing, then there would be no need to proceed against the OEM/distributors or retailers, thus conserving judicial resources and expense to the parties  [FN4]

FN4. As to the final two *United Sweetener* factors, discovery is not complete in any of the cases, and even though a trial date in October 2005 has been set in *CEA v Dell,* Civ. No 03-484-KAJ (*see* D I. 106 at 3), neither of these factors weigh strongly against granting a stay under the circumstances presented by these cases

V CONCLUSION

For the foregoing reasons, it is hereby ORDERED that CEA's Motions to Consolidate in *CEA v Dell Computer Corp, et al,* Civ No 03-484-KAJ (D I 89, D I.142); *CEA v Tottori Sanyo Electronic Co, Ltd,* Civ No 03-857-KAJ (D I 10, D I 27); and *CEA v Fujitsu Ltd,* Civ. No. 03-1036-KAJ (D I 14) are GRANTED IN PART and DENIED IN PART  They are GRANTED to the extent that they seek to consolidate the cases against Samsung Electronics, Fujitsu Display Technologies Corporation and Tottori Sanyo for pretrial and trial purposes, without prejudice to defendants filing motions to sever once the pretrial matters are completed; and in all other respects, CEA's Motions to Consolidate are DENIED  Counsel should confer on an appropriate simplified case caption for the proceeding against the three named manufacturer defendants  It is further ORDERED that CEA's Motions to Consolidate in *CEA v. Best Buy Co, et al,* Civ. No. 03-931-KAJ (D.I.48, D.I.81) are DENIED  It is further ORDERED that defendants' Motions to Stay the Case in Civ. No. 03-484-KAJ (D I 93); Civ. No. 03-931-KAJ (D I 47); and Civ. No. 04-099-KAJ (D I 16) are GRANTED to the extent that they seek to stay the proceedings against the OEM/distributors and retailers

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works

Not Reported in F Supp 2d
2004 WL 1554382 (D Del )
(Cite as: 2004 WL 1554382 (D.Del.))

2004 WL 1554382 (D Del )

**Motions, Pleadings and Filings (Back to top)**

- __1:04CV00582_____(Docket)
(Jun  25, 2004)

- __1:04CV00099_____(Docket)
(Feb. 13, 2004)

- __1:03CV01036_____(Docket)
(Nov  13, 2003)

- __1:03CV00857_____(Docket)
(Sep  04, 2003)

- __1:03CV00484_____(Docket)
(May  19, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U S  Govt. Works