**IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **GUARDIAN INDUSTRIES CORP.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **C.A. No.:** |
| **v.** | ) **05-27-SLR** |
| | ) |
| **DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD CO.;** | ) **Jury Trial** |
| **ACER INC.; ACER AMERICA CORP.;** | ) **Demanded** |
| **AOC INTERNATIONAL; ENVISION PERIPHERALS, INC.;** | ) |
| **TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA),** | ) |
| **INC.; CHUNGHWA PICTURE TUBES, LTD. A/K/A** | ) |
| **CHUNGHWA PICTURE TUBES CO.; TATUNG CO.;** | ) |
| **TATUNG CO. OF AMERICA, INC.; BOE HYDIS** | ) |
| **TECHNOLOGY CO., LTD.; BOE HYDIS AMERICA INC.;** | ) |
| **CHI MEI OPTOELECTRONICS; COMPAL ELECTRONICS,** | ) |
| **INC.; HANNSTAR DISPLAY CORP.; JEAN CO., LTD.;** | ) |
| **LITE-ON TECHNOLOGY CORP.; LITE-ON, INC. A/K/A** | ) |
| **LITEON TRADING USA, INC.; MAG TECHNOLOGY CO.,** | ) |
| **LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW** | ) |
| **INTERNATIONAL HOLDINGS, LTD.; PROVIEW** | ) |
| **TECHNOLOGY, INC.; PROVIEW ELECTRONICS CO., LTD.;** | ) |
| **and QUANTA DISPLAY, INC.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**GUARDIAN'S OPPOSITION TO THE MOTIONS TO STAY
OF ENVISION, HEWLETT-PACKARD, JEAN, TATUNG, AND TPV**

Richard K. Herrmann (I.D. No. 405)         Bryan S. Hales
Mary Matterer (I.D. No. 2696)               Craig D. Leavell
MORRIS JAMES HITCHENS & WILLIAMS       Meredith Zinanni
222 Delaware Avenue, 10th Floor             Eric D. Hayes
Wilmington, Delaware 19801                   KIRKLAND & ELLIS LLP
302.888.6800                                 200 East Randolph Drive
rherrmann@morrisjames.com                   Chicago, Illinois 60601
                                             312.861.2000

*Counsel for Plaintiff Guardian Industries Corp.*

Dated:  June 28, 2005

## TABLE OF CONTENTS

BACKGROUND ............................................................................................................................1

ARGUMENT ..............................................................................................................................1

      I.      A Stay Would Prejudice And Disadvantage Guardian Because
            Guardian Requires Discovery From The "Non-Manufacturing"
            Defendants. ......................................................................................................2

      II.     A Stay Would Prejudice And Disadvantage Guardian Because It
            Would Increase The Likelihood Of Inefficient Additional
            Litigation. ........................................................................................................3

      III.    The Movants Are Not Prejudiced By Continuing In This Case. ............................3

      IV.    A Stay Will Not Simplify This Case......................................................................4

CONCLUSION...........................................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Kahn v. General Motors Corp.*,
    889 F.2d 1078 (Fed. Cir. 1989)................................................................................. 3

For the reasons presented in its earlier opposition to certain defendants' Motions to Stay ("First Opp. Brief," D.I. 132), Guardian opposes the Motions to Stay this case filed by Tatung, Tatung America, Jean, HP, Envision, and the TPV entities (collectively, the "New Movants").  Contrary to the assertions made by the "non-manufacturing" defendants, the LCD module manufacturers cannot provide all the information and relief to which Guardian is entitled.  The information the "non-manufacturing" defendants have, and the relief they can provide, is key to Guardian's ability to enforce its patents. In this opposition, Guardian highlights additional relevant factual information pertaining to the New Movants.

## BACKGROUND

Seven of the fifteen defendant groups remaining in this action have moved to stay the case.  An updated chart illustrating the defendant groups and their status as of June 28, 2005 can be found at Exhibit A.  Three LCD module manufacturing defendant groups (BOE HYDIS, Hannstar, and Quanta) have reserved the right to challenge the personal jurisdiction of the Court over them.  (D.I. 132 at 2.)  A scheduling conference with the Court is scheduled for June 29, 2005.  Included in both plaintiff's and defendants' Proposed Scheduling Order is a Status Conference, to be held roughly two months before trial, to determine trial management issues.  (D.I. 132 at 3-4.)

## ARGUMENT

The Motions to Stay should be denied because a stay will prejudice Guardian's ability to get complete discovery and relief, without simplifying the issues in this case, and would result in inefficient discovery and potentially multiple trials spaced many months apart, as outlined in Guardian's First Opp. Brief.  (D.I. 132 at 4.)

