IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUARDIAN INDUSTRIES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-27-SLR |
| | ) | |
| DELL, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROVIEW TECHNOLOGY, INC.'S MOTION TO STAY PENDING RESOLUTION OF THE CASES AGAINST LCD MODULE MANUFACTURERS**

Defendant Proview Technology, Inc. ("Proview Tech") respectfully moves this Court to enter an Order staying the above-captioned action against Proview Tech pending the final resolution of Plaintiff Guardian Industries Corporation's ("Guardian") claims against the liquid crystal display ("LCD") product manufacturers in this action.

Guardian has brought suit before against other defendants in a separate case (hereinafter referred to as "Guardian I"). However, the facts in this case are significantly different than the facts in Guardian I. First, in this case, the defendants include both the LCD manufactures, as well as a significant number of customers. In Guardian I, Guardian focused its claims primarily against the LCD manufacturers. Second, in this case, there are substantially more customer defendants than were present in Guardian I. Allowing discovery to proceed with respect to these customer defendants, most of whom have little if any additional knowledge about the accused products, would needlessly complicate discovery. Third, and perhaps most importantly, none of the defendants in Guardian I moved to stay the case prior to the commencement of discovery.

The LCD manufacturers are the real parties in interest in this case. The LCD manufacturers are the parties with detailed knowledge of the design, structure, and manufacture of the allegedly infringing LCDs, and the parties with the information and documentation to defend against Guardian's claims. Proview Tech does not manufacture or design LCDs. Instead Proview Tech purchases fully assembled computer monitors from third party original equipment manufacturers ("OEMs") who have integrated LCDs into these finished products. Proview Tech is therefore a customer of the third party OEMs and thus has limited knowledge and information regarding the design and manufacture of the LCD products incorporated into the fully assembled products. In an attempt to simplify this case, Proview Tech now moves to stay the action, thereby allowing the LCD manufacturers to logically take the lead. Further, staying this case against Proview Tech and the other customer defendants pending resolution of Guardian's claims against the LCD manufacturers would further the interests of justice and litigation efficiency and economy by significantly streamlining and simplifying the issues, discovery, and trial in this complex, multi-party case.

Proview Tech submits the Declaration of Cathy Chen (Exhibit A hereto) in support of this Motion. In addition, Proview Tech joins in and incorporates by reference the points and authorities set forth in the briefs in support of the motions to stay filed by Dell, Inc. on June 3, 2005, and Gateway, Inc. on June 8, 2005, as grounds for this Motion. A proposed Order granting Proview Tech's motion is attached hereto.

**Rule 7.1.1 Certification.** Counsel for Proview Tech have consulted with counsel for Plaintiff Guardian Industries Corporation pursuant to Delaware Local Rule 7.1.1 and have been advised that Plaintiff will not consent to the relief sought by this Motion.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Jeffery K. Sherwood<br>John M. Caracappa<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Tel: (202) 887-4000<br>jsherwood@akingump.com<br>jcaracappa@akingump.com | By: _____<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Yitai Hu<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>580 California Street<br>Suite 1500<br>San Francisco, CA 94104<br>Tel: (415) 765-9500<br>yhu@akingump.com | *Attorneys for Defendants*<br>*Proview Technology Inc.* |
| Kevin R. Hamel<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Commerce Square<br>Suite 2200<br>Philadelphia, PA 19103<br>Tel: (215) 965-1200<br>khamel@akingump.com | |

Dated: July 12, 2005

690124

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DELL, INC.; GATEWAY, INC.; ) <br> HEWLETT-PACKARD COMPANY; ACER INC.; ) <br> ACER AMERICA CORPORATION; AOC ) <br> INTERNATIONAL; ENVISION PERIPHERALS, INC.; ) <br> TPV TECHNOLOGY, LTD.; ) <br> TPV INTERNATIONAL (USA), INC.; ) <br> AU OPTRONICS CORPORATION; ) <br> AU OPTRONICS CORPORATION AMERICA a/k/a ) <br> AU OPTRONICS AMERICA, INC.; ) <br> BENQ CORPORATION; BENQ AMERICA ) <br> CORPORATION; ) <br> CHUNGHWA PICTURE TUBES, LTD. a/k/a ) <br> CHUNGHWA PICTURE TUBES COMPANY; ) <br> TATUNG COMPANY; ) <br> TATUNG COMPANY OF AMERICA, INC.; ) <br> BOE HYDIS TECHNOLOGY COMPANY, LTD.; ) <br> BOE HYDIS AMERICA INC.; CHI MEI ) <br> OPTOELECTRONICS; ) <br> COMPAL ELECTRONICS, INC.; ) <br> HANNSTAR DISPLAY CORPORATION; JEAN CO., ) <br> LTD.; LITE-ON TECHNOLOGY CORPORATION: ) <br> LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; ) <br> MAG TECHNOLOGY COMPANY, LTD.; ) <br> MAG TECHNOLOGY USA, INC.; ) <br> PROVIEW INTERNATIONAL HOLDINGS, LTD.; ) <br> PROVIEW TECHNOLOGY, INC.; ) <br> PROVIEW ELECTRONICS COMPANY, LTD.; and ) <br> QUANTA DISPLAY, INC. ) <br> ) <br> Defendants. ) | C. A. No. 05-27-SLR <br><br><br> **Jury Trial Demanded** |

