# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| **GUARDIAN INDUSTRIES CORP.,** | ) | |
| | ) | |
| Plaintiff, | ) | **C.A. No.: 05-27-SLR** |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| DELL, INC.; GATEWAY, INC.; | ) | |
| HEWLETT-PACKARD COMPANY; ACER INC.; | ) | |
| ACER AMERICA CORPORATION; AOC INTERNATIONAL; | ) | |
| ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; | ) | |
| TPV INTERNATIONAL (USA), INC.; | ) | |
| CHUNGHWA PICTURE TUBES, LTD. a/k/a | ) | |
| CHUNGHWA PICTURE TUBES COMPANY; | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| BOE HYDIS TECHNOLOGY COMPANY, LTD.; | ) | |
| BOE HYDIS AMERICA INC.; COMPAL ELECTRONICS, INC.; | ) | |
| HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; | ) | |
| LITE-ON TECHNOLOGY CORPORATION: | ) | |
| LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; | ) | |
| MAG TECHNOLOGY COMPANY, LTD.; | ) | |
| MAG TECHNOLOGY USA, INC.; | ) | |
| PROVIEW INTERNATIONAL HOLDINGS, LTD.; | ) | |
| PROVIEW TECHNOLOGY, INC.; | ) | |
| PROVIEW ELECTRONICS COMPANY, LTD.; and | ) | |
| QUANTA DISPLAY, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

At Wilmington this _____ day of July, 2005, the Parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.**  By July 20, 2005, Guardian will provide the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 and identify those products believed to include Fuji Wide View film.  By July 20, 2005, or 20 days after their initial response to the Complaint, whichever is later, the LCD module manufacturer defendants shall provide the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 and identify their products that include Fuji Wide View film.  By August 10, 2005, the OEM and reseller defendants shall provide the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 given the products identified by Guardian and the LCD module manufacturers and a list of their products that contain an LCD module identified by Guardian or the LCD module manufacturers in this case to contain Fuji Wide View film, as required by the previous sentence.  The OEM and reseller defendants shall update this information, if necessary, upon receipt of the pre-discovery disclosures of other defendants.

2.      **Discovery.**

(a) Discovery will be needed on the following subjects:

At this time Guardian expects it will need discovery to support its claims of infringement, willful infringement, damages, and to rebut defendants' defenses and counterclaims.  Guardian's required discovery will include discovery of the defendants, as well as their employees, agents, suppliers and customers, relating to defendants' activities in selling, offering for sale, manufacturing, using, and/or importing LCD products, including allegedly infringing products, as well as their alleged inducement of infringement and contributory infringement.

Defendants each require discovery on a number of issues, including the basis for plaintiff's claim of infringement of the patents in suit ("the Patents"); the basis for plaintiff's claim that the alleged infringement is willful; conception, development and reduction to practice

of the alleged inventions claimed in the Patents; any use, sale or offer for sale by the plaintiff or any predecessor in title to the Patents; any knowledge of the plaintiff, the inventors, or any predecessor in title of the plaintiff, of any disclosure, use, sale or offer for sale of the alleged inventions claimed in the Patents; the facts relating to plaintiff's ownership of the patents in suit, including the circumstances under which it purchased the patents; the meaning of the claims of the Patents; documents, products and/or activities that may constitute prior art to the Patents; any facts or evidence which plaintiff may contend constitutes evidence of patentability or nonobviousness of the alleged inventions claimed in the Patents; the scope of description and enablement provided by the disclosures of the Patents; the best mode(s) contemplated by the inventors of carrying out the alleged inventions claimed by the Patents at the time that the applications for the Patents were filed; facts relating to the prosecution of the Patents; facts relating to the enforceability of the Patents; damages claimed by plaintiff as a result of the alleged infringement; contacts between Guardian and defendants' present or former employees, agents, suppliers or customers; efforts to license the Patents; royalties received by the plaintiff or any predecessor in title for licensing of the Patents; industry licensing practices for technology that is similar to that of the Patents; marking and notice to the defendants; non-infringing alternatives; and all facts relating to any defenses and counterclaims identified in defendants' answers.  Non-party discovery will also be required on some or all of the above issues and facts.

      The above lists of subjects are for the Court's planning purposes only and are not necessarily exclusive and will not form the basis for any restriction on subjects on which discovery shall be permitted.  The above lists are also not an indication or finding by the Court, or an admission by any Party, that any particular discovery is (or is not) relevant or permissible.

     (b) All fact discovery shall be commenced in time to be completed by July 31, 2006.

  (1) Parties may serve written discovery on each other on the date both have filed their Pre-Discovery Disclosures.

  (2) Document production shall be completed on or before January 31, 2006. Documents will be produced by all Parties in a timely manner throughout the document production period, not merely on this date.

  (3) Maximum of 30 interrogatories by Guardian and each group of related defendants to each other group of related defendants and Guardian.

  (4) Contention interrogatories, if filed, shall first be addressed by the Party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days of such a response. The adequacy of all such interrogatory answers shall be judged by the level of detail each Party provides; i.e., the more detail a Party provides, the more detail a Party shall receive.

  (5) Maximum of 100 requests for admission by each Party to any other Party, not including requests directed to the authentication of documents and the proper translations of foreign documents.

  (6) In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the scheduled date for completion of document production.

