# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GUARDIAN INDUSTRIES CORP.,**<br><br>                                     Plaintiff,<br><br><br>                              **v.**<br><br><br>**DELL, INC.; HEWLETT-PACKARD COMPANY; ACER INC.; ACER AMERICA CORPORATION; AOC INTERNATIONAL; ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA), INC.;  AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA a/k/a AU OPTRONICS AMERICA, INC.; BENQ CORPORATION; BENQ AMERICA CORPORATION; CHUNGHWA PICTURE TUBES, LTD. a/k/a CHUNGHWA PICTURE TUBES COMPANY; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.;  BOE HYDIS TECHNOLOGY COMPANY, LTD; BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS;  COMPAL ELECTRONICS, INC.; DELTA ELECTRONICS, INC.; DELTA PRODUCTS CORPORATION; DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY, LTD.;  HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.;  LITE-ON TECHNOLOGY CORPORATION; LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; MAG TECHNOLOGY COMPANY, LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; PROVIEW TECHNOLOGY, INC.; PROVIEW ELECTRONICS COMPANY, LTD.; and QUANTA DISPLAY, INC.**<br><br>                                   **Defendants.** | **C.A. No.: 05-27-SLR**<br><br>**Jury Trial Demanded** |

## DEFENDANTS TPV TECHNOLOGY, LTD
## TPV INTERNATIONAL (USA), INC., AND ENVISION PERIPHERALS, INC.'S
## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

**ANSWER**

Defendants TPV Technology, LTD and the TPV International (USA), Inc. and Envision Peripherals, Inc., (collectively, the "TPV Defendants") answer Guardian Industries Corporation's ("Guardian" or "Plaintiff") First Amended Complaint for Patent Infringement (the "First Amended Complaint") by admitting, denying and alleging as follows:

1.      The TPV Defendants admit that the First Amended Complaint purports to allege an action for patent infringement against the TPV Defendants and others. Except as so admitted, the TPV Defendants deny the allegations set forth in paragraph 1 of the First Amended Complaint.

2.      The TPV Defendants admit that the First Amended Complaint includes allegations concerning what the First Amended Complaint defines as Liquid Crystal Displays ("LCDs") and "LCD products." Solely for purposes of answering the allegations of the First Amended Complaint, the TPV Defendants will adopt the First Amended Complaint's definitions of "LCD" and "LCD products." Except as so admitted, the TPV Defendants deny the allegations of paragraph 2 of the First Amended Complaint.

3.      Answering the allegations of paragraph 3, based on the title and "Assignee" specified on the face of U.S. Patent No. 5,570,214 (the "'214 patent"), the TPV Defendants admit the alleged title of the '214 patent but deny that Guardian is the owner of the '214 patent.

4.      Answering the allegations of paragraph 4, based on the title and "Assignee" specified on the face of the U.S. Patent No. 5,694,187 (the "'187 patent"), TPV Defendants admit the alleged title of the '187 patent but deny that Guardian is the owner of the '187 patent.

5.      Answering the allegations of paragraph 5, based on the title and "Assignee" on the face of U.S. Patent No. 6,226,065 (the "'065 patent"), the TPV Defendants admit the title of the '065 patent but deny that Guardian is the owner of the '065 patent.

6.      Based on the title and "Assignee" on the face of U.S. Patent No. 6,229,588 (the "'588 patent"), the TPV Defendants admit the title but deny that Guardian is the owner of the '588 patent.

7.    The TPV Defendants admit that Plaintiff purports to allege an action for patent infringement and admits that copies of the '214 patent, the '187 patent, the '065 patent, and the '588 patent (collectively, the "Patents-in-Suit") are attached to the First Amended Complaint. TPV Defendants lack sufficient knowledge or information to form a belief as to truth of the remaining allegations set forth in paragraph 7 of the First Amended Complaint and, on that ground, deny them.

8.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 8.

9.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 9.

10.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 10.

11.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 11.

12.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 12.

13.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 13.

14.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 14.

15.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 15.

16.     Envision Peripherals, Inc., admits that it is a corporation organized under the laws of the state of California with an office and principal place of business located at 47490 Seabridge Drive, Fremont, California 94538.

