## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GUARDIAN INDUSTRIES CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | **C.A. No.: 05-27-SLR** |
| **v.** ) | |
| ) | **Jury Trial Demanded** |
| **DELL, INC.; GATEWAY, INC.;** ) | |
| **HEWLETT-PACKARD COMPANY; ACER INC.;** ) | |
| **ACER AMERICA CORPORATION; AOC INTERNATIONAL;** ) | |
| **ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.;** ) | |
| **TPV INTERNATIONAL (USA), INC.;** ) | |
| **CHUNGHWA PICTURE TUBES, LTD. a/k/a** ) | |
| **CHUNGHWA PICTURE TUBES COMPANY;** ) | |
| **TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.;** ) | |
| **BOE HYDIS TECHNOLOGY COMPANY, LTD.;** ) | |
| **BOE HYDIS AMERICA INC.; COMPAL ELECTRONICS, INC.;** ) | |
| **HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.;** ) | |
| **LITE-ON TECHNOLOGY CORPORATION:** ) | |
| **LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;** ) | |
| **MAG TECHNOLOGY COMPANY, LTD.;** ) | |
| **MAG TECHNOLOGY USA, INC.;** ) | |
| **PROVIEW INTERNATIONAL HOLDINGS, LTD.;** ) | |
| **PROVIEW TECHNOLOGY, INC.;** ) | |
| **PROVIEW ELECTRONICS COMPANY, LTD.; and** ) | |
| **QUANTA DISPLAY, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## PLAINTIFF GUARDIAN INDUSTRIES CORP.'S
## MOTION FOR AN ORDER REQUIRING QUANTA DISPLAY, INC.
## TO COMPLY WITH THE SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(f), Plaintiff Guardian asks the Court to order Defendant

Quanta Display, Inc. ("QDI") to comply with the Court's Scheduling Order by immediately

identifying all QDI LCD modules that contain Fuji Wide View film, not just those modules that

QDI ships directly to the United States.  QDI's compliance with the Scheduling Order is

necessary for the proper functioning of the staged discovery ordered by the Court, as the OEM

and reseller defendants have stated they require this information to complete their Rule 26(a)

disclosures, due August 10, 2005.  It would be inefficient and impractical to wait until the first

discovery conference on November 17, 2005 to address this matter.

## ARGUMENT

1.      Guardian asserts that the Defendants infringe four patents covering certain LCD

products that use a retardation film such as Fuji Wide View film.  Defendant QDI is a

manufacturer of LCD modules, some of which contain Fuji Wide View film.  QDI sells and

ships some of its LCD modules to the U.S., but many of QDI's sales are made overseas to OEMs

and resellers, including co-defendants of QDI, which are located outside the U.S.  (*See* D.I. 162,

Ex. B.)  Those OEMs and resellers then sell products containing QDI LCD modules to the U.S.,

but assert they do not know which of those LCD modules, and thus which of their products,

include Fuji Wide View film.

2.      To address this information split, the Court ordered staged discovery by the

parties.  The Scheduling Order required QDI to identify by July 20, 2005, all of its products that

include Fuji Wide View film:

> By July 20, 2005, or 20 days after their initial response to the Complaint,
> whichever is later, the LCD module manufacturer defendants shall provide the
> information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 and identify
> their products that include Fuji Wide View film.

(D.I. 167 at 2.)  This identification is not limited to those products the LCD module manufacturer

sold or shipped to the United States—nor would such a limitation make sense in light of the

purpose for this identification.

3.      At the June 29, 2005 scheduling conference, the OEM and reseller defendants—at

least some of whom purchase QDI LCD modules overseas and then sell them into the

U.S.—stated that they do not know which of their products contain Fuji Wide View film.  (D.I.

144 at 7:19-8:7.)  Guardian proposed that "the LCD module manufacturers identify their

modules that have Fuji Wide-View Film in them" to help the OEM and reseller defendants trace those products through the supply chain into their products.  (*Id.* at 8:21-9:10.)  The Court approved this approach, ordering the LCD module manufacturers "to respond by July 20 with respect to whatever information they have, what modules they manufacture that use this film." (*Id.* at 10:16-22.)  At no time did Guardian or the Court limit the LCD module manufacturers' disclosures to LCD modules that they themselves sell or ship to the U.S.  To do so would undermine the very purpose of these disclosures—to help the OEM and reseller defendants identify which of their products contain Fuji Wide View film, even if they were purchased from LCD module manufacturers such as QDI outside the U.S.

