# EXHIBIT   A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GUARDIAN INDUSTRIES CORPORATIONS,

         Plaintiff,

    v.

DELL, INC.; GATEWAY, INC.; HEWLETT-
PACKARD COMPANY; ACER INC.; ACER
AMERICAN CORPORATION; AOC
INTERNATIONAL; ENVISION PERIPHERALS,
INC; TPV TECHNOLOGY, LTD.; TPV
INTERNATIONAL (USA), INC.; AU
OPTRONICS CORPORATION; AU OPTRONICS
CORPORATION AMERICA a/k/a AU
OPTRONICS AMERICA, INC.; BENQ
CORPORATION; BENQ AMERICA
CORPORATION; CHUNGHWA PICTURE
TUBES, LTD a/k/a CHUNGHWA PICTURE
TUBES COMPANY; TATUNG COMPANY;
TATUNG COMPANY OF AMERICA, INC.; BOE
HYDIS TECHNOLOGY COMPANY, LTD.; BOE
HYDIS AMERICA INC; CHI MEI
OPTOELECTRONICS; COMPAL
ELECTRONICS, INC.; DELTA ELECTRONICS,
INC.; DELTA PRODUCTS CORPORATION;
DELTA ELECTRONICS (THAILAND) PUBLIC
COMPANY, LTD.; HANNSTAR DISPLAY
CORPORATION; JEAN CO., LTD.; LITE-ON
TECHNOLOGY CORPORATION; LITE-ON,
INC. a/k/a LITEON TRADING USA, ; MAG
TECHNOLOGY COMPANY, LTD.; MAG
TECHNOLOGY USA, INC.; PROVIEW
INTERNATIONAL HOLDINGS, LTD.;
PROVIEW TECHNOLOGY, INC.; PROVIEW
ELECTRONICS COMPANY, LTD.; and
QUANTA DISPLAY, INC.,

         Defendants.

Civil Action No. 05-27-SLR

DEFENDANT QUANTA DISPLAY INC.'S

INITIAL DISCLOSURES

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

In compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure and Rule 16.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Defendant Quanta Display, Inc. ("QDI") provides the following initial disclosures. These disclosures are based on the information reasonably available to QDI as of the present date. QDI reserves the right to modify, amend, or supplement these disclosures pursuant to the Federal Rules of Civil Procedure as discovery progresses.

I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT QDI MAY USE TO SUPPORT ITS DEFENSES

QDI identifies the following people as likely to have discoverable information that QDI may use to support its claims:

1.    Pei Shun Wu, Quanta Display, Inc., No. 189, Hwa Ya 2nd Rd., Kuei Shan Hsiang, Tao Yuan Shien, Taiwan, R.O.C., +886-3-3181898;

2.    Adiel Abileah

3.    Gang Xu

II.    DOCUMENTS AND THINGS IN THE POSSESSION, CUSTODY, OR CONTROL OF QDI THAT QDI MAY USE TO SUPPORT ITS DEFENSES

QDI believes that the file histories and the prior art cited in the Patents-in-Suit may support its defenses and further believe that such file histories and prior art are in Guardian's possession, custody or control. Therefore, QDI will not provide copies of the file histories or the

07/20/2005 19:25 FAX 213 627 0705          PAUL HASTINGS #1                    ☑005/008

prior art with their initial disclosures, to the extent Guardian already possesses them. QDI will

provide copies of other prior art it has located or does locate.

### III.    QDI Products Using Fuji Wide View Film Shipped to the United States

QDI has identified the following products as being LCD modules containing Fuji Wide

View Film that are shipped to the United States: D15, D17, N15W3, and N15W11.

### IV.    INSURANCE AGREEMENTS

QDI not aware of any insurance agreements or policies, at this time, that would cover the

claims alleged in this action.

