IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GUARDIAN INDUSTRIES CORP.,**<br><br>   Plaintiff,<br>v.<br><br>DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD COMPANY; ACER INC.; ACER AMERICA CORPORATION; AOC INTERNATIONAL; ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA) INC.; CHUNGHWA PICTURE TUBES, LTD. a/k/a CHUNGHWA PICTURE TUBES COMPANY; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; BOE HYDIS TECHNOLOGY COMPANY, LTD.; BOE HYDIS AMERICA, INC.; COMPAL ELECTRONICS, INC.; HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; LITE-ON TECHNOLOGY CORPORATION; LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; MAG TECHNOLOGY COMPANY, LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; PROVIEW TECHNOLOGY, INC.; PROVIEW ELECTRONICS COMPANY, LTD; and QUANTA DISPLAY, INC.,<br><br>   Defendants. | C.A. 05-27-SLR |

**NON-MANUFACTURER DEFENDANTS' CONSOLIDATED REPLY BRIEF IN SUPPORT OF THEIR MOTIONS TO STAY**

                FISH & RICHARDSON P.C.
                William J. Marsden, Jr. (#2247)
                Sean P. Hayes (#4413)
                919 N. Market Street, Suite 1100
                P.O. Box 1114
                Wilmington, DE 19899-1111
                (302) 778-8401

                *Attorneys for Defendant Hewlett-Packard Company*
                *and on Behalf of All Non-Manufacturer Defendants*

Date: August 5, 2005

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................... 3

    I.    GUARDIAN WILL NOT BE PREJUDICED OR DISADVANTAGED BY A STAY. ........................................................................ 3

    II.   NON-MANUFACTURER DEFENDANTS WILL BE PREJUDICED IF THEY ARE FORCED TO REMAIN IN THIS CASE. ................................................................................................................ 5

    III.  A STAY WILL SIMPLIFY THE CASE. ............................................................. 6

CONCLUSION............................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Commissariat L'Energie Atomique,*
    2004 WL. 1554382 (D. Del. 2004) ................................................................. 5, 8

*Honeywell International Inc. v. Audiovox Communications Corp.,*
    C. A. No. 04-1337-KAJ (D. Del. May 18, 2005) ............................................... 4

*Refac International. See Refac International, Ltd. v. IBM,*
    790 F.2d 79 (Fed. Cir. 1986) .............................................................................. 7

# NON-MANUFACTURER DEFENDANTS' CONSOLIDATED REPLY BRIEF IN SUPPORT OF THEIR MOTIONS TO STAY

The non-manufacturer defendants[1] submit this consolidated reply brief in support of their motions to stay this case against them pending resolution of the case against the defendants that manufacturer LCD module products (hereinafter the "manufacturer defendants").[2]

## INTRODUCTION

While the Court previously noted during the case management conference that the Guardian I litigation was resolved without the entry of a stay for the non-manufacturer defendants, that case offers no guidance as to the best way to proceed in this litigation. In Guardian I, most of the defendants settled early in the litigation, and all of the defendants settled before the case reached too far in the proceedings. Thus the Court and the parties were not faced with the task of trying to coordinate motions, hearings, claim construction, and a trial involving over twenty-five parties. It is unknown how the earlier case actually would have proceeded in the absence of a stay had the settlements not been reached. Because of the difficulties that will be faced in trying to coordinate a litigation involving such a large number of defendants, and given the lack of prejudice to Guardian, the entry of a stay in this case will promote judicial economy and fundamental fairness.

---

[1] Dell Inc., Gateway Inc., Lite-On Technology Corporation, Lite-On, Inc., Tatung Company, Tatung Company Of America, Inc., Jean Co. Ltd., Hewlett-Packard Company, Envision Peripherals, Inc., TPV Technology, Ltd., TPV International (USA), Inc., Acer Inc., Acer America Corporation, Mag Technology Company Ltd., Proview Electronics Company, Ltd., Proview International Holdings Ltd., Proview Technology Inc. and MAG Technology USA, Inc. (hereinafter the "non-manufacturer defendants").

[2] The non-manufacturer defendants incorporate by reference the arguments set forth in the reply brief previously filed by defendants Dell, Gateway and Lite-On.

