IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORPORATIONS,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD COMPANY; ACER INC.; ACER AMERICAN CORPORATION; AOC INTERNATIONAL; ENVISION PERIPHERALS, INC; TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA), INC.; AIJ OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA a/k/a AU OPTRONICS AMERICA, INC. BENQ CORPORATION; BENQ AMERICA CORPORATION; CHUNGHWA PICTURE TUBES, LTD a/k/a CHUNGHWA PICTURE TUBES COMPANY; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; BOE HYDIS TECHNOLOGY COMPANY, LTD.; BOE HYDIS AMERICA INC; CHI MEI OPTOELECTRONICS; COMPAL ELECTRONICS, INC.; DELTA ELECTRONICS, INC.; DELTA PRODUCTS CORPORATION; DELTA ELECTRONICS (THAILAND) PUBLIC COMPANY, LTD.; HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; LITE-ON TECHNOLOGY CORPORATION; LITE-ON, INC. a/k/a LITEON TRADING USA, ; MAG TECHNOLOGY COMPANY, LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; PROVIEW TECHNOLOGY, INC.; PROVIEW ELECTRONICS COMPANY, LTD.; and QUANTA DISPLAY, INC.,<br><br>Defendants. | Civil Action No. 05-27-SLR |

**QUANTA DISPLAY, INC.'S OPPOSITION TO PLAINTIFF'S**
<u>**MOTION FOR AN ORDER TO COMPLY WITH THE SCHEDULING ORDER**</u>

Plaintiff's suggestion that Quanta Display, Inc. ("QDI") has in any way failed to meet its obligations under the Court's August 1, 2005 Scheduling Order is baseless. Instead, Plaintiff is simply seeking discovery to which it is not entitled in an attempt to impose greater litigation costs on QDI and other defendants.

## ARGUMENT

The Court's August 1, 2005 Scheduling Order [D.I. 167] ("Scheduling Order") instructs the LCD module manufacturer defendants to "identify their products that include Fuji Wide View film" and the OEM and reseller defendants to give "a list of their products that contain an LCD module identified by Guardian or the LCD module manufacturers in this case to contain Fuji Wide View film." *Id.* at 2. There is no evidence, either in the Scheduling Order or in the transcript of the Scheduling Hearing, that this discovery was intended to go beyond what is relevant to this case, namely LCD products made, sold, or offered for sale in, or imported to, the United States.

The Federal Circuit and Supreme Court have repeatedly made clear that the reach of U.S. patent law is limited to this country. *See MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, Case No. 04-1396, slip op. at 12 (Fed. Cir., August 22, 2005) ("It is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States."); *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) ("These extraterritorial activities however, are irrelevant to the case before us, because '[t]he right conferred by a patent under our law is confined to the United States and its territories, and infringement of this right cannot be predicated of [sic] acts wholly done in a foreign country.'" (*quoting Dowagiac Mfg. Co. v. Minn. Moline Low Co.*, 235 U.S. 641, 650 (1915)). Thus, although the Scheduling Order does not explicitly limit the OEM and reseller defendants'

disclosures to products sold in the United States, it is clear that those are the only products that could be relevant to this case. Likewise, the LCD module manufacturers' non-U.S. activities could not be relevant to infringement in this case.

Plaintiff's claim that it "needs" information about QDI's activities outside the U.S. is belied by Plaintiff's own discovery requests. In its Requests for Production of Documents, Plaintiff defined "Products-at-Issue" as limited to those "that Defendant makes, uses, sells, offers to sell, or sells within the United States or imports into the United States". *See* Ex. A at 23. (Plaintiff did not, however, limit its definition of "Products-at-Issue" to those containing Fuji Wide View Film, as it should have.) Thus Plaintiff's own discovery requests show that its position regarding the Scheduling Order may be more about litigation tactics and less about any legitimate need for discovery from QDI.

