# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GUARDIAN INDUSTRIES CORP., ) ) | |
| Plaintiff, ) | C.A. No.: 05-27-SLR |
| v. ) ) | Jury Trial Demanded |
| DELL, INC.; GATEWAY, INC.; ) HEWLETT-PACKARD COMPANY; ACER INC.; ) ACER AMERICA CORPORATION; AOC INTERNATIONAL; ) ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; ) TPV INTERNATIONAL (USA), INC.; ) CHUNGHWA PICTURE TUBES, LTD. a/k/a ) CHUNGHWA PICTURE TUBES COMPANY; ) TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; ) BOE HYDIS TECHNOLOGY COMPANY, LTD.; ) BOE HYDIS AMERICA INC.; COMPAL ELECTRONICS, INC.; ) HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; ) LITE-ON TECHNOLOGY CORPORATION: ) LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; ) MAG TECHNOLOGY COMPANY, LTD.; ) MAG TECHNOLOGY USA, INC.; ) PROVIEW INTERNATIONAL HOLDINGS, LTD.; ) PROVIEW TECHNOLOGY, INC.; ) PROVIEW ELECTRONICS COMPANY, LTD.; and ) QUANTA DISPLAY, INC. ) ) Defendants. ) | |

## PLAINTIFF GUARDIAN INDUSTRIES CORP.'S REPLY TO QUANTA DISPLAY, INC.'S OPPOSITION TO MOTION FOR AN ORDER TO COMPLY WITH THE SCHEDULING ORDER

QDI was required to identify *all* of its modules that contain Fuji Wide View film, not just those that *QDI* sells directly to the United States. QDI's explanation for its noncompliance, that Guardian seeks discovery to which it is not entitled, holds no water. Indeed, QDI's response is notable more for what it does not address—indirect infringement—than for what it does.

QDI concedes that the Court's Scheduling Order does not limit QDI's identification of products containing Fuji Wide View film to products QDI sells to the United States. [D.I. 167,

pp. 2-3.] And QDI does not assert that it has identified *all* of its products. QDI's noncompliance thus established, the Court need not go any further and Guardian's motion should be granted.

Rather than argue compliance with the Scheduling Order, QDI attempts to shift focus by asserting that its products with Fuji Wide View film that *it* does not sell directly to the United States are irrelevant. But QDI cannot unilaterally narrow the scope of its disclosures to a subset of the discovery ordered by the Court in the Scheduling Order. And in any event, QDI's irrelevancy argument is wrong. Identification of all QDI products containing Fuji Wide View film is needed and justified for two reasons.

First, QDI's sales to foreign entities—for example, OEMs in this action who then sell into the United States—may constitute inducement of infringement or contributory infringement under sections 271(b) or (c). *See* 35 U.S.C. § 271(b) and (c); *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 2005 WL 2000930 at *2 (Fed. Cir. August 22, 2005) (activities occurring outside the United States may induce infringement under section 271(b)); *Crystal Semiconductor Corp. v. TriTech Microelectronic Int'l , Inc.,* 246 F.3d 1336, 1361 (Fed. Cir. 2001) (same); *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1345 (Fed. Cir. 2003) (activities occurring outside the United States may contribute to infringement under section 271(c)). In *MEMC*, the defendant SUMCO manufactured the accused products exclusively outside the United States and sold the products to another foreign corporation in Japan. *MEMC*, 2005 WL 2000930 at *2. The Japanese corporation then sold the products to the United States. *See id.* The Federal Circuit held that the defendant SUMCO could be liable for inducing infringement under section 271(b). *Id*. at *9. Thus, QDI may be liable for its sales to foreign companies, such as OEMs, under section 271(b) or 271(c) when QDI's customers sell a product with Fuji Wide View film in or to the United States.

