IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DELL, INC.; GATEWAY, INC.; )<br>HEWLETT-PACKARD COMPANY; ACER INC.; )<br>ACER AMERICA CORPORATION; AOC INTERNATIONAL; )<br>ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; )<br>TPV INTERNATIONAL (USA), INC.; )<br>AU OPTRONICS CORPORATION; )<br>AU OPTRONICS CORPORATION AMERICA a/k/a )<br>AU OPTRONICS AMERICA, INC.; )<br>BENQ CORPORATION; BENQ AMERICA CORPORATION; )<br>CHUNGHWA PICTURE TUBES, LTD. a/k/a )<br>CHUNGHWA PICTURE TUBES COMPANY; )<br>TATUNG COMPANY; )<br>TATUNG COMPANY OF AMERICA, INC.; )<br>BOE HYDIS TECHNOLOGY COMPANY, LTD.; )<br>BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS; )<br>COMPAL ELECTRONICS, INC.; )<br>HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; )<br>LITE-ON TECHNOLOGY CORPORATION: )<br>LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; )<br>MAG TECHNOLOGY COMPANY, LTD.; )<br>MAG TECHNOLOGY USA, INC.; )<br>PROVIEW INTERNATIONAL HOLDINGS, LTD.; )<br>PROVIEW TECHNOLOGY, INC.; )<br>PROVIEW ELECTRONICS COMPANY, LTD.; and )<br>QUANTA DISPLAY, INC. )<br>)<br>Defendants. )<br>) | Case No.: 05-27-SLR<br><br>Jury Trial Demanded |

**CHUNGHWA PICTURE TUBE'S OPPOSITION TO GUARDIAN'S MOTION TO LIFT
THE STAY**

Defendant Chunghwa Picture Tube, Ltd. ("CPT") joins with the other remaining Defendants in opposing Guardian's motion to lift the stay against the non-manufacturing Defendants. In its request to lift the stay, Guardian has not articulated any justification why this case should proceed against both CPT and the other Defendants. Guardian can obtain full relief against CPT and will not be prejudiced in anyway should the stay be maintained. Moreover, because maintenance of the stay will permit this case to proceed in an orderly manner and preserve judicial resources, Guardian's motion should be denied.

In its Consolidated Opposition to the Defendants' Motion to Stay (pp. 3, 7-8), Guardian argued that the case should not be stayed against the non-manufacturing defendants because some of the manufacturer Defendants such as BOE HYDIS, Hannstar and Quanta might challenge personal jurisdiction. Guardian argued that if any of those defendants successfully challenged jurisdiction, then Guardian's only recourse would be against the non-manufacturing Defendants. Indeed, that was the basis by which Guardian previously tried to distinguish this case from *Honeywell*[1] in which a stay was entered. (*See* Consolidated Opposition at pp. 7-8 (BOE HYDIS, Hannstar and Quanta did "not, as Seiko Epson did in the *Honeywell* case, assure[] Guardian that they will stand behind their products and customers."). Guardian, however, subsequently reached a settlement with all three of those manufacturers.

In contrast to those three manufacturers, CPT did step up to defend its products and its customers in this litigation. CPT, a Taiwanese company, voluntarily subjected itself to jurisdiction in Delaware to defend its products against Guardian's infringement allegations.

---

[1] *Honeywell Int'l, Inc. v. Audiovox Communications Corp.*, C.A. No. 04-1337-KAJ, Slip. Op. (May 18, 2005) (a copy of this opinion was submitted with the Defendants' motion to stay).

1

Thus, the reasoning behind the stay in *Honeywell* is equally applicable here, and with CPT present there is simply no need for the case to proceed against the other remaining Defendants.

Given that this case can proceed against CPT, Guardian has failed to identify any justification to lift the stay. In regard to damages, if Guardian prevails it will fully exhaust its damages through a recovery from CPT, and therefore could not seek further damages from any of the other Defendants.

As to discovery, Guardian makes vague reference in its motion to lift the stay that it needs discovery from the other Defendants "to prepare for trial to protect the patents at issue in this litigation." But Guardian fails to identify what discovery it needs or how it would be precluded from obtaining such discovery. In its Consolidated Opposition to the Defendants' Motion to Stay (p. 6), Guardian argued that it needed discovery from the defendants because the manufacturers (such as CPT) could not provide details regarding the accused products sold in the United States. But this Court has already ordered the non-manufacturing Defendants to produce such information, and Guardian has failed to point to any inadequacies in that production or to identify any additional information needed.

Finally, contrary to Guardian's assertions, this case will be greatly simplified if the stay is maintained. With the stay in place, the case will proceed with two parties represented by two lead counsel, as opposed to twenty parties represented by nine lead counsel. Further, if the case proceeds solely against CPT, the current case management schedule can be maintained. However, if the stay is lifted against the other Defendants that schedule will likely have to be delayed to permit a period of document discovery before deposition discovery commences, thereby delaying the entire schedule.

2

Therefore, CPT respectfully requests that the stay be maintained and that this case be permitted to proceed between Guardian and CPT.[2]

OF COUNSEL:

Daniel T. Shvodian
Howrey LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3434
650.463.8247

Teresa M. Corbin
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
415.848.4900

Dated: February 13, 2006

Robert W. Whetzel (#2288)
whetzel@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants/Counterclaimants
Chunghwa Picture Tubes, Ltd.

---

[2] In addition to the reasons set forth herein, the stay should be maintained because Guardian and CPT continue to engage mediation with Magistrate Judge Thynge. While Guardian states in its motion that the mediation did not result in a settlement, Guardian's fails to inform the Court that the parties have continued to exchange counter-offers through Magistrate Thynge, with Guardian's most recent offer conveyed to CPT on Friday, February 10, 2006.

3