IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., | |
| Plaintiff, | |
| v. | |
| DELL, INC.; GATEWAY, INC.; HEWLETT-PACKARD CO.; ACER INC.; ACER AMERICA CORP.; AOC INTERNATIONAL; ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; TPV INTERNATIONAL (USA), INC.; CHUNGHWA PICTURES TUBES, LTD. a/k/a CHUNGHWA PICTURE TUBES CO.; TATUNG CO.; TATUNG COMPANY OF AMERICA, INC.; COMPAL ELECTRONICS, INC.; JEAN CO., LTD.; LITE-ON TECHNOLOGY CORP.; LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; MAG TECHNOLOGY CO., LTD.; MAG TECHNOLOGY USA, INC.; PROVIEW INTERNATIONAL HOLDINGS, LTD.; PROVIEW TECHNOLOGY, INC.; and PROVIEW ELECTRONICS CO., LTD., | C.A. No. 05-27-SLR |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
GUARDIAN'S MOTION TO LIFT THE STAY**

Guardian Industries Corporation ("Guardian") has presented no reason for the Court to lift the stay regarding the non-manufacturer defendants. Guardian chose to sue two distinct groups of defendants: (1) the actual manufacturers of LCD panels who Guardian alleges infringe certain of its patents; and (2) non-manufacturing defendants (e.g., OEMs and other computer sellers) who purchase LCD panels from the manufacturers to incorporate into various products, or purchase completed products to resell. Every manufacturing defendant in this suit with the exception of one, Chunghwa Picture Tubes,

Ltd ("CPT"), has now settled with Guardian. Guardian has confirmed that it will not (because it cannot under the doctrine of patent exhaustion) pursue claims against the non-manufacturing defendants with respect to products supplied by licensed manufacturers. The exhaustion doctrine would also apply to CPT's products if CPT takes a license or were ultimately found liable for infringement. Recognizing this, the Court imposed a stay as to all non-manufacturing defendants on November 17, 2005, to allow Guardian and CPT time to proceed with a scheduled mediation. Settlement discussions between Guardian and CPT are continuing with the assistance of Magistrate Judge Thynge.

Notwithstanding the ongoing settlement negotiations, on January 23, 2006, Guardian moved the Court to lift the stay. In its motion, Guardian presented no new rationale for why the stay should not remain in place and simply referenced its "reasons previously briefed and argued."[1] (D.I. No. 242 at 1.) The Court recognized that the posture of this case changed fundamentally due to the settlements that Guardian reached with all manufacturing defendants, except CPT, when it stayed the case in November. Because the reasons previously briefed and argued supported a stay of the case against the non-manufacturer defendants, and those reasons still apply with equal force, Guardian's motion to lift the stay should be denied. (*See* D.I. Nos. 109-18; 122-23; 125-28; 135; 138-39; 147-50; 155; and 173.)

I.    **Argument**

The Court imposed a stay with respect to the non-manufacturing defendants because it was not "satisfied that it is appropriate or seemly for this discovery to take on a broader scope as opposed to limiting it given the fact that there's only one named manufacturer left." (D.I. No. 246 at 52-53.) This stay should be maintained in the interests of judicial and litigant economy as well as fundamental fairness.

---

[1] Guardian is therefore limited to the arguments presented in earlier briefs. *See* Delaware District Court Local Rule 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.").

