**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **GUARDIAN INDUSTRIES CORP.,** | ) |
| **Plaintiff,** | ) |
| v. | ) C.A. No: 05-27-SLR |
| **DELL, INC.; GATEWAY, INC.;** | ) **Jury Trial** |
| **HEWLETT-PACKARD CO.; ACER INC.;** | ) **Demanded** |
| **ACER AMERICA CORP.; AOC INTERNATIONAL;** | ) |
| **ENVISION PERIPHERALS, INC.;** | ) |
| **TPV TECHNOLOGY, LTD.;** | ) |
| **TPV INTERNATIONAL (USA), INC.;** | ) |
| **CHUNGHWA PICTURES TUBES, LTD. a/k/a** | ) |
| **CHUNGHWA PICTURE TUBES CO.;** | ) |
| **TATUNG CO.;** | ) |
| **TATUNG COMPANY OF AMERICA, INC.;** | ) |
| **COMPAL ELECTRONICS, INC.; JEAN CO., LTD.;** | ) |
| **LITE-ON TECHNOLOGY CORP.;** | ) |
| **LITE-ON, INC. a/k/a LITEON TRADING USA, INC.;** | ) |
| **MAG TECHNOLOGY CO., LTD.;** | ) |
| **MAG TECHNOLOGY USA, INC.;** | ) |
| **PROVIEW INTERNATIONAL HOLDINGS, LTD.;** | ) |
| **PROVIEW TECHNOLOGY, INC.; and** | ) |
| **PROVIEW ELECTRONICS CO., LTD.,** | ) |
| **Defendants.** | ) |

## GUARDIAN'S REPLY IN SUPPORT OF ITS
## MOTION TO LIFT THE STAY

Plaintiff Guardian respectfully requests that the Court lift the stay imposed on the OEM and reseller defendants at the November 18, 2005 discovery status conference. For the Court's information, on February 16, 2006 Guardian and Chunghwa Picture Tubes, Ltd. ("CPT") reached an agreement in principle to settle their disputes in this case. However, while the settlement will resolve all claims pertaining to LCD modules

1

originating from CPT (including such LCD modules supplied to other OEMs and resellers), the settlement will not resolve the case against all the OEM and reseller defendants.  As the OEM and reseller defendants admit in their opposition to Guardian's Motion to Lift the Stay, "some defendants have identified a few other, apparently unlicensed, manufacturers that supply them with LCD panels." (D.I. 248 at 3 n.2.)  Thus, continuing the stay needlessly risks postponing the final resolution of this case.

Staying the case against the resellers in favor of a suit against the manufacturer is inappropriate where resolution of the case against the manufacturer will not necessarily resolve all claims against the reseller and there may be additional suppliers of the infringing products.  *See Kahn v. General Motors Corp.*, 889 F.2d 1078, 1082 (Fed. Cir. 1989).  Because CPT is the last LCD module manufacturer defendant in the case, the issues that will remain once the Guardian-CPT settlement is finalized pertain to OEMs and resellers selling products containing unlicensed LCD modules.  At least three defendants have identified unlicensed manufacturers of LCD modules as their suppliers in response to Guardian's interrogatories.  Guardian is not, as defendants assert, using this case as a "fishing expedition" against those unlicensed manufacturers.  Nor is Guardian under a duty, as defendants imply, to pursue additional litigation against these unlicensed manufacturers, or future entrants to the market. (*See* D.I. 248 at 3 n.2.)  The OEM and reseller defendants — the direct infringers of Guardian's patents-in-suit — are before the Court now, and are proper parties to answer for their infringement of the patents-in-suit.

Guardian now requires discovery from the OEM and reseller defendants regarding their LCD products containing unlicensed modules that are sold in the United States.

