# EXHIBIT A

Case 1:05-cv-00027-SLR    Document 251-2    Filed 02/24/2006    Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDIAN INDUSTRIES CORP., <br><br> Plaintiff, <br> v. <br><br> DELL, INC.; GATEWAY, INC.; <br> HEWLETT-PACKARD COMPANY; ACER INC.; <br> ACER AMERICA CORPORATION; AOC INTERNATIONAL; <br> ENVISION PERIPHERALS, INC.; TPV TECHNOLOGY, LTD.; <br> TPV INTERNATIONAL (USA), INC.; <br> AU OPTRONICS CORPORATION; <br> AU OPTRONICS CORPORATION AMERICA a/k/a <br> AU OPTRONICS AMERICA, INC.; <br> BENQ CORPORATION; BENQ AMERICA CORPORATION; <br> CHUNGHWA PICTURE TUBES, LTD. a/k/a <br> CHUNGHWA PICTURE TUBES COMPANY; <br> TATUNG COMPANY; <br> TATUNG COMPANY OF AMERICA, INC.; <br> BOE HYDIS TECHNOLOGY COMPANY, LTD.; <br> BOE HYDIS AMERICA INC.; CHI MEI OPTOELECTRONICS; <br> COMPAL ELECTRONICS, INC.; <br> HANNSTAR DISPLAY CORPORATION; JEAN CO., LTD.; <br> LITE-ON TECHNOLOGY CORPORATION; <br> LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; <br> MAG TECHNOLOGY COMPANY, LTD.; <br> MAG TECHNOLOGY USA, INC.; <br> PROVIEW INTERNATIONAL HOLDINGS, LTD.; <br> PROVIEW TECHNOLOGY, INC.; <br> PROVIEW ELECTRONICS COMPANY, LTD.; and <br> QUANTA DISPLAY, INC., <br><br> Defendants. | C. A. No. 05-27-SLR <br><br> Jury Trial Demanded |

**DEFENDANTS' SUR-REPLY IN SUPPORT OF THE OPPOSITION
TO GUARDIAN'S MOTION TO LIFT THE STAY**

In its reply brief in support of its motion to lift the stay against the OEM and reseller Defendants, Guardian argues that the tentative settlement agreement with Chunghwa Picture Tube, Ltd. ("CPT") supports the lifting of that stay. Just the opposite is true.

In short, Guardian's argument is that the stay should be lifted against the non-module manufacturer Defendants because at least some of them have purchased LCD modules from unlicensed manufacturers, and thus Guardian's settlements with all of module manufacturer defendants named in this case does not fully resolve Guardian's case against the OEMs and resellers. This argument creates the false impression that the LCD modules purchased from non-licensed manufacturers are products that have been accused of infringement in this litigation or are products that are known to contain Fuji Wide View film. But this is not the case.

Guardian does not and cannot allege that all LCD modules or products containing LCD modules infringe the patents-in-suit. Rather, the products that Guardian accused of infringement in this litigation are products that have LCD modules that contain Fuji Wide View film. At the outset of this case, the Defendants asked Guardian to identify all of the accused products. Guardian stated that it could not because it did not know and could not determine all of the products that contain Fuji Wide View film. Similarly, the non-module manufacturer Defendants stated that they did not know the design details of the modules that they purchase.

Thus, the Court set forth a staged discovery process. (*See* Attachment 1 at pp. 15-16 (the Court's discussion at the November 17 hearing regarding the staged discovery process).) First, Guardian was directed to identify all of the products that it believed

contained Fuji Wide View film. Then each LCD module manufacturers was required to identify its panels that contain Fuji Wide View film. With this information in hand, the OEMs and the resellers were directed to identify the products that they purchased and sold that incorporated those modules identified as containing Fuji Wide View film.

When Guardian argued at the November 17 hearing that it wanted to seek discovery about modules made by other manufacturers, the Court rejected that argument:

> THE COURT: Well, but let me make sure I understand. From the beginning it has been my understanding that it is difficult to determine which LCD modules contain the accused film; is that correct?
>
> MR. HALES: Well, that's what the defendants have asserted. That's true.
>
> THE COURT: But that's how we're staging discovery, so I assume that to be correct. And so we have been trying to identify the modules that contain the accused film by starting at the source, and that is the manufacturers. So at this point I'm only concerned with the remaining defendant manufacturer [CPT] and its products.

(*See* Attachment 1 at p. 16.)

Guardian does correctly state in its reply brief that during this litigation several Defendants identified that they had purchased some LCD modules from unlicensed manufacturers. None of the Defendants ever said, however, that those LCD panels contain Fuji Wide View film. The Defendants merely identified, to the extent they were able, their suppliers of the models *Guardian* had identified in its initial disclosures as "believed to include Fuji Wide View film." Guardian has also never stated or come forth with any evidence that those panels contain Fuji Wide View film. Guardian's complete avoidance of that issue in its reply brief is telling and indicates a lack of any Rule 11 basis to accuse other products of infringing the patents-in-suit. Guardian's attempt to

2

continue this case to pursue discovery about products that Guardian has no basis to accuse of infringement is nothing more than a fishing expedition.

By avoiding the issue of whether it has any basis to believe that additional LCD modules contain Fuji Wide View film, Guardian tries to create the impression that there are other products sold by the OEMs and resellers that are accused of infringement. (*See* Guardian Reply Brief at p. 2 (The OEM and reseller Defendants "are before the Court now, and are proper parties to answer for their infringement of the patents-in-suit.").) Once the CPT settlement agreement is finalized, however, all of the accused products sold by the OEM and reseller defendants will be licensed products. Guardian therefore will have no cause of action for infringement by those products and no cause of action against the remaining Defendants.

Accordingly, the Court should maintain the stay against the OEM and resellers pending the resolution of the tentative settlement between CPT and Guardian.[1] After that settlement agreement is finalized, the case should be dismissed against the remaining Defendants.

---

[1] The Court should also maintain the stay because the settlement agreement between CPT and Guardian is only tentative. The final terms of the agreement have not been worked out, and Guardian has told CPT, without explanation, that it cannot send a draft of the agreement until early March. Thus, there is no final settlement agreement in place and, should an unforeseen impasse arise, the case should proceed forward only against CPT for the reasons set forth in the Defendants' prior briefs.

3

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants Dell Inc., Gateway, Inc., Lite-On Technology Corporation and Lite-On, Inc., Acer, Inc. and Acer American Corporation, Compal Electronics, Proview Int'l Holdings Ltd., Proview Technology, Inc., Proview Electronics Company, Ltd., MAG Technology Company, Ltd., MAG Technology USA, Inc.*

*(filing on behalf of Hewlett-Packard Company, Chunghwa Picture Tubes Ltd., Jean Co., Ltd., Tatung Co., Envision Peripherals, Inc., Tatung Co. of America Inc., TPV Technology, Ltd. and TPV International (USA), Inc.)*

Dated: _____

720980

4