# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUARDIAN INDUSTRIES CORP., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 05-27-SLR |
| v. | ) | |
| | ) | Jury Trial Demanded |
| DELL, INC.; GATEWAY, INC.; | ) | |
| HEWLETT-PACKARD COMPANY; ACER INC.; | ) | |
| ACER AMERICA CORPORATION; | ) | |
| AOC INTERNATIONAL; | ) | |
| ENVISION PERIPHERALS, INC.; | ) | |
| TPV TECHNOLOGY, LTD.; | ) | |
| TPV INTERNATIONAL (USA), INC.; | ) | |
| AU OPTRONICS CORPORATION; | ) | |
| AU OPTRONICS CORPORATION AMERICA a/k/a | ) | |
| AU OPTRONICS AMERICA, INC.; | ) | |
| BENQ CORPORATION; | ) | |
| BENQ AMERICA CORPORATION; | ) | |
| CHUNGHWA PICTURE TUBES, LTD. a/k/a | ) | |
| CHUNGHWA PICTURE TUBES COMPANY; | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, INC.; | ) | |
| BOE HYDIS TECHNOLOGY COMPANY, LTD.; | ) | |
| BOE HYDIS AMERICA INC.; | ) | |
| CHI MEI OPTOELECTRONICS; | ) | |
| COMPAL ELECTRONICS, INC.; | ) | |
| HANNSTAR DISPLAY CORPORATION; | ) | |
| JEAN CO., LTD.; | ) | |
| LITE-ON TECHNOLOGY CORPORATION; | ) | |
| LITE-ON, INC. a/k/a LITEON TRADING USA, INC.; | ) | |
| MAG TECHNOLOGY COMPANY, LTD.; | ) | |
| MAG TECHNOLOGY USA, INC.; | ) | |
| PROVIEW INTERNATIONAL HOLDINGS, LTD.; | ) | |
| PROVIEW TECHNOLOGY, INC.; | ) | |
| PROVIEW ELECTRONICS COMPANY, LTD.; and | ) | |
| QUANTA DISPLAY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR REQUEST FOR LEAVE TO FILE A SUR-REPLY REGARDING THEIR OPPOSITION TO GUARDIAN'S MOTION TO LIFT THE STAY

# TABLE OF AUTHORITIES

**CASES**                                                                      **Page(s)**

*Robinson v. National Cash Register Co.,*
    808 F.2d 1119 (5th Cir. 1987) ................................................................3

*View Engineering, Inc. v. Robotic Vision Sys., Inc.,*
    208 F.3d 981 (Fed. Cir. 2000) ................................................................3

**STATUTES**

Fed. R. Civ. P. 11 ...........................................................................................2, 3, 4

In opposing Defendants' request for leave to file a sur-reply in opposition to Guardian's motion to lift the stay, Guardian ignores the Defendants' basis for requesting such leave. As set forth in their request, Defendants identified the new circumstances that arose after Defendants' filed their brief opposing the lifting of the stay – the tentative settlement agreement entered between Guardian and CPT. Guardian does not deny that it addressed this tentative settlement in its reply brief or that it argued that the stay should be lifted because of this settlement.

Instead, Guardian argues that it has not made any new arguments because it has always been of the belief that it was entitled to take additional discovery from the OEM and reseller Defendants because of the "presence of additional, unlicensed suppliers of LCD modules." Apparently it is Guardian's contention that if there are any LCD manufacturers anywhere in the world that have not taken a license from Guardian, then Guardian has a right to continue this lawsuit against the remaining Defendants. Guardian takes this position despite not coming forth with any basis that the "non-licensed manufacturers" have produced LCD modules that fall within the scope of the claims, that those LCD modules use Fuji Wide View Film,[1] or that any products containing those modules ever reached the United States.

In its brief, Guardian also mischaracterizes the two-stage discovery process that this Court implemented in this litigation. At the outset of this case, the OEM and reseller Defendants stated that they did not know which of their products contained Fuji Wide View Film, and therefore did not know which products were accused of infringement.

---

[1] Guardian has asserted that the accused products meet the claim limitations because they contain Fuji Wide View Film.

