

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GUARDIAN INDUSTRIES CORP.,              )
                                        )
                     Plaintiff,         )
                                        )     CA No.:   0 6 - 7 4 8
          v.                            )
                                        )     **Jury Trial Demanded**
INNOLUX DISPLAY CORP.,                  )
                                        )
                     Defendant.         )
                                        )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Guardian Industries Corp. ("Guardian") for its complaint against

defendant InnoLux Display Corp. ("InnoLux") alleges as follows:

### NATURE OF THE ACTION

1.    This is an action under the patent laws of the United States, 35 U.S.C. §§ 1

*et seq.*, for infringement by InnoLux of patents owned by Guardian.

2.    The technology at issue involves the design and manufacture of liquid crystal

displays ("LCDs") and related products (collectively "LCD Products"). An LCD is a type of flat

panel display that is used in products such as computer monitors.

3.    Guardian is the owner of United States Patent No. 5,570,214 (the "'214 Patent")

entitled "Normally White Twisted Nematic LCD with Retardation Films on Opposite Sides of

Liquid Crystal Material for Improved Viewing Zone."

4.    Guardian is the owner of United States Patent No. 5,694,187 (the "'187 Patent")

entitled "LCD Including A Negative Biaxial Retarder On Each Side Of The Liquid Crystal

Layer."

FILED
2006 DEC -8  PM 4: 09
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

5.     Guardian is the owner of United States Patent No. 6,226,065 (the "'065 Patent") entitled "Liquid Crystal Display Having High Contrast Viewing Zone Centered in Positive or Negative Vertical Region."

6.     Guardian is the owner of United States Patent No. 6,229,588 (the "'588 Patent") entitled "Normally White LCD Including First and Second Biaxial Retarders."

7.     This is a civil action for the infringement of the '214 Patent, the '187 Patent, the '065 Patent, and the '588 Patent (collectively, the "Patents-in-Suit") by InnoLux. Guardian owns the Patents-in-Suit and possesses the right to sue and to recover for infringement of the Patents-in-Suit. Copies of the Patents-In-Suit are attached hereto.

8.     Guardian and/or predecessor owners of the Patents-In-Suit marked their products under 35 U.S.C. § 287(a).

## THE PARTIES

9.     Plaintiff Guardian is a corporation organized under the laws of the state of Delaware with its principal place of business at 2300 Harmon Road, Auburn Hills, Michigan, 48326-1714.

10.     On information and belief, InnoLux is a Taiwanese corporation with its principal place of business at 160 Ke Syue Road, Hsingchu Science Park, Chu-Nan 350, Miao-Li County, Taiwan R.O.C.

11.     On information and belief, InnoLux sells LCD product(s) that include a version of Fuji Wide View (WV) film.

## JURISDICTION AND VENUE

12.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

13.    This Court has personal jurisdiction over the InnoLux because InnoLux has purposely availed itself of the privilege of conducting activities within this State and District, and/or have conducted activities elsewhere in the United States.

14.    Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b-c) and 1400(b).

## COUNT I - INFRINGEMENT OF THE '214 PATENT

15.    Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-14 of this Complaint.

16.    The '214 patent was duly and legally issued on October 29, 1996. The '214 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '214 patent. Pursuant to Local Rule 3.2, a true and correct copy of the '214 Patent is attached to this Complaint as Exhibit 1.

17.    InnoLux has infringed, contributorily infringed and/or actively induced infringement, and on information and belief is infringing, contributorily infringing and/or actively inducing infringement of the '214 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used, offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '214 Patent.

18.    On information and belief, InnoLux will continue to infringe, contributorily infringe and/or actively induce others to infringe the '214 Patent unless and until it is enjoined by this Court.

19.    On information and belief, InnoLux has been aware of the '214 Patent since at least as early as August 2005.

20.    On information and belief, InnoLux's infringement, with knowledge of the '214 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II - INFRINGEMENT OF THE '187 PATENT

21.    Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-14 of this Complaint.

22.    The '187 patent was duly and legally issued on December 2, 1997. The '187 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '187 patent. Pursuant to Local Rule 3.2, a true and correct copy of the '187 Patent is attached to this Complaint as Exhibit 2.