1

**I.**     **<u>A Stay Would Prejudice And Disadvantage Guardian Because Guardian Requires Discovery From The "Non-Manufacturing" Defendants.</u>**

As explained in Guardian's First Opp. Brief, it requires discovery from all defendants, not just the LCD module manufacturers. (D.I. 132 at 5-6, 8-9.) The "non-manufacturing" defendants can readily provide discovery of the products that are sold in the U.S., while this information is likely not available from the LCD module manufacturers. (D.I. 132 at 5-6.) If the case against the non-manufacturing defendants is stayed, Guardian will have to engage in expensive, time-consuming international discovery, through the Hague convention or letters rogatory, against third parties in order to gather the information about U.S. sales that the "non-manufacturing" defendants, named as parties in the case, can easily provide.

In addition, the New Movants are not "pure customers." For example, Tatung and TPV have been named as suppliers by HP. (D.I. 123 at 2.) Jean was named as a supplier by Gateway. (D.I. 112 at 5 n.5.) HP has, like Dell and Gateway, named Lite-On, another movant, as a supplier. (D.I. 123 at 2.) In short, the New Movants are both suppliers and resellers. (*See* D.I. 132, Ex. C, showing that CPT, Tatung, and Tatung America are related companies.) While the LCD module manufacturers will be able to identify LCD modules with retardation film, it is expected they will assert that they do not know which of their sales reach the U.S. (D.I. 132 at 5.) The OEMs, which purchase those LCD modules and incorporate them into LCD monitors, will be able to identify which monitors are sold into the U.S. Finally, the resellers such as HP will be able to identify what was sold to an end user in the U.S. Cutting off discovery after step one will deny Guardian information necessary to its case.

**II.     A Stay Would Prejudice And Disadvantage Guardian Because It
Would Increase The Likelihood Of Inefficient Additional Litigation.**

As shown in Guardian's First Opp. Brief, a stay as to resellers in favor of a suit

against the manufacturers is inappropriate where there may be additional suppliers of the

infringing products, as here.  (D.I. 132 at 6-7, discussing *Kahn v. General Motors Corp.*,

889 F.2d 1078, 1082 (Fed. Cir. 1989).)  First, HP and the TPV entities list as suppliers

the defendant groups that have reserved the right to challenge the Court's personal

jurisdiction over them (BOE HYDIS, Hannstar, and Quanta).  (D.I. 123 at 2; D.I. 125 at

2.)  Second, HP and the TPV entities do not state that all of their suppliers have been

named in this case or licensed by Guardian.  (D.I. 123, Ex. B ¶ 4 (naming co-defendants

and licensees as "among its suppliers of LCD modules"); D.I. 125 at 2 (stating its

suppliers "include" co-defendants).)  As discussed, if any of the movants' suppliers are

not captured by this litigation, further litigation against the OEMs and resellers would be

required.  (D.I. 132 at 6-7.)  There is no reason for such inefficient litigation when the

direct infringers of Guardian's patents are before the Court now—especially given that

the infringement issues regarding the accused products are the same, as a result of their

ubiquitous use of Fuji Wide View films.

**III.     The Movants Are Not Prejudiced By Continuing In This Case.**

The New Movants claim that they lack the technical information necessary to

defend against Guardian's claims of infringement.  (D.I. 115 at 1; D.I. 123 at 1; D.I. 125

at 2.)  However, as did the first group of movants, Tatung, Jean, and HP have asserted

non-infringement as an affirmative defense, and Tatung and Jean have asserted

counterclaims of non-infringement.[1]  (D.I. 75, 79, 86.)  This weighs against their claims

that it would be prejudicial to require them to defend themselves against Guardian's

claims.  (*See* D.I. 132 at 9.)

     If the New Movants do lack the necessary information about their products to

defend against Guardian's claims, the best time for them to present their defenses is with

the LCD module manufacturers that do have the information.  (*See* D.I. 132 at 10.)  They

will be able to get the information through normal discovery of the LCD module

manufacturers in the case.  Letters rogatory or other international discovery will not be

required, as may be argued.[2]  (*See* D.I. 135 at 7 n.5.)  However, should the case against

them be stayed, the New Movants should be bound by their statements that they are

unable to defend themselves against Guardian's claims, and thus be bound by any

decision adverse to the LCD module manufacturers.  (*See* D.I. 132 at 10-11.)

### IV.    <u>A Stay Will Not Simplify This Case.</u>

     As discussed in Guardian's First Opp. Brief, the proper management of trial can

be determined closer to trial, when the remaining parties are known and the full scope of

the issues to be tried is understood.  (*See* D.I. 132 at 11-12.)  Guardian's Proposed

Scheduling Order provides for the possibility of multiple trials, such that the issues

pertaining to trial logistics raised in the *Honeywell* and *CEA* cases are not relevant.