**DECLARATION OF PROVIEW TECHNOLOGY, INC.**

I, Cathy Chen, hereby declare as follows:

1. I am a vice president of operations at Proview Technology, Inc. ("Proview Tech"), a defendant in this action. Among other things, I am responsible for the procurement of monitors for Proview Tech. In this position, I have access to and am familiar with business records and information concerning Proview Tech's purchase of liquid crystal displays ("LCDs") and LCD-containing products from third party suppliers.

2. I submit this declaration in support of Proview Tech's motion to stay this case against Proview Tech. The facts stated herein are based on my personal knowledge and my review of Proview Tech's books, business records and other business information, as well as my conversations with other Proview Tech employees. If called to testify regarding the same, I could do so competently.

3. I understand that Guardian Industries Corporation ("Guardian") has filed a lawsuit against Proview Tech alleging infringement of U.S. Patent No. 5,570,214, entitled "Normally White Twisted Nematic LCD with Retardation Films on Opposite Sides of Liquid Crystal Materials for Improved Viewing Zone," U.S. Patent No. 5,694,187, entitled "LCD Including a Negative Biaxial Retarded on Each Side of The Liquid Crystal Layer, " U.S. Patent No. 6,226,065, entitled "Liquid Crystal Display Having High Contrast Viewing Zone Centered in Positive or Negative Vertical Region," and U.S. Patent No. 6,229,588, entitled "Normally White LCD Including First and Second Biaxial Retarders," (referred to collectively herein as "the patents-in-suit"). I understand that each of the patents-in-suit is directed to a certain type of LCD. I further understand that Guardian has not specified in its Complaint or First Amended Complaint the specific products accused of infringement, but has generally alleged that "[o]n information and belief, Defendants each sell LCD product(s) that include a version of Fuji Wide

2

View (WV) film." I further understand that Proview Tech has requested that Guardian identify which specific Proview Tech products are alleged to infringe the patents-in-suit, and that Guardian has identified PL513s, PL713s, PL576s/Pro576s, and PL776s/Pro776s monitors from Proview Tech's website (www.proview.net).

4.  Proview Tech sells fully assembled computer monitors.

5.  Proview Tech does not manufacture or design LCDs. Instead Proview Tech purchases fully assembled computer monitors from third party original equipment manufacturers ("OEMs"), who have integrated LCDs into these finished products.

6.  Upon review of Guardian's Complaint in this action, Proview Tech attempted to determine the identity of the suppliers of the LCDs incorporated into the fully assembled products that Proview Tech purchased from the third party OEM's from 2001 until the present.

7.  Because Proview Tech does not manufacture or design LCDs, but instead purchases fully assembled computer monitors from third party OEMs, Proview Tech does not know who supplied the LCDs incorporated into the fully assembled products.

8.  When Proview Tech purchases LCDs and LCD-containing products from third party OEM's, Proview Tech may specify that the LCDs must meet specific requirements, such as a specified viewing angle, refresh rate and brightness. However, Proview Tech does not specify how those requirements must be met and is not provided technical information by the supplier or the OEM's explaining how the requirements are met in the ordinary course of business. Likewise, Proview Tech does not request and is not provided information by the suppliers or the OEM's regarding the specific components of the LCD products that Proview Tech purchases, such as what type or how many different polarizers or films are used in the LCDs.

9.  I have confirmed with the appropriate people at Proview Tech that Proview Tech does not know which LCDs or LCD-containing products it OEMs from suppliers and then resells, if any, that include a version of the Fuji Wide View film referenced by Guardian in its First Amended Complaint. For this reason, Proview Tech cannot identify which of the LCD products it OEMs and then resells that allegedly infringe the patents-in-suit.

I declare that the foregoing is true and accurate to the best of my knowledge under penalty of perjury of the laws of the United States.

Dated: July 8th, 2005

_____
Cathy Chen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 12, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Steven J. Balick
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Robert W. Whetzel
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551

Gerald M. O'Rourke
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

I hereby certify that on July 12, 2005, I have Federal Expressed the documents to the following non-registered participants:

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Peter J. Wied
Paul Hastings Janofsky & Walker
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

Eric L. Wesenberg
Kai Tseng
Rowena Young
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Jeffrey K. Sherwood
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 9410534

Robert C. Weems
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960

Kurt M. Rogers
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, NY 10022-4834

E. Robert Yoches
Laura P. Masurovsky
Finnegan, Henderson, Farabow,
    Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001

By: _____
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

679634

2