  (7) Guardian is limited to 125 hours per defendant group of taking testimony by deposition upon oral examination of fact witnesses. Each group of related defendants is limited to a total of 125 hours of taking testimony by deposition upon oral examination of fact witnesses.

  Each fact witness for whom English is their first language shall be made available for only one deposition of up to seven consecutive hours, at which time any Party who wants to examine the witness shall do so. Each fact witness for whom English is not their first language shall be made available for only one deposition of up to one-and-one-half

consecutive days (10.5 hours total), at which time any Party who wants to examine the witness shall do so.

The length of time 30(b)(6) designees shall be available for examination will be determined by the Parties at the time the deposition is noticed, taking into consideration the number of topics to be addressed and the number of Parties participating in the deposition. The Parties are not permitted to engage in duplicative examination.

Notwithstanding the foregoing limitations, Mr. Gang Xu and Mr. Adiel Abileah (the named inventors of the patents-in-suit) shall each be made available for depositions of up to five days (35 hours), which shall be consecutive, if possible, at which time any Party who wants to examine the witness shall do so. The Parties are not permitted to engage in duplicative examination. The time limit on inventors' depositions shall be revisited at the time the deposition is noticed in the event multiple Parties are dismissed from the case prior to these depositions taking place.

The limits on the length of individual, inventor, and 30(b)(6) depositions may be modified by agreement of the Parties or by the order of the Court, for good cause shown.

(8) Only the amount of time that a particular defendant group (or member thereof) spends examining a witness will be charged to that defendant group's total hours for deposition time.

(c) Expert discovery shall be commenced in time to be completed by October 20, 2006.

(1) Expert reports on issues for which the Parties have the burden of proof are due August 11, 2006. Rebuttal expert reports are due September 15, 2006.

(2) Each expert deposition is limited to a maximum of 10 hours per expert, unless extended by agreement of the Parties. Notwithstanding the foregoing, if an expert addresses more than one Party, that expert shall be made available for a deposition of up to four days (28 hours), which shall be consecutive, if possible. The Parties are not permitted to engage in duplicative examination. The time limit on experts' depositions shall be revisited at the time the deposition is noticed, taking into consideration whether

>multiple Parties have been dismissed from the case prior to the deposition taking place, the number of defendants addressed by the expert and the number of defendants actively litigating the case.
>
>The length of expert depositions may be modified by agreement of the Parties or by the order of the Court, for good cause shown.

    (3)    All Daubert motions shall be filed no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) If willfulness has been asserted and absent agreement among the Parties, each defendant must inform Guardian as to whether it intends to rely on advice of counsel by April 30, 2006. If any defendant decides to rely on such advice, the scope of discovery shall include the materials provided by that defendant to its counsel and whatever other materials related to the issues in dispute that such defendant had in its possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) shall take place in a timely manner throughout discovery, but at the very least shall be made on December 2, 2005 and May 12, 2006.

(f) Discovery Disputes.

    (1)    During the course of discovery, the Court shall conduct discovery status conferences on an approximately monthly basis. The first conference shall be an in-person conference on November 17, 2005 at 4:30 p.m. Each subsequent conference shall be scheduled at the time of the prior conference and may be attended telephonically.

    (2)    The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3)    Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be called at trial.** Within one (1) month following the close of expert discovery, each Party shall serve on the other Parties a list including each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each Party shall serve a list of each rebuttal fact witness that it intends to call at trial. The Parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition(s) shall be held within one (1) month after service of the list of rebuttal fact witnesses and the deposition(s) of each such witness(es) shall be limited to ten (10) hours in the aggregate, during which time the plaintiff and/or each group of related defendants may examine the witness, unless extended by agreement of the Parties or upon order of the Court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other Parties shall be filed on or before December 30, 2005. All motions to amend the pleadings shall be filed on or before March 31, 2006.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 17, 2006, the Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7

below.  This provision does not limit the use of other discovery methods regarding claim construction contentions during fact discovery.

    6.  **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before October 31, 2006.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than ten (10) days before the above date without leave of Court.

    7.  **Claim Construction.**  The Parties shall agree upon and file the Joint Claim Construction Statement on October 6, 2006, with the claim chart separately docketed.  The Parties will file simultaneous opening claim construction briefs on October 31, 2006.  Simultaneous response briefs should be filed by November 21, 2006.  Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s).  The hearing on the claim construction and motion(s) for summary judgment will be heard on February 7, 2007 at 3:00 p.m.

    8.  **Applications by Motion.**  Any application to the Court shall be by written motion filed with the clerk.  **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the Court.

    (a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1**.

    (b)  No telephone calls shall be made to chambers.

    (c)  Any Party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers at:  slr_civil@ded.usCourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine.** **No** motions in limine shall be filed; instead, the Parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Status Conference.** A status conference shall be held on March 1, 2007 at 4:30 p.m. in Courtroom No. 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. During this status conference, the Court will consider how to order the trial of this action.

11. **Pretrial Conference.** A pretrial conference will be held on March 20, 2007, at 4:30 p.m. in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for one or more jury trial(s) commencing on April 2, 2007, in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Court has tentatively scheduled a total of seven or eight weeks, beginning on April 2, 2007, on its calendar for the trial(s) of this case, but will consider the actual schedule for the trial(s) of this action at the March 1, 2007 status conference. For purposes of completing pretrial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Honorable Sue L. Robinson
United States District Judge