17.     TPV Technology, Ltd., admits that it is a Hong Kong listed company organized under the laws of Bermuda with an office and principal place of business located at Room 2108, 21/F, Harcourt House, 39 Gloucester Road, Wanchai, Hong Kong.

18.     TPV International (USA), Inc., admits that it is a corporation organized under the laws of the state of California with an office and principal place of business at 11921 N. Mo. Pac, Suite 320, Austin, Texas 78759.

19.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 19.

20.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 20.

21.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 21.

22.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 22.

23.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 23.

24.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 24.

25.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 25.

26.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 26.

27.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 27.

28.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 28.

29.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 29.

30.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 30.

31.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 31.

32.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 32.

33.     The TPV Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint, and, on that ground, deny each and every allegation in paragraph 33.

34.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 34 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 34.

35.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 35 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 35.

36.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 36.

37.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 37.

38.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 38.

39.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 39.

40.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 40.

41.     The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 41.

42.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 42.

43.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 43 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 43.

44.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 44.

45.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 45.

46.    The TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of the First Amended Complaint and, on that ground, deny each and every allegation in paragraph 46.

47.    Answering the allegations of paragraph 47, the TPV Defendants incorporate by this reference their answers to the preceding paragraphs 1-46 as though set forth in full.

48.    The TPV Defendants admit that the face of the '214 patent indicates that it was issued on October 29, 1996 and admit that a copy of the '214 patent is attached to the complaint. The TPV Defendants deny the remaining allegations contained in paragraph 48 of the First Amended Complaint.

49.    To the extent that the allegations in paragraph 49 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 49. As to any allegations contained in paragraph 49 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

50.    To the extent that the allegations in paragraph 50 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 50. As to any allegations contained in paragraph 50 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

51.    To the extent that the allegations in paragraph 51 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 51. As to any allegations contained in paragraph 51 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

52.    The allegations contained in paragraph 52 of the First Amended Complaint are directed to defendants other than the TPV Defendants and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

53.    The allegations contained in paragraph 53 of the First Amended Complaint are directed to defendants other than the TPV Defendants and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

54.    To the extent that the allegations in paragraph 54 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 54. As to any allegations contained in paragraph 54 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

55.    To the extent that the allegations in paragraph 55 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 55. As to any allegations contained in paragraph 55 that are directed to defendants

other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

56.    The allegations contained in paragraph 56 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

57.    The allegations contained in paragraph 57 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

58.    The allegations contained in paragraph 58 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

59.    The allegations contained in paragraph 59 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

60.    The allegations contained in paragraph 60 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

61.    The allegations contained in paragraph 61 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

62.     Answering the allegations of paragraph 62, the TPV Defendants incorporate by this reference their answers to the preceding paragraphs 1-46 as though set forth in full.

63.     The TPV Defendants admit that the face of the '187 patent indicates that it was issued on December 2, 1997 and that a copy of the '187 patent is attached to the First Amended Complaint. The TPV Defendants deny the remaining allegations contained in paragraph 63 of the First Amended Complaint.

64.     To the extent that the allegations in paragraph 64 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 64. As to any allegations contained in paragraph 64 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

65.     To the extent that the allegations in paragraph 65 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 65. As to any allegations contained in paragraph 65 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

66.     To the extent that the allegations in paragraph 66 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 66. As to any allegations contained in paragraph 66 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

67.     The allegations contained in paragraph 67 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

68.     The allegations contained in paragraph 68 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient

knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

69.    To the extent that the allegations in paragraph 69 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 69. As to any allegations contained in paragraph 69 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

70.    To the extent that the allegations in paragraph 70 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 70. As to any allegations contained in paragraph 70 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

71.    The allegations contained in paragraph 71 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

72.    The allegations contained in paragraph 72 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

73.    The allegations contained in paragraph 73 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

74.    The allegations contained in paragraph 74 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient

knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

75.    The allegations contained in paragraph 75 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

76.    The allegations contained in paragraph 76 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them

77.    The TPV Defendants incorporate by this reference their answers to the preceding paragraphs 1-46 as though set forth in full.

78.    The TPV Defendants admit that the face of the '065 patent indicates that it was issued on May 1, 2001 and that a copy of the '065 patent is attached to the First Amended Complaint. The TPV Defendants deny the remaining allegations contained in paragraph 78 of the First Amended Complaint.