4.    QDI's July 20 initial disclosures identified only "LCD modules containing Fuji Wide View film *that are shipped to the United States*."  (Ex. A at 3 (emphasis added).)  On July 25, 2005, Guardian asked QDI to either confirm the LCD modules it identified are all the QDI modules with film, or to supplement its disclosures to list any additional QDI LCD modules containing Fuji Wide View film not previously listed.  (Ex. B.)  In a series of communications, QDI offered multiple excuses for why it did not comply with the Scheduling Order:

- The Scheduling Order did not require it to identify anything more than it had;

- It did not have the transcript for the scheduling conference; and

- It was "investigating" whether there were any additional LCD modules with Fuji Wide View film that it had not previously identified.

(Ex. C; Ex. D; Ex. E.)   During this exchange, Guardian requested QDI comply with the Scheduling Order by August 3, 2005, to avoid the need for a motion.  (Ex. F.)  QDI did nothing.

5.    QDI's failure to provide the required information in a timely manner not only is a violation of the Scheduling Order, but also undermines the purpose of the staged discovery put in place by the Court.  On August 10, 2005, the OEM and reseller defendants are required to

provide their initial disclosures, "given the products identified by Guardian and the LCD module manufacturers."  (D.I. 167 at 2.)  Without QDI's complete identification of LCD modules with Fuji Wide View film, the OEMs and resellers will be unable to make complete identifications of their LCD products with Fuji Wide View film.  If QDI is not ordered to provide this information immediately, progress on this basic front will be at a standstill until the November 17, 2005 discovery conference, three and a half months from now.

6.     Over two weeks have passed since QDI was obligated under the Scheduling Order to identify all of its LCD modules that contain Fuji Wide View film, and more than 10 days have passed since this deficiency was called to QDI's attention.  "If a party or party's attorney fails to obey a scheduling or pretrial order … the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees."  Fed. R. Civ. P. 16(f); *see also* Del. L.R. 1.3.  Guardian asks the Court to order QDI to comply with the Scheduling Order by identifying all of its LCD modules that contain Fuji Wide View film.  Because there is no plausible explanation for QDI's noncompliance with the Scheduling Order, Guardian also requests that QDI be ordered to pay its reasonable attorney's fees and expenses incurred in compelling this information from QDI.

**CONCLUSION**

For the foregoing reasons, Guardian requests that the Court order QDI to comply with the

Scheduling Order and identify all of its LCD modules that contain Fuji Wide View film

immediately, and requests its fees and costs in pursuing this relief

Dated:  August 5, 2005

                                        */s/ Richard K. Herrmann*
                                        Richard K. Herrmann (I.D. No. 405)
                                        Mary B. Matterer (I.D. No. 2696)
                                        MORRIS JAMES HITCHENS & WILLIAMS
                                        222 Delaware Avenue, 10th Floor
                                        Wilmington, Delaware 19801
                                        302.888.6800
                                        rherrmann@morrisjames.com

                                        Bryan S. Hales
                                        Craig D. Leavell
                                        Meredith Zinanni
                                        Eric D. Hayes
                                        KIRKLAND & ELLIS LLP
                                        200 East Randolph Drive
                                        Chicago, Illinois 60601
                                        (312) 861-2000

                                        *Counsel for Plaintiff Guardian Industries Corp.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **GUARDIAN INDUSTRIES CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No.: 05-27-SLR** |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| **DELL, INC.; GATEWAY, INC.;** | ) | |
| **HEWLETT-PACKARD COMPANY; ACER INC.;** | ) | |
| **ACER AMERICA CORPORATION; AOC INTERNATIONAL;** | ) | |
| **ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.;** | ) | |
| **TPV INTERNATIONAL (USA), INC.;** | ) | |
| **CHUNGHWA PICTURE TUBES, LTD. a/k/a** | ) | |
| **CHUNGHWA PICTURE TUBES COMPANY;** | ) | |
| **TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.;** | ) | |
| **BOE HYDIS TECHNOLOGY COMPANY, LTD.;** | ) | |
| **BOE HYDIS AMERICA INC.; COMPAL ELECTRONICS, INC.;** | ) | |
| **HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.;** | ) | |
| **LITE-ON TECHNOLOGY CORPORATION:** | ) | |
| **LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;** | ) | |
| **MAG TECHNOLOGY COMPANY, LTD.;** | ) | |
| **MAG TECHNOLOGY USA, INC.;** | ) | |
| **PROVIEW INTERNATIONAL HOLDINGS, LTD.;** | ) | |
| **PROVIEW TECHNOLOGY, INC.;** | ) | |
| **PROVIEW ELECTRONICS COMPANY, LTD.; and** | ) | |
| **QUANTA DISPLAY, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**GUARDIAN'S RULE 7.1.1 CERTIFICATION FOR ITS MOTION
FOR AN ORDER REQUIRING QUANTA DISPLAY, INC.
TO COMPLY WITH THE SCHEDULING ORDER**

Counsel for Plaintiff Guardian Industries Corp. hereby certifies that opposing counsel was contacted in an effort to resolve this issue to no avail.