Dated: July 20 , 2005                  By: _Peter J. Wied_____

                                       Peter J. Wied
                                       PAUL, HASTINGS, JANOFSKY &
                                       WALKER LLP
                                       515 South Flower Street
                                       Twenty-Fifth Floor
                                       Los Angeles, CA 90071-2228
                                       Telephone:  (213) 683-6000
                                       Facsimile:  (213) 627-0705

                                       Attorneys for Defendant
                                       QUANTA DISPLAY, INC.

                                       Josy W. Ingersoll (NO. 1088)
                                       John W. Shaw (No. 3362)
                                       Glenn C. Mandalas (No. 4432)
                                       The Brandywine Building
                                       1000 West Street, 17th Floor
                                       Wilmington, Delaware 19801
                                       (302) 571-6600
                                       gmandalas@ycst.com
                                       Attorneys for QUANTA DISPLAY, Inc.

1    ## PROOF OF SERVICE

2    I, Peter J. Wied, declare:

3    I am a citizen of the United States and employed in Los Angeles County, California. I am

4    over the age of eighteen years and not a party to the within-entitled action. My business address

5    is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228. On July

6    20, 2005, I served a copy of the within document(s):

7    **DEFENDANT QUANTA DISPLAY INC.'S INITIAL DISCLOSURES PURSUANT TO**

8    **FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

9

10   **X**   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

11   **X**   by placing the document(s) listed above in a sealed envelope with postage thereon

12        fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

13

14   ☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a None agent for

15        delivery.

16   ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

17

18   Richard K. Hermann, Esq.              Robert W. Whetzel, Esq.
     Morris, James, Hitchens & Williams     Richards, Layton & Finger

19   LLP                                    One Rodney Square
     222 Delaware Avenue                    Wilmington, Delaware 19801

20   Wilmington, Delaware 19801             *Attorneys for Chunghwa Picture*
     *Attorneys for Plaintiff Guardian*     *Tubes, Ltd. a/k/a Chunghwa Picture*

21   *Industries Corp.*                     *Tubes Company; Tatung Company;*
     (302) 571-1750                         *Tatung Company of America, Inc. and*

22                                          *Jean Co., Ltd.*
                                            (302) 758-6548

23

24

25

26

27

28

LA/1139665.1

1

2  Richard L. Horwitz, Esq.                    David E. Moore, Esq.
   Potter Anderson & Corroon LLP               Potter Anderson & Corroon LLP
3  1313 North Market Street                    1313 North Market Street
   Wilmington, Delaware  19801                 Wilmington, Delaware  19801
4  *Attorneys for Dell, Inc., Mag*             *Attorneys for Gateway, Inc., Mag*
   *Technology Co., Ltd. and Mag*              *Technology Company Ltd., Mag*
5  *Technology USA, Inc., Lite-on*             *Technology USA, Inc., Hewlett-*
   *Technology Corp., Lite-on Inc.,*           *Packard Company, Dell Inc*
6  *Proview International Holdings, Ltd.,*      (302) 658-1192.
   *Proview Technology, Inc.*
7  (302) 658-1192

8  Gerard M. O'Rourke, Esq.                    Steven Balick, Esq.
9  Connolly, Bove, Lodge & Hutz LLP            Ashby & Geddes
   1007 North Orange Street                    222 Delaware Avenue
10 Wilmington, Delaware 19801                  Wilmington, Delaware  19801
   *Attorneys for AU Optronics Corp.*          *Attorneys for BOE HYDIS America*
11 *America, Benq Corp., Benq America*         *Inc., BOE HYDIS Technology*
   *Corp.*                                     *Company Ltd.*
12 (302) 658-9141                              (302) 654-2067

13

14 William J. Marsden, Jr., Esq.              Bran S. Hales, Esq.
   Fish & Richardson, P.C.                    Craig D. Leavell, Esq.
15 919 North Market Street, Suite 1100        Meredith Zinanni, Esq.
   Wilmington, Delaware  19801                Eric Hayes, Esq.
16 *Attorneys for Hewlett-Packard*            Kirkland & Ellis LLP
   *Company*                                  200 East Randoph Drive
17 (302) 652-0607                             Chicago, Illinois  60601
                                              *Attorneys for Plaintiff Guardian*
18                                            *Industries Corp.*
                                              (312) 861-2200
19