Guardian's opposition to the requested stay is premised on Guardian's claim that "the LCD module manufacturers cannot provide all the information and relief to which Guardian is entitled." (Guardian Mem. at 1.) The first part of this claim ignores the reality of litigation. If Guardian cannot obtain certain information from the manufacturer defendants, it can easily obtain such information from the non-manufacturer defendants via third-party discovery. In fact, as discussed more fully below, the non-manufacturer defendants already are providing Guardian with the bulk of what it claims it needs from them by August 10, 2005. After that, it is the manufacturer defendants that have the technical information necessary to respond to the fundamental question of whether LCD modules purchased by the non-manufacturer defendants from them infringe any valid and enforceable claim of Guardian's patents

With respect to the second part of its claim, Guardian has provided no cogent explanation as to why, unlike in the vast majority of patent infringement suits, relief against manufacturers of allegedly infringing products is insufficient. Because Guardian cannot recover multiple damages for the sale of a single product, licenses obtained by the manufacturer defendants—i.e., the suppliers—will extend to the non-manufacturer defendants—i.e., the customers, to the extent that their products incorporate these licensed LCD modules.

While Guardian may wish to double dip by obtaining settlements from all points along the manufacturing and distribution chain, the law does not condone such a result and Guardian has not shown why its efforts to achieve such a result merit such an extreme expenditure of judicial resources.

For these reasons, the Court should grant the motion to stay.

**ARGUMENT**

    **I. GUARDIAN WILL NOT BE PREJUDICED OR DISADVANTAGED BY A STAY.**

Guardian simply will not be prejudiced or disadvantaged by a stay of the case against the non-manufacturer defendants. If a stay is granted, Guardian would still be able to conduct discovery about the identity of suppliers of allegedly infringing LCD modules, and to obtain all relevant technical information regarding LCD modules from the manufacturers of these products. Indeed, Guardian will have most, if not all, of this information by August 10, 2005, when all defendants will have identified their products with LCD modules containing Fuji Wide View film in accordance with the Court's scheduling order. Guardian would obtain full relief by resuming the case against the non-manufacturer defendants, if it chose, if and when Guardian proves that any of the products made by the manufacturer defendants actually infringe any valid and enforceable patent claim asserted by Guardian.

Staying the case against the non-manufacturer defendants would not limit Guardian's ability to determine the sources of allegedly infringing LCD modules. The non-manufacturer defendants would agree to provide discovery on the identities of suppliers of such LCD modules, as was allowed in *Honeywell*, for specifically identified accused products. *See Honeywell International Inc. v. Audiovox Communications Corp.*, C. A. No. 04-1337-KAJ, slip op. at 9 (D. Del. May 18, 2005).

Indeed, the non-manufacturer defendants are doing so through their Initial Disclosures due August 10, 2005. Although Guardian complains in its opposition about the vagueness of certain non-manufacturer defendants' prior comments regarding their suppliers, this was because Guardian did virtually nothing to identify which of the

3

thousands and thousands of products its was accusing. Now that Guardian has identified the accused products with specificity, the non-manufacturer defendants are promptly identifying relevant suppliers. This information should allow Guardian to confirm that those suppliers generally are licensed or are manufacturer defendants in this case. To the extent any supplier is not already licensed or sued, it is a simple matter for Guardian to add them to the complaint. The relevant facts simply are not complex as Guardian suggests.

To the extent Guardian has a legitimate need for additional information from the non-manufacturer defendants, they are willing to respond to further such requests, whether they come as part of third-party discovery or court order. The need for certain discovery is simply not a reason to require all of the non-manufacturer defendants to engage in full-scale patent litigation over products they obtain from others.

Significantly, Guardian fails to refute the non-manufacturer defendants' argument that the customer-suit exception supports the stay they request. Contrary to Guardian's contention, the case against the manufacturer defendants should resolve the case against the non-manufacturer defendants, *once all suppliers are identified.* As explained above, the Court has ordered that the non-manufacturer defendants make such identifications by August 10, 2005.

If Guardian's infringement claims survive after resolution of its case against the manufacturer defendants, Guardian can move forward with its remaining claims at that time. Guardian would suffer no prejudice from any delay. *See Commissariat Á L'Energie Atomique*, 2004 WL 1554382, at *2 (D. Del. 2004) (rejecting the argument that a plaintiff would suffer "any real prejudice or tactical disadvantage" if a stay was

granted and explaining that the plaintiff would be compensated for "any delay it experiences in recovering damages against the remaining defendants by interest on the award"); *see also Honeywell*, Civil Action No. 04-1337-KAJ, slip op. at 9 (stating that "a stay will not unduly prejudice Honeywell, it will vastly simplify the issues and trial of the case against the manufacturer defendants").