Nor has Plaintiff shown that the information it seeks is "relevant to the claim or defense of any party," as required by Federal Rule of Civil Procedure 26(b)(1). QDI properly identified the four LCD modules containing Fuji Wide View Film that it has sold or offered for sale in, or imported to, the United States. On the contrary, the only evidence available regarding any other QDI LCD modules is that they are NOT relevant because they are not sold into the United States and/or do not contain Fuji Wide View Film. Plaintiff's speculation (and Plaintiff has offered nothing more than speculation) that some products sold by QDI overseas may, at some later date under unknown circumstances, enter the United States does not make those products relevant as required by Rule 26. *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, Case No. 04-1396, slip op. at 15 (Fed. Cir., August 22, 2005) ("Mere knowledge that a product sold overseas will ultimately be imported into the United States is insufficient to establish liability under section 271(a).")

3

Finally, Plaintiff's dire predictions that would be unable to identify relevant products has not come to pass. In fact, the OEM and reseller defendants have already identified dozens of LCD products that may be relevant to this litigation. Plaintiff's argument that QDI has somehow left the discovery process "at a standstill" is nothing more than empty rhetoric.

Because QDI has fully complied with its obligations under the Scheduling Order and consistent with the proper limitations of U.S. Patent Law, QDI respectfully requests that Plaintiff's Motion be denied.

Dated: August 24, 2005

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

PAUL, HASTINGS, JANOFSKY &
 WALKER LLP
Peter J. Wied
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
(213) 683-6000

Attorneys for Defendant
QUANTA DISPLAY, INC.

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on August 24, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard K. Herrmann, Esquire
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue
> Wilmington, DE  19801
> *Attorneys for Plaintiff Guardian Industries Corp.*
>
> Robert W. Whetzel, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE  19801
> *Attorneys for Chunghwa Picture Tubes, Ltd. a/k/a*
> *Chunghwa Picture Tubes Company; Tatung Company;*
> *Tatung Company of America, Inc. and Jean Co., Ltd.,*
> *Jean Co. Ltd.*
>
> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801
> *Attorneys for Dell, Inc., Mag Technology Co., Ltd.*
> *and Mag Technology USA, Inc., Acer Inc., Acer America*
> *Corp., Compal Electronics, Inc., Lite-on Technology*
> *Corp., Lite-on Inc., Proview International Holdings,*
> *Ltd., Proview Technology, Inc.*
>
> David E. Moore, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE  19801
> *Attorneys for Gateway, Inc. ,Mag Technology Company*
> *Ltd., Mag Technology USA, Inc., Hewlett-Packard*
> *Company, Dell Inc.*

DB01:1598319.1

Gerard M. O'Rourke, Esquire
Connolly, Bove, Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801
*Attorneys for AU Optronics Corp. America, Benq Corp., Benq America Corp.*

Steven Balick, Esquire
Ashby & Geddes
222 Delaware Avenue
Wilmington DE 19801
*Attorneys for BOE HYDIS America Inc., BOE HYDIS Technology Company Ltd.*

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801
*Attorneys for Hewlett-Packard Company*

I further certify that on August 24, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

Bryan S. Hales, Esquire
Craig D. Leavell, Esquire
Meredith Zinanni, Esquire
Eric Hayes, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
*Attorneys for Plaintiff Guardian Industries Corp.*

Daniel T. Shvodian, Esquire
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025
*Attorneys for Chunghwa Picture Tubes, Ltd. a/k/a Chunghwa Picture Tubes Company; Tatung Company; Tatung Company of America, Inc. and Jean Co., Ltd.*

Teresa M. Corbin, Esquire
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
*Attorneys for Chunghwa Picture Tubes, Ltd. a/k/a*
*Chunghwa Picture Tubes Company; Tatung Company;*
*Tatung Company of America, Inc. and Jean Co., Ltd.*

Roderick B. Williams, Esquire
Avelyn M. Ross, Esquire
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746
*Attorneys for Dell, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Quanta Display, Inc.*

DB01:1598319.1