While QDI cites the same *MEMC* case, QDI's irrelevancy argument focuses on the requirements for liability for direct infringement under section 271(a). QDI says nothing of indirect infringement under 271(b) or 271(c), and omits that the Federal Circuit in *MEMC* allowed a 271(b) action to proceed. Because QDI itself may be liable for its sales outside the United States, the discovery required by the Court's Scheduling Order is appropriate.[1]

Second, even assuming *arguendo* that QDI could not itself be liable for sales not directly made to the United States, QDI's customers—the OEMs and resellers in this case—may be liable for their sales into the United States. 35 U.S.C. § 271(a). As the Court is aware from the repeated assertions of the OEM and reseller defendants, they claim not to know which of their products include Fuji Wide View film. (*E.g.,* D.I. 110, 112, 115, 123 and 147; 6/29/05 Hearing Trans. 5:17-6:1 and 7:19-8:7.) Thus, as the Court has already decided, discovery is required from QDI for *all* products, including those it sells to foreign OEMs and resellers, to allow QDI's customers to identify which of their products contain Fuji Wide View film.

QDI has no plausible excuse for its failure to comply with the Court's Scheduling Order. Accordingly, Guardian's motion should be granted.

---

[1] The scope of Guardian's discovery requests cannot alter or limit what is required by the Scheduling Order. Compliance by defendants with the Scheduling Order will provide facts relating to direct and indirect infringement activities. Guardian's first round of discovery requests (served the day the preliminary discovery from QDI was due) focused on the subset thereof of direct infringement activities. QDI can hardly hide behind Guardian's structured discovery as an excuse for not complying with the plain language of the Scheduling Order.

| | |
|---|---|
| Dated: August 29, 2005 |   */s/ Richard K. Herrmann* |

                                    Richard K. Herrmann (I.D. No. 405)
                                    Mary Matterer (I.D. No. 2696)
                                    MORRIS JAMES HITCHENS & WILLIAMS
                                    222 Delaware Avenue, 10th Floor
                                    Wilmington, Delaware 19801
                                    302.888.6800
                                    rherrmann@morrisjames.com

                                    Bryan S. Hales
                                    Craig D. Leavell
                                    Meredith Zinanni
                                    Eric D. Hayes
                                    KIRKLAND & ELLIS LLP
                                    200 East Randolph Drive
                                    Chicago, Illinois 60601
                                    (312) 861-2000

                                    *Counsel for Plaintiff Guardian Industries Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2005, I electronically filed the foregoing document, **PLAINTIFF GUARDIAN INDUSTRIES CORP.'S REPLY TO QUANTA DISPLAY, INC.'S OPPOSITION TO MOTION FOR AN ORDER TO COMPLY WITH THE SCHEDULING ORDER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Josy W. Ingersoll, Esq.
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

William Marsden, Esq.
Sean P. Hayes, Esq.
Fish & Richardson
919 N. Market Street, Suite 1100
Wilmington, DE  19801

Additionally, I hereby certify that on the 29th day of August, 2005, the foregoing document was served via email on the following non-registered participants:

Daniel T. Shvodian, Esq.
Teresa M. Corbin, Esq.
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA  94025-3434
shvodiand@howrey.com
corbint@howrey.com

Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
rickwilliams@velaw.com
aross@velaw.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett & Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
york.faulkner@finnegan.com

E. Robert Yoches, Esq.
Laura P. Masurovsky, Esq.
Finnegan Henderson Farabow Garrett & Dunner
901 New York Avenue, N.W.
Washington, D.C.  20001
bob.yoches@finnegan.com
laura.masurovsky@finngan.com

Michael Bettinger, Esq.
Preston Gates & Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
mikeb@prestongates.com

Jeffrey K. Sherwood, Esq.
Akin Gump Strauss Hauer & Feld
1333 New Hampshire Avenie, NW
Washington, DC 20036
jsherwood@akingump.com

Keven M. O'Brien, Esq.
Baker & McKenzie
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
boehydis@bakernet.com

Eric Wesenberg, Esq.
Kai Tseng, Esq.
Orrick Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
ewesenberg@orrick.com
ktseng@orrick.com

Peter J. Wied, Esq.
Terry D. Garnett, Esq.
Paul Hastings Janofsky & Walker LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
peterwied@paulhastings.com
terrygarnett@paulhastings.com

Kevin R. Hamel, Esq.
Aaron Ettelman, Esq.
Akin Gump Strauss Hauer & Feld
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
khamel@akingump.com
aettelman@akingump.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA 94960
rcweems@comcast.net

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY 10022
robert.gunther@lw.com
kurt.rogers@lw.com

    */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. No. 405)
**Mary B. Matterer (I.D. No. 2696)**

MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*