First, as demonstrated during the November 17 hearing, because there is only one manufacturing defendant remaining in the case, the only remaining products at issue are those made by that defendant.[2]  Products made by the other manufacturing defendants, all of which have settled, are no longer at issue; thus, if CPT settles with Guardian too, this case should be over.  (*Id.* at 12-14).  Guardian is not seeking damages or further relief from the non-manufacturing defendants with respect to the products supplied by those settling manufacturing defendants.  Guardian's counsel agreed with the Court that "if CPT settles, . . . Guardian will not pursue claims against all of these remaining defendants based on the CPT products."  (*Id.* at 17-18).  Therefore, resolution of Guardian's patent infringement claims against CPT will resolve Guardian's claims against the non-manufacturing defendants with respect to all CPT products.  *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"); *Honeywell Int'l, Inc. v. Audiovox Communication Corp.*, C. A. No. 04-1337-KAJ, slip op. at 6 (granting defendant LCD customers' motions to stay in two patent actions brought by plaintiff against 35 defendants, including LCD manufacturers and customers); *Commissariat Á L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 1554382, at *3 (D. Del. May 13, 2004) (granting all non-LCD manufacturing defendants' motions to stay in a patent action brought by plaintiff against over 60 defendants, including LCD manufacturers, "OEM/distributors", retailers and retail stores).

Second, as the non-manufacturing defendants explained in their prior briefs seeking a stay, the non-manufacturing defendants are positioned very differently from the

---

[2] Although some defendants have identified a few other, apparently unlicensed, manufacturers that supply them with LCD panels, these manufacturers are not parties to this case and Guardian should not be allowed to use this case to engage in a fishing expedition regarding those non-parties.  Moreover, although non-party manufacturers were identified in non-manufacturing defendants' initial disclosures as early as September 2005, Guardian has made no attempt to add them to this case.

manufacturing defendants in this case. The LCD panel manufactures are better situated to litigate issues of infringement and validity as they possess all relevant information concerning their own LCD products and greater knowledge, expertise and experience with the technology at issue. Because manufacturers are best suited to litigate against claims of patent infringement, it is more efficient to resolve a complicated case with numerous customer defendants by staying the patent-holder's claims against customer defendants and proceed only against the remaining manufacturer of the allegedly infringing products. As Judge Jordan observed in a similar case,

> [T]he manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of [plaintiff's] asserted patents. Resolving these issues prior to proceeding against the OEM/distributors and retailers would surely simplify this case. If, for example, [plaintiff's] patents were found invalid or the manufacturers would be found to be not infringing, then there would be no need to proceed against the OEM/distributors or retailers, thus conserving judicial resources and expense to the parties.

Commissariat Á L'Energie Atomique, 2004 WL 1554382 at *3. Maintaining the stay in this case as to non-manufacturing defendants will continue to simplify the proceedings, whether or not CPT settles and takes a license. As recognized in other cases in this district involving similar numbers and tiers of defendants, litigating patent infringement claims against the product manufacturers first will simplify and streamline the case. See e.g., id. at *2 (staying case against customer defendants to "streamline the case and avoid piecemeal litigation").

Third, Guardian will not be prejudiced by maintaining the stay. The non-manufacturing defendants have produced information regarding the CPT LCD products they have purchased or been provided to them, including volume and sales information. Guardian will have the full opportunity to prove its infringement allegations by proceeding against CPT. As the Court recognized during the November 17 hearing, all pertinent discovery regarding whether an accused product is infringing will come from the manufacturer. (D.I. No. 246 at 36.)

In sharp contrast, the non-manufacturing defendants will be prejudiced if the stay is lifted. CPT, not the non-manufacturing defendants, has the relevant technical information, knowledge and expertise to litigate the infringement, validity and enforceability issues. There is no reason for the Court and the non-manufacturing defendants to unnecessarily waste time and resources litigating claims, including engaging in fact and expert discovery, preparing and resolving pretrial motions, etc., when all of Guardian's claims with respect to products of CPT, the sole remaining manufacturer defendant, can be resolved without their involvement.

## II.    Conclusion

For the reasons stated above, in the non-manufacturing defendants' original moving papers, and during the November 17, 2005 hearing, the stay of discovery should remain in effect.

FISH & RICHARDSON P.C.