2

Under the Court's stay, discovery of the OEM and reseller defendants was limited to modules supplied to them by CPT. (D.I. 224.) In view of the Guardian-CPT agreement-in-principle, and upon finalization of an agreement, that discovery will not be necessary. Accordingly, CPT's claim that the case management schedule will be disrupted if the stay is lifted is not relevant. (*See* D.I. 247 at 2.) Indeed, the opposite is true, as any disruption to the case management schedule will result from a delay in acquiring discovery of unlicensed modules, which is currently prohibited by the stay order. This would be both prejudicial to Guardian's interests and a needless expenditure of judicial resources. To minimize the disruption to the schedule of this case, the stay imposed on the OEM and reseller defendants should be lifted to allow discovery on these issues to begin.

Thus, Guardian respectfully requests that the Court lift the stay imposed on the OEM and reseller defendants.

Dated: February 21, 2006

    */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. No. 405)
Mary Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff Guardian Industries Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2006, I electronically filed the foregoing document, **GUARDIAN'S REPLY IN SUPPORT OF ITS MOTION TO LIFT THE STAY**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Richard L. Horwitz, Esq. | Josy W. Ingersoll, Esq. |
| David E. Moore, Esq. | Young, Conaway, Stargatt & Taylor LLP |
| Potter Anderson & Corroon | The Brandywine Building |
| Hercules Plaza, 6th Floor | 1000 West Street, 17th Floor |
| 1313 N. Market Street | Wilmington, DE  19801 |
| Wilmington, DE  19801 | |
| | William Marsden, Esq. |
| Robert W. Whetzel, Esq. | Sean P. Hayes, Esq. |
| Matthew W. King, Esq. | Fish & Richardson |
| Richards, Layton & Finger, P.A. | 919 N. Market Street, Suite 1100 |
| One Rodney Square | Wilmington, DE  19801 |
| Wilmington, DE  19801 | |

Additionally, I hereby certify that on the 21st day of February, 2006, the foregoing document was served via email on the following non-registered participants:

| | |
|---|---|
| Daniel T. Shvodian, Esq. | York M. Faulkner, Esq. |
| Teresa M. Corbin, Esq. | Finnegan Henderson Farabow Garrett & Dunner |
| Wallace Wu, Esq. | Two Freedom Square |
| Howrey LLP | 11955 Freedom Drive |
| 301 Ravenswood Avenue | Reston, VA  20190-5675 |
| Menlo Park, CA  94025-3434 | york.faulkner@finnegan.com |
| shvodiand@howrey.com | |
| corbint@howrey.com | E. Robert Yoches, Esq. |
| wuw@howrey.com | Laura P. Masurovsky, Esq. |
| | Finnegan Henderson Farabow Garrett & Dunner |
| Roderick B. Williams, Esq. | 901 New York Avenue, N.W. |
| Avelyn M. Ross, Esq. | Washington, D.C.  20001 |
| Vinson & Elkins | bob.yoches@finnegan.com |
| 2801 Via Fortuna, Suite 100 | laura.masurovsky@finngan.com |
| Austin, TX  78746-7568 | |
| rickwilliams@velaw.com | |
| aross@velaw.com | Peter J.Wied, Esq. |

4

Alschuler Grossman Stein & Kahan LLP
1620 26th Street, Fourth Floor, N Tower
Santa Monica, CA 90404-4060
pwied@agsk.com

Michael Bettinger, Esq.
Preston Gates & Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
mikeb@prestongates.com

Kevin R. Hamel, Esq.
Aaron Ettelman, Esq.
Akin Gump Strauss Hauer & Feld
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
khamel@akingump.com
aettelman@akingump.com

Jeffrey K. Sherwood, Esq.
Akin Gump Strauss Hauer & Feld
1333 New Hampshire Avenie, NW
Washington, DC 20036
jsherwood@akingump.com

Robert J. Gunther, Jr., Esq.
Kurt M. Rogers
Latham & Watkins
885 Third Avenue
New York, NY 10022
robert.gunther@lw.com
kurt.rogers@lw.com

Eric Wesenberg, Esq.
Kai Tseng, Esq.
Orrick Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
ewesenberg@orrick.com
ktseng@orrick.com

   */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Counsel for Plaintiff Guardian Industries Corp.*

5