Thus, Court set forth a staged discovery process. The Court ordered that Guardian first

identify any products that it believed contained Fuji Wide View Film and was accusing of

infringement. Second, the Court ordered the manufacturer Defendants to identify all of

their LCD modules that contain Fuji Wide View Film. Third, the OEM and reseller

Defendants were required to produce certain discovery regarding products containing

LCD modules as alleged by Guardian or identified by the manufacturers to contain Fuji

Wide View Film.

Those were the stages of discovery ordered by this Court and those stages allowed

for discovery regarding all of the products accused of infringement. There was never any

discussion of a subsequent stage in which Guardian would be entitled to take unfettered

discovery from the OEM and reseller Defendants regarding all of their LCD products in

hope of finding other products to accuse of infringement. If that were the case, then there

would have been no need for staged discovery in the first place because the OEM and

reseller Defendants would still have been required to produce discovery regarding every

LCD product they ever purchased or sold. Instead, the staged discovery was established

to prevent such broad discovery into products not accused of infringement.

Guardian also argues in its brief that "[t]he notion that the remaining defendants

should be dismissed, without any opportunity for Guardian to take discovery regarding

further unlicensed modules, has no basis in the law." Guardian is incorrect. The

Defendants' position is well founded in both the Federal Rules of Civil Procedure and

case law. Rule 11 of the Federal Rules of Civil Procedure requires that a party not only

have a reasonable basis for its pleadings at the time they are filed, but also that a party

have a reasonable basis throughout the case. *See* Advisory Committee Note to 1993

2

Amendment to Fed. R. Civ. P. 11 ("[A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit."). Here, following the settlement with the LCD manufacturers, Guardian has no basis to support any infringement allegations because Guardian is unable to even identify any products accused of infringement.[2] *See Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1127 (5th Cir. 1987) ("Upon discovering that a good faith basis no longer exists, it is incumbent upon the appropriate counsel and party to ensure that the proceedings do not continue without a reasonable basis in law and fact."); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (To satisfy Rule 11, a patentee must "at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement . . .").

In *Honeywell Int'l, Inc. v. Audiovox Communications Corp.* (C.A. No. 04-1337 (KAJ)), Judge Jordan addressed a similar request for discovery about products not accused of infringement. Honeywell had accused certain cellular phones of infringement, yet sought discovery of all the customer defendants' cellular phones. Honeywell argued

---

[2] Several of the remaining Defendants wrote Guardian asking for an identification of any products that remain accused of infringement presuming the CPT settlement is finalized. *See, e.g.*, Exhibit A. In its response, Guardian did not identify any accused products or any basis for maintaining its infringement claims, but instead asserted that it had the right to take discovery or set forth conditions that it would require the Defendants to comply with before Guardian would agree to dismiss the now baseless claims. *See, e.g.*, Exhibit B.

3

that the defendants should have to produce information regarding all of their products so

that Honeywell could then assess whether those products might infringe.  Judge Jordan

responded that he was "having a real problem with the fundamental premise with

[Honeywell's] argument which is 'we think there is other stuff out there that infringes

and we want to know everything you made in the last six years so we can decide whether

we got a case against you or not.'  That just isn't how it works."  *See* Transcript, Sept. 9,

2006, at 20:22-23:2 (Exhibit C).

Honeywell responded that it inspected or "tore down" a limited number of

products, and that the inspection justified the broad discovery it was seeking.  Judge

Jordan rejected that argument:

> I said in the order that I put out last May that Honeywell was
> required to specifically identify accused products.  And that's what I
> meant.  Not that Honeywell was entitled to say, you know, we think all
> your cellular phones infringe so we want you to tell us everything about
> all your cellular phones.  What I mean is if you've got a basis for believing
> that a manufacturer's cellular phones are infringing, and I mean you can
> say we've done this tear-down on these specific products and these things
> appear to us to infringe, well, then you are absolutely entitled to conduct
> additional discovery with respect to those products, that is, were earlier
> generations than the ones you tore down.  Also, have they come out with
> subsequent generations of the same model which could also be infringing.
>
> But what you are not entitled to do is to say you manufacture 15
> different kinds of cell phones.  We tore down three.  Tell us about your
> other 12.  Because I agree with the defendants that now what you are
> doing is you are telling the manufacturers, you know what?  You got one
> or two things that are bad.  We want you to do an analysis of everything
> you make and tell us whether you are guilty on those fronts, too; and that
> is not what the law requires, and it's not what I'm going to require them to
> do.