23.    InnoLux has infringed, contributorily infringed and/or actively induced infringement, and on information and belief is infringing, contributorily infringing and/or actively inducing infringement of the '187 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used, offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '187 Patent.

24.    On information and belief, InnoLux will continue to infringe, contributorily infringe and/or actively induce others to infringe the '187 Patent unless and until it is enjoined by this Court.

25.    On information and belief, InnoLux has been aware of the '187 Patent since at least as early as August 2005.

26.    On information and belief, InnoLux's infringement, with knowledge of the '187 Patent, has been and continues to be willful and deliberate, making this an exceptional case and

entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III- INFRINGEMENT OF THE '065 PATENT

27.    Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-14 of this Complaint.

28.    The '065 patent was duly and legally issued on May 1, 2001. The '065 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '065 patent. Pursuant to Local Rule 3.2, a true and correct copy of the '065 Patent is attached to this Complaint as Exhibit 3.

29.    InnoLux has infringed, contributorily infringed and/or actively induced infringement, and on information and belief is infringing, contributorily infringing and/or actively inducing infringement of the '065 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used, offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '065 Patent.

30.    On information and belief, InnoLux will continue to infringe, contributorily infringe and/or actively induce others to infringe the '065 Patent unless and until it is enjoined by this Court.

31.    On information and belief, InnoLux has been aware of the '065 Patent since at least as early as August 2005.

32.    On information and belief, InnoLux's infringement, with knowledge of the '065 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV - INFRINGEMENT OF THE '588 PATENT

33.     Guardian realleges and incorporates herein by reference the allegations stated in paragraphs 1-14 of this Complaint.

34.     The '588 patent was duly and legally issued on May 8, 2001.  The '588 Patent was duly and legally assigned to Guardian, and Guardian owns and has full rights to sue, enforce and recover damages for all infringements of the '588 patent.  Pursuant to Local Rule 3.2, a true and correct copy of the '588 Patent is attached to this Complaint as Exhibit 4.

35.     InnoLux has infringed, contributorily infringed and/or actively induced infringement, and on information and belief is infringing, contributorily infringing and/or actively inducing infringement of the '588 patent in this District, in the United States and elsewhere by at least making, importing, causing to be imported, using, causing to be used, offering to sell, causing to be offered for sale, selling and/or causing to be sold LCDs and/or products relating to LCDs that infringe one or more claims of the '588 Patent.

36.     On information and belief, InnoLux will continue to infringe, contributorily infringe and/or actively induce others to infringe the '588 Patent unless and until it is enjoined by this Court.

37.     On information and belief, InnoLux has been aware of the '588 Patent since at least as early as August 2005.

38.     On information and belief, InnoLux's infringement, with knowledge of the '588 Patent, has been and continues to be willful and deliberate, making this an exceptional case and entitling Guardian to increased damages and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Guardian prays that this Court:

A.    Enter a judgment that InnoLux has infringed, contributorily infringed and/or actively induced others to infringe the Patents-in-Suit;

B.    Award Guardian damages in an amount sufficient to compensate Guardian for InnoLux's infringement, contributory infringement and/or active inducement of others' infringement of the Patents-in-Suit, but not less than a reasonable royalty;

C.    Award prejudgment interest to Guardian pursuant to 35 U.S.C. § 284;

D.    Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Guardian, by reason of InnoLux's willful infringement of the Patents-in-Suit;

E.    Enter a permanent injunction enjoining InnoLux, its officers, directors, servants, managers, employees, agents, attorneys, successors and assignees, and all persons in active concert or participation with InnoLux, from further acts of infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 283;

F.    Declare this case exceptional under 35 U.S.C. § 285 and award Guardian its reasonable attorneys' fees, expenses, and costs incurred in this action; and

G.    Grant Guardian such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Guardian hereby demands a jury trial on all issues appropriately triable by a jury.

*   *   *

Dated: December 8, 2006

Richard K. Herrmann #405
MORRIS JAMES HITCHENS & WILLIAMS LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800

Of counsel:

Bryan S. Hales
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Counsel for Plaintiff Guardian Industries Corp.*