Under Guardian's approach, proceeding with all discovery now and staging trials

---

[1]   The TPV entities are scheduled to answer on July 18, 2005, per a stipulation entered on June 20, 2005.  (D.I. 124.)

[2]   Of course, if an LCD module manufacturer that supplies one of the New Movants is not in the case, for example by virtue of jurisdictional challenges, that weighs against New Movants' request for a stay. *See supra* at 3.

consecutively, the Court will have to prepare for trial only once.  Defendants, on the other hand, would add a year or more to the case by requiring discovery to start afresh after the cases against the LCD module manufacturers.  There is no need to drag this case out over three to four years.

It will not simplify the case to allow discovery only against the LCD module manufacturers, but rather will generate potentially needless international discovery and leave gaps in the information necessary to thoroughly address the issues and efficiently manage the schedule of trial in this case.  (*See* D.I. 132 at 12-13.)

Finally, New Movants, like the movants in the first motion for stay, have raised Guardian's track record of reaching settlement and license agreements with various parties in support of their motion for stay.  (D.I. 112 at 9; D.I. 123 at 7; D.I. 135 at 4.)  In reality, it supports denial of the stay motions.  First, they ignore that Guardian has reached settlement with and granted license agreements to not only LCD module manufacturers, but also OEMs, such as Jean in the instant Motion, and resellers, such as HP in the instant Motion.  Second, three of the settlement and license agreements in Guardian I (with both LCD module manufacturers and resellers) followed mediation before Magistrate Judge Thygne.  If a stay is entered, there would be no exchange of information allowing Guardian and the New Movants to make value assessments regarding the case, and no opportunity to mediate to resolution.

## CONCLUSION

For all of the foregoing reasons, and the reasons stated in Guardian's First Opp. Brief (D.I. 132), Guardian respectfully requests that this Court deny the Motions to Stay of Tatung, Tatung America, Jean, HP, Envision, and the TPV entities.

5

Dated:  June 28, 2005

    */s/ Richard K. Herrmann*      .
Richard K. Herrmann (I.D. No. 405)
Mary Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff Guardian Industries Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2005, I electronically filed the foregoing document, **GUARDIAN'S OPPOSITION TO THE MOTIONS TO STAY OF ENVISION, HEWLETT-PACKARD, JEAN, TATUNG AND TPV**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue,17[th] Floor
Wilmington, DE  19801

Josy W. Ingersoll, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

William Marsden, Esq.
Sean P. Hayes, Esq.
Fish & Richardson
919 N. Market Street, Suite 1100
Wilmington, DE  19801

Additionally, I hereby certify that on the 28th day of June, 2005, the foregoing document was served via email on the following non-registered participants:

Daniel T. Shvodian, Esq.
Teresa M. Corbin, Esq.
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA  94025-3434
shvodiand@howrey.com
corbint@howrey.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
york.faulkner@finnegan.com

7

Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
rickwilliams@velaw.com
aross@velaw.com

Jeffrey A. Snyder, Esq.
Thoits, Love, Hershberger & McLean
245 Lytton Avenue, Suite 300
Palo Alto, CA  94301
jsnyder@thoits.com

Jeffrey K. Sherwood, Esq.
Akin Gump Strauss Hauer & Feld
1333 New Hampshire Avenie, NW
Washington, DC  20036
jsherwood@akingump.com

Keven M. O'Brien, Esq.
Baker & McKenzie
815 Connecticut Avenue, N.W.
Washington, D.C.  20006
boehydis@bakernet.com

Eric Wesenberg, Esq.
Kai Tseng, Esq.
Orrick Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA  94025
ewesenberg@orrick.com
ktseng@orrick.com

E. Robert Yoches, Esq.
Laura P. Masurovsky, Esq.
Finnegan Henderson Farabow Garrett & Dunner
901 New York Avenue, N.W.
Washington, D.C.  20001
bob.yoches@finnegan.com
laura.masurovsky@finngan.com

Peter J.Wied, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, Fourth Floor, N Tower
Santa Monica, CA  90404-4060
pwied@agsk.com

Kevin R. Hamel, Esq.
Aaron Ettelman, Esq.
Akin Gump Strauss Hauer & Feld
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA  19103
khamel@akingump.com
aettelman@akingump.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960
rcweems@comcast.net

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY  10022
robert.gunther@lw.com
kurt.rogers@lw.com


    */s/ Richard K. Herrmann*
    Richard K. Herrmann (I.D. No. 405)
    MORRIS, JAMES, HITCHENS & WILLIAMS
    222 Delaware Avenue, 10th Floor
    Wilmington, Delaware 19801
    302.888.6800
    rherrmann@morrisjames.com

    *Counsel for Plaintiff Guardian Industries Corp.*

8