79.    To the extent that the allegations in paragraph 79 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 79. As to any allegations contained in paragraph 79 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

80.    To the extent that the allegations in paragraph 80 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 80. As to any allegations contained in paragraph 80 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

81.    To the extent that the allegations in paragraph 81 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 81. As to any allegations contained in paragraph 81 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

82.    The allegations contained in paragraph 82 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

83.    The allegations contained in paragraph 83 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

84.    To the extent that the allegations in paragraph 84 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 84. As to any allegations contained in paragraph 84 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

85.    To the extent that the allegations in paragraph 85 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 85. As to any allegations contained in paragraph 85 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

86.    The allegations contained in paragraph 86 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

87. The allegations contained in paragraph 87 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

88. The allegations contained in paragraph 88 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

89. The allegations contained in paragraph 89 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

90. The allegations contained in paragraph 90 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

91. The allegations contained in paragraph 91 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

92. The TPV Defendants incorporate by this reference their answers to the preceding paragraphs 1-46 as though set forth in full.

93. The TPV Defendants admit that the face of the '588 patent indicates that it was issued on May 8, 2001 and that a copy of the '588 patent is attached to the First Amended Complaint. The TPV Defendants deny the remaining allegations contained in paragraph 93 of the First Amended Complaint.

94.     To the extent that the allegations in paragraph 94 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 94. As to any allegations contained in paragraph 94 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

95.     To the extent that the allegations in paragraph 95 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 95. As to any allegations contained in paragraph 95 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

96.     To the extent that the allegations in paragraph 96 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 96. As to any allegations contained in paragraph 96 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

97.     The allegations contained in paragraph 97 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

98.     The allegations contained in paragraph 98 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

99.     To the extent that the allegations in paragraph 99 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 99. As to any allegations contained in paragraph 99 that are directed to defendants

other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

100.    To the extent that the allegations in paragraph 100 of the First Amended Complaint are directed to the TPV Defendants, the TPV Defendants deny each and every allegation of paragraph 100. As to any allegations contained in paragraph 100 that are directed to defendants other than the TPV Defendants, the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

101.    The allegations contained in paragraph 101 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

102.    The allegations contained in paragraph 102 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

103.    The allegations contained in paragraph 103 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

104.    The allegations contained in paragraph 104 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

105.    The allegations contained in paragraph 105 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

106.    The allegations contained in paragraph 106 of the First Amended Complaint are directed to defendants other than the TPV Defendants, and the TPV Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that ground, deny them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations under 35 U.S.C. § 286 and/or § 287.

### SECOND AFFIRMATIVE DEFENSE

The TPV Defendants have not directly, indirectly, contributorily or by inducement infringed any claim of the Patents-in-Suit.

### THIRD AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are invalid because they are anticipated by the prior art under or otherwise fail to comply with the requirements of 35 U.S.C. § 102.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are invalid because they are obvious in view of the prior art under or otherwise fail to comply with the requirements of 35 U.S.C. § 103.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are invalid because they do not satisfy the written description, enablement, definiteness, operability and/or other requirements of 35 U.S.C. § 112.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has suffered no detriment, injury or damages.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damages, then Plaintiff failed to mitigate the injury or damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover damages more than 6 years prior to the filing of this action, or prior to proper notification, pursuant to 35 U.S.C. § 286 and § 287(a).

## COUNTERCLAIMS

Counterclaimants, TPV Technology, LTD and the TPV International (USA), Inc. Envision Peripherals, Inc. (collectively, the "TPV Defendants") assert counterclaims against counter-defendant Guardian Industries Corporation ("Guardian or Plaintiff"), demands a jury trial and alleges as follows:

## PARTIES

1.       Counterclaimant TPV Technology, Ltd., is a Hong Kong listed company organized under the laws of Bermuda with an office and principal place of business located at Room 2108, 21/F, Harcourt House, 39 Gloucester Road, Wanchai, Hong Kong.

2.       Counterclaimant TPV International (USA), Inc., is a corporation organized under the laws of the state of California with an office and principal place of business at 11921 N.Mo. Pac, Suite 320, Austin, Texas 78759.