_____*/s/ Richard K. Herrmann*_____
Richard K. Herrmann #405

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., | ) |
| | ) |
| Plaintiff, | )    **C.A. No.: 05-27-SLR** |
| v. | ) |
| | )    **Jury Trial Demanded** |
| DELL, INC.; GATEWAY, INC.; | ) |
| HEWLETT-PACKARD COMPANY; ACER INC.; | ) |
| ACER AMERICA CORPORATION; AOC INTERNATIONAL; | ) |
| ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; | ) |
| TPV INTERNATIONAL (USA), INC.; | ) |
| CHUNGHWA PICTURE TUBES, LTD. a/k/a | ) |
| CHUNGHWA PICTURE TUBES COMPANY; | ) |
| TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; | ) |
| BOE HYDIS TECHNOLOGY COMPANY, LTD.; | ) |
| BOE HYDIS AMERICA INC.; COMPAL ELECTRONICS, INC.; | ) |
| HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; | ) |
| LITE-ON TECHNOLOGY CORPORATION: | ) |
| LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; | ) |
| MAG TECHNOLOGY COMPANY, LTD.; | ) |
| MAG TECHNOLOGY USA, INC.; | ) |
| PROVIEW INTERNATIONAL HOLDINGS, LTD.; | ) |
| PROVIEW TECHNOLOGY, INC.; | ) |
| PROVIEW ELECTRONICS COMPANY, LTD.; and | ) |
| QUANTA DISPLAY, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

The Court having considered Plaintiff Guardian Industries Corp.'s Motion for an Order
Requiring Defendant Quanta Display, Inc. to Comply with the Scheduling Order, and the parties'
arguments in support and opposition thereof,

IT IS HEREBY ORDERED this _____ day of _____, 2005 that the motion is
GRANTED.

_____
Sue L. Robinson, J.

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on the 5th day of August, 2005, I electronically filed the foregoing document, **PLAINTIFF GUARDIAN INDUSTRIES CORP.'S MOTION FOR AN ORDER REQUIRING QUANTA DISPLAY, INC. TO COMPLY WITH THE SCHEDULING ORDER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue,17[th] Floor
Wilmington, DE 19801

Josy W. Ingersoll, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

William Marsden, Esq.
Sean P. Hayes, Esq.
Fish & Richardson
919 N. Market Street, Suite 1100
Wilmington, DE 19801

      Additionally, I hereby certify that on the 5th day of August, 2005, the foregoing document was served via email on the following non-registered participants:

Daniel T. Shvodian, Esq.
Teresa M. Corbin, Esq.
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434
shvodiand@howrey.com
corbint@howrey.com

Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
rickwilliams@velaw.com
aross@velaw.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
york.faulkner@finnegan.com

E. Robert Yoches, Esq.
Laura P. Masurovsky, Esq.
Finnegan Henderson Farabow Garrett & Dunner
901 New York Avenue, N.W.
Washington, D.C. 20001
bob.yoches@finnegan.com
laura.masurovsky@finngan.com

Michael Bettinger, Esq.
Preston Gates & Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
mikeb@prestongates.com

Jeffrey K. Sherwood, Esq.
Akin Gump Strauss Hauer & Feld
1333 New Hampshire Avenie, NW
Washington, DC  20036
jsherwood@akingump.com

Keven M. O'Brien, Esq.
Baker & McKenzie
815 Connecticut Avenue, N.W.
Washington, D.C.  20006
boehydis@bakernet.com

Eric Wesenberg, Esq.
Kai Tseng, Esq.
Orrick Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA  94025
ewesenberg@orrick.com
ktseng@orrick.com

Peter J. Wied, Esq.
Terry D. Garnett, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
peterwied@paulhastings.com
terrygarnett@paulhastings.com

Kevin R. Hamel, Esq.
Aaron Ettelman, Esq.
Akin Gump Strauss Hauer & Feld
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA  19103
khamel@akingump.com
aettelman@akingump.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960
rcweems@comcast.net

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY  10022
robert.gunther@lw.com
kurt.rogers@lw.com

_____ /s/ Richard K. Herrmann _____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*