20 Daniel T. Shvodian, Esq.                   Teresa M. Corbin, Esq.
   Howrey LLP                                 Howrey LLP
21 301 Ravenswood Avenue                      525 Market Street, Suite 3600
   Menlo Park, CA 94025                       San Francisco, California  94105
22 *Attorneys for Chunghwa Picture*           *Attorneys for Chunghwa Picture*
   *Tubes, Ltd. a/k/a Chunghwa Picture*       *Tubes, Ltd. a/k/a Chunghwa Picture*
23 *Tubes Company; Tatung Company;*           *Tubes Company; Tatung Company;*
   *Tatung Company of America, Inc. and*      *Tatung Company of America, Inc. and*
24 *Jean Co., Ltd.*                           *Jean Co., Ltd.*
   (650) 463-8400                             (415) 848-4999
25

26

27

28

LA/1139665.1                          -2-

| | |
|---|---|
| Roderick B. Williams, Esq. | Josy W. Ingersoll, Esq. |
| Avelyn M. Ross, Esq. | John W. Shaw, Esq. |
| Vinson & Elkins | Glenn C. Mandalas, Esq. |
| 2801 Vi Fortuna, Suite 100 | The Brandywine Building |
| Austin, Texas 78746 | 1000 West Street, 17th Floor |
| *Attorneys for Dell, Inc.* | Wilmington, Delaware 19801 |
| (512) 542-8612 | *Attorneys for Quanta Display, Inc* |
| | (302) 576-3301. |

1
2
3
4
5
6

I am readily familiar with the firm's practice of collection and processing correspondence

7

for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

8

day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

9

motion of the party served, service is presumed invalid if postal cancellation date or postage

10

meter date is more than one day after date of deposit for mailing in affidavit.

11

I declare that I am employed in the office of a member of the bar of this court at whose

12

direction the service was made.

13

Executed on July 20, 2005, at Los Angeles, California.

14
15
16

_____

Peter J. Wied

17
18
19
20
21
22
23
24
25
26
27
28

LA/1139665.1

-3-

# EXHIBIT   B

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8036

July 25, 2005

**Via Facsimile**
(213) 627-0705.

Peter J. Wied
Paul Hastings Janofsky & Walker
515 South Flower Street  25th Floor
Los Angeles, California  90071-2228

Re: *Guardian Industries Corp. v. Dell, Inc. et al.*

Dear Peter:

I write in regard to the initial disclosures of Quanta Display, Inc. ("QDI"). QDI's initial disclosures do not meet the requirements of Fed. R. Civ. P. 26(a)(1) or the burden placed on the parties by Judge Robinson.

First, FRCP 26(a)(1)(A) requires the identification of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses," and the subject about which that individual has knowledge. Despite asserting five affirmative defenses and counterclaims of invalidity and noninfringement, QDI has identified only one individual in addition to the inventors of the patents-in-suit. QDI has also failed to identify the subject of those individuals' testimony. Please supplement QDI's initial disclosures to identify all individuals believed to have information QDI may use to support its claims or defenses, and the subject matter of which those individuals have knowledge.

Second, FRCP 26(a)(1)(B) requires "a description by category" of all documents and things in QDI's possession, custody, or control that QDI may use to support its claims or defenses. In its initial disclosures, QDI identifies only the prosecution histories and prior art cited on the face of the patent as potential documents QDI may use to support its claims or defenses. QDI does not identify any category of documents to support its affirmative defense and counterclaim of noninfringement, or its other affirmative defenses. Please supplement QDI's initial disclosures to describe by category those documents and things QDI may use to support its counterclaims or affirmative defenses. If QDI is unable to identify such documents, QDI should amend its Answer to withdraw those affirmative defenses and counterclaims for which QDI is unable to provide support.

London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.

Peter J. Wied
July 25, 2005
Page 2

Third, QDI has not disclosed any information pursuant to FRCP 26(a)(1)(C).  Please supplement QDI's disclosures accordingly.