## II. NON-MANUFACTURER DEFENDANTS WILL BE PREJUDICED IF A STAY IS NOT GRANTED.

By contrast, as shown in their opening briefs, the non-manufacturer defendants *will* be prejudiced if they are forced to remain in this case at this time. First, they do not have the knowledge or access to information necessary to properly defend on the technical merits. Without knowledge or understanding of the accused component technologies, the non-manufacturer defendants will face substantial difficulty and expense in mounting a defense. Instead, it is the manufacturer defendants that possess the technical knowledge and resources to best defend against Guardian's infringement claims, and those defendants have the prevailing interest in mounting that defense.

Guardian's attempt to refute this showing with reference to the non-manufacturer defendants' non-infringement and invalidity defenses fails. In its opposition, Guardian correctly notes that these defendants have asserted these defenses. (Guardian Mem. at 10.) Raising these defenses, however, does not indicate that the non-manufacturer defendants already have all of the technical information they will need to litigate. If forced to litigate issues of non-infringement and invalidity, the non-manufacturer defendants will be forced to rely heavily on discovery from the manufacturer defendants. The non-manufacturer defendants will also have to rely heavily on experts and

consultants, because, unlike the manufacturer defendants, they do not have employees with the technical expertise necessary to assist with their defense. This highlights the prejudice and tactical disadvantages facing the non-manufacturer defendants if a stay is not granted and they are forced to defend against this lawsuit.

Guardian puts the cart before the horse in arguing that the non-manufacturer defendants should be bound by any adverse ruling against the manufacturer defendants. (*See* Guardian Mem. at 12.) In the event of a stay, the preclusive effect of any particular ruling—positive or negative—would be properly determined by the long-standing doctrines of res judicata and collateral estoppel. And contrary to Guardian's suggestion otherwise, the court did not bind stayed customer defendants to an injunction issued against the manufacturer defendants in *Refac International. See Refac Int'l, Ltd. v. IBM*, 790 F.2d 79 (Fed. Cir. 1986). (*See* Guardian Mem. at 10.) Rather, in that case, the defendant customers simply "agreed to be *bound* by any injunction in this case," for reasons not explained by the court. *See Refac*, 790 F.2d at 81 (emphasis in original). If Guardian succeeds in proving that a particular manufacturer's product infringes and obtains an injunction against it, that injunction would presumably extend to products that incorporate that particular module—i.e., to the non-manufacturer defendants—as well.

### III. A STAY WILL SIMPLIFY THE CASE.

Finally, contrary to Guardian's claim, a stay would also simplify and narrow the issues to be addressed by this Court, thereby enhancing judicial economy. By focusing the case at this time on LCD module manufacturers, fewer parties would be involved, coordination would be simpler, and discovery would be simpler. Especially in light of

Guardian's licensing history and litigation strategy, efficiency is maximized by proceeding against the manufacturer defendants before the non-manufacturer defendants.

As the Court is aware, stays have been applied in similar situations in similar cases in this District. *See Honeywell*, Civil Action No. 04-1337-KAJ, slip op. at 8-9 (noting that a stay would "vastly simplify the issues and trial" and that "in the interest of judicial economy, dealing with the manufacturers first is the fairest and most efficient way to proceed"); *CEA*, 2004 WL 1554382, at *3 (ruling that a stay would allow the case to proceed against the manufacturers that "are in the best position to contest the validity and infringement of CEA's asserted patents"). In its opposition, Guardian misleadingly implies that the stays in these cases were related to "issues pertaining to trial logistics." (D.I. 140 at 4) But they were related to discovery as well. *See, e.g., Honeywell*, Civil Action No. 04-1337-KAJ, slip op. at 9 (permitting Honeywell "certain limited discovery to learn who the suppliers of LCDs are for the various devices that Honeywell must now specifically identify as accused products").

As was recognized in these cases, resolving validity and infringement issues before proceeding against the non-manufacturer defendants would "surely simplify this case" and could potentially "conserve[e] judicial resources and expense to the parties." *CEA*, 2004 WL 1554382, at *3. Furthermore, while Guardian claims that a stay might create piecemeal litigation, the Court in *CEA* disagreed, explaining that "staying the case against the remaining defendants [OEM/distributors and retailers] may streamline the case and avoid piecemeal litigation altogether." *CEA*, 2004 WL 1554382, at *2. Any piecemeal litigation is a product of Guardian's own licensing through litigation strategy, a strategy this Court should avert by granting a stay at this juncture.