   */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Sean P. Hayes (#4413)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
(302) 778-8401

*Attorneys for Defendant*
*Hewlett-Packard Company*

POTTER ANDERSON & CORROON LLP

   */s/ Richard L. Horwitz*
Richard L. Horwitz, Esq. (#2246)
David E. Moore, Esq. (#3983)
1313 N. Market Street, 6th Floor
Wilmington, DE  19801
(302) 984-6027

*Attorneys for Defendants Dell, Inc.,*
*Gateway, Inc., Lite-On Technology*
*Corporation and Lite-On, Inc., Acer, Inc.*
*and Acer American Corporation, Compal*
*Electronics, Proview Int'l Holdings Ltd.,*
*Proview Technology, Inc., Proview*
*Electronics Company, Ltd., MAG*
*Technology Company, Ltd., MAG*
*Technology USA, Inc.*

RICHARDS LAYTON & FINGER

_/s/ Robert W. Whetzel_
Robert W. Whetzel, Esq. (#2288)
Matthew W. King, Esq. (#4566)
One Rodney Square
Wilmington, DE  19801
(302) 651-7634

*Attorneys for Defendants Chunghwa Picture
Tubes Ltd., Jean Co., Ltd., Tatung Co.,
Envision Peripherals, Inc., Tatung Co. of
America, Inc., TPV Technology, Ltd., and
TPV International (USA), Inc.*

Dated:  February 13, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2006, I electronically filed with the Clerk of

Court using CM/ECF **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION**

**TO GUARDIAN'S MOTION TO LIFT THE STAY** which will send notification of

such filing(s) to the following Delaware counsel.  In addition the filing will also be sent via

hand delivery:

Richard K. Herrmann, Esq.
Mary B. Matterer, Esq.
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff Guardian Industries*
*Corp.*

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE  19801
*Attorneys for Defendants Dell, Inc.,*
*Gateway, Inc., Lite-On Technology*
*Corporation and Lite-On, Inc., Acer, Inc.*
*and Acer American Corporation, Compal*
*Electronics, Proview Int'l Holdings Ltd.,*
*Proview Technology, Inc., Proview*
*Electronics Company, Ltd., MAG*
*Technology Company, Ltd., MAG*
*Technology USA, Inc.*

Robert W. Whetzel, Esq.
Matthew W. King, Esq.
Richards Layton & Finger
One Rodney Square
Wilmington, DE  19801
*Attorneys for Defendants Chunghwa Picture*
*Tubes Ltd., Jean Co., Ltd., Tatung Co.,*
*Envision Peripherals, Inc., Tatung Co. of*
*America, Inc., TPV Technology, Ltd., and*
*TPV International (USA), Inc.*

I hereby certify that on February 13, 2006, the foregoing document was e-mailed to the following non-registered participants:

Teresa M. Corbin, Esq.
Daniel T. Shvodian
David L. Bilsker
Wallace Wu
Howrey LLP
525 Market Street, Suite 2600
San Francisco, CA  94105
corbint@howrey.com
Roderick B. Williams, Esq.
Avelyn M. Ross, Esq.
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX  78746-6568
rickwilliams@velaw.com
aross@velaw.com

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY  10022
Robert.gunther@lw.com
Kurt.rogers@lw.com

E. Robert Yoches, Esq.
York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett
    & Dunner
901 New York Avenue, N.W.
Washington, D.C. 20001
Bob.yoches@finnegan.com
York.faulker@finnegan.com

Bryan S. Hales
Meredith Zinanni
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
bhales@kirkland.com
mzinanni@kirkland.com

York M. Faulkner, Esq.
Finnegan Henderson Farabow Garrett &
Dunner
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
York.faulkner@finnegan.com

Michael Bettinger, Esq.
Preston Gates & Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA  94105-3493
mikeb@prestongates.com

Robert C. Weems, Esq.
Baum & Weems
58 Katrina Lane
San Anselmo, CA  94960
reweems@comcast.net

Jeffrey K. Sherwood, Esq.
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC  20036-1564
jsherwood@akingump.com

Eric L. Wesenberg
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
ewesenberg@orrick.com
ktseng@orrick.com
ryoung@orrick.com

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.
marsden@fr.com