*Id.* at 27:23-28:20.

Guardian is now arguing that it should be allowed to do precisely what Judge

Jordan rejected in the *Honeywell* case and what is prohibited by Rule 11.  Guardian

identified certain products of infringement, but all of those products are now licensed (or will be once the CPT settlement is finalized). Guardian, therefore, has no basis for continuing to assert its infringement allegations, and therefore is not entitled to discovery regarding any additional products.

In summary, the staged discovery set the boundaries of this litigation and the scope of discovery relevant to the case. Once the CPT settlement is entered, all of the products properly accused of infringement in this litigation will contain LCD modules that were produced by manufacturers that have taken a license from Guardian.[3] Those products cannot form a basis for a claim of infringement. Therefore, the Court should maintain the stay, and require Guardian either to come forward with the identification of additional accused products and the bases for those allegations or to dismiss the claims against the remaining Defendants.

---

[3] Four of the Defendants identified in 2005 that they purchased a relatively small number of LCD modules or finished products containing LCD modules from companies that may not have a license from Guardian. Nevertheless, Guardian still has not produced any basis for a belief that those products contain Fuji Wide View Film or meet the limitations of the asserted patent claims. Accordingly, for the reasons articulated above, those modules are not at issue in this case.

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE 19899
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

*Attorneys for Defendants Dell Inc.,
Gateway, Inc., Lite-On Technology
Corporation and Lite-On, Inc., Acer, Inc.
and Acer American Corporation, Compal
Electronics, Proview Int'l Holdings Ltd.,
Proview Technology, Inc., Proview
Electronics Company, Ltd., MAG
Technology Company, Ltd., MAG
Technology USA, Inc.*

*(filing on behalf of Hewlett-Packard
Company, Chunghwa Picture Tubes Ltd.,
Jean Co., Ltd., Tatung Co., Envision
Peripherals, Inc., Tatung Co. of America
Inc., TPV Technology, Ltd. and TPV
International (USA), Inc.)*

Dated: March 17, 2006
724114

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 17, 2006, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following

and the document is available for viewing and downloading from CM/ECF:

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Robert W. Whetzel
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Matthew W. King
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

I hereby certify that on March 17, 2006, I have Electronically Mailed the

document to the following non-registered participants:

Bryan S. Hales
Craig D. Leavell
Meredith Zinanni
Eric D. Hayes
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
bhales@kirkland.com
cleavell@kirkland.com
mzinanni@kirkland.com
ehayes@kirkland.com

Teresa M. Corbin
Daniel T. Shvodian
David L. Bilsker
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708
CorbinT@howrey.com
shvodiand@howrey.com
bilskerd@howrey.com

Terry D. Garnett
Peter J. Wied
Paul Hastings Janofsky & Walker
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
terrygarnett@paulhastings.com
peterwied@paulhastings.com

Roderick B. Williams
Avelyn M. Ross
Vinson & Elkins
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
rickwilliams@velaw.com
aross@velaw.com

Eric L. Wesenberg
Kai Tseng
Rowena Young
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
ewesenberg@orrick.com
ktseng@orrick.com
ryoung@orrick.com

Jeffrey K. Sherwood
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
jsherwood@akingump.com

Michael J. Bettinger
Timothy P. Walker
Preston Gates & Ellis LLP
Suite 1700
55 Second Street
San Francisco, CA 94105
mikeb@prestongates.com
timothyw@prestongates.com

Kurt M. Rogers
Robert J. Gunther, Jr.
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, NY 10022-4834
robert.gunther@lw.com

E. Robert Yoches
Laura P. Masurovsky
Finnegan, Henderson, Farabow,
     Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
bob.yoches@finnegan.com
Laura.masurovsky@finnegan.com

Kevin R. Hamel
Aaron Ettelman
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
khamel@akingump.com
aettelman@akingump.com

By:    /s/ David E. Moore_____
          Richard L. Horwitz
          David E. Moore
          Hercules Plaza, 6th Floor
          1313 N. Market Street
          P.O. Box 951
          Wilmington, DE 19899-0951
          (302) 984-6000
          rhorwitz@potteranderson.com
          dmoore@potteranderson.com

679634

2