3.       Counterclaimant, Envision Peripherals, Inc., is a corporation organized under the laws of the state of California, with an office and principal place of business located at 47490 Seabridge Drive, Fremont, California 94538.

4.       On information and belief, counter-defendant Guardian Industries Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan, 48326-1714.

## JURISDICTION AND VENUE

5.       The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity and enforceability, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. § 1331 and § 1338.

6.    Venue is proper in the Court under 28 U.S.C. § 1391(c) and § 1400(b).

## FIRST COUNTERCLAIM FOR RELIEF

(Declaratory Relief under 28 U.S.C. § 2201, *et seq.*)

7.    The TPV Defendants allege and incorporate by reference herein the allegations of paragraphs 1 through 5 of the counter-complaint above.

8.    By its First Amended Complaint, Guardian alleges that the TPV Defendants infringe the Patents-in-Suit.

9.    The TPV Defendants deny that they infringe any of the Patents-in-Suit, directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents, as more fully alleged in the foregoing Answer and Affirmative Defenses.

10.   The TPV Defendants further assert that the Patents-in-Suit are invalid and unenforceable, as more fully alleged in the foregoing Answer and Affirmative Defenses.

11.   Accordingly, the TPV Defendants request declaratory judgment from this Court that the Patents-in-Suit are not valid, enforceable and/or not infringed by TPV Defendants either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

12.   Guardian's continued assertion of the Patent-in-Suit against TPV Defendants makes this an exceptional case under 35 U.S.C. § 285, and as such, TPV Defendants are entitled to recover its attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, as to the allegations of Guardian's Complaint, TPV Defendants respectfully pray for judgment in its favor and against Guardian as follows:

1.    The TPV Defendants have not infringed, contributorily infringed and/or actively induced others to infringe any of the Patents-in-Suit;

2.    The claims of Patents-in-Suit are not valid;

3.    The claims of Patents-in-Suit are not enforceable;

4.    Guardian is not entitled to injunctive relief;

5.    Guardian' First Amended Complaint against TPV Defendants be dismissed, with

prejudice, and that it take nothing by this action;

6.    That this action be deemed exceptional; and

7.    The TPV Defendants be awarded their costs of suit, attorneys' fees and any other

relief this Court deems just and proper.

Of Counsel:

Michael J. Bettinger
Timothy P. Walker
Preston Gates & Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105
(415)882-8200

Dated: August 1, 2005

RICHARDS, LAYTON & FINGER, P.A.

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2005 I electronically filed the foregoing with the Clerk

of Court using CM/ECF which will send notification of such filing(s) to the following and which

has also been served as noted:

### BY HAND

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

Josy W. Ingersoll, Esquire
Young, Conway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Gerard M. O'Rourke, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

Steven J. Balick, Esquire
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899

I hereby certify that on August 1, 2005 the foregoing documents were sent to the following in the manner indicated:

### BY FEDERAL EXPRESS

Bryan S. Hales, Esquire
Craig D. Leavell, Esquire
Meredith Zinanni, Esquire
Eric D. Hayes, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

E. Robert Yoches, Esquire
Laura P. Masurovsky, Esquire
Finnegan Henderson Farabow Garrett &
Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Robert J. Gunther, Esquire
Kurt M. Rogers, Esquire
Latham & Watkins
885 Third Avenue
New York, NY 10022

Dan Shvodian, Esquire
Teresa M. Corbin, Esquire
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

Jeffrey K. Sherwood, Esquire
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564

Roderick B. Williams, Esquire
Avelyn M. Ross, Esquire
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

Terry D. Garnett, Esquire
Peter J. Wied, Esquire
Paul Hastings Janofsky & Walker
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228

Robert C. Weems, Esquire
Baum & Weems, Esquire
58 Katrina Lane
San Anselmo, CA 94960

Eric L. Wesenberg, Esquire
Kai Tseng, Esquire
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

York M. Faulkner, Esquire
Finnegan Henderson Farabow Garrett &
Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Kevin M. O'Brien, Esquire
Jennifer A. Semko, Esquire
Baker & McKenzie
815 Connecticut Avenue, N.W.
Washington, DC 20006


Matthew W. King (#4456)
king@rlf.com