Fourth, per the Court's instruction at the June 29, 2005 Scheduling Conference, QDI was to include with its initial disclosures a list of the modules it manufactures that use Fuji Wide View film.  (*See* Hearing Tr. at 10:17-22.)  This disclosure was not to be limited to products QDI shipped to the United States.  However, QDI disclosed only "LCD modules containing Fuji Wide View film *that are shipped to the U.S.*" (emphasis added).  Please either (a) confirm that the four LCD modules identified are the only QDI modules containing Fuji Wide View film, or (b) supplement QDI's disclosures to list all QDI LCD modules that contain Fuji Wide View film.

Please contact me with any questions.  We look forward to your response.

Sincerely,

Meredith Zinanni

MZ/slm

# EXHIBIT  C

07/26/2005 18:07 FAX 213 627 0705        PAUL HASTINGS #4


**Paul Hastings**
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street • 25th Floor • Los Angeles, CA 90071-2228
telephone 213 683 6000 • facsimile 213 627 0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(213) 683-6276
peterwied@paulhastings.com

July 26, 2005

VIA FACSIMILE AND MAIL (312) 861-2200

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Dr
Chicago IL 60601

Re:    Guardian v. Quanta Display

Dear Meredith:

I am writing in response to your July 25, 2005 letter about Quanta Display's ("QDI")
initial disclosures. We believe that QDI's disclosure complies with the requirements of
both the Court and the Federal Rules, particularly in light of Guardian's limited
explanation of its infringement theory.

With regard to the identification of individuals likely to have discoverable information,
QDI has identified Pei Shun Wu as likely to have information regarding the use of Fuji
WideView film in QDI's products. Beyond such information, evidence regarding
infringement and validity is mostly likely in the possession of either Guardian or Fuji. For
this reason, your complaints about the identification of witnesses and documents are
misplaced.

With regard to FRCP 26(a)(1)(C), QDI is not claiming any damages (except for its
attorneys' fees upon the successful conclusion of the case), so it does not have any
documents to identify at this time.

With regard to the identification of products, please provide me with the portion of the
transcript that you believe supports your position. The proposed order that has been
submitted to the Court does not indicate that Guardian is entitled to worldwide

07/26/2005 18:07 FAX 213 627 0705       PAUL HASTINGS #4                    ☑003

**Paul**Hastings
ATTORNEYS

Meredith Zinanni, Esq.
July 26, 2005
Page 2

information, and it is clear that Guardian's patent rights cannot extend to any QDI
products that do not enter the United States.

Sincerely,

*[signature]*

Peter J. Wied
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LA/1141185.1

# EXHIBIT   D

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8036

July 29, 2005

**Via Facsimile**
(213) 627-0705

Peter J. Wied
Paul Hastings Janofsky & Walker
515 South Flower Street  25th Floor
Los Angeles, California  90071-2228

Re: *Guardian Industries Corp. v. Dell, Inc. et al.*

Dear Peter:

I write in response to your letter of July 26, 2005.

First, your statement that "evidence regarding infringement and validity is most[] likely in the possession of either Guardian or Fuji" is incorrect. QDI is likely the sole possessor of many documents regarding its products that include Fuji Wide-View film; documents that may be used to support its noninfringement counterclaim and affirmative defense. QDI must have documentation to support its claims. As stated in my original letter, if QDI is unable to identify any such documents, QDI should amend its Answer to withdraw those defenses and counterclaims for which QDI is unable to identify any support.

Second, the Scheduling Order requires QDI to "identify their products that include Fuji Wide View film." (D.I. XX at 2.) The Scheduling Order does not limit this identification to products sold in the U.S. Indeed, it was made clear at the scheduling conference that this identification was not to be so limited. The LCD module manufacturers are to identify all LCD modules with film to help the OEM and reseller defendants, as well as Guardian, track these products through the supply chain and to the U.S. (Hearing Tr. at 8:21-9:16; *see generally* Hearing Tr. at 6-11.) If QDI does not provide the information required by the Scheduling Order by Wednesday, August 3rd, we will file a motion to compel this information.