7

## CONCLUSION

Accordingly, for the reasons set forth above and in their opening briefs, the non-manufacturer defendants respectfully request that the case against them be stayed pending resolution of the case against the manufacturer defendants. Alternatively, the non-manufacturer defendants ask that, if the Court is unwilling to entirely stay the case against them, the Court consider staging certain aspects of this case, such as discovery and motion practice with respect to them.

Dated: August 5, 2005                    FISH & RICHARDSON P.C.

                                         By: _____
                                         William J. Marsden, Jr. (#2247)
                                         Sean P. Hayes (#4413)
                                         919 N. Market Street, Suite 1100
                                         P.O. Box 1114
                                         Wilmington, DE 19899-1114
                                         (302) 652-5070

                                         *Attorneys for Defendant*
                                         *Hewlett-Packard Company and on behalf of all*
                                         *Non-Manufacturer Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2005, I electronically filed with the Clerk of Court using CM/ECF **NON-MANUFACTURER DEFENDANTS' CONSOLIDATED REPLY BRIEF IN SUPPORT OF THEIR MOTIONS TO STAY** which will send notification of such filing(s) to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

*Attorneys for Defendants Dell, Inc., Gateway, Inc., Lite-On Technology Corporation and Lite-On, Inc., Acer, Inc. and Acer American Corporation, Compal Electronics, Proview Int'l Holdings Ltd., Proview Technology, Inc., Proview Electronics Company, Ltd., Hannstar Display Corporation, MAG Technology Company*, Ltd., MAG Technology USA, Inc

Josy Ingersoll, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th
Wilmington, DE 19801

*Attorneys for Quanta Display, Inc.*

Robert W. Whetzel, Esq.
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801

*Attorneys for Defendants Chunghwa Picture Tubes Ltd., Jean Co., Ltd., Tatung Co., Envision Peripherals, Tatung Co. of America, Inc., TPV Technology, Ltd., and TPV International (USA), Inc.*

Steven Balick, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899

*Attorneys for BOE HYDIS Technology Company, Ltd. and BOE HYDIS America, Inc.*

Richard K. Herrmann, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

*Attorneys for Plaintiff Guardian Industries Corp.*

i

I hereby certify that on August 5, 2005, the foregoing document was e-mailed to the following non-registered participants:

Teresa M. Corbin, Esq.
Daniel T. Shvodian
David L. Bilsker
Wallace Wu
Howrey LLP
525 Market Street, Suite 2600
San Francisco, CA 94105
corbint@howrey.com
Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-6568
rickwilliams@velaw.com
aross@velaw.com

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY 10022
Robert.gunther@lw.com
Kurt.rogers@lw.com

E. Robert Yoches, Esq.
York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett
 & Dunner
901 New York Avenue, N.W.
Washington, D.C. 20001
Bob.yoches@finnegan.com
York.faulker@finnegan.com

Bryan S. Hales
Meredith Zinanni
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
bhales@kirkland.com
mzinanni@kirkland.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett &
Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
York.faulkner@finnegan.com

Peter J. Weid, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
peterweid@paulhastings.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960
reweems@comcast.net

Jeffrey K. Sherwood, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
jsherwood@akingump.com

Eric L. Wesenberg
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
ewesenberg@orrick.com
ktseng@orrick.com
ryoung@orrick.com

| | |
|---|---|
| Kevin M. O'Brien<br>John G. Flaim<br>Jennifer A. Semko<br>Baker & McKenzie LLP<br>815 Connecticut Avenuem, N.W.<br>Washington D.C. 20006<br>Kevin.m.obrien@bakernet.com<br>Jennifer.a.semko@bakernet.com | Kevin R. Hamel, Esq.<br>Aaron Ettelman, Esq.<br>Akin Gump Strauss Hauer & Feld<br>One Commerce Square<br>2005 Market Street, Suite 2200<br>Philadelphia, PA  19103<br>khamel@kingump.com<br>aettelman@akingump.com |
| Michael J. Bettinger<br>Timothy P. Walker<br>Preston Gates & Ellis LLP<br>55 Second Street<br>Suite 1700<br>San Francisco, CA  94105<br>MikeB@prestongates.com<br>TimothyW@prestongates.com | |

_____
Sean P. Hayes