London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.

Peter J. Wied
July 29, 2005
Page 2

Please contact me with any questions.  We look forward to your response.

Sincerely,

Meredith Zinanni

MZ/slm

# EXHIBIT   E



Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street • 25th Floor • Los Angeles, CA 90071-2228
telephone 213 683 6000 • facsimile 213 627 0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(213) 683-6276
peterwied@paulhastings.com

July 29, 2005

VIA FACSIMILE AND MAIL (312) 861-2200

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Dr
Chicago IL  60601

Re:     Guardian v. Quanta Display

Dear Meredith:

In response to your July 29, 2005 letter, you have not identified what documents you believe "QDI is likely the sole possessor of". To the limited extent Guardian has explained its theory of infringement, it is based upon the operation of Fuji WideView film; since QDI does not manufacture that product, it does not have documents about its operation.   Should Guardian later put forth a different theory of infringement, and should QDI identify any documents relating to its defenses under that theory, it will supplement its responses in accordance with Rule 26.  Your suggestion that QDI must withdraw its defenses and counterclaims that are based upon documents not within QDI's possession, custody or control is simply without basis in the law.

With regard to the identification of products, we are investigating two issues. First, we are investigating whether there even are any additional products using Fuji WideView film not already identified, although we continue to believe it is not required by the Court's Order. Second, we have not yet been able to obtain a copy of the transcript that you believe "makes clear" that the identification was to be of all products worldwide; if you have a copy you could provide to us, it would expedite our investigation.  Until our investigation is complete, any motion would be premature.

Although your letter does not acknowledge it, I presume you agree with our position that Guardian cannot accuse any product that is never made, used, sold, offered for sale, or imported to the United States.

**Paul** *Hastings*
ATTORNEYS

Meredith Zinanni, Esq.
July 29, 2005
Page 2

In the event that you chose to file a premature and speculative motion on either of these issues on Wednesday, August 3, we will oppose and seek our costs.

Sincerely,

*[signature]*

Peter J. Wied
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

LA/1142287.1

# EXHIBIT  F

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8036

August 2, 2005

**Via Facsimile**
(213) 627-0705

Peter J. Wied
Paul Hastings Janofsky & Walker
515 South Flower Street  25th Floor
Los Angeles, California  90071-2228

Re: *Guardian Industries Corp. v. Dell, Inc. et al.*

Dear Peter:

I write in response to your letter of July 29, 2005.

The plain language of the Scheduling Order does not permit QDI's identification only of modules "that are shipped to the United States." QDI also should be aware that its identification should not be so limited from its participation in the scheduling teleconference. Nonetheless, we have attached the transcript of the scheduling teleconference as you requested.

QDI now suggests that the four products it identified may be all the QDI LCD modules with Fuji Wide View film. If so, please confirm this immediately by withdrawing the limitation from QDI's disclosures. If there are other QDI LCD modules with film that QDI has not identified, QDI is in violation of the Scheduling Order. QDI's investigation on this point was to be completed by July 20, 2005. According to the OEM and reseller defendants, they need QDI's full disclosures to help them identify by August 10, 2005, which of their products include Fuji Wide View film. Accordingly, QDI must drop its improper restriction and identify any additional such modules by August 3—a generous extension—to avoid a motion to compel. Any motion to compel this information will be justified by QDI's improper narrowing of the scope of its required disclosures, and is neither speculative nor premature at this time.

Finally, QDI cannot withhold discovery on the basis of its mischaracterization of Guardian's theory of infringement. Nor are direct sales by QDI to the United States the only activities for which QDI might be found to infringe. QDI may not limit its disclosures and other discovery to products QDI ships to the United States directly.

London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.

Peter J. Wied
August 2, 2005
Page 2


     We look forward to your response and compliance with the Scheduling Order by Wednesday, August 3, 2005.

Sincerely,

Meredith Zinanni

MZ/slm